**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE PETROBRAS SECURITIES
LITIGATION

14-cv-9662 (JSR)

ALL CASES

 **[PROPOSED] ORDER COORDINATING PRE-TRIAL MATTERS**

**I.      APPLICATION OF THIS ORDER TO PENDING AND SUBSEQUENT CASES**

1.      This Order shall apply generally to the five class actions consolidated for all

purposes by the Court's Order dated February 17, 2015 under the caption, *In re Petrobras*

*Securities Litigation*, 14-cv-9662 (the "Class Action"), each of the related currently filed

individual actions (the "Currently Filed Individual Actions"),[1] and any case which relates to the

same subject matter as any of the foregoing actions that is subsequently filed in or transferred to

this Court and assigned to the undersigned, unless a party who has the right to object to the

consolidation of that case or to any other provision of this Order serves an application for relief

from this Order or from any of its provisions within ten (10) days after the date on which defense

counsel mails a copy of this Order to counsel for that party (together with the Currently Filed

Individual Actions, the "Individual Actions").  The provisions of this Order shall apply to any

---

[1]      The Currently Filed Individual Actions consist of:  *Dimensional Emerging Markets Value Fund, et al. v. Petroleo Brasileiro S.A.*, No. 15-cv-2165 (JSR); *Skagen et al. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-2214 (JSR); *New York City Employees' Retirement System, et al. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-2192 (JSR); *Transamerica Income Shares, Inc., et al. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-3733 (JSR); *Aberdeen Emerging Markets Fund v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-3860 (JSR); *Ohio Public Employees Retirement System v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-3887 (JSR); *Central States Southeast and Southwest Areas Pension Fund v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-3911 (JSR); *Washington State Investment Board v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-3923 (JSR); *Aberdeen Latin Am. Income Fund Limited, et al. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-4043 (JSR); *NN Investment Partners B.V., et al. v. v. Petroleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-4226 (JSR); *Aura Capital Ltd. v. Petroleo Brasileiro S.A. -- Petrobras, et al.*, No. 15-cv-4951 (JSR).

such action pending the Court's ruling on the application.  For purposes of this Order, the Class

Action and the Individual Actions are collectively referred to as the "Consolidated Securities

Litigation." Except if otherwise provided in an order, any order entered in the Class Action is

deemed entered in all the actions constituting the Consolidated Securities Litigation.

## II.    CAPTIONS AND FILING

2.      On March 24, 2015, the Court issued an order consolidating the Consolidated

Securities Litigation for pre-trial purposes.  Pursuant to the Court's February 17, 2015 Order, the

Clerk maintains a master consolidated docket under 14-cv-9662 (JSR).

3.      All orders, pleadings, motions and other documents filed in any or all of the

actions now or hereafter subject to this order shall bear the following caption:

> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> --------------------------------------------------------x
> IN RE PETROBRAS SECURITIES
> LITIGATION                                          14-cv-9662 (JSR)
>
> This Document Applies to:      [insert]
> --------------------------------------------------------x

4.      A paper pertinent to the entire Consolidated Securities Litigation shall state that it

applies to "ALL CASES."  A paper pertinent to fewer than all of the actions shall state the

docket number of each individual case to which it pertains.  All papers filed in any of these cases

shall be docketed on the master docket and on the docket of each individual case to which it

pertains.

## III.   DUTIES OF COUNSEL

5.      On March 4, 2015, the Court appointed Pomerantz LLP as Lead Counsel in the

Class Action ("Lead Counsel").

6.      Lead Counsel shall have the following responsibilities with respect to the Consolidated Securities Litigation:

(a)   Sign any consolidated class action complaint, motions, briefs, discovery requests, objections, or notices on behalf of the plaintiffs in the Class Action and other plaintiffs joining in such papers.

(b)   Except as noted below, conduct all pretrial proceedings on behalf of all plaintiffs.

(c)   Brief and argue motions, except if the matters at issue pertain solely to one or more Individual Actions.

