# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

LAURENT ALPERT, VICTOR I LEWKOW, LESLIE N SILVERMAN, LEE C BUCHHEIT, JAMES M PEASLEE, THOMAS J MOLONEY, DAVID G SABEL, JONATHAN I BLACKMAN, MICHAEL L RYAN, ROBERT P DAVIS, YARON Z REICH, RICHARD S LINCER, STEVEN G HOROWITZ, JAMES A DUNCAN, STEVEN M LOEB, CRAIG B BROD, EDWARD J ROSEN, LAWRENCE B FRIEDMAN, NICOLAS GRABAR, CHRISTOPHER E AUSTIN, SETH GROSSHANDLER, WILLIAM A GROLL, HOWARD S ZELBO, DAVID E BRODSKY, ARTHUR H KOHN, RICHARD J COOPER, JEFFREY S LEWIS, PAUL J SHIM, STEVEN L WILNER, ERIKA W NIJENHUIS, ANDRES DE LA CRUZ, DAVID C LOPEZ, CARMEN A CORRALES, JAMES L BROMLEY, MICHAEL A GERSTENZANG, LEWIS J LIMAN, LEV L DASSIN, NEIL Q WHORISKEY, JORGE U JUANTORENA, MICHAEL D WEINBERGER, DAVID LEINWAND, DIANA L WOLLMAN, JEFFREY A ROSENTHAL, ETHAN A KLINGSBERG, MICHAEL J VOLKOVITSCH, MICHAEL D DAYAN, CARMINE D BOCCUZZI, JR, JEFFREY D KARPF, KIMBERLY BROWN BLACKLOW, ROBERT J RAYMOND, SUNG K KANG, LEONARD C JACOBY, SANDRA L FLOW, FRANCISCO L CESTERO, FRANCESCA L ODELL, WILLIAM L MCRAE, JASON FACTOR, MARGARET S PEPONIS, LISA M SCHWEITZER, JUAN G GIRÁLDEZ, DUANE MCLAUGHLIN, BREON S PEACE, MEREDITH E KOTLER, CHANTAL E KORDULA, BENET J O'REILLY, ADAM E FLEISHER, SEAN A O'NEAL, GLENN P MCGRORY, MATTHEW P SALERNO, MICHAEL J ALBANO, VICTOR L HOU, ROGER A COOPER, AMY R SHAPIRO, JENNIFER KENNEDY PARK, ELIZABETH LENAS, LUKE A BAREFOOT, PAMELA L MARCOGLIESE, PAUL M TIGER, JONATHAN S KOLODNER, DANIEL ILAN, MEYER H FEDIDA, ADRIAN R LEIPSIC, ELIZABETH VICENS, ADAM BRENNEMAN, ARI D MACKINNON, JAMES E LANGSTON, JARED GERBER, COLIN D LLOYD, COREY M GOODMAN, RISHI ZUTSHI, JANE VANLARE

RESIDENT PARTNERS

SANDRA M ROCKS, S DOUGLAS BORISKY, JUDITH KASSEL, DAVID E WEBB, PENELOPE L CHRISTOPHOROU, BOAZ S MORAG, MARY E ALCOCK, DAVID H HERRINGTON, HEIDE H ILGENFRITZ, HUGH C CONROY JR, KATHLEEN M EMBERGER, WALLACE L LARSON JR, AVRAM E LUFT, ANDREW WEAVER, HELENA K GRANNIS, GRANT M BINDER, JOHN V HARRISON, CAROLINE F HAYDAY, NEIL R MARKEL, HUMAYUN KHALID

RESIDENT COUNSEL

LOUISE M PARENT

OF COUNSEL

February 3, 2016

Hon. Jed S. Rakoff, U.S.D.J.
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 14B
New York, New York 10007

    Re:    *In re Petrobras Securities Litig.*, No. 14-cv-9662 (JSR); *PIMCO Total Return Fund, et al. v. Petróleo Brasileiro S.A., et al.*, No. 15-cv-8192 (JSR) (the "PIMCO Action")

Dear Judge Rakoff:

      We represent defendants Petróleo Brasileiro S.A. ("Petrobras"), Petrobras Global Finance, B.V. and Theodore Marshall Helms (collectively, the "Petrobras Defendants") and write in connection with the PIMCO Action, which is brought on behalf of 275 separately-named plaintiffs. We request an order permitting the Petrobras Defendants to conduct up to 94 depositions in the PIMCO Action. We also request an order that depositions of plaintiffs and their employees take place in the Southern District of New York where plaintiffs have sued.

