# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

Writer's Direct Dial: +1 212-225-2550
E-Mail: lliman@cgsh.com

February 8, 2016

**VIA ECF**

Hon. Jed S. Rakoff, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 14B
New York, New York 10007

Re:   *In re Petrobras Sec. Litig.*, No. 14-cv-9662 (JSR) (the "Class Action")

Dear Judge Rakoff:

On behalf of the undersigned defendants, we write to request an order permitting Defendants to serve ten interrogatories (attached hereto as Exhibit A) directed to all members of the Class Action other than the class representatives (the "Absent Class Members"). We suggest the interrogatories be included in the notice of class certification, which we understand will be promptly sent to the Absent Class Members now that a class has been certified. These proposed interrogatories relate to two distinct issues: (i) locating where irrevocable liability for Note purchases was incurred and attendant *Morrison* issues; (ii) the knowledge and reliance by Absent Class Members on the alleged misstatements and omissions.[1]

## I.   DEFENDANTS ARE ENTITLED TO TAKE CLASS MEMBER DISCOVERY

### A.   Absent Class Member Discovery Is Necessary and Helpful

It has long been established that absent class members are not immune from discovery obligations. *See, e.g., Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979); *Redmond v. Moody's Inv'r Serv.*, No. 92 CIV. 9161 (WK), 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995). In particular, courts have permitted discovery where it is "necessary or helpful to the proper presentation and correct adjudication of the principal suit," and "directed at

---

[1]    The Underwriter Defendants are named in the Section 11 claim only and, accordingly, join only those arguments to the extent they apply to that claim. Specifically, the Underwriter Defendants join the arguments relating to *Morrison* and knowledge of the plaintiffs but not as to 10b-5 reliance.

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE.

Hon. Jed S. Rakoff, p. 2

obtaining information relating to certain defenses raised by [defendants] in the principal trial." *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971). Put otherwise, discovery is permitted where "the questions were relevant to the decision of common questions, the questions were asked in good faith, the discovery method was not unduly burdensome, and the answers were not available from the represented parties." *Schwartz v. Celestial Seasonings, Ikesslnc.*, 185 F.R.D. 313, 316 (D. Colo. 1999); *see also In re Warner Chilcott Ltd. Sec. Litig.*, No. 06 Civ. 11515(WHP), 2008 WL 344715, at *2 (S.D.N.Y. Feb. 4, 2008).

These principles are consistent with the constitutional requirements. "Due process requires that there be an opportunity to present every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (quoting *Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 168 (1932)). That the class representative has sought, and the Court has permitted, claims to be aggregated cannot deprive Defendants of their rights to present individualized defenses against individual Plaintiffs. *See* 28 U.S.C. § 2072(b); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011) ("[A] class cannot be certified on the premise that [the defendants] will not be entitled to litigate [their defenses] to individual claims."); *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971). Where "the right of defendants to challenge the allegations of individual plaintiffs is lost," "a due process violation" results. *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 232 (2d Cir. 2008); *see also Wal-Mart Stores, Inc.*, 131 S. Ct. at 2561. Thus, Defendants' right to take discovery with respect to each plaintiff is of constitutional dimension. *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2561; *see also Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985) ("Although a district court has considerable latitude in determining the scope of discovery, it abuses its discretion when the discovery is so limited as to affect a party's substantial rights."); *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008).

Discovery of absent class members also follows from the Federal Rules themselves. Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33. Before the class was certified, each of the persons named plaintiffs sought to represent were "putative" class members; they could not be bound by any action of the Court. Now that a class has been certified, however, and absent the election to opt out, they are "parties" under the Federal Rules of Civil Procedure able to be bound, and therefore able to be served with interrogatories just like any other party. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011); *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002); *Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044-Civ., 2010 WL 5090207, at *2 (S.D. Fla. Dec. 8, 2010); *see also* 28 U.S.C. § 2072(b) (The Federal Rules "shall not abridge, enlarge or modify any substantive right.").

