# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ) | No. 14-cv-9662 (JSR) |
| ) |  |
| IN RE PETROBRAS SECURITIES ) |  |
| LITIGATION ) |  |
| ) | ECF CASE |
| ) |  |
| ) |  |

## STIPULATION OF SETTLEMENT AND RELEASE

This Stipulation of Settlement and Release, dated February 1, 2018 ("Stipulation") is submitted pursuant to Fed. R. Civ. P. 23 and Fed. R. Evid. 408.  Subject to the District Court's approval, this Stipulation is entered into by and between (i) the District Court-appointed Class Representatives Universities Superannuation Scheme Limited (acting as sole corporate trustee of Universities Superannuation Scheme) ("USS"), North Carolina Department of State Treasurer ("North Carolina") and Employees' Retirement System of the State of Hawaii ("Hawaii") (collectively, "Class Representatives" or "Plaintiffs"), individually and on behalf of each Settlement Class Member (as defined herein) and (ii) Petróleo Brasileiro S.A. – Petrobras ("Petrobras"), Petrobras Global Finance B.V. ("PGF"), and Petrobras America Inc. ("PAI") (collectively, the "Petrobras Defendants") and BB Securities Ltd., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Itau BBA USA Securities, Inc., Morgan Stanley & Co. LLC, HSBC Securities (USA) Inc., Mitsubishi UFJ Securities (USA), Inc. (n/k/a MUFG Securities Americas Inc.), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Standard Chartered Bank, Bank of China (Hong Kong) Limited, Banco Bradesco BBI S.A., Banca IMI S.p.A. and Scotia Capital (USA) Inc. (collectively, the "Underwriter Defendants") by and through their respective counsel in the above-captioned consolidated class action (the "Action").

Almir Guilherme Barbassa, Jose Carlos Cosenza, Paulo Roberto Costa, Renato de Souza Duque, Guillherme de Oliveira Estrella, Maria das Graca Silva Foster, Jose Miranda Formigli Filho, José Sergio Gabrielli, Silvio Sinedino Pinheiro, Daniel Lima de Oliveira, José Raimundo Brandão Pereira, Sérvio Túlio da Rosa Tinoco, Paulo Jose Alves, Gustavo Tardin Barbosa, Alexandre Quintão Fernandes, Marcos Antonio Zacarias, Cornelis Franciscus Jozef Looman, and Theodore M. Helms shall collectively be referred to in this Stipulation as the "Individual Defendants."

The Petrobras Defendants, the Underwriter Defendants, the Individual Defendants, Josue Christiano Gomes da Silva, Mariângela Monteiro Tizatto, Banco Votorantim Nassau Branch, Santander Investment Securities Inc., Petrobras International Finance Company, PricewaterhouseCoopers Auditores Independentes ("PwC Brazil"), and any other Person that is or has been at any time a defendant in this Action, shall collectively be referred to in this Stipulation as the "Defendants."

Class Representatives, the Settlement Class Members, the Petrobras Defendants, and the Underwriter Defendants shall collectively be referred to in this Stipulation as the "Settling Parties."

A.      WHEREAS, beginning in December 2014, several putative securities class actions were filed on behalf of investors against the Defendants or certain of them.  The lawsuits alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b), 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, as well as Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l, 77o.  By Order dated February 17, 2015, the District Court consolidated these actions, and by Order dated March 4, 2015, the District

Court appointed USS as Lead Plaintiff, and appointed Pomerantz LLP as Class Counsel for the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 and 15 U.S.C. §77z-1 (the "PSLRA").

B.       WHEREAS, on March 27, 2015, USS filed a Consolidated Amended Complaint ("CAC") against certain of the Defendants for violations of Sections 10(b) and 20(a) of the Exchange Act and Sections 11, 12(a)(2), and 15 of the Securities Act , which named additional plaintiffs, including Hawaii.

C.       WHEREAS, on April 17, 2015, Petrobras, PGF, and the Underwriter Defendants filed a motion to dismiss the CAC, and on July 10, 2015, the District Court granted in part and denied in part the motion to dismiss the CAC.  Among other decisions, the District Court dismissed claims relating to certain debt securities issued in 2012 under the Securities Act as time barred by the applicable statute of repose, and ruled claims relating to securities purchased on the Brazilian stock exchange (the "BOVESPA") must be arbitrated, as established in Petrobras's bylaws.  The District Court also ruled that claims under Section 11 of the Securities Act were dismissed to the extent they were based on purchases of the Petrobras notes issued in 2013 made after August 11, 2014.  The District Court rejected other arguments presented in the motion to dismiss the CAC, and, as a result, the case continued with respect to those claims.

D.       WHEREAS, on July 16, 2015, Lead Plaintiff filed its Consolidated Second Amended Class Action Complaint ("SAC"), and on September 1, 2015, Lead Plaintiff filed its Consolidated Third Amended Class Action Complaint ("TAC"), both alleging substantially similar claims against certain of the Defendants as the CAC and naming an additional Defendant. The TAC added North Carolina as an additional plaintiff, and named additional defendants Paulo Roberto Costa, Jose Carlos Cosenza, Renato de Souza Duque, Guilherme de Oliveira Estrella,

Jose Miranda Formigli Filho and Petrobras America Inc.  In an order dated December 20, 2015, the District Court dismissed with prejudice the claims of Class Representatives under Section 11 of the Securities Act to the extent they were based on purchases of Petrobras notes issued in 2014 made after May 15, 2015.

       E.      WHEREAS, on October 15, 2015, Class Representatives filed a motion for class certification, appointment of class representatives, and appointment of class counsel, which the Petrobras Defendants and the Underwriter Defendants opposed on November 6, 2015, and which was fully briefed by November 23, 2015.

       F.      WHEREAS, on November 30, 2015, Plaintiffs filed their Consolidated Fourth Amended Class Action Complaint ("FAC").  On December 20, 2015, the District Court granted in part and denied in part Defendant's motion to dismiss the FAC.  On December 23, 2015, Defendant PwC Brazil moved to dismiss the claims against it in the FAC.  By Order dated February 19, 2016, the District Court granted in part and denied in part PwC Brazil's motion to dismiss.  PwC Brazil's motion was granted with respect to the Section 10(b) claim, but denied with respect to the Section 11 claim.  By Order entered May 5, 2016, the District Court denied USS's request for leave to amend the FAC to assert a new Section 10(b) claim against PwC Brazil.

       G.      WHEREAS, on February 2, 2016, the District Court issued its Opinion and Order granting Plaintiffs' motion for class certification, appointment of class representatives, and appointment of class counsel ("Class Certification Order").  The District Court certified a Securities Act class and an Exchange Act class, appointed USS as Class Representative for the Exchange Act class, and appointed North Carolina and Hawaii as Class Representatives for the Securities Act class.  The District Court also appointed Pomerantz LLP as Class Counsel.

H.    WHEREAS, on February 16, 2016, the Petrobras Defendants and the Underwriter

Defendants requested leave to appeal the Class Certification Order to the United States Court of

Appeals for the Second Circuit (the "Second Circuit").  On June 15, 2016, the Second Circuit

granted the petition for leave to appeal the Class Certification order pursuant to Fed. R. Civ. P.

23(f).

I.    WHEREAS, on June 27, 2016 and June 29, 2016, the Petrobras Defendants and

Plaintiffs each moved for partial summary judgment as to certain claims asserted by Plaintiffs

and, on June 27, 2016, the Underwriter Defendants and certain of the Individual Defendants

moved for summary judgment as to all claims asserted by the Plaintiffs.

J.    WHEREAS, the District Court had set a trial date of September 19, 2016, but on

June 28, 2016, before the motions for partial summary judgment were fully briefed, the Petrobras

Defendants and Underwriter Defendants moved for a stay of the Action and all District Court

proceedings consolidated with the Action until issuance of a mandate by the Second Circuit,

pending consideration of Defendants' appeal of the Class Certification Order pursuant to Fed. R.

Civ. P. 23(f), and on August 2, 2016, the Second Circuit granted that motion.

K.    WHEREAS, on July 7, 2017, the Second Circuit entered an order, vacating the

class certification order, and reversing in part and affirming in part, and remanding to the District

Court for further proceedings.  Among other things, the Second Circuit vacated the District

Court's Order granting class certification and rejected the argument that the class certification

order defined classes that were not ascertainable and determined that the classes were

ascertainable.  The Second Circuit remanded the case for the District Court to consider whether

the proposed classes satisfied the predominance requirement.  Pursuant to Federal Rule of

Appellate Procedure 41, the mandate was to issue in 21 days absent further order of the Second Circuit.

L.      WHEREAS, on July 21, 2017, before the mandate was to issue, the Petrobras Defendants and the Underwriter Defendants filed a Petition for Panel Rehearing and Rehearing *en banc*, staying issuance of the mandate, which the Second Circuit denied on August 24, 2017. On August 30, 2017, within the period permitted by the Federal Rules of Appellate Procedure, the Petrobras Defendants and Underwriter Defendants filed an unopposed motion to stay the issuance of the Second Circuit's mandate pending the filing of a petition for a writ of certiorari to the United States Supreme Court.

M.      WHEREAS, on November 1, 2017, the Petrobras Defendants and the Underwriter Defendants filed at the United States Supreme Court a petition for a writ of certiorari seeking review of the Second Circuit's decision affirming, in part, the Class Certification Order on issues:  (1) regarding the proof required to establish a presumption of reliance in securities fraud cases under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988) and *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014); and (2) whether class membership is required to be ascertainable through administratively feasible means under Rule 23 of the Federal Rules of Civil Procedure (the "Petition").  On November 3, 2017, the Second Circuit granted the motion for a stay of the issuance of its mandate pending the disposition of the Petition and stayed the issuance of the mandate.

N.      WHEREAS, on January 3, 2018, the Class Representatives, the Petrobras Defendants, and the Underwriter Defendants filed a joint motion to defer consideration of the petition, which the Supreme Court granted on January 16, 2018.

O.      WHEREAS, the Plaintiffs and Defendants have engaged in comprehensive investigation and substantial domestic discovery relating to the claims and the underlying events and transactions alleged in the FAC, including but not limited to the production of more than 20 million documents, the vast majority in Portuguese, and other information from the Plaintiffs, the Defendants, and third parties; meeting and conferring on numerous occasions regarding substantive and procedural discovery issues; serving and responding to requests for answers to interrogatories, requests for admissions, and requests for production of documents; serving third-party subpoenas; and obtaining testimony from witnesses through more than 65 depositions of Plaintiffs, Defendants, third parties, and experts, many of which were taken in Portuguese and that required certified translators.