(d)   Initiate and conduct discovery.  Plaintiffs' discovery will be conducted by Lead Counsel in the Consolidated Securities Litigation with respect to issues common among the Class Action and the Individual Actions, in consultation with  Plaintiffs' Steering Committee for the Individual Actions ("PSC"), as defined in § IV below.  Lead Counsel in the Consolidated Securities Litigation shall agree upon a procedure that will give plaintiffs' counsel in the Individual Actions a reasonable opportunity to request additions and deletions from any discovery request crafted by Lead Counsel in the Consolidated Securities Litigation, and to otherwise permit the discovery in the Consolidated Securities Litigation to be conducted after Lead Counsel in the Consolidated Securities Litigation has given appropriate consideration to the views of counsel in the Individual Actions.  Should counsel for any of the plaintiffs in an Individual Action believe that his/her views are not being appropriately incorporated into the discovery process, the dissenting

attorney may seek the Court's intervention.  Counsel for the plaintiffs in the Individual Actions shall avoid duplicative or overlapping discovery.

(e)   Speak on behalf of plaintiffs at any pretrial conference, except if the matters at issue pertain solely to one or more Individual Actions, in which case, counsel for the plaintiffs in such Individual Action(s) may address the issue with the Court.

(f)   Employ and consult with experts.  Nothing in this Order precludes the plaintiffs in the Individual Actions from employing and consulting with their own experts.

(g)   Conduct settlement negotiations with defense counsel in connection with the Class Action.

(h)   Call meetings of plaintiffs' counsel.

(i)   Maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete electronic file of all papers and discovery materials filed or generated in the Consolidated Securities Litigation which shall be available to all plaintiffs' counsel via secure web-based access to an online document repository, provided that plaintiffs and their counsel in the Individual Actions have become signatories to all confidentiality agreements in place for such discovery and bear all duplication expenses.

(j)   Circulate and discuss with the head of the PSC any stipulated proposals.

(k)   Keep all plaintiffs informed about discovery matters and other issues and proceedings of common interest in the Consolidated Securities Litigation.

(l)     Consult with the head of the PSC to obtain the views of plaintiffs' counsel on proposed document requests, interrogatories, requests for admissions, depositions, and litigation strategy, and incorporate those views where it is reasonably appropriate to do so, including with respect to particular discovery items.

(m)     On behalf of plaintiffs, schedule and conduct all depositions in the Consolidated Securities Litigation with respect to all issues relevant to the Class Action.  Should any counsel in the Individual Actions request time to examine a witness through non-duplicative questions relevant to an Individual Action, Lead Counsel in the Consolidated Securities Litigation shall devise and implement in good faith a process such that, through consultation with the PSC, counsel for plaintiffs in the Individual Actions may ask such questions to the extent that Lead Counsel does not wish to do so.  If counsel for plaintiff in any of the Individual Actions requests time to examine a witness through such questions, then counsel for plaintiffs in all Individual Actions collectively shall allocate among themselves a reasonable amount of time and a fair opportunity within which to do so. Nothing in this Order shall preclude counsel for plaintiffs in the Individual Actions from attending any deposition and (as set forth herein) examining witnesses at any deposition, provided that such examination is non-duplicative and follows consultation with Lead Counsel and the head of the PSC.  No witness may be deposed more than once without leave of the Court.

## IV.   APPOINTMENT OF PSC

7.     The law firm of Kessler Topaz Meltzer & Check, LLP is designated as the head of the PSC for the Individual Actions.  The members of the PSC are: Robbins Geller Rudman & Dowd, LLP; Grant & Eisenhofer; Kahn Swick & Foti, LLC; Kaplan Fox; Kessler Topaz Meltzer & Check, LLP.

8.     The head of the PSC shall have the following responsibilities:

(a) Distribute to all plaintiffs' counsel in the Individual Actions those materials that they need to review in order to form and communicate their views regarding discovery, motion practice, and settlement.