      Plaintiffs assert claims based on hundreds of millions of dollars in Petrobras securities purchases in total (with each plaintiff group making at least hundreds of thousands of such purchases), but the quantum of damages alleged is unknown. At least six of the plaintiff groups made their own trades in Petrobras securities without an outside advisor, and every plaintiff pleads direct reliance. Plaintiffs are collecting documents from more than 100 individual custodians, and identify 50 third party investment managers on whom they intend to rely to support their claims (24 of which are unique to the PIMCO Action).

      Plaintiffs filed their original complaint on October 16, 2015 and first served initial disclosures identifying witnesses on November 20, 2015. The Petrobras Defendants served deposition notices on plaintiffs' counsel on December 22, 2015, and served additional notices on January 14, 2016. Plaintiffs raised objections to the notices on January 28, 2016. The parties have met and conferred, but are at an impasse on the number of depositions and their location.

      These depositions are critical to the Petrobras Defendants' defenses where there are substantial questions regarding plaintiffs' knowledge, alleged reliance, and damages.

Hon. Jed S. Rakoff, p. 2

Plaintiffs' claims hinge on the allegation that Petrobras misrepresented the value of its assets or the costs of construction. But Petrobras disclosed the costs of delays and construction, and there was information in the market regarding the value of the assets in question. Furthermore, the risk of corruption—both in Brazil and in the industry—was widely known, and the Petrobras Defendants are entitled to both probe plaintiffs' claims of direct reliance and, as to their claims based on fraud on the market, make a showing that plaintiffs would have invested regardless, albeit at a lower price. *See Ludlow v. BP, P.L.C.*, 800 F.3d 674, 690 (5th Cir. 2015).

## I. Number of Depositions

The parties agree that the ten depositions provided by Rule 30(a)(2) are insufficient given the scale of the PIMCO Action. The requested 94 depositions would permit (i) one 30(b)(6) deposition of a representative for each of the plaintiffs in each group (36 depositions), (ii) certain 30(b)(1) depositions of plaintiffs' current and former employees or agents (up to 34 depositions), and (iii) one 30(b)(6) deposition of each advisor identified by plaintiffs as unique to the PIMCO Action (24 depositions).[1] This proposal is narrowly tailored to the circumstances of this massive action and amply satisfies the federal rules' requirements.[2]

*First*, there are 275 plaintiffs in the PIMCO Action, which plaintiffs separated into 36 groups in their disclosures. "A party who brings an action presumptively obligates herself to sit for a deposition." *Herbstein v. Dabbah Secs. Corp.*, 169 F.R.D. 36, 40 (S.D.N.Y. 1996). The Petrobras Defendants' request would permit one 30(b)(6) deposition for each of these 36 groups, in which a designated representative would testify on behalf of each plaintiff in the group. The reliance on plaintiffs' proposed groupings reduces the number of depositions, and given the large number of plaintiffs, is both reasonable and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiffs' proposal, on the other hand, would obviate "the right of defendants to challenge the allegations of individual plaintiffs . . . resulting in a due process violation." *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 232 (2d Cir. 2008); *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 259 F.3d 154, 191-92 (3d Cir. 2001), *as amended* (Oct. 16, 2001) ("[A]ctual injury cannot be presumed, and defendants have the right to raise individual defenses against each [plaintiff]."). Plaintiffs cannot evade being deposed merely by aggregating their claims with many others in a single complaint.

Plaintiffs resist even these 30(b)(6) depositions of the named plaintiffs, based on the contention that there is no reason to depose plaintiffs who used outside investment managers to conduct their trades. As an initial matter, at least six of the plaintiff groups made their own trades in Petrobras securities without use of an outside manager. Furthermore, every plaintiff pleads direct reliance, such that the Petrobras Defendants are entitled to a deposition to explore plaintiffs' own knowledge of the various factors that went into their investment decisions, and

---

[1] The Petrobras Defendants reserve the right to request additional depositions should plaintiffs' representations prove incorrect or good cause for further depositions be established.

[2] The parties agree that these limits only apply to the PIMCO Action and would not include depositions of experts or of investment managers that served plaintiffs in both the PIMCO Action and other actions.

Hon. Jed S. Rakoff, p. 3

their knowledge of the allegations made concerning Petrobras.[3] Although counsel contends that these plaintiffs will have no material knowledge, the Petrobras Defendants need not accept representations of these named plaintiffs' supposed lack of knowledge without a deposition. *See Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974) ("[A] claimed lack of knowledge does not provide sufficient grounds for a protective order; the other side is allowed to test this claim by deposing the witness.").[4]