Indeed, absent service of the interrogatories, Defendants literally have no way to discover the information necessary to present their defenses or, for that matter, to manage the case or assess the scope of their potential liability. The Court has scheduled trial for September 19, 2016 on all issues, and that date will not change. The requested information is not within the Defendants' knowledge, nor susceptible to informal discovery. Defendants do not know who purchased Petrobras securities, much less those who did so in domestic transactions, and without knowledge of and without relying on the alleged misstatements and omissions. Nor can Defendants obtain that information from any identifiable third party. Defendants have a right to present defenses and can only do so if they know who intends to assert a claim and have a minimum opportunity to probe the allegations and explore the facts relevant to those defenses. Absent this discovery before trial, then, Defendants will be deprived their due process right to

Hon. Jed S. Rakoff, p. 3

present every defense.  *See Wal-Mart Stores, Inc.*, 131 S. Ct. at 2561; *Lindsey*, 405 U.S. at 66; *McLaughlin*, 522 F.3d at 232.

      **B.**     **The Interrogatories Seek Relevant Information About (i) Domestic Transactions and (ii) Plaintiffs' Knowledge of the Falsity and Reliance**

      Interrogatories one through four address the <u>location</u> where individual class members – or agents acting on their behalf – incurred the irrevocable obligation to purchase Petrobras debt securities.  Ex. A.  These questions are essential to determine whether an investor even has a claim arising under federal law.  Where (as here) no purchases took place on a U.S. exchange and title did not transfer within the U.S., a federal claim only arises if, at a minimum, the investor purchased the security in the U.S. by incurring an irrevocable obligation in the U.S.  Without obtaining this information through absent class member discovery, Defendants have no way to determine the size of the class they are facing or of testing the conclusory assertion of any particular class member to having purchased securities in the U.S.  *See, e.g.*, *In re Petrobras Sec. Litig.*, No. 14-CV-9662 (JSR), 2015 WL 9266983 at *2 (S.D.N.Y. Dec. 20, 2015) (holding that "conclusory assertions that irrevocable liability has been incurred or that title has passed are insufficient").  This is particularly true with respect to aftermarket and secondary purchasers of the Notes.  Even if the initial purchasers of the Notes in the offering were ascertainable, given the purportedly high trading volume and frequency of the Notes and the absence of any repository of information on trading location, the need for discovery of actual claimants is compelling.  *In re Petrobras Sec. Litig.*, No. 14-CV-9662 (JSR), 2016 WL 413122, at *10 (S.D.N.Y. Feb. 2, 2016) ("Feinstein concluded that the trading volumes and frequencies of the Notes were significantly high.").

      The remaining five interrogatories go to defenses based on knowledge and reliance on the part of the Absent Class Members and are equally essential.  Ex. A.  Interrogatories five through seven ask about the timing and scope of class members' knowledge regarding the misstatements and omissions alleged in the complaint.  *Id.*  It is well established that Plaintiffs' claims under the Securities Act and the Exchange Act require them to prove they traded in ignorance of the misstatements and omissions they allege.  *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 43 (2d Cir. 2006).  Moreover, both the Securities Act and Exchange Act have defined statutes of limitation.  *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 174 (2d Cir. 2011) (two years for Exchange Act claims); *In re Petrobras Sec. Litig.*, No. 14-CV-9662 (JSR), 2015 WL 4557364, at *14 (S.D.N.Y. July 30, 2015) (one year for Securities Act claims).  Thus, interrogatories directed to whether and when each Plaintiff knew of the misstatements of omissions alleged in the complaint are necessary to determine whether Plaintiffs' claims are timely, and whether they have the requisite lack of knowledge.

      Interrogatories eight and nine address whether the Absent Class Members relied on the misstatements or omissions they allege when transacting in Petrobras securities.  Ex. A.  Under the Exchange Act, each plaintiff alleging securities fraud must prove it relied on the allegedly fraudulent statements in its purchase of the relevant securities; defendants, in turn, have a right to dispute reliance as to each individual plaintiff.  *McLaughlin*, 522 F.3d at 232; *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2405 (2014) ("*Halliburton II*").  Even where plaintiffs are entitled to the presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), defendants can rebut this presumption through "[a]ny showing that severs

Hon. Jed S. Rakoff, p. 4

the link between the alleged misrepresentation and … the price received (or paid) by the plaintiff." *Halliburton II* at 2415-16.[2]