P.      WHEREAS, in addition to discovery in the United States pursuant to the Federal Rules of Civil Procedure and Local Rules of the District Court, the Plaintiffs and Defendants engaged in discovery pursuant to either The Hague Convention or IAC in Brazil, United Kingdom, Netherlands, France, Italy, Switzerland, Monaco and South Korea.

Q.      WHEREAS, the Class Representatives, the Petrobras Defendants, the Underwriter Defendants, and PwC Brazil have also researched the applicable law with respect to the claims of Class Representatives and the other Settlement Class Members (as defined herein) against the Defendants and the potential defenses thereto, including consulting extensively with experts in areas requiring specialized knowledge.  For example, they retained experts in the fields of financial accounting and economics, auditing standards, capital markets, and the application of foreign law and administrative regulations, among others. Such experts assisted in analyzing complex accounting, auditing and disclosure issues, foreign law, and estimating potential damages.   Class Representatives designated six (6) experts and Defendants designated fifteen

(15) experts, each of whom prepared and submitted substantial expert reports and were then examined in depositions.

R.      WHEREAS, the Class Representatives, the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, and other Defendants also conducted extensive motion practice.  In addition to the Petrobras Defendants', the Underwriter Defendants' and PwC Brazil's several motions to dismiss the Action, described above, the Class Representatives, the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, and other Defendants also filed several procedural motions, including discovery motions, Class Representatives' class certification motion, and competing summary judgment motions that attached hundreds of exhibits.  Also, as described above, the Class Representatives, the Petrobras Defendants, and the Underwriter Defendants engaged in extensive briefing with respect to certain Defendants' appeal at Court of Appeals, as well as certain Defendants' petition for certiorari to the United States Supreme Court.

S.      WHEREAS, the Class Representatives, the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, and other Defendants also substantially prepared for the previously scheduled trial.  At the time the Second Circuit stayed the case pending Defendants' appeal, the parties were less than forty-eight (48) days from trial, and were engaged in substantive and procedural pretrial preparations.

T.      WHEREAS, extensive motion practice and substantial preparation notwithstanding, beginning in late 2015 and continuing from time to time thereafter, Lead Plaintiff, through Class Counsel and on behalf of the Settlement Class, has had settlement discussions and arm's-length negotiations with Petrobras Defendants' Counsel, with the assistance of a professional mediator, the Honorable Layn R. Phillips (Ret.), with a view to

achieving the best relief possible consistent with the interests of the Settlement Class Members. On multiple occasions, the Class Representatives and the Petrobras Defendants exchanged detailed mediation statements and exhibits that addressed the issues of both liability and damages, which were submitted to Judge Phillips in advance of mediation sessions.  In total, counsel for Class Representatives and the Petrobras Defendants met during five in-person mediation sessions from December 2015 through August 2016, during which counsel for Class Representatives made demands for settlement of the Action on behalf of the Settlement Class Members and counsel for the Petrobras Defendants made offers for settlement of the Action to Class Representatives on behalf of the proposed Classes.  In addition, counsel engaged in extensive and arm's-length discussions and negotiations through written correspondence and by conference calls with the assistance of Judge Phillips during which the parties forcefully advocated for their respective positions and attempted to reach a settlement in the best interests of the Settlement Class Members and acceptable to the Petrobras Defendants.

U.    WHEREAS, following those mediation sessions and as a result of intensive and arms-length negotiations, Petrobras, PGF, and Plaintiffs entered into a memorandum of understanding on December 31, 2017 (the "Petrobras Term Sheet"), setting forth the terms of their agreement to settle the Action, subject to certain additional terms and conditions, including the execution of a customary "long-form" stipulation of settlement and related papers.

V.    WHEREAS, in addition to the Action, more than 30 Individual Actions have been filed asserting substantially similar claims to those in the Action, including by plaintiffs in currently pending Individual Actions, who are Settlement Class Members.

W.    WHEREAS, the plaintiffs in the pending Individual Actions are part of the Settlement Class and will be entitled to participate in this Settlement and be bound by the terms

of this Stipulation unless they opt-out pursuant to the terms of this Stipulation, the District Court's Preliminary Approval Order, and the Notice.

X.      WHEREAS, based upon their investigation and extensive negotiation and mediation efforts, Class Counsel and the Class Representatives have concluded that the terms and conditions of this Stipulation and the documents incorporated herein by reference are fair, reasonable and adequate to Class Representatives, the other Settlement Class Members, and the Settlement Class Members as a whole, and in their best interests, and have agreed to settle the claims of damages based on the purported inflation of Petrobras Securities raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (1) the significant risks and costs of continued litigation and trial; (2) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and (3) the substantial financial benefits that Class Representatives and the other Settlement Class Members will receive under the proposed Settlement.

Y.      WHEREAS, throughout the course of the Action, the Defendants have denied and continue to deny liability and maintain that they have meritorious defenses, including that Petrobras was a victim of the scheme alleged by the Plaintiffs in the Action and that the Underwriter Defendants performed appropriate due diligence.  Nonetheless, the Defendants have determined that it is desirable that the Action fully and finally be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the cost, burden and risk of protracted litigation.

Z.      WHEREAS, a material reason for the Defendants agreeing to settle the Action was to avoid the cost, burden, and risk of protracted litigation and trial in the United States.

AA.     WHEREAS, Petrobras extensively analyzed and considered the terms of this Stipulation and the Settlement Amount and the release of the Settled Claims, and determined after careful and lengthy deliberation that, given the costs and risks of protracted litigation and the substantial benefits provided by the full release of all Settled Claims and an order of dismissal, this Settlement is in Petrobras's best interests and that of its shareholders.  This determination took into account, among other factors, the particularities of United States procedure and securities laws, including the risk of a verdict advised by a jury, the risk presented by Securities Act claims which do not require a showing of scienter or reliance, as well as its assessment of the status of the class action and the nature of such litigation in the United States.

BB.     WHEREAS, if the Settlement and Judgment become Final, the Settlement Class Members will receive the Settlement Amount, less any awarded fees and other costs as set forth herein, based on their alleged damages claimed in the Action.

CC.     WHEREAS, while each of the Petrobras Defendants will be jointly and severally liable for the entire Settlement Amount, Petrobras, as the issuer of the American Depositary Receipts ("ADRs"), will pay that portion of the Settlement Amount that is based on the alleged damages caused to purchasers of ADRs as a result of the conduct alleged in the Action, and PGF, as the issuer of the debt securities alleged in the Action will pay that portion of the Settlement Amount that is based on alleged damages caused to purchasers of the debt securities as a result of the conduct alleged in the Action.

DD.     WHEREAS, the Petrobras Defendants and the Underwriter Defendants, state that they are entering the Stipulation solely to eliminate the burden, risk, and expense of further protracted litigation.  Throughout the course of the Action, the Petrobras Defendants and the Underwriter Defendants have denied and continue to deny liability and maintain that they have

meritorious defenses, including that Petrobras was a victim of the scheme alleged by the Plaintiffs in the Action and that the Underwriter Defendants performed appropriate due diligence.  Nothing in this Stipulation shall be construed or deemed to be evidence of an admission or concession on the part of the Defendants or Released Parties with respect to any claim or any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that the Defendants or Released Parties have asserted or may assert. Likewise, nothing in this Stipulation shall be construed or deemed to be evidence of an admission or concession on the part of any Plaintiff or any Settlement Class Member of any infirmity in the claims asserted in the Action against any Defendant.

EE.     WHEREAS, during the mediation sessions, Petrobras—intending to preserve its rights to recover from the Non-Released Individual Defendants, the Cartel Companies, and others whom it claims acted without authority and against Petrobras's interests and injured Petrobras, for the harm that the Non-Released Individual Defendants caused to Petrobras — requested that Class Counsel exclude from the proposed release Paulo Roberto Costa, Renato de Souza Duque, and any other individuals who have been or subsequently are the subjects of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, or under the United States Code, arising out of or relating to conduct related to the allegations asserted in the Action on the understanding that should the Settlement Class Members recover from the Non-Released Individual Defendants any recovery would redound to the benefit of the Petrobras Defendants either through a reduction of the Settlement Amount or, should the Settlement Amount have already been paid, through direct transmittal of that recovery amount to the Petrobras Defendants.  Class Counsel, after conferring with Class Representatives, agreed to that exclusion and those conditions.

FF.     WHEREAS, Petrobras is pursuing claims against the Cartel Companies and the other parties, including Non-Released Individual Defendants, who have caused harm to Petrobras, its employees, and its shareholders as a result of the conduct alleged in the Action, including by joining cases in Brazil against the Cartel Companies and the Non-Released Individuals as an assistant to the prosecution and wishes to preserve its ability to continue to pursue actions against such parties and accordingly has excluded from the proposed Release the Cartel Companies and other third parties that have caused harm to Petrobras, its employees and its shareholders as a result of the conduct alleged in the Action.

GG.     WHEREAS, Petrobras reserves the right to seek recovery from the Non-Released Individual Defendants, the Cartel Companies, and any other Persons or companies that caused damages to Petrobras, its employees and its shareholders through the conduct alleged in the Action.

HH.     WHEREAS, Petrobras has suggested and the Settling Parties have agreed that, given the conduct alleged in the Action and the nature of the allegations, it would be appropriate, for the benefit of the Settlement Class Members, in the best interests of the Settlement Class Members, and consistent with the purposes of the Settlement, for any unclaimed money remaining in the Net Settlement Fund after all distributions have been made and when the Claims Administrator, consultation with Class Counsel, has determined that further distributions would not be cost effective, to be donated by the Escrow Agent to a program in Brazil devoted to fighting corruption and improving corporate governance, which will be selected by Petrobras and approved by Class Counsel (as described in ¶ 34).

II.     WHEREAS, the Settling Parties each represent that they have complied fully with the strictures of Fed. R. Civ. P. 11.

JJ.     WHEREAS, the Class Representatives individually and on behalf of the

Settlement Class Members have, upon consultation with Class Counsel,  agreed to fully and

finally settle the Action, in return for specified consideration and dismiss this Action with

prejudice and to fully release all Settled Claims as to the Petrobras Defendants, the Underwriter

Defendants, and the other Released Parties (which does not include Non-Released Individual

Defendants as defined herein), which agreement is memorialized in this Stipulation.