(b) Where issues pertain solely to one or more Individual Actions, communicate with the Court regarding any issues common to the Individual Actions. Nothing in this Order precludes a plaintiff in any of the Individual Actions from communicating with the Court regarding issues unique to its action.

(c) For purposes of pre-trial proceedings in the Consolidated Securities Litigation, any party's or the Court's communication with the head of the PSC shall be sufficient communication with all plaintiffs in the Individual Actions.  For purposes of the Court's Rule 2(a), the head of the PSC is designated "lead" counsel to represent all plaintiffs in the Individual Actions in telephone calls to Chambers.

9.     The members of the PSC shall share the following responsibilities:

(a) Confer with plaintiffs' counsel in the Individual Actions to obtain their collective views regarding discovery and any issues that need to be communicated to Lead Counsel or to the Court.

(b) Communicate with Lead Counsel regarding any discovery that plaintiffs in the

Individual Actions wish to take, litigation strategy and motion practice.

(c) Coordinate the taking of any discovery unique to the Individual Actions.

## V.   SERVICE

10.     For purposes of pre-trial proceedings in the Consolidated Securities Litigation, service by defendants of pleadings and all other papers on Lead Counsel and the head of the PSC shall be deemed sufficient service on all plaintiffs in the Consolidated Securities Litigation. Service of papers in the Consolidated Securities Litigation may be made by electronic mail.

## VI.   RELIEF FROM PROVISIONS HEREIN

11.     Counsel may seek relief from any of the provisions of this Order by application to the Court upon a showing of good cause.

## VII.   DISCOVERY

12.     Subject to the terms of this Order and in accordance with the applicable Protective Order, all discovery obtained by any plaintiff in any action within the Consolidated Securities Litigation will be shared with all other plaintiffs in the Consolidated Securities Litigation, and all discovery obtained by any defendant in any action within the Consolidated Securities Litigation may be shared with any other defendant.  All discovery obtained by any party in any action within the Consolidated Securities Litigation shall be deemed discovered in all of the actions.

## VIII.   PRIVILEGE

13.     Cooperation by and among counsel is essential for the orderly and expeditious resolution of the Consolidated Securities Litigation.  Accordingly, the communication of information among and between Lead Counsel, the PSC and plaintiffs' counsel in the Individual Actions shall not be deemed a waiver of the attorney-client privilege or the attorney work

product doctrine.  Likewise, the communication of information among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product doctrine.

## IX.   RIGHT TO BE HEARD BY THE COURT

14.   All counsel in the Consolidated Securities Litigation shall use their best efforts to avoid duplication, inefficiency and inconvenience to the Court, other parties, other counsel and witnesses.  Nothing stated herein, however, shall be construed to diminish the right of any party to be heard by the Court on matters that are not susceptible to joint or common action, or as to which there is a genuine disagreement among counsel.

## X.   SCHEDULE FOR INDIVIDUAL ACTIONS

15.   Discovery directed to plaintiffs in the Individual Actions (except if relevant to the Class Action) and additional non-duplicative discovery and proceedings in the Individual Actions shall be conducted in accordance with schedule(s) set at a ~~pretrial~~ conference with the Court ~~after the earlier of the trial in the Class case or its resolution otherwise.~~ *on October 26, 2015 at 4 p.m.*

16.   Defendants shall have until August 21, 2015 within which to respond to the complaints on file in the Currently Filed Individual Actions.  With respect to any motion to dismiss such complaints, the plaintiffs shall have until September ~~18~~ *18*, 2015 to file opposition papers, and defendants shall have until October ~~18~~ *5*, 2015 to submit any reply papers. *Oral argument will be held on October 13, 2015 at 3:30 pm.*

17.   Defendants' time to respond to any subsequently filed Individual Actions will be set by order of the Court upon application of the affected parties.

SO ORDERED:

Dated: New York, NY
August **3**, 2015

Jed S. Rakoff, U.S.D.J.