*Second*, while plaintiffs' disclosures identify over 100 different custodians across the 36 groups, we request 30(b)(1) depositions limited to 34 of these individuals. The Petrobras Defendants cannot preemptively accept plaintiffs' assertion that 30(b)(1) depositions from these individuals are unnecessary or duplicative of the anticipated 30(b)(6) depositions. A 30(b)(6) deposition is not a substitute for a 30(b)(1) deposition. *See Sabre v. First Dominion Capital, LLC*, No. 01CIV2145BSJHBP, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) ("A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual."). Otherwise, "any entity that wanted to limit the testimony of an individual could accomplish that goal by designating the individual as a 30(b)(6) witness; under [that] interpretation, every minute spent conducting the 30(b)(6) deposition would be deducted from the time available to probe the witness's individual knowledge." *Id.*; *see also* 8A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2103 (3d ed. 2015) (regardless of whether individual was a 30(b)(6) designee, "a party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have."). Though in nearly all cases, plaintiffs have not even identified who the 30(b)(6) representative would be if they were ordered to produce one, the Petrobras Defendants are entitled to gather facts from witnesses with actual knowledge, rather than only obtain the position of plaintiffs' representatives in the litigation.

*Third*, plaintiffs' disclosures identify 50 outside investment managers who transacted in the Petrobras securities on which their claims are based, 24 of which advised only plaintiffs in the PIMCO Action. The Petrobras Defendants request and have served subpoenas for one Rule 30(b)(6) deposition of each of these entities. Although during our pre-motion conference, plaintiffs proposed for the first time to subject even these outside investment manager depositions to the same aggregate cap, their positions are irreconcilable: they argue that Your Honor should cap the number of depositions of plaintiffs because their investment

---

[3]   *See, e.g., In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 43-44 (2d Cir. 2006) ("[A] section 10(b) claimant must allege and prove that the claimant traded in ignorance of the fact that the price was affected by the alleged manipulation," requiring "individual inquiries as to the knowledge of each [claimant]."). At minimum, facts on plaintiffs' delegation of authority and supervision of investment managers are relevant and will be relied upon by plaintiffs.

[4]   Plaintiffs' counsel has suggested that some of this information could be obtained through interrogatories or stipulated facts, but without a deposition, the Petrobras Defendants would be forced to speculate on the scope of the knowledge or facts that plaintiffs should be prepared to stipulate. Particularly where there are 36 groups of plaintiffs, serving interrogatories or negotiating stipulations would ultimately prove more burdensome than a 30(b)(6) deposition.

authority was delegated to third parties with the relevant information, and yet simultaneously seek to limit depositions to so low a number that the Petrobras Defendants could not even depose all of the third party investment managers that plaintiffs concede have vitally relevant information. Nor can plaintiffs credibly suggest that the solution lies in allocating to *plaintiffs* a separate cap of 30 depositions for plaintiffs to notice examinations of their own investment managers.[5] Defendants are entitled to be the captains of their own defense. Plaintiffs have made no efforts to subpoena testimony from their investment managers, and cannot leave the Petrobras Defendants at the mercy of their whim to belatedly pursue depositions for which the Petrobras Defendants have already served subpoenas to obtain testimony that is critical to their defense.

## II. Location of Depositions

The Petrobras Defendants also seek an order affirming the long-established policy "requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum." *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939-40 (S.D.N.Y. 1984). The Petrobras Defendants have noticed depositions of plaintiffs in New York. As the noticing party, the Petrobras Defendants have the right to set the deposition location and, absent compelling circumstances, plaintiffs must make themselves available in the district where they filed suit. *Clem*, 102 F.R.D. at 939-40; 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2112 (3d ed. 2015). Plaintiffs have not and cannot demonstrate compelling circumstances preventing them from traveling to New York. *MPD Accessories B.V. v. Target Corp.*, No. 12 civ. 7259 RJS, 2013 WL 1200359, at *1 (S.D.N.Y. Mar. 1, 2013). Plaintiffs are sophisticated institutional investors, located in Taiwan, Korea, Kuwait and elsewhere. Their refusal to travel is a mere tactic designed to avoid being deposed. Requiring us to travel to plaintiffs would be particularly nonsensical and burdensome when depositions of other plaintiffs will be proceeding over the same time period in New York. Though plaintiffs claim they had no genuine forum choice, plaintiffs were not compelled through Multi-District Litigation or otherwise to file their action in this district and instead chose to do so.

As the Petrobras Defendants informed plaintiffs, they are willing to make case-by-case exceptions to the general presumption that depositions of plaintiffs will take place in New York, including coordinating where possible when the Petrobras Defendants are already conducting depositions of third parties in the same U.S. locations. Despite that attempt to compromise, certain plaintiffs refuse to travel to New York for a deposition absent a Court order.

Respectfully submitted,

*Luke A. Barefoot*/vcr
Luke A. Barefoot

cc: All counsel of record (by email)

---

[5] Plaintiffs do not suggest that they plan to pursue independent depositions of defendants, which would be contrary to the Order Coordinating Pre-Trial Matters (Dkt. No. 195).