Finally, interrogatory ten addresses whether each Plaintiff intends to pursue a monetary award if a Plaintiffs' verdict is returned. Ex. A. This information is necessary for Defendants to determine who is a potential claimant and thus whom to take discovery of. If a purchaser does not intend to pursue a claim, it would be a waste of the parties' time and the Court's resources, as well as an intrusion on the purchaser, for the parties to take discovery of that person.[3]

### C.   There Is Precedent For The Service of Class Interrogatories

Plaintiffs are wrong in arguing that Defendants' request is unprecedented. For example, in *Brennan,* defendants sought production of documents and records, and for answers to interrogatories for each member of the class. *Brennan*, 450 F.2d at 1002. The district court ultimately dismissed the claims of those members who failed to respond within the time period ultimately established by the court. *Id.* In affirming the dismissal, the Seventh Circuit noted that the Federal Rules permitted the taking of discovery of each member of a class, that the discovery requested was "directed at obtaining information relating to certain defenses [at issue] in the principal trial," and that the Federal Rules permitted dismissal as sanction for noncompliance, provided adequate notice was provided in advance of such a sanction. *Id.* at 1005-06. Similarly, in *Schwartz*, following the certification of a class asserting damages under the Securities and Exchange Acts, a district court granted Defendants' motion to include in the notice of class certification a questionnaire designed to gather evidence related to damages and reliance. *Schwartz*, 185 F.R.D. at 315-16. The district court found that the questionnaire was addressed to issues that "must be addressed by Defendants to allow them to formulate defenses," and that the burden was minimal given that the information requested was "necessary for a just determination of the case and . . . should be readily available to any class member." *Id.* at 316. Defendants' request is entirely consistent with the approaches in *Schwartz* and *Brennan*. Moreover, while *Schwartz* and *Brennan* are particularly instructive, Defendants' request comports with scores of cases outside the securities context in which – applying the same Federal Rules – courts have permitted absent class discovery. *See, e.g., Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 452 (S.D.N.Y. 1995); *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984); *Robertson v. Nat'l Basketball Ass'n*, 67 F.R.D. 691, 699 (S.D.N.Y. 1975).

## II.   DEFENDANTS' REQUEST IS APPROPRIATE IN THESE CIRCUMSTANCES

Each of these requests is limited to the Absent Class Members' personal knowledge or information only they can seek to obtain and requires no more than a series of short, narrative answers. *See, e.g., Schwartz*, 185 F.R.D. at 316 (permitting service of "clear and

---

[2]       Further, the discovery Defendants request is relevant to the classwide determination of reliance, as information regarding the lack of reliance by individual class members can "tend to prove that the market was not defrauded, and thus the benefit of the 'fraud on the market' presumption would be unavailable on a common basis to any of the class members." *Easton & Co. v. Mut. Benefit Life Ins. Co.*, CIV. No. 91-4012 (HLS), 1994 WL 248172, at *4 (D.N.J. May 18, 1994); *see also Halliburton II* at 2414.

[3]       In the alternative, the Class Notice could instruct class members that they need respond only if they intend to make a claim.

Hon. Jed S. Rakoff, p. 5

concise" questionnaire tailored to specific issues).[4]   The requests are also written in plain
English.  Including the interrogatories in the Class Notice further reduces the burden on Absent
Class Members, as well as class counsel, as it condenses information about the Class Action into
one mailing, rather than a piecemeal barrage.  Including discovery requests in notices of class
certification is not a novel concept.  *Id.* (permitting discovery questionnaire, including questions
as to individual issues, as part of class notice in securities fraud class action).  As a result,
Defendants' requests are not an undue burden on Absent Class Members – particularly when
weighed against Defendants' constitutional right to defend against the claims the Absent Class
Members assert.  *See, e.g.*, *Boynton v. Headwaters, Inc.*, No. 1-02-1111-JPM-egb, 2009 WL
3103161, at *2 (W.D. Tenn. Jan. 30, 2009) (permitting service of a discovery request written in
plain English).  This information, which by definition relates to the facts and circumstances
surrounding individual Absent Class Members' purchases of Petrobras securities, cannot be
obtained through requests on class representatives or any other identifiable third party.

   Plaintiffs have argued that service of the interrogatories would convert this case
into an opt-in class action, that Defendants' right to present individualized defenses should be
deferred until an administrative process after trial when claims are submitted, and finally, barring
that, that determination of the individual defenses class case should be deferred until after a
liability phase.  None of these arguments pass muster.