KK.     WHEREAS the Settling Parties agree that the Settlement Class satisfies the

provisions of Fed. R. Civ. P. 23(b)(3) for a settlement-only class certification, while each

maintain their respective positions, (i) on behalf of Defendants that all Rule 23 requirements

would not be satisfied in a litigated class action and (ii) on behalf of Plaintiffs that all Rule 23

requirements would be satisfied in a litigated class action.

LL.     WHEREAS Defendants desire, as a material term of this Stipulation of Settlement

and Release, that Class Representatives expressly fully, finally, and forever settle and release,

and that each Settlement Class Member, upon the Effective Date, shall be deemed to have, and

by operation of the judgment shall have, fully, finally, and forever settled and released, any and

all Settled Claims, against the Petrobras Defendants, the Underwriter Defendants, and the other

Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent,

whether or not concealed or hidden, which now exist, or heretofore have existed, upon any

theory of law or equity now existing or coming into existence in the future, including but not

limited to conduct which is negligent, intentional, with or without malice, or a breach of any

fiduciary, contractual, or other duty, law or rule, without regard to the subsequent discovery or

existence of such different or additional facts, whether arising from federal, state, foreign, or

common law, (i) alleged or which could have been alleged by Class Representatives or

Settlement Class Members in the Action, or (ii) that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding, in connection with any of the Petrobras Securities, against Petrobras Defendants, the Underwriter Defendants, or against any other of the Released Parties, arising out of or relating in any manner to the Action or the allegations, claims, defenses, and counterclaims asserted in the Action based on the Covered Securities.

MM.    WHEREAS, in return for the consideration described herein, this Stipulation is intended to fully and finally release, resolve, remise and discharge all the Settled Claims against the Petrobras Defendants and the Underwriter Defendants, and all of the other Released Parties (which does not include Non-Released Individual Defendants as defined herein) and to result in the dismissal of this Action with prejudice.

<u>**TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**</u>

NOW, THEREFORE, without any admission or concession of any liability or wrongdoing or lack of merit in the defenses asserted by or available to the Defendants and the other Released Parties, IT IS HEREBY STIPULATED AND AGREED by and among Class Representatives, for themselves and all Settlement Class Members, on the one hand, and the Petrobras Defendants and Underwriter Defendants, on the other hand, by and through their respective counsel, that, subject to the approval of the District Court, in consideration of the benefits flowing to them from the Settlement set forth herein, the Action and the Settled Claims shall be finally and fully compromised, settled, and released (except as set forth in ¶¶ 8-9 herein), and the Action shall be dismissed with prejudice against all Defendants, upon and subject to these terms and conditions set forth herein:

## DEFINITIONS

1.      As used in this Stipulation, the following capitalized terms have the following meanings:

a.      "Action" means the litigation captioned *In re Petrobras Securities Litigation,* No. 14-cv-9662 (JSR), filed in the United States District Court for the Southern District of New York before the honorable Jed S. Rakoff.

b.      "Attorneys' Fees Letter" means the agreement entered into by the Plaintiffs and the Petrobras Defendants, setting forth information and obligations regarding the payment of attorneys' fees as set forth in ¶¶ 37-40 herein, the terms of which are incorporated by reference into this Stipulation and are enforceable upon the District Court's approval of this Stipulation as if fully specified herein.  A form order approving attorneys' fees and expenses is attached hereto as Exhibit E.

c.      "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim to the Settlement Administrator, in accordance with the requirements established by the District Court, which is approved for payment from the Net Settlement Fund (as defined in ¶ (aa) below).

d.      "Cartel Company" means an entity that formed part of the cartel described by the allegations in the Action which conspired to defraud Petrobras.

e.      "Claimant" means a Person who or that submits a Proof of Claim to the Settlement Administrator seeking to be potentially eligible to share in the proceeds of the Net Settlement Fund (as defined in ¶ (aa) below).

f.      "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value,

obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses,

costs, sanctions, judgments, decrees, matters, issues and controversies of any kind or nature

whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated,

accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not

apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or

previously existed, or may hereafter exist including, but not limited to, any claims arising under

federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to

alleged fraud, breach of any duty, breach of any contract, negligence, fraudulent conveyance,

avoidance, violations of the federal securities laws, or otherwise, whether individual, class,

direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental

or of any other type or in any other capacity.

g.      "Class Counsel" means Pomerantz LLP, its attorneys, employees, agents,

and its independent contractors who are acting or have acted on behalf or at the direction of it.

h.      "Class Period" means the time period between January 22, 2010 and July

28, 2015, inclusive.

i.      "Class Representatives" means Universities Superannuation Scheme

Limited (acting in its capacity as sole corporate trustee of Universities Superannuation Scheme),

North Carolina Department of State Treasurer, and Employees' Retirement System of the State

of Hawaii.

j.      "Covered Transaction" means any transaction that satisfies any of the

following criteria: (i) any transaction in a Petrobras Security listed for trading on the New York

Stock Exchange ("NYSE"); (ii) any transaction in a Petrobras Security that cleared or settled

through the Depository Trust Company's book-entry system; or (iii) any transaction in a

Petrobras Security to which the United States securities laws apply, including as applicable pursuant to the Supreme Court's decision in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010).  A list of the Petrobras Securities that satisfy criteria (i) and/or (ii) is attached hereto as Exhibit A.  Excluded from the definition of Covered Transaction are purchases of any Petrobras Security on the BOVESPA.

        k.     "District Court" means the United States District Court for the Southern District of New York.

        l.     "Defendant Claims" means any and all counterclaims and bases for relief, including without limitation Unknown Claims (as defined in ¶ (rrr) below), that the Defendants, (including all past and present individual partners and employees), their predecessors, successors and assigns could have raised in the Action against Class Representatives, Class Counsel, any other Class Representative counsel, or any Settlement Class Member, that arise out of or relate to the institution, maintenance, prosecution, or settlement of the Action (other than claims to enforce the Settlement or the Judgment or under Fed. R. Civ. P. 60(b)(3)), including, but not limited to, claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

        m.     "Defendants" shall mean the Petrobras Defendants, the Underwriter Defendants, the Individual Defendants, Josue Christiano Gomes da Silva, Mariângela Monteiro Tizatto, Banco Votorantim Nassau Branch, Santander Investment Securities Inc., Petrobras International Finance Company, PwC Brazil, and any other Person that is or has been at any time a defendant in this Action.

        n.     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶ 55 below.

18

o.      "Escrow Account" means the account to be established by Class Counsel and designated for purposes of the Settlement Fund, into which the Settlement Amount will be paid pursuant to ¶ 3 of this Stipulation and held in escrow under the control of the Escrow Agent, acting as agents for Class Representatives and the Settlement Class, subject to the terms of this Stipulation.

p.      "Escrow Agent" means Huntington Bank, which has been selected by Class Counsel to be responsible for overseeing, safeguarding, and distributing the Escrow Account, acting as agent for the Settlement Class, in accordance with the terms of the Escrow Agreement and this Stipulation.

q.      "Escrow Agreement" means an agreement to be entered into between Class Counsel and the Escrow Agent in a form to be agreed to by Petrobras Defendants' Counsel governing the Escrow Agent's responsibilities and obligations with respect to the Escrow Account.

r.      "Exchange Act" means the Securities Exchange Act of 1934.

s.      "Exchange Act Class" means all Persons who, during the Class Period, purchased or otherwise acquired Petrobras Securities, including debt securities issued by PifCo and/or PGF, on the New York Stock Exchange or pursuant to other Covered Transactions, excluding Defendants, current or former officers and directors of Petrobras, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and any Persons who have been or subsequently are the subject of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, or under the United States Code, arising out of or relating to conduct related to the allegations asserted in the Action.  For

avoidance of doubt, the foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall mean any investment company, pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member or in other similar capacity.

      t.    "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving any writs, including writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to an order solely adopting or approving a Plan of Allocation or solely to any order issued with respect to any application for attorneys' fees and expenses pursuant to ¶¶ 36-45 below, shall not in any way delay or preclude the Judgment from becoming Final.

      u.    "Governmental Authority" means any supranational, federal, national, state, provincial, local or similar government, governmental, regulatory or administrative authority, agency or commission or any court, tribunal, or judicial or arbitral body.

v. "Hawaii" means Employees' Retirement System of the State of Hawaii.

w. Individual Actions" means *Abu Dhabi Investment Authority v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 17-cv-1821 (JSR); *Altamimi v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 16-cv-2686 (JSR); *Aura Capital Ltd. v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-4951 (JSR); *Bizantine Investments Inc. v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 16-cv-9437 (JSR); *Central States Southeast and Southwest Areas Pension Fund v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-3911 (JSR); *College Retirement Equities Fund, et al. v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 17-cv-1820 (JSR); *Massachusetts Mutual Life Insurance Company, et al. v. Petróleo Brasileiro S.A. – Petrobras, et al.*, 15-cv-9243 (JSR); *NN Investment Partners B.V., et al. v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-4226 (JSR); *Pacific Funds, et al. v. Petróleo Brasileiro S.A., et al.*, No. 16-cv-2013 (JSR); *The Hartford Mutual Funds, Inc., et al. v. Petróleo Brasileiro S.A S.A. – Petrobras, et al.*, 15-cv-9182 (JSR); *The Prudential Insurance Company of America, et al. v. Petróleo Brasileiro S.A., et al.*, No. 16-cv-7192 (JSR); *Washington State Investment Board v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-3923 (JSR); and *WGI Emerging Markets Fund, LLC, et al. v. Petróleo Brasileiro S.A. – Petrobras, et al.*, No. 15-cv-7568 (JSR).

x. "Individual Defendants" means Almir Guilherme Barbassa, Jose Carlos Cosenza, Paulo Roberto Costa, Renato de Souza Duque, Guillherme de Oliveira Estrella, Maria das Graca Silva Foster, Jose Miranda Formigli Filho, José Sergio Gabrielli, Silvio Sinedino Pinheiro, Daniel Lima de Oliveira, José Raimundo Brandão Pereira, Sérvio Túlio da Rosa Tinoco, Paulo Jose Alves, Gustavo Tardin Barbosa, Alexandre Quintão Fernandes, Marcos Antonio Zacarias, Cornelis Franciscus Jozef Looman, and Theodore M. Helms.