   Service of the interrogatories on Absent Class Members would not impermissibly
turn the Class Action into an opt-in class.  Defendants are not seeking to require persons to opt
in.  They are seeking information necessary to defend themselves.  And courts have repeatedly
held they have a right to do so when discovery is relevant to a defense.  *Schwartz*, 185 F.R.D. at
319; *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050 SC, 2011 WL 843956, at *7 (N.D. Cal. Mar.
8, 2011).  There can be no doubt that such information is relevant here.  The Court correctly
noted that "Petrobras successfully marketed its securities across four continents," *In re Petrobras
Sec. Litig.*, 2016 WL 413122, at *7 n.5; it also has already rejected claims of domestic
transactions by two of the four proposed named plaintiffs, *In re Petrobras Sec. Litig.*, 2015 WL
9266983, at *3, and by Skagen in an individual action.  *In re Petrobras Sec. Litig.*, No. 14-CV-
9662 (JSR), 2016 WL 29229, at *2 (S.D.N.Y. Jan. 4, 2016).  It has the right to test the claims of
others who might contend they are domestic purchasers.  Defendants also have a right to rebut
the presumption of reliance.  *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 583
(S.D.N.Y. 2011).  Finally, Defendants have substantial knowledge defenses.  For one, they
intend to show (and already have shown in some instances) that the information from which an
investor could value their property, plant and equipment was all publicly and accurately
disclosed and that investors were not deceived into thinking – from the carrying value – that the
plants had a value greater than they had.

   The determination of the individualized issues also cannot await the outcome of a
trial on all issues and be relegated to an administrative process.  Plaintiffs have argued that, for
Absent Class Members to be asked to answer questions before they know whether there will be a
monetary award for doing so imposes an undue burden.  But that has it precisely backward.  Rule

---

[4]  The interrogatories are consistent with Local Civil Rule 33.3 because they are the most
practical way of obtaining information about individual issues related to *Morrison v. Nat'l
Australia Bank*, 561 U.S. 247 (2010) and individual issues related to Plaintiffs' knowledge and
reliance.

Hon. Jed S. Rakoff, p. 6

23 cannot deprive Defendants of the right to a defense where such defense is individualized. *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2561; *McLaughlin*, 522 F.3d at 232. While for some issues, the Court can rely on special masters, *see In re Visa CheckMasterMoney Antitrust Litigation*, 280 F.3d 124, 141 (2001), Defendants have a Due Process right to present evidence relevant to their defense to the Court before a judgment of any kind has been entered. *Lindsey*, 405 U.S. at 66; *see also Wal-Mart Stores, Inc.*, 131 S. Ct. at 2561. Defendants also have a right to ascertain the size of the class asserting claims against them before trial, as well as the quantum of their damages; to enter an aggregate judgment in the first instance without assessing the viability of the Absent Class Members' claims would necessarily produce an "astronomical damages figure that does not accurately reflect the number of plaintiffs actually injured by defendants and that bears little or no relationship to the amount of economic harm actually caused by defendants," in violation of the Due Process Clause and the Rules Enabling Act. *McLaughlin*, 522 F.3d at 231; *see also Brecher v. Republic of Argentina*, 806 F.3d 22, 24-25 (2d Cir. 2015).

Further, the Court cannot defer discovery until a liability phase is concluded.[5] It is true that in some cases, the courts have permitted discovery on issues common to the class. But that is because generally only issues common to the class were to be tried. The need for discovery is more compelling here. The Court intends to try all issues together. To do otherwise would create difficult and perhaps insurmountable constitutional issues. As discussed at the October 26, 2015 hearing, classwide issues, including the single issue of reliance, are inextricably intertwined with individual issues, such that separating them between multiple fact finders would impermissibly implicate the parties' rights under the Seventh Amendment. Tr. of Oct. 26, 2015 Oral Arg. at 8-9, *In re Petrobras Sec. Litig.*, No. 14-CV-9662 JSR (S.D.N.Y. Nov. 18, 2015), ECF No. 312; *see also United Air Lines, Inc. v. Wiener*, 286 F.2d 302, 305 (9th Cir. 1961) (denying bifurcation where individual issues were "so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial"); *In re Visa CheckMasterMoney Antitrust Litigation*, 280 F.3d at 141 n.9. Reliance, for example, cannot be determined on a classwide basis without the opportunity to rebut it on an individualized basis. *See also Halliburton II* (noting that the *Basic* presumption nonetheless "leav[es] individualized questions of reliance in the case"). Thus, defendants are entitled to discovery now – and not after trial. And, further, deferral would also not address Defendants' right to know the size of the class it confronts – before it confronts the class and not after trial, when it is too late.