y.      "Judgment" means the order and final judgment to be entered by the District Court following the settlement fairness hearing ("Settlement Hearing") approving the Settlement, approving the release of the Settled Claims, and dismissing the Settled Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit C.

z.      "Lead Plaintiff" means Universities Superannuation Scheme Limited (acting as sole corporate trustee of Universities Superannuation Scheme).

aa.     "Net Settlement Fund" means the Settlement Fund, less all fees and expenses awarded by the District Court to Class Counsel (or any other Class Representative counsel designated by Class Counsel), any award to the Class Representatives approved by the District Court, any Taxes, and any notice and administration costs approved by the District Court.

bb.     "Notice" means the Notice of Proposed Settlement of Class Action and Settlement Hearing, which notice shall, subject to District Court approval, be substantially in the form attached hereto as Exhibit 1 to Exhibit B, which is to be sent to potential Settlement Class Members.

cc.     "Non-Released Individual Defendants" means Paulo Roberto Costa, Renato de Souza Duque, and any other individual who has been or subsequently is the subject of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, or under the United States Code, arising out of or relating to conduct related to the allegations asserted in the Action.

dd.     "North Carolina" means North Carolina Department of State Treasurer.

ee. "Opt-Out Threshold" means certain conditions set forth in the Supplemental Agreement (as defined in ¶ (kkk) below) under which this Stipulation may be withdrawn or terminated at the sole discretion of the Petrobras Defendants.

ff. "PAI" means Petrobras America Inc.

gg. "Person" or "Persons" means any natural or legal person, including without limitation any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, partners in a state-recognized domestic partnership, civil union, or marriage, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

hh. "Petrobras" means Petróleo Brasileiro S.A.– Petrobras.

ii. "Petrobras Defendants" means Petrobras, Petrobras Global Finance B.V., and Petrobras America Inc.

jj. "Petrobras Defendants' Counsel" means Cleary Gottlieb Steen & Hamilton LLP.

kk. "Petrobras Securities" means the securities of Petrobras, including debt securities issued by PifCo and/or PGF, purchased or otherwise acquired during the Class Period on the New York Stock Exchange or pursuant to other Covered Transactions and debt securities issued by Petrobras, PifCo, and/or PGF that were purchased or otherwise acquired during the Class Period in Covered Transactions, directly in, pursuant to and/or traceable to a May 13, 2013 public offering registered in the United States and/or a March 10, 2014 public offering registered

in the United States before Petrobras made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the offerings.

ll.     "PGF" means Petrobras Global Finance B.V.

mm.     "PifCo" means Petrobras International Finance Company S.A.

nn.     "Plaintiffs" means the Class Representatives.

oo.     "Plan of Allocation" means the plan for the allocation of the Net Settlement Fund as forth in the Notice.  A form order approving the Plan of Allocation is attached hereto as Exhibit D.

pp.     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit B, to be entered by the District Court that will, for the limited purposes of this Settlement, preliminarily approve the Settlement and direct Notice to be provided to the Settlement Class.

qq.     "Proof of Claim" means the Proof of Claim and Release Form, substantially in the form attached hereto as Exhibit Y to the Notice, to be approved by the District Court and disseminated to Settlement Class Members at a future date, which Settlement Class Members shall be required to complete and return to the Settlement Administrator in order to substantiate their entitlement to a share of the Net Settlement Fund.

rr.     "PSLRA" means the Private Securities Litigation Reform Act of 1995.

ss.     "Publication Notice" means the Summary Notice of Proposed Settlement and Settlement Hearing, substantially in the form attached hereto as Exhibit 2 to Exhibit B.

tt.     "PwC Brazil" means PricewaterhouseCoopers Auditores Independentes.

uu.    "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Settlement Administrator to be compensable under the Plan of Allocation.

vv.    "Released Parties" means, in any capacity, Defendants and each of their respective present and former parents, subsidiaries, divisions and affiliates; the present and former employees, shareholders, partners, officers and directors, of each of them; the present and former attorneys, accountants, auditors, underwriters, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them; and the predecessors, heirs, successors and assigns of each, all in their capacities as such, except that the Released Parties shall not include Non-Released Individual Defendants.  For the avoidance of doubt, the release of PwC Brazil and its affiliates shall be subject to the terms of the November 30, 2017 Stipulation of Settlement, as amended, entered into between Class Representatives and PwC Brazil.

ww.    "Second Circuit" means the United States Court of Appeals for the Second Circuit.

xx.    "Securities Act" means the Securities Act of 1933.

yy.    "Securities Act Class" means all Persons who purchased or otherwise acquired debt securities issued by Petrobras, PifCo, and/or PGF, in Covered Transactions, directly in, pursuant to and/or traceable to a May 13, 2013 public offering registered in the United States and/or a March 10, 2014 public offering registered in the United States before Petrobras made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the offerings (August 11, 2014 in the case of the May 13, 2013 public offering and May 15, 2015 in the case of the March

10, 2014 public offering), excluding Defendants, current or former officers and directors of

Petrobras, members of their immediate families and their legal representatives, heirs, successors

or assigns, any entity in which Defendants have or had a controlling interest, and any Persons

who have been or subsequently are the subject of a final judgment of conviction convicting them

of a criminal or civil offense related to corruption under the laws of Brazil, or under the United

States Code, arising out of or relating to conduct related to the allegations asserted in the Action.

The foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall

mean any investment company, pooled investment fund or separately managed account

(including, but not limited to, mutual fund families, exchange-traded funds, fund of funds,

private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any

Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to

which any Underwriter Defendant or any of its affiliates may act as an investment advisor,

general partner, managing member or in other similar capacity.

       zz.    "Settled Claims" shall mean any and all Claims, including without

limitation Unknown Claims (as defined in ¶ (rrr) below), (a) alleged or which could have been

alleged by Class Representatives or Settlement Class Members in the Action, or (b) that have

been, could have been, or in the future can or might be asserted in any federal, state or foreign

court, tribunal, forum or proceeding, in connection with any of the Petrobras Securities, whether

arising from federal, state, foreign, or common law, against the Petrobras Defendants, the

Underwriter Defendants, or against any other of the Released Parties, arising out of or relating in

any manner to the Action or the allegations, claims, defenses, and counterclaims asserted in the

Action, except for Claims to enforce the Settlement, whether arising under state, federal, or

common law. Settled Claims shall include claims against Defendants and Released Parties

pursuant to the PSLRA for contribution/indemnity or claims that are otherwise dependent on liability in this Action and claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

        aaa.   "Settlement" means the settlement contemplated by this Stipulation.

        bbb.   "Settlement Administrator" or "Claims Administrator" means Garden City Group, the firm retained by Class Counsel which shall administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form attached hereto as Exhibit 1 to Exhibit B, arranging for publication of the Publication Notice in the form attached hereto as Exhibit 2 to Exhibit B, processing Proofs of Claim, and performing such other administrative functions as required under this Stipulation.

        ccc.   "Settlement Administration Account" means an interest bearing account to be maintained by the Settlement Administrator for payment of the expenses of administering the Settlement.

        ddd.   "Settlement Amount" means two billion nine hundred fifty million dollars (US$2,950,000,000.00), paid or caused to be paid by the Petrobras Defendants in the following installments: (1) nine hundred eighty three million dollars (US$983,000,000.00) within ten (10) days of the Preliminary Approval Order; (2) nine hundred eighty three million dollars (US$983,000,000.00)  within ten (10) days of final approval by the District Court of the Settlement; and (3) nine hundred eighty four million dollars (US$984,000,000.00) within six (6) months of final approval by the District Court of the Settlement or by January 15, 2019, whichever is later.

        eee.   "Settlement Class" means, solely for the purposes of effectuating this Settlement: (i) the Exchange Act Class; and (ii) the Securities Act Class as defined herein.

fff.     "Settlement Class Member" means a Person that is a member of the Settlement Class that did not exclude himself, herself, or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the Notice.

ggg.     "Settlement Fund" means the Settlement Amount or installments thereof paid pursuant to the Stipulation plus any and all interest earned thereon in the Escrow Account.

hhh.     "Settlement Fund Distribution Order" means the order by the District Court approving the Settlement Administrator's administrative determinations concerning the acceptance and rejection of the Proofs of Claim submitted herein; approving of any fees and expenses not previously applied for, including the fees and expenses of the Settlement Administrator; and directing distribution of the Net Settlement Fund to the Authorized Claimants.

iii.     "Settlement Hearing" means the hearing set by the District Court under Fed. R. Civ. P. 23(e)(2) to consider final approval of the Settlement.

jjj.     "Settling Parties" means Class Representatives, on behalf of themselves and the Settlement Class Members, the Petrobras Defendants, and the Underwriter Defendants.

kkk.     "Supplemental Agreement" means the agreement entered into by the Settling Parties, setting forth certain conditions under which this Stipulation may be withdrawn or terminated at the sole discretion of any of the Defendants, as set forth in ¶¶ 62-63 herein.

lll.     "Supreme Court" means the United States Supreme Court.

mmm.  "Taxes" means (i) any and all taxes, duties and similar charges (including any estimated taxes, withholdings, interest or penalties and interest thereon) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund,

including, without limitation, any taxes or tax detriments that may be imposed upon the Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund may be finally determined to not qualify as a Qualified Settlement Fund (within the meaning contemplated in ¶ 14 herein) for federal or state income tax purposes; (ii) the reasonable expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

nnn.    "Term Sheet" means the agreement entered into by the Plaintiffs, Petrobras, and PGF on December 31, 2017, setting forth the terms of their agreement to settle the Action, subject to certain additional terms and conditions, which Term Sheet shall be superseded and replaced by this Stipulation of Settlement.

ooo.    "Termination Notice" means written notice provided by any of the Settling Parties to counsel for the other Settling Parties regarding its election to terminate its participation in the Settlement within thirty (30) days following any of the events set forth in ¶ 57 herein.

ppp.    "Underwriter Defendants" means BB Securities Ltd., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Itau BBA USA Securities, Inc., Morgan Stanley & Co. LLC, HSBC Securities (USA) Inc., Mitsubishi UFJ Securities (USA), Inc. (n/k/a MUFG Securities Americas Inc.), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Standard Chartered Bank, Bank of China (Hong Kong) Limited, Banco Bradesco BBI S.A., Banca IMI S.p.A. and Scotia Capital (USA) Inc.

qqq.    "Underwriter Defendants' Counsel" means Skadden, Arps, Slate, Meagher & Flom LLP.

rrr.    "Unknown Claims" means any and all Claims which Class Representatives or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Defendant Claims which any Defendant or any other Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.

sss.    "USS" means Universities Superannuation Scheme Limited (acting as sole corporate trustee of Universities Superannuation Scheme).