Finally, Defendants' proposal to include the discovery requests in the Class Notice is unobjectionable. Defendants do not seek to serve burdensome requests for the sole

---

[5]     Plaintiffs have already suggested that if they were to agree to some form of discovery on Absent Class Members, such discovery must begin only after liability has been established at trial, similar to the approach employed by the court in *Vivendi*. *See In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. at 155. But *Vivendi* preceded *Morrison* and, in any event, that approach simply cannot be applied to this case. First, none of the parties in *Vivendi* requested absent class discovery in advance of trial. As such, the *Vivendi* court never considered the issue currently before the Court, and its endorsement of post-liability discovery cannot be read as discouraging the discovery Defendants seek. More importantly, the court in *Vivendi* explicitly provided for an "individual reliance phase" that contemplated separate jury trials if necessary. *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 586 (S.D.N.Y. 2011).

Hon. Jed S. Rakoff, p. 7

purpose of deterring participation in a class.  Instead, Defendants have narrowly tailored their requests to seek only the information necessary to support defenses to which they are entitled, and have drafted the requests in easily understandable language.

## III.   CLASS MEMBERS SHOULD BE INFORMED OF POTENTIAL CONSEQUENCES OF NONCOMPLIANCE

Once certified, each member of the class that does not opt-out becomes a "party" to the civil litigation and gains the benefits and responsibilities associated with becoming a party. *See Smith*, 131 S. Ct. at 2379; *Devlin*, 536 U.S. at 7.  The burdens include the obligations under Rule 34 and the consequences if those obligations are not satisfied.  *See* Fed. R. Civ. P. 37.

Plaintiffs have argued to Defendants that the class notice should inform Absent Class Members of the specific consequences that <u>will</u> ensue if they do not comply (*e.g.*, that their claim to relief will be rejected if they do not respond).  Defendants do not seek that relief now, nor do they believe the Court should now make such a determination.  The Court will have enough time to decide what to do in the unlikely event that an absent class member ignores the request and seeks later to recover.

For now, it should suffice that the Class Notice state that class members have certain obligations, among them to answer the interrogatory questions, and that to fail to comply could give rise to the consequences set forth in Rule 37.  This not only achieves the fairness and balance required of the Class Notice, but it also provides a complete overview of the rights and obligations of a class member prior to determining whether to remain a class member.  To omit this information from the Class Notice only to inform Absent Class Members of their obligations at a later date would deprive them of the ability to make a fully informed choice about their class membership.  The Class Notice should be "scrupulously neutral" and sent to all individual class members that can be identified.  *In re Traffic Exec. Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980) (citation omitted); *In re Lloyd's Am. Tr. Fund Litig.*, No. 96 Civ.1262 RWS, 2002 WL 31663577, at *12 (S.D.N.Y. Nov. 26, 2002) ("[A class notice] should advise the class members of their rights and obligations if they elect to remain class members.") (citation omitted).

Respectfully submitted,

| /s/ Lewis J. Liman | /s/ Jay B. Kasner |
|---|---|
| Lewis J. Liman | Jay B. Kasner |
| *Counsel for Petróleo Brasileiro S.A., Petrobras Global Finance, B.V., Petrobras America Inc., Paulo José Alves, José Sérgio Gabrielli de Azevedo, Theodore Marshall Helms, Daniel Lima de Oliveira, Maria das Graças Silva Foster and Marcos Antonio Zacarias* | *Counsel for BB Securities Ltd., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Itaú BBA USA Securities, Inc., Morgan Stanley & Co. LLC, HSBC Securities (USA) Inc., Mitsubishi UFJ Securities (USA), Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Standard Chartered Bank, Bank of China (Hong Kong) Limited, Banco Bradesco BBI S.A., Banca IMI S.p.A., and Scotia Capital (USA) Inc.* |

cc:    All counsel of record (by email)