## CLASS CERTIFICATION

2.    Solely for the purpose of effectuating the Settlement, the Settling Parties stipulate and agree to:  (a) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of the Settlement Class; (b) the District Court making the necessary findings to certify a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (c) appointment of USS, North Carolina, and Hawaii as Class Representatives; and (d) appointment of Pomerantz LLP as Class Counsel pursuant to Fed. R. Civ. P. 23(g).  Plaintiffs will move for entry of the Preliminary Approval Order, which will certify the Action to proceed as a class action for settlement purposes only.

## SETTLEMENT CONSIDERATION

3.    In full and complete settlement of the Settled Claims, the Petrobras Defendants shall pay or cause to be paid the Settlement Amount as follows: Payment into the Escrow Account of (1) nine hundred eighty three million dollars (US$983,000,000.00) within ten (10) days of the Preliminary Approval Order; (2) nine hundred eighty three million dollars (US$983,000,000.00) within ten (10) days of final approval by the District Court of the

Settlement; and (3) nine hundred eighty four million dollars (US$984,000,000.00) within six (6) months of final approval by the District Court of the Settlement or by January 15, 2019, whichever is later.

4. To the extent Class Representatives obtain monetary recovery against or from the Non-Released Individual Defendants on behalf of the Settlement Class prior to the payment of the Settlement Amount, the Settlement Amount shall be reduced by any amounts received from the Non-Released Individual Defendants. Any amounts recovered against or from the Non-Released Individual Defendants by Class Representatives or Settlement Class Members with respect to the Covered Transactions individually and not behalf of the Settlement Class, or after the payment of the Settlement Amount and/or the entry of a Final Judgment, shall be paid to the Petrobras Defendants.

5. The Escrow Agent shall use the Settlement Fund to pay fees and expenses awarded by the District Court to Class Counsel for distribution by Class Counsel in its discretion, after consultation with Class Representatives, among itself and other Class Representative counsel involved in the Action, any compensatory award to the Class Representatives, any Taxes, and any notice and administration costs (subject to the limits set forth in ¶ 19) approved by the District Court, and any other fees and costs approved by the District Court. The remaining balance shall be the Net Settlement Fund and shall be distributed to Authorized Claimants as provided herein in ¶¶ 31-35.

6. The obligations incurred pursuant to this Stipulation shall be in full and final disposition and settlement of all Settled Claims as against the Petrobras Defendants, the Underwriter Defendants, and the other Released Parties. All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the District Court, the fees and

expenses awarded by the District Court to Class Counsel for distribution by Class Counsel in its

discretion among itself and other Class Representative counsel involved in the Action, any

compensatory award to Class Representatives as awarded by the District Court, and all

administrative and other approved expenses of the Settlement, including Taxes, Escrow Agent

fees, and any notice and administration costs, shall be paid by the Escrow Agent from the

Settlement Fund.

7.      This is not a claims-made settlement and if the Settlement and Judgment become

Final, there shall be no reversion whatsoever of the Settlement Amount to the Petrobras

Defendants except as provided in this Stipulation.  The Escrow Agent shall not disburse the

Settlement Fund, except as provided in this Stipulation and in accordance with the Escrow

Agreement, by an order of the District Court, or with the written agreement of counsel for all of

the Settling Parties pursuant to this Stipulation.

## RELEASE OF CLAIMS

8.      The obligations incurred pursuant to this Stipulation shall be in full and final

disposition of the Action as to the Petrobras Defendants, Underwriter Defendants and the other

Released Parties, and shall fully and finally release any and all Settled Claims against the

Petrobras Defendants, the Underwriter Defendants and Released Parties (which does not include

the Non-Released Individual Defendants as defined herein).

9.      Upon the Effective Date of this Settlement, Class Representatives and Settlement

Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund),

on behalf of themselves and each of their respective predecessors, successors, assigns, parents,

subsidiaries and other affiliates, officers, directors, employees, partners, members, managers,

owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors,

nominees, custodians, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, any Person(s) they represent in connection with the Action or in connection with the purchase or sale of any Petrobras Securities during the Class Period, and any Person(s) who claims through or on behalf of them, shall be deemed by this Settlement and by operation of the Judgment to, and shall, release, waive, dismiss, and forever discharge the Settled Claims as to the Petrobras Defendants, the Underwriter Defendants, and the other Released Parties, and shall be deemed by this Settlement to, and shall be permanently and forever barred and enjoined from asserting, commencing or prosecuting in any forum each and every one of the Settled Claims against the Petrobras Defendants, the Underwriter Defendants, and the other Released Parties. The release as set forth above is a material term to this Stipulation.  It is an important element to the Petrobras Defendants' and Underwriter Defendants' participation in this Settlement that the Released Parties obtain the fullest possible release from liability to any Class Representative, Plaintiffs, or Settlement Class Member relating to the Settled Claims, and it is the intention of the Settling Parties that any liability of the Released Parties relating to the Settled Claims be eliminated.  For the avoidance of doubt, the release of PwC Brazil and its affiliates shall be subject to the terms of the November 30, 2017 Stipulation of Settlement, as amended, entered into between Class Representatives and PwC Brazil.

10.     Upon the Effective Date of this Settlement, the Petrobras Defendants, the Underwriter Defendants and the Individual Defendants on behalf of themselves, including all past and present individual partners and employees, their predecessors, successors and assigns, shall be deemed by this Settlement to, and shall release, waive, dismiss, and forever discharge the Defendant Claims against Class Representatives, Settlement Class Members, and their attorneys, agents, experts, and investigators, and shall be deemed by this Settlement to, and shall

be forever enjoined from prosecuting each and every one of the Defendant Claims against any of such Persons.  It is likewise an important element to Class Representatives and Class Counsel's participation in this Settlement that they, the Settlement Class Members, and their attorneys, agents, experts, and investigators obtain the fullest possible release from liability to the Petrobras Defendants, the Underwriter Defendants, and the Individual Defendants relating to the Defendant Claims, and it is the intention of the Settling Parties that any such liability relating to the Defendant Claims be eliminated.

11.     WITH RESPECT TO ANY AND ALL SETTLED CLAIMS AGAINST THE PETROBRAS DEFENDANTS, THE UNDERWRITER DEFENDANTS, AND THE OTHER RELEASED PARTIES, THE SETTLING PARTIES STIPULATE AND AGREE THAT, UPON THE EFFECTIVE DATE, THE CLASS REPRESENTATIVES SHALL EXPRESSLY WAIVE, AND EACH OF THE SETTLEMENT CLASS MEMBERS SHALL BE DEEMED TO HAVE WAIVED, AND BY OPERATION OF THE JUDGMENT SHALL HAVE WAIVED, THE PROVISIONS, RIGHTS AND BENEFITS OF CALIFORNIA CIVIL CODE § 1542, WHICH PROVIDES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

THE CLASS REPRESENTATIVES SHALL EXPRESSLY WAIVE AND EACH OF THE SETTLEMENT CLASS MEMBERS SHALL BE DEEMED TO HAVE, AND BY OPERATION OF THE JUDGMENT SHALL HAVE, EXPRESSLY WAIVED ANY AND ALL PROVISIONS, RIGHTS AND BENEFITS CONFERRED BY ANY LAW OF ANY STATE, TERRITORY, OR COUNTRY OR PRINCIPLE OF COMMON LAW, WHICH IS SIMILAR,

COMPARABLE OR EQUIVALENT TO CALIFORNIA CIVIL CODE § 1542.

SETTLEMENT CLASS MEMBERS MAY HEREAFTER DISCOVER FACTS IN ADDITION TO OR DIFFERENT FROM THOSE WHICH HE, SHE OR IT NOW KNOWS OR BELIEVES TO BE TRUE WITH RESPECT TO THE SUBJECT MATTER OF THE SETTLED CLAIMS, BUT THE CLASS REPRESENTATIVES SHALL EXPRESSLY FULLY, FINALLY AND FOREVER SETTLE AND RELEASE, AND EACH SETTLEMENT CLASS MEMBER, UPON THE EFFECTIVE DATE, SHALL BE DEEMED TO HAVE, AND BY OPERATION OF THE JUDGMENT SHALL HAVE, FULLY, FINALLY AND FOREVER SETTLED AND RELEASED, ANY AND ALL SETTLED CLAIMS, KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, CONTINGENT OR NON-CONTINGENT, WHETHER OR NOT CONCEALED OR HIDDEN, WHICH NOW EXIST, OR HERETOFORE HAVE EXISTED, UPON ANY THEORY OF LAW OR EQUITY NOW EXISTING OR COMING INTO EXISTENCE IN THE FUTURE, INCLUDING, BUT NOT LIMITED TO, CONDUCT WHICH IS NEGLIGENT, INTENTIONAL, WITH OR WITHOUT MALICE, OR A BREACH OF ANY FIDUCIARY, CONTRACTUAL, OR OTHER DUTY, LAW OR RULE, WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH DIFFERENT OR ADDITIONAL FACTS.  THE CLASS REPRESENTATIVES ACKNOWLEDGE, AND THE SETTLEMENT CLASS MEMBERS SHALL BE DEEMED BY OPERATION OF THE JUDGMENT TO HAVE ACKNOWLEDGED, THAT THE FOREGOING WAIVER WAS SEPARATELY BARGAINED FOR AND A KEY ELEMENT OF THE SETTLEMENT OF WHICH THIS RELEASE IS A PART.

12.     The proposed Judgment will provide that, to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing,

prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against the Petrobras Defendants, the Underwriter Defendants or any of the other Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Class Representatives or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the District Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

13.     Subject to the last sentence below, neither Class Representatives, Class Counsel nor any Settlement Class Member shall provide any support or assistance to the plaintiffs in the Individual Actions, or to any plaintiff in any other pending or future actions in any federal, state or foreign court, tribunal, forum or proceeding, asserting allegations that could have been asserted in the Action in pursuing their claims against the Petrobras Defendants, the Underwriter Defendants, or the other Released Parties.  Nothing in this Stipulation, however, is intended to (i) restrict or suppress relevant testimony by any fact witness; (ii) affect the provision of documents or information in response to any lawful subpoena, notice, or discovery device; (iii) prohibit any investment manager or other professional from providing information at the request of its clients; or (iv) restrict any lawyer's right to represent current or future clients or right to practice law.

## USE AND ADMINISTRATION OF THE ESCROW ACCOUNT

14.     The parties hereto agree that the Settlement Fund is intended to be a separate Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1 and that the Escrow Agent shall act as the administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-2(k)(3), and shall be responsible for filing or causing to be filed all informational and other tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed thereon.  The Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation Section 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation Section 1.468-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior order of the District Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Settlement Fund shall indemnify and hold the Petrobras Defendants, the Underwriter Defendants, and all other Released Parties harmless for any Taxes and related expenses of any kind whatsoever (including without limitation, taxes payable by reason of any such indemnification), if any, payable by the Petrobras Defendants by reason of any income earned on the Settlement Fund.

16.     The Escrow Agent shall discharge its duties in accordance with the terms of the Escrow Agreement, under Class Counsel supervision and subject to the terms of this Stipulation and the jurisdiction of the District Court.  The Escrow Agent's rights, duties and obligations hereunder or pursuant to the Escrow Agreement may not be assigned, delegated or assumed without approval by the Court.  The Escrow Agreement, to which the Defendants are not a party but to which the Petrobras Defendants are an intended limited third-party beneficiary, may not be amended without the written consent of Petrobras Defendants' Counsel.  Except as otherwise provided herein, the Petrobras Defendants, the Underwriter Defendants, and the other Released Parties shall have no responsibility for the administration of the Settlement Fund and shall have no liability to any person, including, but not limited to, the Settlement Class Members, in connection with such administration.

17.     The Petrobras Defendants, the Underwriter Defendants, and the other Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the maintenance, investment or distribution of the Settlement Fund, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, the administration of the Settlement, or any losses incurred in connection with such matters.  The Petrobras Defendants, the Underwriter Defendants, and the other Released Parties shall have no further or other liability or obligations to Class Representatives, Class Counsel or any Settlement Class Member with respect to the Settled Claims, except as expressly stated in this Stipulation.

18.     In the event the Settlement and Judgment do not become Final or the Settlement is terminated as provided herein, within seven (7) business days of entry of the Final order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated,

the Escrow Agent shall immediately return to the Petrobras Defendants, in accordance with the terms of the Escrow Agreement, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred and approved by the District Court as set forth herein.  Under those circumstances, Class Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments.  Any return of monies to Petrobras pursuant to the terms of this Stipulation shall be made via wire transfer payable to Petróleo Brasileiro S.A.– Petrobras, with wire instructions to be provided by the Petrobras Defendants.   Any return of monies to PGF pursuant to the terms of this Stipulation shall be made via wire transfer payable to Petrobras Global Finance B.V., pursuant to wire instructions to be provided by the Petrobras Defendants.

## USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION ACCOUNT

19.     Upon deposit in the Escrow Account of a portion of the Settlement Consideration, the Escrow Agent may transfer three million eight hundred thousand dollars (US$3,800,000.00) from the Escrow Account to the Settlement Administration Account without prior approval of the District Court in order to pay reasonable and necessary notice and administration costs related to the Settlement.  No other disbursements from the Escrow Account related to the Settlement will occur until the Judgment becomes Final absent agreement of the Settling Parties or District Court order, except as provided for in ¶ 15 above.

20.     After the Judgment becomes Final, any remaining monies in the Settlement Administration Account shall be transferred back to the Escrow Account, and the Settlement Administration Account shall cease to exist.  In the event the Settlement and Judgment do not become Final or the Settlement is terminated as provided herein, within seven (7) business days of entry of a Final order rendering the Settlement and Judgment non-Final or notice of the

Settlement being terminated, the Escrow Agent shall immediately return to the Petrobras

Defendants, in accordance with the terms of the Escrow Agreement, all monies then held in the

Settlement Administration Account, including interest earned, except for any monies paid for

reasonably incurred administration costs, including notice costs and Taxes.  Under those

circumstances, Class Counsel shall undertake to return those amounts by taking all steps

necessary to cause the Settlement Administrator and the Escrow Agent to make the foregoing

repayments.  Once the Settlement becomes Final, no monies shall revert to the Petrobras

Defendants.

## NOTICE

21.     In accordance with the schedule set forth in the Preliminary Approval Order, the

Settlement Administrator will cause to be mailed, by first-class mail, postage pre-paid, to

Settlement Class Members identified through reasonable efforts, the Notice, substantially in the

form attached hereto as Exhibit 1 to Exhibit B, and the Proof of Claim, substantially in the form

of Exhibit Y to the Notice attached hereto.  The Notice shall set forth the terms and effect of the

Stipulation, including the proposed Plan of Allocation and Class Counsel's request for attorneys'

fees and expenses; Class Plaintiffs' request for a compensatory award; the date and time of the

Settlement Hearing; the right to object to the Settlement; the right to appear at the Settlement

Hearing; and the right to request exclusion from the Settlement Class.  The Notice and Proof of

Claim shall also be posted on the Settlement Administrator's website, at

www.petrobrassecuritieslitigation.com, which shall not use any trademark of the Petrobras

Defendants or in any other manner represent that the website is affiliated with or controlled by

and of the Petrobras Defendants.  In accordance with the schedule set forth in the Preliminary

Approval Order, a Publication Notice, substantially in the form attached hereto as Exhibit 2 to

Exhibit B, will also be published  at least twice in the national edition of <u>Investor's Business</u> <u>Daily</u> and by electronic publication at least twice over the <u>Business Wire</u>, and will be published at least twice in newspapers and sources in circulation in foreign countries, including the <u>International Herald Tribune</u>, the <u>Financial Times</u>, through <u>Bloomberg News</u>, twice in the additional publications in Brazil, Canada, France, Germany, Hong Kong, the Netherlands, the United Kingdom, and the United States that are listed in Exhibit 3 to Exhibit B, and once in every other publication listed in Exhibit 3 to Exhibit B and any other publications designated by the District Court.  The cost of providing such notice shall be paid out of the Settlement Fund. Not later than thirty (30) days prior to the Settlement Hearing, Class Counsel shall serve on Petrobras Defendants' Counsel and file with the District Court proof, by affidavit or declaration, of such mailing and publication.

## PLAN OF ALLOCATION

22.     The Settlement Administrator shall administer the Settlement Fund subject to the jurisdiction of the District Court and pursuant to this Stipulation and the Plan of Allocation.

23.     The Plan of Allocation is not a necessary term of this Stipulation or the Settlement.  It is not a condition of this Stipulation, the Settlement, or the releases provided herein that any particular plan of allocation be approved by the District Court, and any change, modification, or alteration to the Plan of Allocation by the District Court or by any appellate court shall not be grounds for termination of the Settlement.  The Plan of Allocation is to be considered by the District Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in the Stipulation.  Any appeal relating to the allocation of the Net Settlement Fund, the administration of the Settlement or the claims process will not affect the finality of the Settlement, the Judgment, or the releases provided herein.

24.     The Petrobras Defendants, the Underwriter Defendants, and other Released Parties will not have any responsibility or liability for any aspect of the Plan of Allocation, including without limitation any acts or omissions of Class Counsel, the Escrow Agent or the Settlement Administrator.

## ADMINISTRATION OF THE SETTLEMENT FUND

25.     Any Settlement Class Member who does not submit a timely and valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms in this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing or participating in any action in any forum against the Petrobras Defendants, the Underwriter Defendants, and the other Released Parties concerning the Settled Claims.

26.     The Petrobras Defendants, the Underwriter Defendants, and the other Released Parties will not have any responsibility or liability for any aspect of the administration of the Settlement Fund, including without limitation any acts or omissions of Class Counsel, the Escrow Agent or the Settlement Administrator.

27.     For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions (subject to District Court order) shall apply:

        a.      Each Claimant shall be required to submit a valid Proof of Claim, supported by such documents as are designated therein including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Settlement Administrator, in its discretion, may deem acceptable.

b.      All Proofs of Claim must be submitted by the date specified thereon, unless such deadline is extended at the request of Class Counsel with approval by the Court. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement and this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing or participating in any action in any forum against the Petrobras Defendants, the Underwriter Defendants, or other Released Parties concerning the Settled Claims. Provided that it is received before the motion for the Settlement Fund Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by First-Class mail and addressed in accordance with the instructions provided thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

c.      Each Proof of Claim shall be submitted to and reviewed by the Settlement Administrator, who shall determine in accordance with this Stipulation the extent, if any, to which each Claimant is an Authorized Claimant.

d.      The administrative determinations of the Settlement Administrator accepting or rejecting Proofs of Claim shall be presented to the District Court on notice to the Settling Parties, for approval by the District Court in the Settlement Fund Distribution Order.

28.     Each Claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to the Claimant's Proof of Claim, and the Proof of Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class

43

Member and the validity of the amount of the Claimant's Proof of Claim.  No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

29.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants.  All Settlement Class Members whose Proofs of Claim are not approved by the District Court shall be barred from participating in the distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing or participating in any action in any forum against the Petrobras Defendants or the other Released Parties concerning the Settled Claims.

30.     All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this District Court.

## <u>DISTRIBUTION OF THE SETTLEMENT</u>

31.     The Settlement Administrator shall determine and allocate to each Authorized Claimant that Authorized Claimant's proportionate share of the Net Settlement Fund based on each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants.  The Petrobras Defendants, the Underwriter Defendants, and the other Released Parties shall have no involvement in reviewing, challenging, or approving the Proofs of Claim or in distributing the Net Settlement Fund.

32.     After the Effective Date, Class Counsel shall apply to the District Court, on notice to the Settling Parties, for the Settlement Fund Distribution Order.

33.     The Net Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date, a Final Judgment and after:

a.     All timely Proofs of Claim for payment from the Net Settlement Fund have been processed; and

b.     All costs of administration have been paid.

34.     The Settlement Administrator will use its best efforts to administer and distribute the entirety of the Net Settlement Fund to the extent that it is equitably and economically feasible.  If any funds remain in the Net Settlement Fund by reason of uncashed checks, then, after the Settlement Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund at least six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Class Members who have cashed their checks and who would receive at least ten dollars (US$10.00) from such re-distribution.  Such redistributions shall occur until the Claims Administrator, in consultation with Class Counsel, has determined that further distributions would not be cost effective.  Once such determination has been made, then such unclaimed balance shall be contributed by the Escrow Agent to an organization organized under Brazilian law, selected by the Petrobras Defendants and approved by Class Counsel, whose mission is to fight corruption and improve corporate governance in Brazil.  If any funds remain in the Net Settlement Fund for any other reason, including that the Net Settlement Fund exceeds 100% of the Recognized

Losses of Authorized Claimants as set forth in the Plan of Allocation, then such balance shall be contributed to the same organization.

35.     The Settlement Administrator shall furnish to the Petrobras Defendants' Counsel information limited to a list of all Settlement Class Members who receive a distribution from the Net Settlement Fund and the amount of such distribution.

## ATTORNEYS' FEES AND EXPENSES

36.     Before distribution of the Net Settlement Fund to Settlement Class Members, and upon reasonable notice to such Settlement Class Members, Class Counsel may apply to the District Court for an award from the Settlement Fund of attorneys' fees, and reimbursement of expenses.

37.     Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Class Counsel, for distribution by Class Counsel in its discretion among itself and other Plaintiffs' counsel that were involved in the Action, solely from the Settlement Fund, subject to any limitations set forth by the Court, as well as subject to the Attorneys' Fees Letter, the terms of which are expressly incorporated by reference, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the obligation of all counsel who receive any award of attorneys' fees and costs to make full refunds or repayments to the Settlement Fund plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a Final order.

38.     If the Fee and Expense Award is reduced or reversed on appeal, and in addition to the obligations set forth in the Attorneys' Fees Letter, Class Counsel and all other Plaintiffs'

counsel to whom Class Counsel has distributed payments shall make all necessary refunds and repayments into the Settlement Fund in accordance with the terms of the Attorneys' Fees Letter no later than thirty (30) calendar days of Plaintiffs' counsel's receipt of notice of any Final order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Settlement Administrator to the Settlement Class pursuant to the manner directed by the District Court.

39.     If the Effective Date does not occur, the Judgment does not become Final for any reason (including a Final non-appealable reversal of the Judgment on appeal), or if this Stipulation is terminated, then any award of fees and/or expenses is no longer payable.  In the event that any portion of the awarded fees and/or expenses has already been paid from the Settlement Fund, Class Counsel and all other Class Representatives' counsel to whom Class Counsel has distributed payments shall within thirty (30) days from the event which precludes the Effective Date from occurring or the termination of the Stipulation, refund to the Petrobras Defendants the fees and expenses paid to Class Counsel and, if applicable, distributed to other Class Representatives' counsel, plus any interest, if any, actually accrued on such funds.  In addition to the obligations set forth in the Attorneys' Fees Letter, Class Counsel's law firm shall be liable for any failure of Class Counsel to refund or repay the fees and expenses to the Petrobras Defendants.  If the reason for the Effective Date not occurring is the result of an order from the United States Court of Appeals for the Second Circuit, said refund shall only be required when such order has become Final.

40.     If any award of fees and expenses is reduced or reversed on appeal, or should it be determined that Class Counsel is not entitled to fees and expenses, but the Judgment otherwise becomes Final, Class Counsel and all other Class Representatives' counsel to whom Class

Counsel has distributed payments shall within thirty (30) days from the date of a Final order by the Second Circuit or the Supreme Court directing such reduction or reversal, make such refunds as are required by such Final order, and such funds shall be distributed by the Escrow Agent to the Settlement Class in the manner directed in the Final order.  In addition to the obligations set forth in the Attorneys' Fees Letter, Class Counsel's law firm shall be liable for any failure of Class Counsel to refund or repay the fees and expenses.

      41.    The procedure for and the allowance or disallowance by the District Court of any application by Class Counsel for attorneys' fees and expenses to be paid out of the Settlement Amount is not a necessary term of the Settlement or this Stipulation and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved.  Class Representatives and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the District Court's or any appellate court's ruling with respect to attorneys' fees.  Any order of or proceeding relating to the fee and expense application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.  The Petrobras Defendants, the Underwriter Defendants, and the other Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel or any other Class Representatives' counsel or the Class Representatives or any other Person who receives such payment from the Settlement Fund.  The Petrobras Defendants, the Underwriter Defendants, and the other Released Parties shall not have any obligation to pay any portion of attorneys' fees or expenses, aside from the Petrobras Defendants' payments due to the Settlement Fund.

42.     The procedure for and the allowance or disallowance by the District Court of any applications by any Class Counsel for attorneys' fees and expenses to be paid out of the Settlement Amount is not part of the Settlement set forth in this Stipulation and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation and any order or proceeding relating to the fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth therein.

43.     Any fees and/or expenses awarded by the District Court shall be paid solely from the Settlement Fund. With the sole exception of the Petrobras Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account, Defendants and the other Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorney's fees and/or expenses (including Taxes) to Class Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

44.     Defendants and the other Released Parties shall have no responsibility for the allocation among Lead Plaintiffs' Counsel and/or any other Person who may assert some claim thereto of any fee and expense award that the District Court may make in the Action.

45.     Defendants and the other Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

## REQUESTS FOR EXCLUSION

46.     Persons requesting exclusion from the Settlement Class shall be required to provide the following information to the Settlement Administrator on the form attached as Exhibit Z to the Notice:  (i) name; (ii) address; (iii) telephone number; (iv) identity (including original face value for debt securities) of the securities purchased (or otherwise acquired), or sold, (v) prices or other consideration paid or received for such securities; (vi) number and type of Petrobras Securities purchased, acquired and sold; (vii)  the date of each purchase or sale transaction and (viii) a statement that the person or entity wishes to be excluded from the Settlement Class.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated below, or the exclusion is otherwise accepted by the Court.

47.     Unless otherwise ordered by the District Court, any person who does not submit a timely request for exclusion as provided by this section shall be bound by this Stipulation.  The deadline for submitting requests for exclusion shall be 35 calendar days prior to the Settlement Hearing.

48.     The Settlement Administrator shall scan and send electronically copies of all requests for exclusion to the Petrobras Defendants' Counsel, the Underwriter Defendants' Counsel, and to Class Counsel expeditiously (and not more than three (3) business days) after the Settlement Administrator receives such a request.  As part of the reply papers in support of the Settlement, Class Counsel will cause to be provided a list of all persons who have requested exclusion from the Settlement Class, and shall cause to be certified that all requests for exclusion received by the Settlement Administrator have been copied and provided to the Petrobras Defendants' Counsel and the Underwriter Defendants' Counsel.

## NO ADMISSION OF WRONGDOING

49.     The Settling Parties agree that neither this Stipulation nor the Supplemental Agreement, nor the Attorneys' Fees Letter, nor the fact nor any terms of the Settlement, nor any communication relation thereto, is evidence, or an admission or concession by any Settling Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

50.     Throughout the course of the Action, the Defendants have denied and continue to deny liability and maintain that they have meritorious defenses, including that Petrobras was a victim of the scheme alleged by the Plaintiffs in the Action and that the Underwriter Defendants performed appropriate due diligence.  Nonetheless, the Petrobras Defendants and Underwriter Defendants have determined that it is desirable that the Action fully and finally be settled in the manner and upon the terms and conditions set forth in this Stipulation in order to avoid the cost, burden, and risk of litigation in the United States.

51.     Neither this Stipulation, nor the Supplemental Agreement, nor the Attorneys' Fees Letter, whether or not consummated, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement or the Attorneys' Fees Letter, nor any of the acts performed or negotiations, discussions, drafts or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, shall be deemed to be, nor may be argued to be or offered or received:

        a.      Against the Petrobras Defendants, the Underwriter Defendants, or other Released Parties as evidence of, or construed as evidence of any presumption, concession, or

admission by the Petrobras Defendants, the Underwriter Defendants, or other Released Parties

with respect to the truth of any fact alleged by Class Representatives in this Action, or the

validity of any claim that has been or could have been asserted against the Petrobras Defendants,

the Underwriter Defendants, or other Released Parties in this Action, or the deficiency of any

defense that has been or could have been asserted in the Action, or the propriety of class action

or collective action treatment with respect to claims of any investors in Petrobras Securities

related to the allegations that form the basis of the Action, or the entitlement of any investors

who are not Settlement Class Members to any payment by or damages from the Petrobras

Defendants, the Underwriter Defendants, or the other Released Parties, or of any wrongdoing or

liability by the Petrobras Defendants, the Underwriter Defendants, or other Released Parties.

       b.       Against the Petrobras Defendants, the Underwriter Defendants, or other

Released Parties as evidence of, or construed as evidence of any presumption, concession, or

admission of any fault, misrepresentation, or omission with respect to any statement or written

document, or against Class Representatives or any Settlement Class Member as evidence of, or

construed as evidence of any infirmity of the claims alleged by Class Representatives in the

Action.

       c.       Against the Petrobras Defendants, the Underwriter Defendants, or other

Released Parties, Class Representatives, or any Settlement Class Member as evidence of, or

construed as evidence of any presumption, concession, or admission by the Petrobras

Defendants, the Underwriter Defendants, the other Released Parties, Class Representatives, or

any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as

against the Petrobras Defendants, the Underwriter Defendants, the other Released Parties, Class

Representatives, or any Settlement Class Member in any other civil, criminal, or administrative

action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the District Court, the Petrobras Defendants, the Underwriter Defendants, the other Released Parties, Class Representatives, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder and may file this Stipulation and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

d.      Against the Petrobras Defendants, the Underwriter Defendants, or other Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them; or

e.      Against Class Representatives or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any Class Representative or any Settlement Class Member that any of the claims are without merit, or that any defenses asserted by the Petrobras Defendants or any other Defendant in the Action, have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount.

**TERMS OF ORDER FOR NOTICE AND HEARING AND ENTRY OF JUDGMENT**

52.      Any Settlement Class Member who fails to comply with any of the provisions ¶¶ 25, 27-29 of this Stipulation shall be bound by all the terms of the Settlement and this Stipulation, and by all proceedings, orders and judgments in the Action.

53. Any Settlement Class Member who wishes to object to the Settlement or to this Stipulation must comply with the procedures set forth in the [Proposed] Order Preliminarily Approving Settlement And Providing for Notice, attached as Exhibit B.

## TERMS OF JUDGMENT

54. If the Settlement contemplated by this Stipulation is approved by the District Court, counsel for the Settling Parties shall request that the District Court enter the Judgment, substantially in the form annexed hereto as Exhibit C, which shall dismiss this Action with prejudice in its entirety against all Defendants named in the Action.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION

55. The Effective Date of Settlement shall be the date when all of the following shall have occurred:

a. Approval by the District Court of the Settlement, following the period set forth for notice under the Class Action Fairness Act ("CAFA"), and following notice to the Settlement Class and the Settlement Hearing, as prescribed by Fed. R. Civ. P. 23;

b. Petrobras has made each of the payments constituting the Settlement Amount into the Escrow Account;

c. The Settling Parties have not exercised their respective rights to terminate the Settlement as provided in ¶¶ 57, 58, or 62, and the time to exercise those rights has expired; and

d. Entry by the District Court of the Judgment, which has become Final, or in the event that the District Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Settling Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

56.     Notwithstanding the conditions set forth in ¶ 55, if any of the payments of the Settlement Amount is the only requisite condition preventing the Effective Date from occurring, Class Representatives shall have the discretion, after the entry of a Final non-appealable judgment, to make a partial distribution to the Settlement Class of any Settlement Amounts received.

57.     Each of the Settling Parties shall have the right to terminate its participation in this Settlement by providing written notice of its election to do so (the "Termination Notice") to counsel for the other Settling Parties hereto within thirty (30) days of any of the following:

a.      The District Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit;

b.      The District Court's refusal to approve this Stipulation in any material respect without leave to amend and resubmit;

c.      The District Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; provided, however, that this Settlement is expressly not conditioned on the District Court's approval of the proposed Plan of Allocation or any plan of allocation in the Action, nor on the District Court's approval of Class Counsel's application for attorneys' fees or expenses, nor on the District Court's approval of any compensatory award to Class Representatives, and any change in the Judgment relating solely to these items shall not be considered a material change;

d.      The District Court's declining to approve the adequacy of the Settlement Amount, the scope of the Settled Claims, and/or the definitions of Settlement Class, Covered Transaction or Settled Claims, as defined herein; or

e.      The Judgment being modified or reversed in any material respect by the District Court, the Second Circuit or the Supreme Court, except for a ruling solely with respect to: (i) the Plan of Allocation or any plan of allocation in the Action, (ii) the District Court's approval of Class Counsel's application for attorneys' fees or expenses, or (iii) the District Court's approval of any compensatory award to Class Representatives.

58.      The Class Representatives shall have the right to terminate the Settlement in the event that any failure to pay the Settlement Amount within the time set forth in ¶ 3 above is not cured within thirty (30) days after written notice is provided in accordance with ¶ 79 below.

59.      In the event of a termination (whether under ¶¶ 57, 58, or 62), the Stipulation and releases provided for therein shall become null and void and of no further force and effect (except for ¶¶ 18, 20, 39, 49-51, 57-60, 62-63 and 77, which shall survive the termination), and the Settling Parties shall be deemed to have reverted to their respective positions as they existed prior to the execution of the Term Sheet, the execution of the Stipulation, and the entry of any orders pursuant to the Stipulation.  The Settling Parties shall thereafter proceed in all respects as if the Stipulation had not been executed and any related orders had not been entered, and all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.  The Settling Parties shall work together to arrive at a mutually agreeable, proposed schedule for resuming litigation of the Action in light of such developments, to be submitted to the District Court for approval.  Notwithstanding the above, should the cause for termination be the failure of one or more of the Settling Parties to fulfill one or more of the terms of this Stipulation, any of the other Settling Parties shall have the right to seek enforcement of the relevant terms thereof.

60.     In the event the Stipulation shall be terminated, or shall not become effective for any reason, within seven (7) business days after the occurrence of such event, the Settlement Fund shall be returned by the Escrow Agent to the Petrobras Defendants as provided in ¶ 18.

61.     In the Judgment, the Settlement Class shall be certified solely for purposes of this Settlement, but in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including whether a class should be certified in the Action.

## OPT-OUT TERMINATION RIGHT

62.     Simultaneously herewith, the Settling Parties, by and through their respective counsel, are executing a Supplemental Agreement setting forth certain conditions under which this Stipulation may be withdrawn or terminated at the sole discretion of the Petrobras Defendants if certain conditions (the "Opt-Out Threshold") are met, with such Opt-Out Threshold not being filed with the District Court, except that the substantive contents of the Supplemental Agreement may be brought to the attention of the District Court, in camera, in the event of a dispute between the Settling Parties or if so requested or as otherwise ordered by the District Court.

63.     The Settling Parties will keep the terms of the Supplemental Agreement confidential, except pursuant to law, judicial order or regulator request, but such disclosure shall be carried out to the fullest extent possible so as to preserve the confidentiality of the Supplemental Agreement.

## CAFA NOTICE

64.     Pursuant to CAFA, no later than ten (10) calendar days after the Stipulation is filed with the District Court, Petrobras Defendants' Counsel shall, at Petrobras Defendants'

expense, serve proper notice of the Settlement upon the United States Attorney General and each State Attorney General. Simultaneously, Petrobras Defendants shall provide a copy of such notice as well as proof of service of such notice to Class Counsel.

## MISCELLANEOUS PROVISIONS

65.     All of the Exhibits attached hereto are hereby incorporated herein by reference as though fully set forth herein. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

66.     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Class Representatives or Settlement Class Members under foreign, federal, state or local law against the Petrobras Defendants and the other Released Parties concerning the Settled Claims and against Class Representatives and Settlement Class Members by the Petrobras Defendants concerning the Defendant Claims.  Accordingly, the Settling Parties agree not to assert in any forum that the litigation was brought by Class Representatives or defended by any of the Defendants in bad faith or without a reasonable basis.  The Settling Parties shall assert no claims of any violation of Fed. R. Civ. P. 11 relating to the prosecution, defense, or settlement of this Action. Moreover, none of the Settling Parties shall seek any cost-shifting against another.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, including during telephonic and face-to-face sessions, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

67.     This Stipulation may not be modified or amended except by a writing signed by all signatories hereto or their successors-in-interest, nor may a Settling Party be deemed to have waived any provision (including this provision) except by a writing signed by that Settling Party or its successor-in-interest.

68.     Class Counsel, on behalf of the Settlement Class, is expressly authorized by Class Representatives to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which it deems appropriate.

69.     Class Representatives and Class Counsel represent and warrant that none of the Class Representatives' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

70.     Each counsel or other person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants and represents that such person has the full authority to do so and that he or she has the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

71.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

72.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the District Court, and the District Court shall retain jurisdiction for the purpose of entering orders relating to awards of attorneys' fees and expenses to Class Counsel (including for distribution among any other Class Representatives' counsel or

the repayment of attorneys' fees and expenses as set forth in ¶¶ 18, 20 and 38-40) and any compensatory award to the Class Representatives and enforcing the terms of this Stipulation.

73.     Other than the agreement set forth in the Supplemental Agreement as discussed in ¶¶ 62-63 herein, and the agreement set forth in the Attorneys' Fees Letter as discussed in ¶¶ 37-40 herein, this Stipulation and its exhibits constitute the entire agreement among the Settling Parties concerning this Settlement, and supersedes all prior understandings, communications, and agreements with respect to the subject of the Settlement.  No representations, warranties, or inducements have been made by any Settling Party concerning this Stipulation and its exhibits other than those contained, memorialized, or referenced in such documents.

74.     This Stipulation may be executed in one or more original, e-mail and/or faxed counterparts, and the counterparts when executed may be made into a composite which shall constitute one integrated original agreement.

75.     This Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties hereto and their successors, heirs, executors and assigns.

76.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

77.     The District Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the District Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

78.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

79.     If any Settling Party is required to give notice to any other Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, or facsimile transmission with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Class Counsel: | Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue<br>New York, New York 10016<br>Tel: (212) 661-1100<br>Fax: (212) 661-8665 |
| If to Petrobras Defendants' Counsel | Lewis J. Liman<br>Roger A. Cooper<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>Tel: (212) 225-2000<br>Fax: (212) 225-3999 |
| If to Underwriter Defendants' Counsel: | Jay B. Kasner<br>Scott Musoff<br>SKADDEN, ARPS, SLATE, MEAGHER<br>& FLOM LLP<br>Four Times Square<br>New York, NY 10036<br>Tel: (212) 735-3000<br>Fax: (212) 735-2000 |

80.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

81.     The Settling Parties warrant that, in entering into this Settlement, they relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Settling Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents.

82.     Class Counsel and the Petrobras Defendants' Counsel agree to cooperate with one another in seeking District Court approval of the Preliminary Approval Order, this Stipulation and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court of the Settlement.

83.     No person shall have any claim against Class Representatives, Class Counsel, other Class Representatives' counsel who performed work on the Action, the Settlement Administrator, the Escrow Agent or any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the District Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Petrobras Defendants, Underwriter Defendants or any of the other Released Parties, based on any distributions, determinations, claim rejections or the design, terms or implementation of the Plan of Allocation.

84.     Class Representatives shall not request exclusion from the Settlement Class, shall not object to the Settlement, and shall not encourage or otherwise influence any Settlement Class Member to request exclusion from the Settlement Class, or to object to, the Settlement.

Dated: February 1, 2018

**POMERANTZ LLP**

By: _____

Jeremy A. Lieberman
Marc I. Gross
Emma Gilmore
John A. Kehoe
Brenda Szydlo
600 Third Avenue
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
migross@pomlaw.com
egilmore@pomlaw.com
jkehoe@pomlaw.com
bszydlo@pomlaw.com


**POMERANTZ LLP**
Jennifer Pafiti
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (310) 285-5330
jpafiti@pomlaw.com

**POMERANTZ LLP**


Patrick V. Dahlstrom
10 North LaSalle
Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com


*Counsel for Class Representatives and the Settlement
Class*

63

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax (212) 818-0477
tdubbs@labaton.com
lgottlieb@labaton.com


*Additional Counsel for Class Representative*
*Employees' Retirement System of the State of Hawaii*


**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: _____

Lewis J. Liman
Roger A. Cooper
Jared M. Gerber
Rahul Mukhi
One Liberty Plaza,
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999
lliman@cgsh.com
racooper@cgsh.com
jgerber@cgsh.com
rmukhi@cghs.com


*Counsel for Petrobras Defendants*

**SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP**

By: _____

Jay B. Kasner
Scott D. Musoff
Jeremy A. Berman
Four Times Square
New York, New York 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com
jeremy.berman@skadden.com

*Counsel for Underwriter Defendants*

65