# EXHIBIT I-B-1

EXHIBIT B-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PETROBRAS SECURITIES LITIGATION | No. 14-cv-09662 (JSR) |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENTS, SETTLEMENT HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

### _A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from two Settlements.  If you are a Settlement Class Member, your legal rights will be affected whether or not you act.**

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") in the United States District Court for the Southern District of New York (the "District Court"), if you: (i) during the time Period between January 22, 2010 and July 28, 2015, inclusive (the "Class Period")[1], purchased or otherwise acquired Petrobras Securities, including debt securities issued by PifCo and/or PGF, on the New York Stock Exchange or pursuant to other Covered Transactions; and/or (ii) purchased or otherwise acquired debt securities issued by Petrobras, PifCo, and/or PGF, in Covered Transactions, directly in, pursuant and/or traceable to a May 13, 2013 public offering registered in the United States and/or a March 10, 2014 public offering registered in the United States before Petrobras made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the offerings (August 11, 2014 in the case of the May 13, 2013 public offering and May 15, 2015 in the case of the March 10, 2014 public offering).

For purposes of the Settlements, "Covered Transaction" means any transaction that satisfies any of the following criteria:

    (i)      any transaction in a Petrobras Security listed for trading on the New York Stock Exchange ("NYSE");

    (ii)     any transaction in a Petrobras Security that cleared or settled through the

---

[1] This Notice hereby incorporates by reference the definitions in the Stipulation of Settlement and Release entered into among the Class Representatives, the Petrobras Defendants, and the Underwriter Defendants on [DATE] (the "Petrobras Stipulation"), and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Petrobras Stipulation.  To the extent a definition in the Petrobras Stipulation conflicts with a definition in the Stipulation and Agreement of Settlement, dated as of November 30, 2017, as amended (the "PwC Stipulation"), the definition in the Petrobras Stipulation shall govern.

Depository Trust Company's book-entry system; or

(iii)     any transaction in a Petrobras Security to which the United States securities laws apply, including as applicable pursuant to the Supreme Court's decision in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010).

A list of the Petrobras Securities that satisfy criteria (i) and (ii) is attached as Exhibit W. A full list of Petrobras Securities that are eligible to satisfy criterion (iii) is attached as Exhibit X. Excluded from the definition of Covered Transaction are purchases of any Petrobras Security on the BOVESPA.

NOTICE OF SETTLEMENT:  Please also be advised that the District Court-appointed Class Representatives Universities Superannuation Scheme Limited (acting as sole corporate trustee of Universities Superannuation Scheme) ("USS" or "Lead Plaintiff"), North Carolina Department of State Treasurer ("North Carolina"), and Employees' Retirement System of the State of Hawaii ("Hawaii") (collectively, "Class Representatives"), on behalf of themselves and the Settlement Class (as defined in ¶48 below), have reached two proposed settlements of the Action that total US$3 billion (US$3,000,000,000.00)[2] in cash that, if approved, will resolve all claims in the Action (the "Settlement" or "Settlements").

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. Please read this Notice carefully! If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the District Court, the Clerk of the District Court, Petrobras or any other Defendants in the Action, or their counsel. All questions should be directed to Class Counsel or the Settlement Administrator (*see* ¶82 below).**

ANY SETTLEMENT CLASS MEMBER WHO REQUESTED EXCLUSION IN RESPONSE TO THE PREVIOUSLY MAILED NOTICE OF PENDENCY OF CLASS ACTION DATED MAY 9, 2016, IS INCLUDED IN THIS SETTLEMENT AND MUST REQUEST EXCLUSION AGAIN PURSUANT TO THIS NOTICE IF YOU DO NOT WANT TO BE INCLUDED IN THE SETTLEMENT CLASS.

2.     **Description of the Action and the Settlement Class:**  This Notice relates to proposed Settlements in a securities class action lawsuit brought by investors alleging, among other things, that during the Class Period defendants violated the federal securities laws by making false and misleading statements regarding Petrobras's financial statements, business, operational and compliance policies. A more detailed description of the Action is set forth in ¶¶ 14-42 below.

3.     The Settlements are between (i) Class Representatives, on behalf of themselves and the Settlement Class Members (as defined in ¶ 48 below) and (ii) Petróleo Brasileiro S.A. – Petrobras ("Petrobras"), Petrobras Global Finance B.V. ("PGF"), and Petrobras America Inc. ("PAI") (collectively, the "Petrobras Defendants"); and BB Securities Ltd., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Itaú BBA USA Securities, Inc., Morgan Stanley & Co. LLC, HSBC Securities (USA) Inc., Mitsubishi UFJ Securities (USA), Inc. (n/k/a MUFG Securities Americas Inc.), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Standard Chartered Bank, Bank of China (Hong Kong) Limited, Banco Bradesco BBI S.A., Banca IMI S.p.A. and Scotia

---

[2] Unless otherwise provided, any reference in this Notice to dollars shall be to U.S. dollars.

Capital (USA) Inc. (collectively, the "Underwriter Defendants"), and PricewaterhouseCoopers Auditores Independentes ("PwC Brazil") (with Class Representatives, (on behalf of themselves and the Settlement Class Members (as defined in ¶**Error! Reference source not found.** below)) the "Settling Parties"). The Settlement will also dismiss claims against Almir Guilherme Barbassa, Jose Carlos Cosenza, Paulo Roberto Costa, Renato de Souza Duque, Guillherme de Oliveira Estrella, Maria das Graças Silva Foster, Jose Miranda Formigli Filho, José Sergio Gabrielli, Silvio Sinedino Pinheiro, Daniel Lima de Oliveira, José Raimundo Brandão Pereira, Sérvio Túlio da Rosa Tinoco, Paulo Jose Alves, Gustavo Tardin Barbosa, Alexandre Quintão Fernandes, Marcos Antonio Zacarias, Cornelis Franciscus Jozef Looman, Theodore M. Helms (the "Individual Defendants"), Banco Votorantim Nassau Branch, Santander Investment Securities Inc., and Petrobras International Finance Company (collectively, with the "Settling Parties", the "Defendants"). Therefore, the Settlement, if approved by the District Court, will end the claims of the Settlement Class in the Action.

4.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Class Representatives, on behalf of themselves and the Settlement Class, have agreed to settle in exchange for settlement payments totaling US$3 billion (US$3,000,000,000.00) in cash (the "Combined Settlement Amount") to be deposited into two escrow accounts. The Combined Settlement Amount will be funded as follows:   US$2,950,000,000.00 from the Petrobras Defendants, and US$50,000,000.00 from PwC Brazil.  PwC Brazil's portion of the Combined Settlement Amount shall be paid within twenty (20) business days after the entry of an order by the District Court preliminarily approving the Settlement (the "Preliminary Approval Order"), which was entered on [DATE].  The Petrobras Defendants' portion of the Combined Settlement Amount shall be paid in the following installments: (1) nine hundred eighty three million dollars (US$983,000,000.00) within ten (10) days of the Preliminary Approval Order; (2) nine hundred eighty three million dollars (US$983,000,000.00) within ten (10) days of final approval by the District Court of the Settlement; and (3) nine hundred eighty four million dollars (US$984,000,000.00) million within six months of final approval by the District Court of the Settlement or by January 15, 2019, whichever is later.

5.  The Net Settlement Fund, *i.e.*, the Combined Settlement Amount plus any and all interest earned thereon in the escrow accounts (the "Settlement Fund") less all fees and expenses awarded by the District Court to Class Counsel (or any other Class Representative's counsel designated by Class Counsel), any award to the Class Representatives, any Taxes and any notice and administration costs approved by the District Court, will be distributed in accordance with the Plan of Allocation set forth below, pursuant to the terms of the Stipulation of Settlement and Release entered into among the Class Representatives, the Petrobras Defendants, and the Underwriter Defendants on [DATE] (the "Petrobras Stipulation") and the terms of the Stipulation and Agreement of Settlement entered into among the Class Representatives and PwC Brazil as of November 30, 2017, as amended (the "PwC Stipulation" and, together with the Petrobras Stipulation, the "Stipulations"), and as approved by the District Court, which will determine how the Net Settlement Fund shall be allocated among the Settlement Class Members. Based on the information currently available to Lead Plaintiffs and the analysis performed by their damages consultants, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation the estimated average distribution per share will be approximately US$1.33 per common ADS, US$1.49 per preferred ADS, US$19.24 per USD Note, and US$19.24 per non-USD Note, before the deduction of Court-approved fees and expenses; and US$1.20 per common ADS, US$1.34 per preferred ADS,

US$17.29 per USD Note, and US$17.29 per non-USD Note after the deduction of Court approved fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms.

6. **Statement of Attorneys' Fees and Expenses Sought**: Court-appointed Class Counsel, Pomerantz LLP ("Pomerantz" or "Class Counsel"), and other counsel for Class Representatives, have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. The Settlement Administrator was permitted to use up to US$3,800,000 of the Settlement Fund for the reasonable costs of sending this Notice. Class Counsel will submit an application to the District Court for an award of attorneys' fees not to exceed nine and a half percent (9.5%) of the Combined Settlement Amount, or two hundred and eighty five million dollars (US$285,000,000.00) and for reimbursement of expenses in an amount not to exceed eighteen million dollars (US$18,000,000.00), plus accrued interest on such amounts, which the District Court will take into consideration at the Settlement Hearing. The District Court will also consider the schedule by which such payments shall be made. At or after the Settlement Hearing, the District Court shall determine whether any application for attorneys' fees and reimbursement of expenses shall be approved. The award of attorneys' fees shall be for distribution by Class Counsel in its discretion among itself and other firms representing other named plaintiffs in the Action that were involved in the prosecution of this Action, solely from the Settlement Fund. Class Counsel has fee-sharing agreements with the firms representing other named plaintiffs in the Action, Labaton Sucharow LLP and Motley Rice LLC, which provide that Class Counsel will compensate these firms from the attorneys' fees that Class Counsel receives in this Action in amounts commensurate with those firms' efforts in this litigation. Settlement Class Members are not personally liable for any such fees or expenses. Class Representatives will apply for a compensatory award in compensation for their work on behalf of the Settlement Class in prosecuting this litigation in an amount not to exceed US$400,000.00. If approved by the District Court, the total of the requested fees and expenses will be approximately US$0.13 per common ADS, US$0.15 per preferred ADS, US$1.95 per USD Note, and US$1.95 per non-USD Note.

7. **Identification of Class Counsel and Settlement Administrator**: Class Counsel is Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100. The Settlement Administrator selected by Class Counsel is The Garden City Group, P.O. Box 10280, Dublin, OH 43017, info@petrobrassecuritieslitigation.com, and 1-855-907-3218. Any questions regarding the Settlement should be directed to Class Counsel or the Settlement Administrator (see ¶ 82 below).

8. **Statement of the Settling Parties' Position on Liability and Damages**: The Petrobras Defendants, the Underwriter Defendants, and PwC Brazil deny all claims of wrongdoing, that they are liable to Class Representatives and/or the Settlement Class or that Class Representatives or other members of the Settlement Class suffered any injury. Throughout the course of the Action, the Defendants have denied and continue to deny liability and maintain that they have meritorious defenses, including that Petrobras was a victim of the scheme alleged by the Plaintiffs in the Action and that the Underwriter Defendants performed appropriate due diligence Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per security that would be recoverable if Class Representatives were to

4

prevail on each of the claims.  The issues on which the Settling Parties disagree include, but are not limited to: (l) whether the statements made or facts allegedly omitted were material, false or misleading; (2) whether Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) whether all or part of the damages allegedly suffered by Settlement Class Members were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.  See ¶¶ 43-46 for more details.

9.    **Reasons for the Settlement and Statement of Potential Outcome of Case:**  Class Representatives believe the Settlement is best for all Settlement Class Members because it provides a substantial cash benefit for the Settlement Class without the cost, risk or delays inherent in further litigation against the Defendants.  Defendants, which deny all allegations of wrongdoing or liability whatsoever, and which deny that any Settlement Class Member has suffered damages resulting from the conduct alleged against it in the Action, are entering into the Settlement to eliminate the uncertainty, burden and expense of further protracted litigation. The Settling Parties also do not agree on whether Class Representatives could establish loss causation and/or the amount of money that could have been recovered if Class Representatives won at trial.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM POSTMARKED OR SUBMITTED NO LATER THAN _____, 2018** | If you do not request exclusion, and you want to qualify for a payment, you must timely complete and return the Proof of Claim that accompanies this Notice.  Read the instructions carefully; fill out the Proof of Claim; sign it; and submit it online at www.petrobrassecuritieslitigation.com  or  mail  it postmarked no later than _____, 2018.  If you do not submit a timely Proof of Claim with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement as described in this Notice, you will still be bound in all other respects by the Stipulations, the District Court's Judgment, and other judgments and orders, including releases, contained therein. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION FORM SO THAT IT IS RECEIVED NO LATER THAN _____, 2018 [35 calendar days prior to the Settlement Hearing]** | You can exclude yourself from this lawsuit and receive no payment pursuant to this Settlement.  This is the only option that allows you to ever be part of any other lawsuit against any of the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, or the other Released Parties[3] concerning the claims that were, or could have been, asserted in this case.  **BE CAREFUL!   IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT YOU MAY NOT BE ABLE TO BRING   CERTAIN   CLAIMS   AGAINST   THE RELEASED PARTIES.** |

[3] With respect to PwC Brazil, "Released Parties" includes "PwC Released Parties" as defined in the PwC Stipulation.

| | |
|---|---|
| **OBJECT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018 [35 calendar days prior to the Settlement Hearing]** | If you do not request exclusion from the Settlement Class, and you want to object to the proposed Settlement as to the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, or the other Released Parties and/or the request for attorneys' fees and litigation expenses, you must write to the District Court and explain your objection.  You cannot object if you have requested exclusion from the Settlement Class. |
| **GO TO A HEARING ON _____, 2018 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018 [35 calendar days prior to the Settlement Hearing]** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak in Court, at the discretion of the District Court, about the fairness of the proposed Settlement, and/or the request for attorneys' fees and reimbursement of expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the District Court, speak to the District Court about your objection. |
| **DO NOTHING** | Remain a Settlement Class Member.  Get no payment.  Give up your rights. |

---

## WHAT THIS NOTICE CONTAINS

Why did I get this Notice?                                                    Page 7
What is this case about?                                                      Page 7
Why is there a Settlement?                                                    Page 12
What might happen if there were no Settlement?                                Page 13
Who is included in the Settlement Class?                                      Page 14
I am still not sure if I am included                                          Page 15
How are Settlement Class Members affected by the Action
  and the Settlement?                                                        Page 15
How do I participate in the Settlement?  What do I need to do?                Page 17
How much will my payment be?                                                 Page 18
What payment are the attorneys for the Settlement Class seeking?
  How will the lawyers be paid?                                              Page 19
What If I do not want to be a member of the Settlement Class?
How do I exclude myself?                                                      Page 19
How do I tell the District Court that I do not like the Settlement?           Page 20
When and where will the District Court decide whether to approve the Settlement? Page 22
Do I have to come to the Hearing?  May I speak at the Hearing if I
  don't like the Settlement?                                                 Page 22
Whom should I contact if I have questions?                                    Page 233

## WHY DID I GET THIS NOTICE?

10. The District Court in charge of the case is the United States District Court for the Southern District of New York, U.S. District Judge Jed S. Rakoff presiding. The case is known as *In re Petrobras Securities Litigation*, Case Number 14-cv-09662 (JSR).

11. The District Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired the Petrobras Securities (as detailed in ¶48 below) during the Class Period. The District Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the District Court rules on the proposed Settlement as to the Settling Defendants.

12. The purpose of this Notice is to inform you of the terms of the proposed Settlement as to the Settling Defendants, how you might be affected, and how to object to the Settlement if you wish to do so. It is also being sent to inform you of a hearing to be held by the District Court to consider the fairness, reasonableness, and adequacy of the Settlement, and the motion by Class Counsel for payment of attorneys' fees and reimbursement of expenses (the "Settlement Hearing"). *See* ¶ 76 below for details about the Settlement Hearing, including the date and location of the hearing.

13. If the District Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Settlement Administrator selected by Class Counsel and approved by the District Court will make payments to Authorized Claimants pursuant to the Settlement after any objections and appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

14. Beginning in December 2014, several putative securities class actions were filed on behalf of investors against Petrobras, a Brazilian oil company, and other Defendants for allegedly violating the federal securities laws by concealing a bribery and kickback scheme. The lawsuits alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, as well as Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l, 77o. By Order dated February 17, 2015, the District Court consolidated these actions, and by Order dated March 4, 2015, the District Court appointed USS as Lead Plaintiff, and appointed Pomerantz as Class Counsel, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 and 15 U.S.C. § 77z-1 (the "PSLRA").

15. The Consolidated Amended Complaint ("CAC") was filed in the Action on March 27, 2015 against certain of the Defendants for violations of Sections 10(b) and 20(a) of the Exchange Act and Sections 11, 12(a)(2), and 15 of the Securities Act. The CAC alleged that defendants made materially false and misleading statements throughout the Class Period about, among other things, the value of Petrobras's assets, the amounts of Petrobras's periodic expenses and net

income, whether Petrobras suffered from material weaknesses in its disclosure controls and procedures and internal controls over financial reporting, and Petrobras's statements that it operates with integrity.  The CAC also named additional plaintiffs, including Hawaii.

16.   On April 17, 2015, Petrobras, PGF, and the Underwriter Defendants filed a motion to dismiss the CAC.

17.   On July 10, 2015, the District Court granted in part and denied in part the motion to dismiss the CAC.  Among other decisions, the judge dismissed claims relating to certain debt securities issued in 2012 under the Securities Act as time barred by the applicable statute of repose, and ruled claims relating to securities purchased on the Brazilian stock exchange must be arbitrated, as established in Petrobras's bylaws.  The judge also ruled that claims under Section 11 of the Securities Act were dismissed to the extent they were based on purchases of the Petrobras notes issued in 2013 made after August 11, 2014.  The judge rejected other arguments presented in the motion to dismiss the CAC and, as a result, the case continued with respect to those claims.

18.   On July 16, 2015, Lead Plaintiff filed its Consolidated Second Amended Class Complaint ("SAC"), and on September 1, 2015, Lead Plaintiff filed its Consolidated Third Amended Class Action Complaint ("TAC"), both alleging substantially similar claims against certain of the Defendants as the CAC and naming an additional Defendant.  The TAC added North Carolina as an additional plaintiff, and named additional defendants Paulo Roberto Costa, Jose Carlos Cosenza, Renato de Souza Duque, Guillherme de Oliveira Estrella, Jose Miranda Formigli Filho, and Petrobras Americas Inc.  In an order dated December 20, 2015, the District Court dismissed with prejudice the claims of Class Representatives under Section 11 of the Securities Act to the extent they were based on purchases of Petrobras notes issued in 2014 made after May 15, 2015.

19.   On October 15, 2015, Class Representatives filed a motion for class certification, appointment of class representatives, and appointment of class counsel, which the Petrobras Defendants and the Underwriter Defendants opposed on November 5, 2015, and which was fully briefed by November 23, 2015.  On November 30, 2015, Plaintiffs filed their Consolidated Fourth Amended Class Action Complaint ("FAC").  On December 20, 2015, the District Court granted in part and denied in part the Petrobras Defendants' and the Underwriter Defendants' motion to dismiss the FAC.

20.   On December 23, 2015, Defendant PwC Brazil moved to dismiss the claims against it in the FAC.  By Order dated February 19, 2016, the District Court granted in part and denied in part PwC Brazil's motion to dismiss.  PwC Brazil's motion was granted with respect to the Section 10(b) claim, but denied with respect to the Section 11 claim.  By Order entered May 5, 2016, the District Court denied USS's request for leave to amend the FAC to assert a new Section 10(b) claim against PwC Brazil.

21.   On February 2, 2016, the District Court issued its Opinion and Order granting Plaintiffs' motion for class certification, appointment of class representatives, and appointment of class counsel ("Class Certification Order").  The District Court certified a Securities Act class and an Exchange Act class, appointed USS as Class Representative for the Exchange Act class, and appointed North Carolina and Hawaii as Class Representatives for the Securities Act class.  The District Court also appointed Pomerantz LLP as Class Counsel.

22.    On February 16, 2016, the Petrobras Defendants and the Underwriter Defendants requested leave to appeal the Class Certification Order to the United States Court of Appeals for the Second Circuit (the "Second Circuit").  On June 15, 2016, the Second Circuit granted the petition for leave to appeal the Class Certification Order pursuant to Fed. R. Civ. P. 23(f).

23.    On June 27, 2016 and June 29, 2016, the Petrobras Defendants and Plaintiffs each moved for partial summary judgment as to certain claims asserted by Plaintiffs and, on June 27, 2016, the Underwriter Defendants and certain of the Individual Defendants moved for summary judgment as to all claims asserted by the Plaintiffs.

24.    The District Court had set a trial date of September 19, 2016, but on June 28, 2016, before the motions for partial summary judgment were fully briefed, the Petrobras Defendants and Underwriter Defendants moved for a stay of the Action and all District Court proceedings consolidated with the Action until issuance of a mandate by the Second Circuit, pending consideration of Defendants' appeal of the Class Certification Order pursuant to Fed. R. Civ. P. 23(f), and on August 2, 2016, the Second Circuit granted that motion.

25.    On July 7, 2017, the Second Circuit entered an order, vacating the class certification order, and reversing in part and affirming in part, and remanding to the District Court for further proceedings.  Among other things, the Second Circuit vacated the District Court's Order granting class certification and rejected the argument that the class certification order defined classes that were not ascertainable and determined that the classes were ascertainable.  The Second Circuit remanded the case for the District Court to consider whether the proposed classes satisfied the predominance requirement.  Pursuant to Federal Rule of Appellate Procedure 41, the mandate was to issue in 21 days absent further order of the Second Circuit.

26.    On July 21, 2017, before the mandate was to issue, the Petrobras Defendants and the Underwriter Defendants filed a Petition for Panel Rehearing and Rehearing *En Banc*, staying issuance of the mandate, which the Second Circuit denied on August 24, 2017.  On August 30, 2017, within the period permitted by the Federal Rules of Appellate Procedure, the Petrobras Defendants and Underwriter Defendants filed an unopposed motion to stay the issuance of the Second Circuit's mandate pending the filing of a petition for a writ of certiorari to the United States Supreme Court.

27.    On November 1, 2017, the Petrobras Defendants and the Underwriter Defendants filed at the Supreme Court of the United States a petition for a writ of certiorari to review the decision of the Court of Appeals affirming, in part, the District Court's class certification order on issues (1) regarding the proof required to establish a presumption of reliance in securities fraud cases under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988) and *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014); and (2) the requirement that class membership be ascertainable through administratively feasible means under Rule 23 of the Federal Rules of Civil Procedure (the "Petition").  On November 3, 2017, the Second Circuit granted the motion for a stay of the issuance of its mandate pending the disposition of the Petition and stayed the issuance of the mandate.

28.    On November 14, 2017, Class Representatives, on behalf of the Settlement Class, filed a brief opposing the Petrobras Defendants' and the Underwriter Defendants' Petition, and on November 27, 2017, the Petrobras Defendants and the Underwriter Defendants filed a reply brief in further support of their Petition.  Five (5) *amici curiae* briefs were also filed with the Supreme

Court relating to the Petition.  On January 3, 2018, the Class Representatives, the Petrobras Defendants, and the Underwriter Defendants filed a joint motion to defer consideration of the petition, which the Supreme Court granted on January 16, 2018.

29.    The parties to the Action have engaged in comprehensive investigation and substantial domestic discovery relating to the claims and the underlying events and transactions alleged in the FAC, including but not limited to the production of more than 20 million documents, the vast majority in Portuguese, and other information from the parties to the Action and third parties; meeting and conferring on numerous occasions regarding substantive and procedural discovery issues; serving and responding to requests for answers to interrogatories, requests for admissions, and requests for production of documents; serving third-party subpoenas; and obtaining testimony from witnesses through more than 65 depositions of parties to the Action, third parties, and experts, many of which were taken in Portuguese and that required certified translators.

30.    The parties to the Action also engaged in substantial international discovery, including requests for documents and deposition testimony, issued pursuant to Request for Judicial Assistance under The Hague Convention on the Taking of Evidence in Civil or Commercial Matters ("Hague Convention") and the Inter-American Convention on the Taking of Evidence Abroad ("IAC").  In addition to discovery in the United States pursuant to the Federal Rules of Civil Procedure and Local Rules of the District Court, the parties to the Action engaged in discovery pursuant to either The Hague Convention or IAC in Brazil, United Kingdom, Netherlands, France, Italy, Switzerland, Monaco and South Korea.

31.    The parties to the Action also researched the applicable law with respect to the claims of Class Representatives and the other Settlement Class Members against the Defendants and the potential defenses thereto, including consulting extensively with experts in areas requiring specialized knowledge.  For example, they retained experts in the fields of financial accounting and economics, auditing standards, and the application of foreign law and administrative regulations, among others. Such experts assisted in analyzing complex accounting, auditing and disclosure issues, foreign law, and estimating potential damages.    Class Representatives designated six (6) experts and Defendants designated fifteen (15) experts, each of whom prepared and submitted substantial expert reports and were then examined in depositions.

32.    The parties to the Action also conducted extensive motion practice.  In addition to Defendants' several motions to dismiss the Action, described above, the parties to the Action also filed several procedural motions, including discovery motions, Class Representatives' class certification motion, and competing summary judgment motions that attached hundreds of exhibits.  Also, as described above, the parties to the Action engaged in extensive briefing with respect to certain Defendants' appeal at Court of Appeals, as well as certain Defendants' petition for certiorari to the United States Supreme Court.

33.    The parties to the Action also substantially prepared for the previously scheduled trial. At the time the Second Circuit stayed the case pending Defendants' appeal, the parties to the Action were less than forty-eight (48) days from trial, and were engaged in substantive and procedural pretrial preparations.  Beginning July, 2016, and with the assistance of jury consulting experts, graphic artists, and mock jurors selected in the New York region, Class Representatives conducted a multi-day mock trial, and at the time of the Settlement, had already begun preparations for a second mock trial.

34.    While the parties to the Action believe in the merits of their respective positions, and extensive motion practice and substantial preparation notwithstanding, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action.  Beginning in late 2015 and continuing from time to time thereafter, Lead Plaintiff, through Class Counsel and on behalf of the Settlement Class, has had settlement discussions and arm's-length negotiations with Petrobras Defendants' Counsel, with the assistance of a professional mediator, the Honorable Layn R. Phillips (Ret.), with a view to achieving the best relief possible consistent with the interests of the Settlement Class Members.  On multiple occasions, the Class Representatives, the Petrobras Defendants, and the Underwriter Defendants exchanged detailed mediation statements and exhibits that addressed the issues of both liability and damages, which were submitted to Judge Phillips in advance of mediation sessions.  In total, Class Counsel and the Petrobras Defendants met during five in-person mediation sessions from December 2015 through August 2016, during which Class Counsel made demands for settlement of the Action on behalf of the Settlement Class Members and counsel for the Petrobras Defendants made offers for settlement of the Action on behalf of the proposed classes.  In addition, all counsel engaged in extensive and arm's-length discussions and negotiations through written correspondence and by conference calls with the assistance of Judge Phillips during which the parties forcefully advocated for their respective positions and attempted to reach a settlement in the best interests of the Settlement Class Members and acceptable to the Petrobras Defendants.

35.    Following those mediation sessions and as a result of intensive and arms-length negotiations, Petrobras, PGF, and Plaintiffs entered into a memorandum of understanding on December 31, 2017 (the "Petrobras Term Sheet"), setting forth the terms of their agreement to settle the Action, subject to certain additional terms and conditions, including the execution of a customary "long-form" stipulation of settlement and related papers.

36.    Plaintiffs and PwC Brazil also engaged in an arm's-length process with Judge Phillips to reach a settlement of the case as to PwC Brazil.  They exchanged mediation statements and participated in a full day of mediation in July 2016.  Although the parties did not resolve the case during that session, they continued to work with Judge Phillips in the following weeks.  On August 2, 2016, Plaintiffs and PwC Brazil reached a settlement in principle for $50,000,000.00 that they reflected in a term sheet, subject to execution of a stipulation of settlement and related documents.

37.    The parties to the Action have since negotiated the Petrobras Stipulation and the PwC Stipulation and related papers and filed a motion for preliminary approval with the District Court on [DATE].

38.    In addition to the Action, more than 30 Individual Actions have been filed asserting substantially similar claims to those in the Action, including by plaintiffs in currently pending Individual Actions, who are Settlement Class Members.

39.    The plaintiffs in the Individual Actions, to the extent they remain pending, are part of the Settlement Class and will be entitled to participate in this Settlement and be bound by the terms of the Stipulations unless they opt-out pursuant to the terms of the Stipulations.

40.    Based upon their investigation and extensive negotiation and mediation efforts, Class Counsel and the Class Representatives have concluded that the terms and conditions of the Stipulations and the documents incorporated herein by reference are fair, reasonable and adequate to Class Representatives, the other Settlement Class Members, and the Settlement Class

as a whole, and in their best interests, and have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulations, after considering, among other things: (1) the significant risks and costs of continued litigation and trial; (2) the desirability of permitting the Settlements to be consummated as provided by the terms of the Stipulations; and (3) the substantial financial benefits that Class Representatives and the other Settlement Class Members will receive from under the proposed Settlements.

41.    The Petrobras Defendants, the Underwriter Defendants, and PwC Brazil have stated that they are entering into the Stipulations to eliminate the burden, risk, and expense of further protracted litigation and to obtain dismissal of the Action with prejudice and the release in the Stipulations.  Throughout the course of the Action, the Petrobras Defendants, the Underwriter Defendants, and PwC Brazil have denied and continue to deny liability and maintain that they have meritorious defenses, including that Petrobras was a victim of the scheme alleged by the Plaintiffs in the Action and that the Underwriter Defendants performed appropriate due diligence.  Nothing in the Stipulations shall be construed or deemed to be evidence of an admission or concession on the part of the Defendants or Released Parties with respect to any claim or any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that the Defendants or Released Parties have asserted or may assert. Likewise, nothing in the Stipulations shall be construed or deemed to be evidence of an admission or concession on the part of any Plaintiff or any Settlement Class Member of any infirmity in the claims asserted in the Action against any Defendant.

42.    On _____, 2018, the District Court preliminarily approved the Settlement, provisionally certified the Settlement Class (as defined below), authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## WHY IS THERE A SETTLEMENT?

43.    Even though Class Representatives and Class Counsel believe that the claims asserted against the Defendants have merit, the District Court has not decided in favor of the Class Representatives and the Settlement Class or Defendants.  Rather, Class Representatives and the Petrobras Defendants, the Underwriter Defendants, and PwC Brazil have chosen to enter into the Settlement.

44.    Class Representatives and Class Counsel believe that the Settlement is fair, reasonable, and adequate to Class Representatives and other Settlement Class Members; that it is in the Settlement Class Members' best interest; and that it provides the Settlement Class Members with a substantial benefit now, in lieu of engaging in years of further litigation against the Defendants – including summary judgment motions, a contested trial and likely appeals, and attempts to enforce any judgment – all with the possibility of no recovery at all.  Moreover, class certification continues to be hotly contested and may be subject to further appeals, which could further delay the Action for years into the future and could result in a significantly reduced number of Class Members who would be eligible for recovery.  By settling the Action at this point, Class Representatives are not admitting that the Action lacked merit, or that the Settlement Class's ultimate recovery would not have been greater than the Combined Settlement Amount.  Neither the Stipulations, nor any of their terms or provisions, nor any of the negotiations or proceedings

12

connected with them, shall be construed as an admission or concession by the Class Representatives or the Settlement Class Members that any of their claims are without any merit; that any defenses asserted by the Defendants in the Action have any merit; or that damages recoverable in the Action would not have exceeded the Settlement Fund or will not yet exceed it as the Action continues to be litigated against all other defendants.

45.    Throughout the course of the Action, the Defendants have denied and continue to deny liability and maintain that they have meritorious defenses, including that Petrobras was a victim of the scheme alleged by the Class Representatives in the Action and that the Underwriter Defendants performed appropriate due diligence.  Nonetheless, the Petrobras Defendants, the Underwriter Defendants, and PwC Brazil have determined that it is desirable that the Action fully and finally be settled in the manner and upon the terms and conditions set forth in the Stipulations in order to avoid the cost, burden, and risk of litigation in the United States.  The Petrobras Defendants and Underwriter Defendants, entered into the Petrobras Stipulation and PwC Brazil entered into the PwC Stipulation without any admission or concession of any liability or wrongdoing or lack of merit in the defenses asserted by or available to the Defendants and the other Released Parties.  The Settling Parties, including the Petrobras Defendants, the Underwriter Defendants, and PwC Brazil, agree that neither the Petrobras Stipulation nor the Supplemental Agreement, nor the Attorneys' Fees Letter, nor the PwC Stipulation, nor any addenda thereto, nor the fact nor any terms of the Settlement, nor any communication relating thereto, is evidence, or an admission or concession by any Settling Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding except as expressly set forth in the Stipulations.  The Settling Parties agree that the Settlement Class satisfies the provisions of Fed. R. Civ. P. 23(b)(3) for a settlement-only class certification, while each maintain their respective positions, (i) on behalf of Defendants that the predominance requirement would not be satisfied in a litigated class action and (ii) on behalf of Plaintiffs that all Rule 23 requirements including predominance would be satisfied in the context of a litigated class action.

46.    The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals.  A trial is a risky proposition.  The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony.  The Settling Parties disagree on both liability and damages, and do not agree on the average amount of damages per security, if any, that would be recoverable if Class Representatives were to have prevailed on each claim alleged against the Defendants.

---

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

---

47.    While there is risk to litigation in both directions, if there were no Settlement between the Settling Parties, and Class Representatives failed to establish any legal or factual element of their claims against the Defendants, neither Class Representatives nor the other Settlement Class Members would recover anything from the Defendants.  If Class Representatives failed to successfully certify a class under Federal Rule of Civil Procedure 23, then the case would not proceed as a class action and there would be no recovery of damages for the Settlement Class.  Also, if the Defendants were successful in proving any of their defenses, either at summary

judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or possibly nothing at all.

| WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
| --- |

48. Only for purposes of the Settlement, the District Court has preliminarily certified a Settlement Class for settlement purposes only that consists of:

(i) all Persons who, during the Class Period, purchased or otherwise acquired Petrobras Securities, including debt securities issued by PifCo and/or PGF, on the New York Stock Exchange or pursuant to other Covered Transactions (the "Exchange Act Class"); and

(ii) all Persons who purchased or otherwise acquired debt securities issued by Petrobras, PifCo, and/or PGF, in Covered Transactions, directly in, pursuant and/or traceable to a May 13, 2013 public offering registered in the United States and/or a March 10, 2014 public offering registered in the United States before Petrobras made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the offerings (August 11, 2014 in the case of the May 13, 2013 public offering and May 15, 2015 in the case of the March 10, 2014 public offering) (the "Securities Act Class") (together with the Exchange Act Class, the "Settlement Class"). A "Settlement Class Member" means a Person that is a member of the Settlement Class that did not exclude himself, herself, or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the Notice.

Excluded from both the Exchange Act Class and the Securities Act Class (and from the definition of Settlement Class Members) are Defendants, current or former officers and directors of Petrobras, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and any Persons who have been or subsequently are the subject of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, under the United States Code, arising out of or relating to conduct related to the allegations asserted in the Action. The foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall mean any investment company, pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member or in other similar capacity.

For purposes of the Settlement, "Covered Transaction" shall mean any transaction that satisfies any of the following criteria:

(i)     any transaction in a Petrobras Security listed for trading on the NYSE;

14

(ii)    any transaction in a Petrobras Security that cleared or settled through the Depository Trust Company's book-entry system; or

(iii)   any transaction in a Petrobras Security to which the United States securities laws apply, including as applicable pursuant to the Supreme Court's decision in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010).

A list of the Petrobras Securities that satisfy criteria (i) and (ii) is attached as Exhibit W.  A full list of Petrobras Securities that are eligible to satisfy criterion (iii) is attached as Exhibit X. Excluded from the definition of Covered Transaction are purchases of any Petrobras Security on the BOVESPA.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER, AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU MUST SUBMIT THE PROOF OF CLAIM THAT ACCOMPANIES THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION BY THE DATE SET FORTH THEREIN.**

## I AM STILL NOT SURE IF I AM INCLUDED

49.   If you are still not sure whether you are included, you can ask for free help.  You can contact the Settlement Administrator at the address detailed in ¶ 82 below.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

50.   If you are a Settlement Class Member, you will be bound by any orders issued by the District Court, including the Preliminary Approval Order.  Pursuant to the Preliminary Approval Order, pending final determination of whether the Settlements should be approved, Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, are enjoined from instituting, commencing or prosecuting any action that asserts any of the Settled Claims as respectively specified and described in the Petrobras Stipulation and the PwC Stipulation, against any of the Released Parties.

51.   If the Settlement is approved, the District Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date, Class Representatives and each of the other Settlement Class Members, on behalf of themselves, and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, partners, members, managers, owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees, custodians, devisees, legatees, estates, heirs, executors, and administrators, and any other Person(s) they represent or who claim through or on behalf of them, shall be deemed to have, by operation of law and of the Judgment, fully, finally, and forever settled and released any and all Settled Claims (as defined in ¶ 52 below) as to the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, and the other Released

Parties (as defined in ¶ 53 below), and shall be permanently and forever enjoined from instituting, commencing, asserting or prosecuting, in any capacity, any and all of the Settled Claims against the Petrobras Defendants, the Underwriter Defendants, or the Released Parties, and any and all of the Class Claims against PwC Brazil and the Released Parties, and shall be deemed to permanently covenant to refrain from instituting, commencing, asserting or prosecuting in any capacity, any and all of the Settled Claims or Class Claims against the Released Parties.

52.    "Settled Claims" shall mean any and all Claims, including without limitation Unknown Claims (as defined in ¶ (rrr) of the Petrobras Stipulation), (a) alleged or which could have been alleged by Class Representatives or Settlement Class Members in the Action, or (b) that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding, in connection with any of the Petrobras Securities, whether arising from federal, state, foreign, or common law, against Petrobras Defendants, the Underwriter Defendants, or against any other of the Released Parties, arising out of or relating in any manner to the Action or the allegations, claims, defenses, and counterclaims asserted in the Action, except for Claims to enforce the Settlement, whether arising under state, federal, or common law.  Settled Claims shall include claims against Defendants and Released Parties pursuant to the PSLRA for contribution/indemnity or claims that are otherwise dependent on liability in this Action and claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.[4]

53.    "Released Parties" means in any capacity, Defendants and each of their respective present and former parents, subsidiaries, divisions and affiliates; the present and former employees, shareholders, partners, officers and directors, of each of them; the present and former attorneys, accountants, auditors, underwriters, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them; and the predecessors, heirs, successors and assigns of each, all in their capacities as such, except that the Released Parties shall not include Non-Released Individual Defendants.  For the avoidance of doubt, with respect to PwC Brazil, "Released Parties" means "PwC Released Parties" as defined in the PwC Stipulation, and the release of PwC Brazil and its affiliates shall be subject to the terms of the PwC Stipulation;

54.    "Non-Released Individual Defendants" means Paulo Roberto Costa, Renato de Souza Duque, and any other individual who has been or subsequently is the subject of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, or under the United States Code, arising out of or relating to conduct related to the allegations asserted in the Action.

55.    "Unknown Claims" means any and all Claims which Class Representatives or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Defendant Claims which any Defendant or any other Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with

---

[4] With respect to PwC Brazil, "Settled Claims" has the meaning set forth in the PwC Stipulation, and "Released Parties" means "PwC Released Parties" as defined in the PwC Stipulation.

respect to the Settlement.  (*See* ¶ ___ of the Petrobras Stipulation and ¶ ___ of the PwC Brazil Stipulation for the full definition.)

56.    The Judgment will also provide that, upon the Effective Date of the Settlement, the Defendants on behalf of themselves, including all past and present individual partners and employees, their predecessors, successors and assigns, shall be deemed by the Settlement to, and shall release, waive, dismiss, and forever discharge the Defendant Claims against Class Representatives, Settlement Class Members, and their attorneys, agents, experts, and investigators, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims against any of such Persons.

57.    "Defendant Claims" means any and all counterclaims and bases for relief, including without limitation Unknown Claims (as defined in the Petrobras Stipulation), that the Defendants, (including all past and present individual partners and employees), their predecessors, successors and assigns could have raised in the Action against Class Representatives, Class Counsel, any other Class Representative's counsel, or any Settlement Class Member, that arise out of or relate to the institution, maintenance, prosecution, or settlement of the Action (other than claims to enforce the Settlement or the Judgment or under Fed. R. Civ. P. 60(b)(3)), including, but not limited to, claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

58.    The exclusion from the release of Non-Released Individual Defendants was at the request of the Petrobras Defendants who desired to preserve their rights to recover from the Non-Released Individual Defendants, whom they claimed acted without authority and against Petrobras's interests and injured Petrobras, for the harm that the Non-Released Individual Defendants caused to Petrobras.  Accordingly, in order to ensure that any recovery by a Settlement Class Member against a Non-Released Individual Defendant with respect to the Covered Transactions enures to the benefit of the Petrobras Defendants, to the extent Class Representatives obtain monetary recovery against or from the Non-Released Individual Defendants on behalf of the Settlement Class prior to the payment of the Combined Settlement Amount, the Combined Settlement Amount shall be reduced by any amounts received from the Non-Released Individual Defendants.  Any amounts recovered against or from the Non-Released Individual Defendants by Class Representatives or Settlement Class Members with respect to the Covered Transactions individually and not behalf of the Settlement Class, or after the payment of the Combined Settlement Amount and/or the entry of a Final Judgment, shall be paid to the Petrobras Defendants.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

59.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Proof of Claim that accompanies this Notice with adequate supporting documentation**.**

60.    As a Settlement Class Member, you are represented by Class Representatives and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice

of appearance on the attorneys listed in the section entitled "When and Where Will the District Court Decide Whether to Approve the Settlement?" below.

61.   If you wish to object to the Settlement or any of its terms or Class Counsel's application for attorneys' fees and reimbursement of litigation expenses or Class Representatives' application for a compensatory award, and if you did not exclude yourself from the Settlement Class (*see* ¶72 below), you may present your objections by following the instructions in the section entitled, "When and Where Will the District Court Decide Whether to Approve the Settlement?," below.  If you exclude yourself from the Settlement Class (*see* ¶**Error! Reference source not found.** above for more details), you are not entitled to submit an objection.

## HOW MUCH WILL MY PAYMENT BE?

62.   Your payment from the Net Settlement Fund will be your pro rata share of the Net Settlement Fund based on your Recognized Loss calculated according to the Plan of Allocation set forth below.  The Plan of Allocation is subject to change by order of the District Court, without additional notice to the Settlement Class.

63.   Neither the Petrobras Defendants nor any other person or entity that paid any portion of the Combined Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the District Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

64.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

65.   Unless the District Court otherwise orders, any Settlement Class Member who fails to submit a timely and valid Proof of Claim by _____will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms in the Stipulations and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for therein, and will be barred from bringing any action against the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, and all other Released Parties concerning the Settled Claims and the Class Claims, as the case may be.

66.   All proceedings with respect to the administration, processing, and determination of claims and all controversies related thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the District Court.

67.   Each Claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

68.   Only Settlement Class Members (as defined in ¶ 48 above) will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the

Settlement Class by definition or that submitted timely and valid requests for exclusion by [INSERT DATE] will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proofs of Claim.

---

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

69.   Class Counsel and other firms representing other plaintiffs in the Action have not received any payment for their services in pursuing claims against any of the Defendants, including the Settling Defendants, on behalf of the Settlement Class, nor have such counsel been reimbursed for their litigation expenses.  Class Counsel have, on a wholly contingent basis, among other things, investigated the underlying claims, worked with private investigators, translators, foreign counsel, and damages analysts, filed initial and several amended complaints, conducted discovery which involved analyzing millions of pages of documents and taking at least 65 depositions, litigated Defendants' appeal at the Court of Appeals, and reached the Settlement.

70.   Class Counsel believe their contemplated application for attorneys' fees not to exceed 9.5% of the Combined Settlement Amount, or two hundred and eight-five million dollars (US$285,000,000.00), and no more than eighteen million dollars (US$18,000,000.00) in reimbursement of expenses is warranted in light of their efforts and the complex nature of this case.  The District Court will take into consideration Class Counsel's application for attorneys' fees and reimbursement of expenses at the Settlement Hearing.  Moreover, the District Court will consider Class Representatives' application for a compensatory award not to exceed four hundred thousand dollars (US$400,000.00) at the Settlement Hearing.  At or after the Settlement Hearing, the District Court shall determine whether these applications should be approved.

71.   The District Court will determine the amount of any award of attorneys' fees or reimbursement of expenses.  Such sums as may be approved by the District Court will be paid from the Settlement Fund, including up to US$3,800,000 that the Settlement Administrator was permitted to use from the Settlement Fund for the reasonable costs of sending this Notice.  Settlement Class Members are not personally liable for any such fees or expenses.

---

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?  HOW DO I EXCLUDE MYSELF?

72.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such Person mails, by first class mail or (its equivalent outside the U.S.), or otherwise delivers aRequest for Exclusion form, addressed to PETROBRAS EXCLUSIONS, c/o GCG, P.O. Box 10280, Dublin, OH 43017.  The exclusion request must be received no later than [INSERT DATE—35 DAYS BEFORE HEARING].  Each request for exclusion must clearly indicate the name, address, telephone number, and email address of the Person seeking exclusion, must state that the Person requests to be excluded from the Settlement Class in the *In re Petrobras Securities Litigation*, Civil Case No. 14-cv-09662 (JSR), and must be signed by such Person. Any Person requesting exclusion is also directed to provide the following information:  (i) identity (including face value for debt securities) and quantity of the Petrobras Securities

purchased and sold during the Class Period, (ii) prices or other consideration paid or received for securities, and (iii) the date of each purchase or sale transaction.  A list of securities eligible to qualify as Petrobras Securities is attached as Exhibit X.  Requests for exclusion will not be valid if they do not include the information set forth above and they are not received within the time stated above, unless the District Court otherwise determines.

**BE CAREFUL!  IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT, YOU FORFEIT YOUR RIGHT TO SHARE IN THE NET SETTLEMENT FUND AND YOU MAY NOT BE ABLE TO BRING CERTAIN CLAIMS AGAINST THE PETROBRAS DEFENDANTS, THE UNDERWRITER DEFENDANTS, PWC BRAZIL, OR THE OTHER RELEASED PARTIES.**

73.   If you submit a timely and valid request for exclusion, you will not be bound by the Settlement, and you will not be eligible to receive any payment out of the Net Settlement Fund. You should note that pursuant to the recent U.S. Supreme Court decision in *California Public Employees Retirement System v. ANZ Securities, Inc.*, 137 S. Ct. 811 (2017), if you exclude yourself from the Settlement Class, certain claims you may have against Defendants relating to your purchases of Petrobras securities, including debt securities issued by PifCo and/or PGF, during the Class Period may be time-barred and you may be unable to recover on those claims. Before you decide to request exclusion from the Settlement Class, you are urged to consult your counsel, at your own expense, to fully evaluate your rights and the consequences of excluding yourself from the Settlement Class.

---

## HOW DO I TELL THE DISTRICT COURT THAT I DO NOT LIKE THE SETTLEMENT?

---

74.     If you are a Settlement Class Member (and do not file a timely and valid request for exclusion by [INSERT DATE—35 DAYS BEFORE SETTLEMENT HEARING]), you can object to the Settlement in writing, if you do not like any part of it, including the application for attorneys' fees and reimbursement of expenses, and Class Representatives' compensatory award, by serving an objection on the District Court, Class Counsel, the Petrobras Defendants, the Underwriter Defendants, and PwC Brazil at the addresses indicated below.  You can state the reasons why you think the District Court should not approve the Settlement or approve the request for attorneys' fees and expenses, and the District Court will consider your views.  To object, you must state that you object in *In re Petrobras Securities Litigation*, Case No. 14-cv-09662 (JSR) and include the following information: (a) your full name, address, and phone number; (b) a list and documentation of all of your transactions involving the Petrobras Securities included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or you received; (c) a written statement of all grounds for your objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which your objection is based; (e) a list of all persons who will be called to testify in support of your objection; (f) a statement of whether you intend to appear at the Settlement Hearing; (g) a list of other cases in which you or your counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) your

signature, even if represented by counsel.  If you object to the Settlement, the Plan of Allocation, to Class Counsel's application for an award of attorneys' fees and litigation expenses, and/or Class Representatives' application for a compensatory award, and want to present evidence at the Settlement Hearing, you  must include in your written objection the identity of any witnesses you intend to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  Be sure to include your name; address; telephone number; your signature; the precise dates, amounts, and prices of any transactions in the Petrobras Securities; and the reasons you object.  If you object to either the Settlement or the requested reimbursement of expenses, you subject yourself to the jurisdiction of the District Court in this matter and consent to being deposed in your district of residence and producing in advance of a deposition any responsive documents to a discovery request prior to the Settlement Hearing.  If you refuse to comply with the relevant discovery described above your objection will be deemed invalid.  Any written objection, together with copies of all other papers and briefs supporting the objection, must be mailed or delivered such that it is received by *each* of the following no later than _____, 2018. [35 calendar days prior to the Settlement Hearing].  The addresses of the Clerk's office for the United States District Court for the Southern District of New York, as well as of the attorneys representing Class Representatives and the Defendants, are indicated below:

| **<u>Clerk's Office</u>** | **<u>Class Counsel</u>** | **<u>Petrobras</u>**<br>**<u>Defendants' Counsel</u>** |
|---|---|---|
| **United States District Court for the Southern District of New York** | **Pomerantz LLP** | **Cleary Gottlieb Steen & Hamilton LLP** |
| 500 Pearl Street<br>New York, NY  10007 | Jeremy A. Lieberman, Esq.<br>600 Third Ave., 20th Floor<br>New York, NY  10016 | Lewis J. Liman, Esq.<br>Roger A. Cooper, Esq.<br>One Liberty Plaza<br>New York, NY  10006 |

| **<u>Underwriter</u>**<br>**<u>Defendants' Counsel</u>** | | **<u>PwC Brazil's Counsel</u>** |
|---|---|---|
| **Skadden, Arps, Slate, Meagher & Flom LLP** | | **King & Spalding LLP** |
| Jay B. Kasner, Esq.<br>Four Times Square<br>New York, NY  10036 | *All other:*<br>**Cleary Gottlieb Steen & Hamilton LLP**<br>Lewis J. Liman, Esq.<br>Roger A. Cooper, Esq.<br>(See above for address) | Michael R. Pauzé, Esq.<br>1700 Pennsylvania Ave. NW<br>Washington, DC 20502<br><br>-and-<br><br>**King & Spalding LLP**<br>James J. Capra, Jr., Esq.<br>1185 Avenue of the Americas<br>New York, NY 10036 |

---

**WHEN AND WHERE WILL THE DISTRICT COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE SETTLEMENT HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

75.  **Settlement Class Members do not need to attend the Settlement Hearing.  The District Court will consider any submission made in accordance with ¶75 above even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

76.  The Settlement Hearing will be held on _____, 2018 at __:__ _.m., before the Honorable Jed S. Rakoff at the United States District Court for the Southern District of New York, Daniel P. Moynihan United States Courthouse, Courtroom 14B, 500 Pearl Street, New York, NY 10007.  The District Court may approve the Settlement, Class Counsel's application for attorneys' fees and reimbursement of expenses, Class Representatives' request for a compensatory award and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

77.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the District Court orders otherwise.

78.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, Class Counsel's application for attorneys' fees and reimbursement of expenses or Class Representatives' request for a compensatory award, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel, Petrobras Defendants' Counsel, Underwriter Defendants' Counsel, and PwC Brazil's Counsel at the addresses set forth above so that it is received on or before _____, 2018 [35 calendar days prior to the Settlement Hearing].  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the District Court.

79.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the District Court and serve it on Class Counsel, Petrobras Defendants' Counsel, the Underwriter Defendants' Counsel, and PwC Brazil's Counsel at the addresses set forth above so that the notice is received on or before _____, 2018 [35 calendar days prior to the Settlement Hearing].

80.  The Settlement Hearing, or any adjournment or continuance thereof, may be adjourned or continued by the District Court without further written notice to the Settlement Class Members other than an announcement at the Settlement Hearing, or any adjournment or continuance thereof.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

81.  **Unless the District Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and**

**shall be forever foreclosed from making any objection to the proposed Settlement, Class Counsel's application for attorneys' fees and reimbursement of expenses, and Class Representatives' application for a compensatory award. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

---

## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

82.    This Notice contains only a summary of the terms of the proposed Settlements.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulations, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Additionally, copies of the Stipulations and any related orders entered by the District Court will be posted on the website maintained by the Settlement Administrator, *http://www.petrobrassecuritieslitigation.com.*

All inquiries concerning this Notice should be directed to:

*In re Petrobras Securities Litigation*
c/o The Garden City Group
P.O. Box 10280
Dublin, OH 43017
(800) 327-3664
and/or

Jeremy A. Lieberman, Esq.
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
(888) 476-6529
settlement@pomlaw.com

**DO NOT CALL OR WRITE THE DISTRICT COURT, THE OFFICE OF THE CLERK OF THE DISTRICT COURT, THE PETROBRAS DEFENDANTS, THE UNDERWRITER DEFENDANTS, PWC BRAZIL OR ANY OTHER DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

## Plan of Allocation

The objective of the Plan of Allocation (the "Plan") is to distribute the Net Settlement Fund equitably among Authorized Claimants based on the respective alleged economic losses such Authorized Claimants suffered with respect to the value of the Petrobras Securities. The Plan of Allocation determines which Settlement Class Members are entitled to a distribution from the Net Settlement Funds and their Recognized Losses, for purposes of calculating their recoveries. Authorized Claimants may not recover under this Plan for any losses caused by market-wide factors, industry-wide factors, or company-specific factors unrelated to the alleged wrongdoing.

The Settlement covers Persons (Settlement Class Members) who (i) during the time Period between January 22, 2010 and July 28, 2015, inclusive (the "Class Period"), purchased or otherwise acquired Petrobras Securities, including debt securities issued by PifCo and/or PGF, on the New York Stock Exchange or pursuant to other Covered Transactions; and/or (ii) purchased or otherwise acquired debt securities issued by Petrobras, PifCo, and/or PGF, in Covered Transactions, directly in, pursuant and/or traceable to a May 13, 2013 public offering registered in the United States and/or a March 10, 2014 public offering registered in the United States before Petrobras made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the offerings (August 11, 2014 in the case of the May 13, 2013 public offering and May 15, 2015 in the case of the March 10, 2014 public offering). Excluded from the Settlement Class (and the definition of Settlement Class Members) are Defendants, current or former officers and directors of Petrobras, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and any Persons

who have been or subsequently are the subject of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, or under the United States Code, arising out of or relating to conduct related to the allegations asserted in the Action.[5]

A "Covered Transaction" means any transaction that satisfies any of the following criteria: (i) any transaction in a Petrobras Security listed for trading on the New York Stock Exchange ("NYSE"); (ii) any transaction in a Petrobras Security that cleared or settled through the Depository Trust Company's book-entry system; or (iii) any transaction in a Petrobras Security to which the United States securities laws apply, including as applicable pursuant to the Supreme Court's decision in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010). A list of the Petrobras Securities that satisfy criteria (i) and (ii) is attached as Exhibit W. A full list of Petrobras Securities that are eligible to satisfy criterion (iii) is attached as Exhibit X. Excluded from the definition of Covered Transaction are purchases of any Petrobras Security on the BOVESPA.

The Claims Administrator shall be responsible for making administrative determinations, subject to review by the District Court, regarding whether claimants' transactions qualify for payments from the Net Settlement Fund pursuant to the terms of the Stipulation.

If the Settlement is approved, the District Court will enter the Judgment, which will dismiss with prejudice the claims against Defendants.

---

[5] The foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall mean any investment company, pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member or in other similar capacity.

The Judgment will also provide that, upon the Effective Date, Class Representatives and each of the other Settlement Class Members, on behalf of (i) themselves, (ii) their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, partners, members, managers, owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees, custodians, devisees, legatees, estates, heirs, executors, and administrators, and any other Person(s) they represent in connection with the Action or in connection with the purchase of Petrobras Securities during the Class Period, and (iii) any other Person(s) who claim through or on behalf of them, shall be deemed to have, by operation of law and of the Judgment, fully, finally, and forever settled and released any and all Settled Claims as to the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, and the other Released Parties, and shall be permanently and forever enjoined from instituting, commencing, asserting or prosecuting, in any capacity, any and all of the Settled Claims against the Defendants or the Released Parties, and shall be deemed to permanently covenant to refrain from instituting, commencing, asserting or prosecuting in any capacity, any and all of the Settled Claims against the Defendants or any of the Released Parties.

The "Settled Claims" shall mean any and all Claims, including without limitation Unknown Claims (as defined in ¶ (rrr) of the Petrobras Stipulation), (a) alleged or which could have been alleged by Class Representatives or Settlement Class Members in the Action, or (b) that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding, in connection with any of the Petrobras Securities, whether arising from federal, state, foreign, or common law, against the Petrobras Defendants, the Underwriter Defendants, or against any other of the Released Parties, arising out of or

relating in any manner to the Action or the allegations, claims, defenses, and counterclaims asserted in the Action, except for Claims to enforce the Settlement, whether arising under state, federal, or common law.[6]   Settled Claims shall include claims against Defendants and Released Parties pursuant to the PSLRA for contribution/indemnity or claims that are otherwise dependent on liability in this Action and claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

Calculations pursuant to this Plan of Allocation are generally based on the measures of damages set forth in:

i.    Section 11 of the Securities Act of 1933 ("Section 11," applicable to those USD Notes appearing in Table 1 and issued during the Class Period.); or

ii.   Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("Section 10b," applicable to all Petrobras Securities); or

### Recognized Loss and Recognized Claim

A "Recognized Loss" will be calculated as set forth below for each Petrobras Security purchased or otherwise acquired during the Class Period, and for which adequate documentation is provided.  The calculation of Recognized Loss will depend upon several factors, including when the shares and Notes were purchased or otherwise acquired during the Class Period, in what amounts, whether those securities were sold, and if sold, when they were sold, and for what amounts.

If any formula yields a gain instead of a loss on a transaction in a particular security under a particular statute, the Recognized Loss on that transaction is US$0.00.  In applying the formulas

---

[6] With respect to PwC Brazil, "Settled Claims" has the meaning set forth in the PwC Stipulation, and "Released Parties" means "PwC Released Parties" as defined in the PwC Stipulation.

below for calculation of loss or gain on a transaction in a Petrobras Security, a loss will appear as a positive number, and a gain will appear as a negative number.  An Authorized Claimant's total Recognized Loss on a Petrobras Security, total Recognized Loss on all Petrobras Securities, and Net Market Loss (defined below) also will appear as positive numbers under these formulas.  An Authorized Claimant's Net Market Gain (defined below) will appear as a negative number.

An Authorized Claimant's total Recognized Loss on all Petrobras Securities purchased/acquired in the Class Period, including an increment for Section 11 Notes (as calculated below), which total Recognized Loss may be constrained by the Authorized Claimant's Net Market Gain or Loss (as calculated below), is the Authorized Claimant's "Recognized Claim."

The Claims Administrator will determine each Authorized Claimant's pro rata share of the Net Settlement Fund based on each Authorized Claimant's Recognized Claim.  Formulas for calculating Recognized Loss, and for calculating Net Market Gain or Loss, are not intended to estimate the amount to be paid to Authorized Claimants from the Net Settlement Fund.  The lesser of each Authorized Claimant's total Recognized Loss on all eligible Petrobras Securities, or his/her/their Net Market Loss, both calculated under the formulas below, will be the Authorized Claimant's Recognized Claim."  If an Authorized Claimant's total Recognized Loss on all eligible Petrobras Securities is US$0.00, his/her/their Recognized Claim will be US$0.00.   If the Authorized Claimant has a Net Market Gain under the calculation below, his/her/their Recognized Claim will be US$0.00.  Recognized Claims are the bases on which the Net Settlement Fund will be allocated pro rata among all Authorized Claimants.  An Authorized Claimant's pro rata share of the Net Settlement Fund will be the amount of the Net Settlement Fund, multiplied by the ratio

of the amount of the Authorized Claimant's Recognized Claim to the amount of aggregate Recognized Claims of all Authorized Claimants.

The amount that an Authorized Claimant is entitled to recover from the Net Settlement Funds for a Petrobras Security will not exceed the actual amount of that Authorized Claimant's total Recognized Loss for that Petrobras Security.

### Artificial Price Inflation Under Section 10(b)

Calculation of the estimated alleged artificial inflation in the prices of Petrobras Securities during the Class Period is based on certain misrepresentations alleged by Class Representatives in the Complaint, and on the changes in price of the Petrobras Securities in reaction to public disclosures of the nature and scope of the alleged fraud.

1) <u>Common ADS and Preferred ADS</u>: October 16, 2014, is the first date in the Class Period on which prices of Common ADS and Preferred ADS declined due to a public disclosure correcting the alleged misrepresentations, thereby reducing price inflation due to the alleged fraud.  Dates of reduction in inflation of prices of Common ADS and Preferred ADS, caused by disclosures of the nature and scope of the alleged fraud, appear in Table 2 beginning with October 16, 2014.

   a) Common ADS and Preferred ADS purchased/acquired in the Class Period before October 16, 2014, must have been held at least through that date of price decline and resulting reduction of alleged price inflation for that ADS, to be eligible to recover under the Section 10(b) calculation of Recognized Loss in this Plan.[7]

---

[7] October 16, 2014, is the first date identified by Class Representatives' loss causation and damages expert, on which disclosure of the nature and/or scope of the alleged fraud caused a statistically significant decline in price of Common ADS and of Preferred ADS and a resulting reduction of price inflation.  Common ADS and Preferred ADS purchased/acquired prior to that date must have been held through that date to be eligible to recover under the Section 10(b)

b) Common ADS and Preferred ADS purchased/acquired on or after October 16, 2014, must have been held through at least one allegedly fraud-related price decline and resulting reduction in price inflation for that ADS after October 16, 2014, to be eligible to recover under the Section 10(b) calculation of Recognized Loss in this Plan.[8]

c) No recovery may be made under the Section 10(b) calculation of Recognized Loss in this Plan, on Common ADS or Preferred ADS purchased/acquired and sold in the Class Period before October 16, 2014.

d) No recovery may be made under the Section 10(b) calculation of Recognized Loss in this Plan, on Common ADS or Preferred ADS purchased/acquired and sold in the Class Period between dates of allegedly fraud-related price declines and resulting reduction in price inflation.

2) USD Notes: dates of initial and subsequent price declines and resulting reductions in alleged price inflation caused by disclosures about the alleged fraud, vary among

---

calculation of Recognized Loss in this Plan.  Not all Notes declined in price as a result of the allegedly fraud-related disclosures on October 16, 2014.  A particular Note purchased/acquired in the Class Period, must have been held through at least one date of price decline and resulting reduction in alleged price inflation due to a disclosure about the alleged fraud, to be eligible to recover under the Section 10(b) calculation in this Plan. Those dates are identified for each Note in Table 4.

[8] Those dates of allegedly fraud-related price decline of Common ADS and Preferred ADS and resulting decrease in price inflation are: October 16, 2014; November 14, 2014; November 17, 2014; December 1, 2014; December 15, 2014; January 2, 2015; January 5, 2015; January 23, 2015; January 28, 2015; January 30, 2015;; February 6, 2015; February 25, 2015; March 9, 2015; March 12, 2015, March 19, 2015; March 26, 2015; April 27, 2015; July 6, 2015; and July 20, 2015.  On two dates (February 3, 2015 and April 24, 2015) inflation per share increased for the Common ADS and Preferred ADS, as shown in Table 2.

individual USD Notes, as displayed in Table 4.  For purposes of this section, a USD Note means a Note listed in Exhibit W.[9]

   a)  A USD Note purchased/acquired in the Class Period must have been held through at least one date of allegedly fraud-related price decline and resulting reduction in price inflation for that USD Note, to be eligible to recover under the Section 10(b) calculation of Recognized Loss in this Plan.

   b)  No recovery may be made under the Section 10(b) calculation of Recognized Loss in this Plan, for a USD Note purchased/acquired and sold in the Class Period before the date of the initial reduction in price inflation for that USD Note due to a disclosure about the alleged fraud.

   c)  No recovery may be made under the Section 10(b) calculation of Recognized Loss in this Plan, on a USD Note purchased/acquired and sold in the Class Period between dates of reduction in alleged price inflation for that USD Note due to disclosures about the alleged fraud.

3)  Other Petrobras Securities:  to the extent feasible, estimated artificial inflation in the prices of securities in Exhibit X that are not also listed in Exhibit W (the "Other Petrobras Securities") will be calculated under the same approach discussed above with respect to the Common ADS, Preferred ADS, and USD Notes.

---

[9] Class Representatives' loss causation and damages expert has determined that the following four USD Notes identified in Exhibit W did not experience statistically significant price declines due to the disclosure of the nature and scope of the alleged fraud: 71645WAG6; 71645WAJ0; 71645WAV3; and 71647NAN9.  Accordingly, the Recognized Loss in such USD Notes is $0.00.

**Artificial Price Inflation in Petrobras Common ADS and Preferred ADS Under**

**Section 10(b)**

Class Representatives' loss causation and damages expert identified nineteen (19) dates during the Class Period on which prices of Common ADS and Preferred ADS underwent statistically significant price declines due to partial disclosure of the nature and scope of the alleged fraud, with resulting reduction in price inflation. Table 2 displays the amounts of inflation per share in the price of Common ADS, and the amounts of inflation per share in price of Preferred ADS, for all dates in the Class Period, assuming that Class Representatives would have adequately alleged and proved liability for that entire period.

**Calculation of Recognized Loss for Petrobras Common ADS Under Section 10(b)**

The Recognized Loss on a Common ADS will be calculated as follows. If application of any of the formulas below results in a negative number (i.e., a gain), the Recognized Loss on transactions in that share is US$0.00.

1) The Recognized Loss on a Common ADS purchased/acquired in the Class Period and sold in the Class Period prior to October 16, 2014, is US$0.00.

2) The Recognized Loss on a Common ADS purchased/acquired in the Class Period and sold in the Class Period on or after October 16, 2014, is the amount of price inflation at date of purchase/acquisition of that ADS appearing in Table 2, minus the amount of price inflation at date of sale of that ADS appearing in Table 2. To realize a Recognized Loss on a sale, the Common ADS must have been held through a date of allegedly fraud-related price decline and resulting reduction in price inflation for that ADS.

3) The Recognized Loss on a Common ADS purchased/acquired in the Class Period and held through the end of the Class Period, is constrained by the "90-day lookback" provision of

the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The Recognized Loss on a Common ADS purchased/acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period ("90-day lookback period") on October 26, 2015, is the lesser of:

    a)   price inflation at date of purchase/acquisition of that ADS (Table 2) and

    b)   the purchase/acquisition price paid for that ADS minus the US$5.28 average (mean) trading price of a Common ADS during the 90-day lookback period  (Table 3).

4)   The Recognized Loss on a Common ADS purchased/acquired during the Class Period and sold during the 90-day lookback period ending October 26, 2015, is the lesser of:

    a)   price inflation at date of purchase/acquisition of that ADS (Table 2), and

    b)   the purchase/acquisition price paid for that ADS minus the rolling average price of a Common ADS during the portion of the 90-day lookback period elapsed as of the date of sale (shown in Table 3).

For Authorized Claimants who made multiple purchases, acquisitions, or sales of Common ADS in the Class Period, the earliest subsequent sale shall be matched first against the Authorized Claimant's opening position as of the first day of the Class Period, and then matched chronologically thereafter against each purchase or acquisition made through the end of the Class Period.  No Recognized Loss will be calculated on sales of Common ADS purchased/acquired prior to the Class Period.

**Calculation of Recognized Loss for Petrobras Preferred ADS Under Section 10(b)**

The Recognized Loss on a Preferred ADS will be calculated as follows.  If application of any of the formulas below results in a negative number (i.e., a gain), the Recognized Loss is US$0.00.

1) The Recognized Loss on a Preferred ADS purchased/acquired in the Class Period and sold in the Class Period prior to October 16, 2014, is US$0.00.

2) The Recognized Loss on a Preferred ADS purchased/acquired in the Class Period and sold in the Class Period on or after October 16, 2014, is the amount of price inflation at date of purchase/acquisition of that ADS appearing in Table 2, less the amount of price inflation at date of sale of that ADS appearing in Table 2.  To realize a Recognized Loss on a sale, the Preferred ADS must have been held through a date of allegedly fraud-related price decline and resulting reduction in price inflation.

3) The Recognized Loss on transactions in Petrobras Preferred ADS in which the share was purchased/acquired in the Class Period and held through the end of the Class Period, is constrained by the "90-day lookback" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The Recognized Loss on a Preferred ADS purchased/acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period ("90-day lookback period") on October 26, 2015, is the lesser of :

a) price inflation at date of purchase/acquisition of that ADS (Table 2) and

b) the purchase price paid for that ADS minus the US$4.56  average price of a Preferred ADS during the 90-day lookback period (Table 3).

4) The Recognized Loss on a Preferred ADS purchased/acquired during the Class Period and sold during the 90-day lookback period is the lesser of:

a) price inflation at date of purchase/acquisition of that ADS (Table 2) and

b) purchase/acquisition price paid for that ADS and the rolling average (mean) price of a Preferred ADS during the portion of the 90-day lookback period elapsed as of the date of sale (Table 3).

For Authorized Claimants who made multiple purchases, acquisitions, or sales of Preferred ADS in the Class Period, the earliest subsequent sale shall be matched first against the Authorized Claimant's opening position as of the first day of the Class Period, and then matched chronologically thereafter against each purchase or acquisition made through the end of the Class Period.

**For Each USD Note Subject to Both Section 10(b) and Section 11, the Recognized Loss Will be the Maximum of:  the Recognized Loss Calculated Under Section 10(b) or the Recognized Loss Calculated Under Section 11, Plus a 25% Increment to That Maximum Amount**

The Petrobras Securities include 22 USD Notes that suffered Recognized Losses, of which 12 are subject to both Section 10(b) and Section 11 claims, and 10 are subject to Section 10(b) only (see Exhibit W for a list of USD Notes).[10]  In the view of Class Representatives and Class Counsel, liability under Section 11 would have been more easily proved at trial than liability under Section 10(b).  Therefore, the Recognized Loss on a USD Note

---

[10] Class Representatives' loss causation and damages expert has determined that the following four USD Notes identified in Exhibit W did not experience statistically significant price declines due to the disclosure of the nature and scope of the alleged fraud: 71645WAG6; 71645WAJ0; 71645WAV3; and 71647NAN9.  Accordingly, the Recognized Loss in such USD Notes is $0.00.

purchased/acquired in the Class Period, having Claims under both Section 11 and Section 10(b), will be the maximum of either the loss on transactions in this USD Note under Section 11 or the loss on transactions in this USD Note under Section 10(b), plus an increment of 25% of that maximum amount (i.e., the Recognized Loss will be that maximum amount multiplied by 1.25).

### Artificial Inflation in USD Notes Under Section 10(b)

Among the Petrobras Securities are 22 USD Notes that are subject to Section 10(b) and suffered Recognized Losses.  Class Representatives' loss causation and damages expert identified ten (10) dates during the Class Period on which prices of one or more of the USD Notes declined due to partial disclosure of the nature and scope of the alleged fraud, and as a result some of the alleged price inflation was eliminated as the truth emerged.[11]  Not all USD Notes suffered allegedly fraud-related price declines on all 10 dates.  Table 4 displays the amounts of inflation per USD Note in the price of each of the 22 USD Note issues that are subject to Section 10(b) and suffered Recognized Losses, for all dates in the Class Period, assuming that Class Representatives would have adequately alleged and proved liability for that entire period.  Each USD Note's price declines and resulting reductions in price inflation due to partial disclosure of the nature and scope of the alleged fraud, appear in Table 4.

### Calculation of Loss for USD Notes Under Section 10(b)

The Loss on a USD Note under Section 10(b) will be calculated as follows.  If application of any of the formulas below results in a negative number (i.e., a gain), the Loss is US$0.00.

---

[11] Those dates are: October 16, 2014, November 14, 2014, November 17, 2014, December 1, 2014, December 15, 2014, January 5, 2015, January 30, 2015, February 25, 2015, March 9, 2015, March 12, 2015.  See Table 4.

1) The Loss on a USD Note purchased/acquired in the Class Period and sold in the Class Period prior to the initial date of reduction in alleged price inflation in that USD Note (Table 4) is US$0.00.

2) The Recognized Loss on a USD Note purchased/acquired in the Class Period and sold in the Class Period on or after the initial date of a reduction in alleged price inflation in that USD Note (Table 4), is the amount of inflation at date of purchase/acquisition appearing in Table 4, less the amount of inflation at date of sale appearing in Table 4. To realize a Recognized Loss on a sale, the USD Note must have been held through a date of allegedly fraud-related price decline and resulting reduction in price inflation for that USD Note.

3) The Recognized Loss on a USD Note purchased/acquired in the Class Period and held through the end of the Class Period, is constrained by the "90-day lookback" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). There are limitations on the calculation of the Loss imposed by the PSLRA. The Recognized Loss on a USD Note purchased/acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period ("90-day lookback period") is the lesser of:

   a) price inflation in the USD Note at date of purchase/acquisition of that USD Note (Table 4), and

   b) the purchase/acquisition price paid for the USD Note minus the average (mean) price of the USD Note during the 90-day lookback period ended October 26,.2015 (Table 5).

4) The Recognized Loss on a USD Note purchased/acquired during the Class Period and sold during the 90-day lookback period ended October 26, 2015, is the lesser of:

a) price inflation in the USD Note at date of purchase/acquisition of that USD Note (Table 4), and

b) the purchase/acquisition price paid for the USD Note minus the rolling average price of the USD Note during the portion of the 90-day look back period elapsed as of the date of sale of that USD Note (Table 5).

5) The Recognized Loss on a USD Note held through redemption is US$0.00.

For Authorized Claimants who made multiple purchases, acquisitions, or sales of particular USD Notes in the Class Period, the earliest subsequent sale of a particular USD Note shall be matched first against the Authorized Claimant's opening position in that USD Note as of the first day of the Class Period, and then matched chronologically thereafter against each purchase or acquisition of that USD Note made through the end of the Class Period.

**Calculation of Recognized Loss for Petrobras Notes Under Section 11**

The 12 USD Notes subject to Section 11 that suffered Recognized Losses were purchased or otherwise acquired in Covered Transactions, directly in, pursuant and/or traceable to a May 13, 2013 public offering registered in the United States and/or a March 10, 2014 public offering registered in the United States before Petrobras made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the offerings (August 11, 2014 in the case of the May 13, 2013 public offering and May 15, 2015 in the case of the March 10, 2014 public offering). Persons who purchased/acquired any of these USD Notes are eligible to make a Claim under Section 11 of the Securities Act of 1933 (the "Securities Act"). The initial filing of a lawsuit under Section 11 in this matter was on December 24, 2014 (the "Suit Date").

The Recognized Loss on a Section 11 Note will be calculated as follows.  If application of any of the formulas below results in a negative number (i.e. a gain), the Loss is US$0.00.

1) For Settlement Class Members who sold a Section 11 Note prior to December 24, 2014 (the Suit Date), the Recognized Loss per Section 11 Note is the price paid for the Section 11 Note (not to exceed the Offering price) minus the price at which the Note was sold.

2) For Settlement Class Members who sold a Section 11 Note on or after December 24, 2014 (the Suit Date), the Recognized Loss per Section 11 Note is the price paid (not to exceed the Offering price), minus the greater of the price at which the Note was sold and the price of the Section 11 Note on the Suit Date.  Prices of the Section 11 Notes in their respective Offerings and on the Suit Date appear in Table 6.

3) For Settlement Class Members who retained the Note (*i.e.*, did not sell the Section 11 Note), the Recognized Loss per Section 11 Note is the price paid for the Section 11 Note (not to exceed the Offering price), minus the greater of the present value of the Note (which may be estimated to be the price of that Section 11 Note as of the date of Claim), and the price of the Note on the Suit Date.

4) The Recognized Loss on a USD Note held through redemption is US$0.00.

**Artificial Inflation for Other Petrobras Securities Calculated Under Sections 10(b)**

For purposes of the Plan of Allocation, the Recognized Loss for the Other Petrobras Securities, as defined above, including 12 Non-USD Notes, will be calculated in the same manner as damages for the Petrobras Securities under Section 10(b).  To the extent feasible, artificial inflation in the Other Petrobras Securities will also be calculated according to the same

39

methodology that Class Representatives' loss causation and damages expert used to calculate inflation in the Common ADS, Preferred ADS, and USD Notes.  To the extent feasible, for each Other Petrobras Security, the expert will calculate price inflation as well as declines and resulting reductions in price inflation due to partial disclosure of the nature and scope of the alleged fraud.

**Calculation of Loss for Other Petrobras Securities Calculated Under Sections 10(b)**

The Loss on Other Petrobras Securities under Section 10(b) will be calculated according to the same methodology as the Loss on common ADS, preferred ADS, and USD Notes is calculated, which will be based on the calculations of Class Representatives' loss causation and damages expert.  The Recognized Loss for Other Petrobras Securities will then be calculated according to the same methodology as the Recognized Loss is calculated for the common ADS, preferred ADS, and USD Notes.

**Additional Provisions of the Plan**

The Recognized Loss per security for "short sales" is US$0.00.  In the event that there is a short position in a Petrobras Security, the date of covering a "short sale" is deemed to be the date of purchase of the Petrobras Security.  The date of a "short sale" is deemed to be the date of sale of the Petrobras Security.  The earliest Class Period purchases will be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

If an Authorized Claimant acquired a Petrobras Security during the Class Period by means of gift, inheritance, or operation of law, the Recognized Loss for that acquisition will be calculated using the price of the Petrobras Security on the original date of its purchase, if original purchase was during the Class Period, and not the date of transfer, unless the transfer resulted in a taxable event or other change in the cost basis of the Petrobras Security. If any Petrobras Security originally was purchased before the Class Period, and there was no taxable event or change in cost

basis at time of transfer during the Class Period, the Authorized Claimant's Recognized Loss for that acquisition will be US$0.00.  If any Petrobras Security was originally purchased before the Class Period, then was acquired by an Authorized Claimant during the Class Period, resulting in a taxable event or other change in cost basis, the Authorized Claimant will be considered to have acquired the Petrobras Security at its closing market price on the day of acquisition, or lacking that, the nearest prior final trading price.

Excluded from recovery under this Plan of Allocation are Defendants, current or former officers and directors of Petrobras, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and any Persons who have been or subsequently are the subject of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, or under the United States Code, arising out of or relating to conduct related to the allegations asserted in the Action.  The foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall mean any investment company, pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member or in other similar capacity.

No distribution will be made to an Authorized Claimant who would otherwise receive a distribution of less than US$10.00.  In no event shall any Authorized Claimant receive a

distribution from the Net Settlement Fund that exceeds that Authorized Claimant's actual Recognized Claim.

In the event that the Net Settlement Fund is more than sufficient to pay 100% of all Recognized Claims under this Plan plus any reasonable fees and expenses awarded by the District Court, then such balance will be paid to an organization organized under Brazilian law selected by the Petrobras Defendants and approved by Class Counsel, whose mission is to fight corruption and improve corporate governance in Brazil.

## Recognized Claim

In determining an Authorized Claimant's Recognized Claim, an Authorized Claimant's Recognized Loss will be subject to a constraint imposed by the Authorized Claimant's Net Market Gain or Loss.  If the appropriate formula below results in a negative number (i.e., a gain), the Recognized Claim will be US$0.00.

An Authorized Claimant's Net Market Gain or Loss is calculated as:

1) the total amount paid for all Petrobras Securities purchased/acquired in the Class Period, minus

2) the total proceeds received from sales of the Petrobras Securities during the Class Period and 90-day lookback period, plus the holding values of Petrobras Securities held through the end of the 90-day lookback period on October 26, 2015, excluding any proceeds from securities purchased before the Class Period.

In this calculation, the holding value of a Petrobras Security still held at the end of the 90-day lookback period, will be its average (mean) trading price over the 90-day lookback period ending October 26, 2015.  The mean trading (closing) price of each Eligible Security over the 90-day lookback period appears in Table 3 (Common ADS and Preferred ADS) and Table 5 (Notes).

If an Authorized Claimant had a Net Market Loss on all Petrobras Securities purchased/acquired in the Class Period as calculated above, his/her/their Recognized Claim will be the lesser of:

1)   the sum of all the Authorized Claimant's Recognized Losses on Petrobras Securities purchased/acquired in the Class Period, or

2)   the Authorized Claimant's Net Market Loss on all Petrobras Securities purchased/acquired in the Class Period.

If an Authorized Claimant had a Net Market Gain on all Petrobras Securities purchased/acquired in the Class Period as calculated above, his/her/their Recognized Claim will be US$0.00.

### Court's Authority Over the Plan of Allocation

The District Court reserves jurisdiction to modify, amend, or alter the Plan of Allocation without further notice, or to allow, disallow, or adjust any Authorized Claimant's Recognized Claim to ensure a fair and equitable distribution of funds.

Payment pursuant to the Plan of Allocation will be conclusive for all Authorized Claimants.  Recognized Claims will be calculated as defined herein by the Settlement Administrator and cannot be less than zero.  No person will have any claim against the Lead Plaintiff or Class Representatives, Class Counsel, or any Claims Administrator or any person designated by Class Counsel to administer the Plan, or against the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, or any other Defendant or their counsel, based on distributions made substantially in accordance with this Plan of Allocation or further orders of the District Court.  All persons eligible to make a claim under this Plan, but who fail to complete and file a valid and timely Proof of Claim, will be barred from participating in distributions from the Net Settlement Fund unless otherwise ordered by the District Court.

# EXHIBIT W

**Exhibit W**

| Description | CUSIP or ISIN |
|---|---|
| Petrobras Common ADS (PBR) | |
| Petrobras Preferred ADS (PBR/A) | |
| 8.375% Global Notes due 2018 | 71645WAH4 |
| 6.125% Global Notes due 2016 | 71645WAL5 |
| 5.875% Global Notes due 2018 | 71645WAM3 |
| 7.875% Global Notes due 2019 | 71645WAN1 |
| 5.75% Global Notes due 2020 | 71645WAP6 |
| 6.875% Global Notes due 2040 | 71645WAQ4 |
| 3.875% Global Notes due 2016 | 71645WAT8 |
| 5.375% Global Notes due 2021 | 71645WAR2 |
| 6.750% Global Notes due 2041 | 71645WAS0 |
| 3.500% Global Notes due 2017 | 71645WAU5 |
| 2.875% Global Notes due 2015 | 71645WAV3 |
| 2.000% Global Notes due 2016 | 71647NAC3 |
| 3.000% Global Notes due 2019 | 71647NAB5 |
| 4.375% Global Notes due 2023 | 71647NAF6 |
| 5.625% Global Notes due 2043 | 71647NAA7 |
| 3M LIBOR + 1.620% Floating Rate Global Notes due 2016 | 71647NAD1 |
| 3M LIBOR + 2.140% Floating Rate Global Notes due 2019 | 71647NAE9 |
| 3.250% Global Notes due 2017 | 71647NAG4 |
| 4.875% Global Notes due 2020 | 71647NAH2 |
| 6.250% Global Notes due 2024 | 71647NAM1 |
| 7.250% Global Notes due 2044 | 71647NAK5 |
| 3M LIBOR + 2.360% Floating Rate Global Notes due 2017 | 71647NAJ8 |
| 3M LIBOR + 2.880% Floating Rate Global Notes due 2020 | 71647NAL3 |
| 6.850% Global Notes due 2115 | 71647NAN9 |
| 9.125% Global Notes due 2013 | 71645WAG6 |
| 7.75% Global Notes due 2014 | 71645WAJ0 |

# EXHIBIT X

**Exhibit X**

| Description | CUSIP or ISIN |
|---|---|
| Petrobras Common ADS (PBR) | |
| Petrobras Preferred ADS (PBR/A) | |
| 8.375% Global Notes due 2018 | 71645WAH4 |
| 6.125% Global Notes due 2016 | 71645WAL5 |
| 5.875% Global Notes due 2018 | 71645WAM3 |
| 7.875% Global Notes due 2019 | 71645WAN1 |
| 5.75% Global Notes due 2020 | 71645WAP6 |
| 6.875% Global Notes due 2040 | 71645WAQ4 |
| 3.875% Global Notes due 2016 | 71645WAT8 |
| 5.375% Global Notes due 2021 | 71645WAR2 |
| 6.750% Global Notes due 2041 | 71645WAS0 |
| 3.500% Global Notes due 2017 | 71645WAU5 |
| 2.875% Global Notes due 2015 | 71645WAV3 |
| 2.000% Global Notes due 2016 | 71647NAC3 |
| 3.000% Global Notes due 2019 | 71647NAB5 |
| 4.375% Global Notes due 2023 | 71647NAF6 |
| 5.625% Global Notes due 2043 | 71647NAA7 |
| 3M LIBOR + 1.620% Floating Rate Global Notes due 2016 | 71647NAD1 |
| 3M LIBOR + 2.140% Floating Rate Global Notes due 2019 | 71647NAE9 |
| 3.250% Global Notes due 2017 | 71647NAG4 |
| 4.875% Global Notes due 2020 | 71647NAH2 |
| 6.250% Global Notes due 2024 | 71647NAM1 |
| 7.250% Global Notes due 2044 | 71647NAK5 |
| 3M LIBOR + 2.360% Floating Rate Global Notes due 2017 | 71647NAJ8 |
| 3M LIBOR + 2.880% Floating Rate Global Notes due 2020 | 71647NAL3 |
| 6.850% Global Notes due 2115 | 71647NAN9 |
| 9.125% Global Notes due 2013 | 71645WAG6 |
| 7.75% Global Notes due 2014 | 71645WAJ0 |
| 9.75% Global Notes due 2011 | 71645WAB7 |
| 11% Global Notes due 2012 | BRPETRDBS019 |
| 10.3% Global Notes due 2010 | BRPETRDBS027 |
| 2.15% Global Notes due 2016 | JP90B000UCE1 |
| 4.875% Global Notes due 2018 | XS0716979249 |
| 5.875% Global Notes due 2022 | XS0716979595 |
| 6.25% Global Notes due 2026 | XS0718502007 |
| 3.25% Global Notes due 2019 | XS0835886598 |
| 4.25% Global Notes due 2023 | XS0835890350 |
| 5.375% Global Notes due 2029 | XS0835891838 |
| 2.75% Global Notes due 2018 | XS0982711631 |
| 3.75% Global Notes due 2021 | XS0982711987 |
| 4.75% Global Notes due 2025 | XS0982711714 |
| 6.625% Global Notes due 2034 | XS0982711474 |
| 6.83% Global Notes due 2020 | BRPETRDBS043 |

# EXHIBIT Y



**Must be Postmarked No Later Than [DATE]**

In re Petrobras Securities Litigation
c/o GCG
PO Box 10280
Dublin, OH 43017-5780
1-855-907-3218
www.PetrobrasSecuritiesLitigation.com

PTB



Claim Number:

Control Number:

# PROOF OF CLAIM AND RELEASE FORM

**TO FILE A CLAIM AND POTENTIALLY RECOVER UNDER THE SETTLEMENT OF THIS ACTION, YOU MUST SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM (THE "PROOF OF CLAIM"). HOWEVER, SUCH FILING IS NOT A GUARANTEE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT IN THE ACTION.**

**TABLE OF CONTENTS**     **PAGE NO.**

**PART I - CLAIMANT IDENTIFICATION** ................................................................................. 2

**PART II - GENERAL INSTRUCTIONS** ................................................................................. 3-4

**PART III - SCHEDULE OF TRANSACTIONS IN PETROBRAS COMMON ADS** ..................................... 5

**PART IV - SCHEDULE OF TRANSACTIONS IN PETROBRAS PREFERRED ADS** ............................... 6

**PART V - SCHEDULE OF TRANSACTIONS IN PETROBRAS NOTES** ............................................... 7-8

**PART VI - LIST OF ELIGIBLE PETROBRAS NOTES** ................................................................. 9

**PART VII - SUBMISSION TO JURISDICTION OF THE COURT** ............................................................10

**PART VIII - RELEASE** ................................................................................................ 10-11

**PART IX - CERTIFICATION** ........................................................................................ 11-12

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0



## PART I - CLAIMANT IDENTIFICATION

**Claimant or Representative Contact Information:**

The Settlement Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you <u>MUST</u> notify the Settlement Administrator in writing at the address above.

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Street Address:**

**City:**                                                                 **Last 4 digits of Claimant SSN/TIN:\***

**Account Number:**

**State:**          **Zip Code:**          **Country (if Other than U.S.):**

**Name of the Person you would like the Settlement Administrator to contact Regarding this Claim** (if different from the Claimant Name(s) listed above):

**Daytime Telephone Number:**                          **Evening Telephone Number:**

**Email Address**   (Email address is not required, but if you provide it you authorize the Settlement Administrator to use it in providing you with information relevant to this claim.)

**IF YOU FAIL TO SUBMIT A COMPLETE CLAIM BY [DATE] YOUR CLAIM IS SUBJECT TO REJECTION OR YOUR PAYMENT MAY BE DELAYED.**

**NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.PetrobrasSecuritiesLitigation.com or you may e-mail the Settlement Administrator's electronic filing department at eClaim@choosegcg.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Settlement Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@choosegcg.com to inquire about your file and confirm it was received and acceptable.

**To view Garden City Group, LLC's Privacy Notice, please visit http://www.choosegcg.com/privacy**

<sup>*</sup>The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II - GENERAL INSTRUCTIONS

1.        You are urged to read carefully the accompanying Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").  All capitalized terms used herein shall have the same meaning as defined in the Notice.

2.        To file a claim and potentially recover under the Settlement of this Action, you must submit this Proof of Claim. However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

3.        **You must mail your completed and signed Proof Of Claim postmarked on or before [Date], addressed to the Settlement Administrator at:**

*In re Petrobras Securities Litigation*
c/o GCG
PO Box 10280
Dublin, OH 43017-5780

4.        If you are **not** a member of the Settlement Class, **do not** submit a Proof of Claim.

5.        **If you need assistance filling out this Proof of Claim, please contact the Settlement Administrator.**

## INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Claim will be calculated.**

1.        In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have:

   i)     purchased or otherwise acquired the securities of Petróleo Brasileiro S.A. - Petrobras ("Petrobras"), including debt securities issued by Petrobras International Finance Company S.A. ("PifCo") and/or Petrobras Global Finance B.V. ("PGF") (collectively with Petrobras America Inc., the "Petrobras Defendants") on the New York Stock Exchange ("NYSE") or pursuant to other Covered Transactions during the period between January 22, 2010 and July 28, 2015, inclusive (the "Class Period"); and/or

   ii)    purchase or otherwise acquired debt securities issued by Petrobras, PifCo, and/or PGF, in Covered Transactions, directly in, pursuant to and/or traceable to a May 13, 2013 public offering registered in the United States and/or a March 10, 2014 public offering registered in the United States before Petrobras made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the offerings (August 11, 2014 in the case of the May 13, 2013 public offering and May 15, 2015 in the case of the March 10, 2014 public offering)

"Covered Transaction" means any transaction that satisfies any of the following criteria: (i) any transaction in a Petrobras Security listed for trading on the New York Stock Exchange ("NYSE"); (ii) any transaction in a Petrobras Security that cleared or settled through the Depository Trust Company's book-entry system; or (iii) any transaction in a Petrobras Security to which the United States securities laws apply, including as applicable pursuant to the Supreme Court's decision in Morrison v. National Australia Bank, 561 U.S. 247 (2010). Excluded from the definition of Covered Transaction are purchases of any Petrobras Security on the BOVESPA.

2.        Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement. Distribution of the Net Settlement Fund will be governed by the Plan of Allocation for the Settlement (as set forth in the Notice), if it is approved by the Court, or by such other plan(s) of allocation as the Court approves.

3.        Use Parts III through V of this Proof of Claim to supply all required details of your transaction(s) in the Petrobras

## PART II - GENERAL INSTRUCTIONS (CONTINUED)

securities covered by the Settlement (the "Petrobras Securities"). On the schedules provided, please provide all of the information requested below with respect to all of your holdings, purchases, other acquisitions and sales of the Petrobras Securities, whether such transactions resulted in a profit or a loss. Failure to report all transactions during the requested periods may result in the rejection of your claim.

4.      You are required to submit genuine and sufficient documentation for all your transaction(s) in and holdings of the Petrobras Securities set forth in the Schedules of Transactions in Parts III through V of this Proof of Claim. Documentation may consist of copies of brokerage confirmations or monthly statements. The Settling Parties and the Settlement Administrator do not independently have information about your investments in Petrobras Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR COULD RESULT IN REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator.

5.      Separate Proofs of Claim should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

6.      All joint beneficial owners must each sign this Proof of Claim. If you purchased or acquired Petrobras Securities in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or acquired Petrobras Securities and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.

7.      Agents, executors, administrators, guardians, and trustees must complete and sign the Proof of Claim on behalf of persons represented by them, and they must:

        (a) expressly state the capacity in which they are acting;

        (b) identify the name, account number, last 4 digits of the Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Petrobras Securities; and

        (c) furnish herewith evidence of their authority to bind the person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

8.      By submitting a signed Proof of Claim, you will be swearing that you:

        (a) own(ed) the Petrobras Securities you have listed in the Proof of Claim; or

        (b) are expressly authorized to act on behalf of the owner thereof.

9.      By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

10.     If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Settlement Administrator, GCG, at the above address or by toll-free phone at 1-855-907-3218, or you may download the documents from www.PetrobrasSecuritiesLitigation.com.



## PART III - SCHEDULE OF TRANSACTIONS IN PETROBRAS COMMON ADS

Failure to provide proof of all beginning holdings, purchases or acquisitions, sales, and ending holdings information for Petrobras Common ADS (Ticker: PBR) as requested below will impede proper processing of your claim and may result in the rejection of your claim. Please include proper documentation with your Proof of Claim.

**A.** **BEGINNING HOLDINGS:** State the total number of Petrobras Common ADS that were purchased/acquired and were held at the close of trading on **January 21, 2010**, long or short *(if none, enter "0"; if other than zero, must be documented):*

Common ADS

**B.** **PURCHASES\ACQUISITIONS:** Separately list each and every **purchase** of Petrobras Common ADS that were purchased during the period between **January 22, 2010** and **July 28, 2015**, inclusive, and provide the following information *(must be documented):*

| Purchase Date *(list chronologically)* Month/Day/Year | Number of ADS Purchased/Acquired | Purchase Price Per ADS *(excluding commissions, taxes, and fees)* | Total Purchase/Acquisition Price *(excluding commissions, taxes, and fees)* |
| --- | --- | --- | --- |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**C.** **PURCHASES\ACQUISITIONS:** Number of Petrobras Common ADS purchased during the period between **July 29, 2015** and **October 26, 2015**, inclusive. *(if none, enter "0"; if other than zero, must be documented):*

Common ADS

**D.** **SALES**: Separately list each and every **sale** of Petrobras Common ADS that were sold during the period between **January 22, 2010** and **October 26, 2015**, inclusive, and provide the following information *(must be documented):*

| Sale Date *(list chronologically)* Month/Day/Year | Number of ADS Sold | Sale Price Per ADS *(excluding commissions, taxes, and fees)* | Total Sale Price *(excluding commissions, taxes, and fees)* |
| --- | --- | --- | --- |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**E.** **ENDING HOLDINGS:** State the total number of Petrobras Common ADS that were purchased/acquired and were held at the close of trading on, **October 26, 2015**, long or short *(if none, enter "0"; if other than zero, must be documented):*

Common ADS

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST
PHOTOCOPY THIS PAGE AND CHECK THIS BOX
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED



6

## PART IV - SCHEDULE OF TRANSACTIONS IN PETROBRAS PREFERRED ADS

Failure to provide proof of all beginning holdings, purchases or acquisitions, sales, and ending holdings information for Petrobras Preferred ADS (Ticker: PBR/A) as requested below will impede proper processing of your claim and may result in the rejection of your claim. Please include proper documentation with your Proof of Claim.

**A.   BEGINNING HOLDINGS:** State the total number of Petrobras Preferred ADS that were purchased/acquired and were held at the close of trading on *January 21, 2010*, long or short *(if none, enter "0"; if other than zero, must be documented)*:

Preferred ADS

**B.   PURCHASES\ACQUISITIONS:** Separately list each and every **purchase** of Petrobras Preferred ADS that were purchased during the period between **January 22, 2010** and **July 28, 2015**, inclusive, and provide the following information *(must be documented)*:

| Purchase Date (list chronologically) Month/Day/Year | Number of ADS Purchased/Acquired | Purchase Price Per ADS (excluding commissions, taxes, and fees) | Total Purchase/Acquisition Price (excluding commissions, taxes, and fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**C.   PURCHASES\ACQUISITIONS:** Number of Petrobras Preferred ADS purchased during the period between **July 29, 2015** and **October 26, 2015**, inclusive. *(if none, enter "0"; if other than zero, must be documented)*:

Preferred ADS

**D.   SALES:** Separately list each and every **sale** of Petrobras Preferred ADS that were sold during the period between **January 22, 2010** and **October 26, 2015**, inclusive, and provide the following information *(must be documented)*:

| Sale Date (list chronologically) Month/Day/Year | Number of ADS Sold | Sale Price Per ADS (excluding commissions, taxes, and fees) | Total Sale Price (excluding commissions, taxes, and fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**E.   ENDING HOLDINGS:** State the total number of Petrobras Preferred ADS that were purchased/acquired and were held at the close of trading on, **October 26, 2015**, long or short *(if none, enter "0"; if other than zero, must be documented)*:

Preferred ADS

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX

IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED

7

## PART V - SCHEDULE OF TRANSACTIONS IN PETROBRAS NOTES

Complete Part V if and only if you purchased or acquired any of the eligible Petrobras Notes listed on Page 9, during the period from the initial public offering through and including close of trading on October 26, 2015.

**A.   BEGINNING HOLDINGS:** State the total face value of Petrobras Notes that were held as of the close of trading on **January 21, 2010** If none, write "zero" or "0". *(must be documented.)*

| Insert Petrobras Code Indicated on Page 9 | Total Face Value | Insert Petrobras Code Indicated on Page 9 | Total Face Value |
| --- | --- | --- | --- |
| | | | |

**B.   PURCHASES/ACQUISITIONS:** Separately list each and every **purchase** of Petrobras Notes **listed on Page 9 during the period between January 22, 2010 and July 28, 2015,** inclusive *(must be documented)*:

| Insert Petrobras Code Indicated on Page 9 | Date of Purchase *(list chronologically)* Month/Day/Year | Face Value of Notes Purchased/Acquired | Purchase/Acquisition Price Per $1,000 Face Value | Total Purchase/Acquisition Price *(excluding commissions, taxes, and fees)* |
| --- | --- | --- | --- | --- |
| | / / | | | |
| | / / | | | |
| | / / | | | |
| | / / | | | |

**C.   PURCHASES/ACQUISITIONS:** State the total face value of Petrobras Notes purchased during the period between **July 29, 2015** and **October 26, 2015,** inclusive. *(if none, enter "0"; if other than zero, must be documented)*:

| Insert Petrobras Code Indicated on Page 9 | Total Face Value | Insert Petrobras Code Indicated on Page 9 | Total Face Value |
| --- | --- | --- | --- |
| | | | |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐   IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED



PART V - SCHEDULE OF TRANSACTIONS IN PETROBRAS NOTES (CONTINUED)

8

**D.**   **SALES:** Below please list (in chronological order) all sales of Notes **listed on Page 9 during the period between July 29, 2015 and October 26, 2015,** inclusive *(must be documented):*

| Insert Petrobras Code Indicated on Page 9 | Date of Sale *(list chronologically)* Month/Day/Year | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price *(excluding commissions, taxes, and fees)* |
|---|---|---|---|---|
| | / | | | |
| | / | | | |
| | / | | | |
| | / | | | |
| | / | | | |
| | / | | | |
| | / | | | |
| | / | | | |

**E.**   **ENDING HOLDINGS:** State the total face value of Notes that were held as of the close of trading on **October 26, 2015.** If none, write "zero" or "0". *(must be documented.)*

| Insert Petrobras Code Indicated on Page 9 | Total Face Value | Insert Petrobras Code Indicated on Page 9 | Total Face Value |
|---|---|---|---|
| | | | |
| | | | |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

## PART VI - LIST OF ELIGIBLE PETROBRAS NOTES

| Petrobras Code | Description | CUSIP / ISIN |
|---|---|---|
| NAA | 5.625% Global Notes due 2043 | 71647NAA7 |
| NAB | 3.000% Global Notes due 2019 | 71647NAB5 |
| NAC | 2.000% Global Notes due 2016 | 71647NAC3 |
| NAD | 3M LIBOR + 1.620% Floating Rate Global Notes due 2016 | 71647NAD1 |
| NAE | 3M LIBOR + 2.140% Floating Rate Global Notes due 2019 | 71647NAE9 |
| NAF | 4.375% Global Notes due 2023 | 71647NAF6 |
| NAG | 3.250% Global Notes due 2017 | 71647NAG4 |
| NAH | 4.875% Global Notes due 2020 | 71647NAH2 |
| NAJ | 3M LIBOR + 2.360% Floating Rate Global Notes due 2017 | 71647NAJ8 |
| NAK | 7.250% Global Notes due 2044 | 71647NAK5 |
| NAL | 3M LIBOR + 2.880% Floating Rate Global Notes due 2020 | 71647NAL3 |
| NAM | 6.250% Global Notes due 2024 | 71647NAM1 |
| NAN | 6.850% Global Notes due 2115 | 71647NAN9 |
| WAB | 9.75% Global Notes due 2011 | 71645WAB7 |
| WAG | 9.125% Global Notes due 2013 | 71645WAG6 |
| WAH | 8.375% Global Notes due 2018 | 71645WAH4 |
| WAJ | 7.75% Global Notes due 2014 | 71645WAJ0 |
| WAL | 6.125% Global Notes due 2016 | 71645WAL5 |
| WAM | 5.875% Global Notes due 2018 | 71645WAM3 |
| WAN | 7.875% Global Notes due 2019 | 71645WAN1 |
| WAP | 5.75% Global Notes due 2020 | 71645WAP6 |
| WAQ | 6.875% Global Notes due 2040 | 71645WAQ4 |
| WAR | 5.375% Global Notes due 2021 | 71645WAR2 |
| WAS | 6.750% Global Notes due 2041 | 71645WAS0 |
| WAT | 3.875% Global Notes due 2016 | 71645WAT8 |
| WAU | 3.500% Global Notes due 2017 | 71645WAU5 |
| WAV | 2.875% Global Notes due 2015 | 71645WAV3 |
| P01 | 11% Global Notes due 2012 | BRPETRDBS019 |
| P02 | 10.3% Global Notes due 2010 | BRPETRDBS027 |
| P03 | 6.83% Global Notes due 2020 | BRPETRDBS043 |
| P04 | 2.15% Global Notes due 2016 | JP90B000UCE1 |
| P05 | 4.875% Global Notes due 2018 | XS0716979249 |
| P06 | 5.875% Global Notes due 2022 | XS0716979595 |
| P07 | 6.25% Global Notes due 2026 | XS0718502007 |
| P08 | 3.25% Global Notes due 2019 | XS0835886598 |
| P09 | 4.25% Global Notes due 2023 | XS0835890350 |
| P10 | 5.375% Global Notes due 2029 | XS0835891838 |
| P11 | 6.625% Global Notes due 2034 | XS0982711474 |
| P12 | 2.75% Global Notes due 2018 | XS0982711631 |
| P13 | 4.75% Global Notes due 2025 | XS0982711714 |
| P14 | 3.75% Global Notes due 2021 | XS0982711987 |

## PART VII - SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement and Release entered into among the Class Representatives, the Petrobras Defendants and the Underwriter Defendants dated January __, 2018 and the Stipulation and Agreement of Settlement entered into among the Class Representatives and PwC Brazil as of November 30, 2017, as amended (collectively, the "Stipulations"), which were approved by the Court in the order and judgment dated _____. I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim, my/our status or the status of the Settlement Class Member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

## PART VIII - RELEASE

By signing this Proof of Claim, and in consideration of the establishment of the Settlement Consideration, as of the effective date thereof, the undersigned claimant ("Claimant"), on behalf of (i) Claimant, and (ii) Claimant's predecessors, successors, assigns, parents, subsidiaries and other affiliates, officers, directors, employees, partners, members, managers, owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees, custodians, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, any Person(s) they represent in connection with the Action or in connection with the purchase or sale of any Petrobras Securities during the Class Period, and (iii) any Person(s) who claims through or on behalf of them, hereby releases and forever discharges in any capacity, Defendants and each of their respective present and former parents, subsidiaries, divisions, affiliates, member and network firms; the present and former employees, shareholders, partners, officers and directors, of each of them; the present and former attorneys, accountants, auditors, underwriters, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them; and the predecessors, heirs, successors and assigns of each, all in their capacities as such (the "Released Parties"), except that the Released Parties shall not include Non-Released Individual Defendants, from any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, breach of any contract, negligence, fraudulent conveyance, avoidance, violations of the federal securities laws, or otherwise, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity (a) alleged or which could have been alleged by Class Representatives or Settlement Class Members in the Action, or (b) that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding, in connection with any of the Petrobras Securities, whether arising from federal, state, foreign, or common law, against the Petrobras Defendants, the Underwriter Defendants, or against any other of the Released Parties, arising out of or relating in any manner to the Action or the allegations, claims, defenses, and counterclaims asserted in the Action, except for Claims to enforce the Settlement, whether arising under state, federal, or common law (the "Settled Claims"). Settled Claims shall include claims against Defendants and Released Parties pursuant to the PSLRA for contribution/indemnity or claims that are otherwise dependent on liability in this Action and claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

It is understood that Settled Claims include the release of Unknown Claims, which means all Claims which Class Representatives or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.

Class Representatives and Settlement Class Members, or any of them, may hereafter discover facts in addition to or different from those that he, or she or it now knows or believes to be true with respect to the subject matter of the Settled Claims (including Unknown Claims), but the Class Representatives shall expressly fully, finally and forever discharge, settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment shall have, expressly fully, finally, and forever discharged, settled and released any and all Claims against the Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any fiduciary, contractual, or other duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Class Representatives



## PART VIII - RELEASE (CONTINUED)

acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

The releases set forth in the Stipulations shall cover all claims both known and unknown, in the form mutually agreed upon by all Parties to the Stipulations.

## PART IX - CERTIFICATION

By signing and submitting this Proof of Claim, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

1.      that I (we) have read the Notice, the Plan of Allocation and the Proof of Claim, including the releases provided for in the Settlement;

2.      that the Claimant(s) is (are) members of the Settlement Class, as defined in the Notice, and is (are) not one of the individuals or entities excluded from the Settlement Class, as set forth in the Notice;

3.      that the Claimant(s) has (have) not submitted a request for exclusion from the Settlement Class in this Notice;

4.      that the Claimant(s) owns(ed) the Petrobras Securities identified in the Proof of Claim and have not assigned the claim against the Released Parties, as applicable, to another, or that, in signing and submitting this Proof of Claim, the Claimant(s) has (have) the authority to act on behalf of the owner(s) thereof;

5.      that the Claimant(s) has (have) not submitted any other claim covering the same purchases, acquisitions, sales, or holdings of Petrobras Securities and knows of no other person having done so on his/her/its/their behalf;

6.      that the Claimant(s) submits (submit) to the jurisdiction of the Court with respect to his/her/its/their claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Proof of Claim as the Settlement Administrator or the Court may require;

8.      that the Claimant(s) waives (waive) the right to trial by jury, to the extent it exists, and agrees (agree) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim;

9.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the Claimant(s) is (are) exempt from backup withholding; or (ii) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends; or (iii) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claimant(s) is (are) not subject to backup withholding in the certification above.



## PART IX - CERTIFICATION (CONTINUED)

I/We declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the last 4 digits of the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was

Executed this _____ day of _____ in _____.
                              (Month) (Year)                       (City, State, Country)

_____     _____
Signature of Claimant                                                                   Date

_____
Print Name of Claimant

_____     _____
Signature of Joint Claimant, if any                                              Date

_____
Print Name of Joint Claimant, if any

**If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:**

_____     _____
Signature of Person signing on behalf of Claimant                    Date

_____     _____
Capacity of person signing on behalf of Claimant, if other than an     Print Name of Person signing on behalf of Claimant
individual, (Executor, President, Custodian, etc.)

THIS PROOF OF CLAIM MUST BE MAILED TO THE SETTLEMENT ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED NO LATER THAN [DATE]**, ADDRESSED AS FOLLOWS:

**In re Petrobras Securities Litigation**
**c/o GCG**
**PO Box 10280**
**Dublin, OH 43017-5780**

A Proof of Claim received by the Settlement Administrator shall be deemed to have been submitted when posted, if mailed by [Date] and if a postmark is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Proofs of Claim. Please notify the Settlement Administrator of any change of address.

| REMINDER CHECKLIST |
|---|

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

1.  Please sign the release and certification on the enclosed Proof of Claim. If this Proof of Claim is being made on behalf of joint Claimants, then both must sign.

2.  Remember to attach supporting documentation (supporting documents include trade confirmation, official monthly, quarterly or annual brokerage statements).

3.  **Please do not highlight any portion of the Proof of Claim or any supporting documents.**

4.  Do not submit original documentation. These items cannot be returned to you by the Settlement Administrator.

5.  Keep a copy of your completed Proof of Claim and all documentation submitted for your records.

6.  The Settlement Administrator will acknowledge receipt of your Proof of Claim by mail within 60 days. **Your claim is not deemed filed until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Settlement Administrator toll free at **1-855-907-3218**.

7.  If your address changes in the future, or if the Proof of Claim was sent to an old or incorrect address, please send the Settlement Administrator written notification of your new address; otherwise, any funds allocated to your claim are subject to forfeiture. If you change your name, please inform the Settlement Administrator.

8.  If you have any questions or concerns regarding your Proof of Claim, please contact the Settlement Administrator at the address listed below or at **1-855-907-3218**, or visit **www.PetrobrasSecuritiesLitigation.com.**

THIS PROOF OF CLAIM MUST BE POSTMARKED ON OR BEFORE
**[DATE]** AND MUST BE MAILED TO:

**In re Petrobras Securities Litigation**
**c/o GCG**
**PO Box 10280**
**Dublin, OH 43017-5780**

# EXHIBIT Z

**EXHIBIT Z TO NOTICE**

## <u>REQUEST FOR EXCLUSION</u>

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re Petrobras Securities Litigation*, No. 14-cv-9662 (JSR)

**If you do not want to remain in the Settlement Class and participate in the Settlements**, you must "opt out" of the Settlement Class by returning this Request for Exclusion form. If you choose to opt out: (a) you will have no right to receive any money under the Settlements, but you will retain the right to sue the Defendants and other Released Parties; (b) you will not be bound by the Settlements; (c) you will have no right to object to the Settlements and/or be heard at the final approval hearing; and (d) your ability to bring an individual lawsuit against the Released Parties might be compromised by the lapsing of applicable statutes of repose. To opt out, you must complete, sign and mail this Request for Exclusion by first-class mail, postage paid, postmarked **no later than** _____, 2018 to the address below:

*In re Petrobras Securities Litigation*
**c/o Garden City Group**
**Attn: EXCLUSION DEPT.**
**P.O. Box 10280**
**Dublin, OH 43017-5780**

Name (First, Middle, Last):_____

Street Address:_____

City, State, Country, Zip Code:_____

Telephone Number:_____
E-mail: _____

Please list **ALL** Petrobras Securities purchased or sold in any country and in any currency during the Class Period. **You will not be excluded from the Settlement Class if you do not list all the Petrobras Securities you purchased and/or sold.** You may list additional Petrobras Securities on the second page of this form. The Claims Administrator retains the right to require verification of your listed purchases and/or sales by requiring documentary evidence of these transactions.

| Date of Purchase/Sale | Name of Petrobras Security | Type of Petrobras Security | Price Paid/Received | Quantity |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## <u>OPT-OUT SIGNATURE</u>

I [insert your name] _____ wish to be excluded from the Settlement Class in *In re Petrobras Securities Litigation*, No. 14-cv-9662 (JSR) (S.D.N.Y.). By signing and submitting this Request for Exclusion, I voluntarily choose to "opt out" of the proposed

Settlement Class.  I understand that by opting out, I will have no right to receive any money under the Settlements, and I will have no right to object to the Settlements.  I also understand that if I wish to assert any claims related to those set forth in this lawsuit, I will have to do so separately at my own expense.

_____          _____
Signature                                                            Date

(Continued) Please list **ALL** Petrobras Securities purchased or sold in any country and in any currency during the Class Period.  **You will not be excluded from the Settlement Class if you do not list all the Petrobras Securities you purchased and/or sold.**

| Date of Purchase/Sale | Name of Petrobras Security | Type of Petrobras Security | Price Paid/Received | Quantity |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

TABLES

## Petrobras Plan of Allocation
### Table 1: List of Eligible Securities by Claim
Source: FINRA, Bloomberg

| Stock | Ticker | Claim Section 10(b) | Section 11 |
|---|---|---|---|
| Petrobras Common ADS | PBR | X | |
| Petrobras Preferred ADS | PBR/A | X | |

| Petrobras Note | CUSIP | Total Face Value | Offering Date | Maturity Date | Coupon Rate | Section 10(b) | Section 11 |
|---|---|---|---|---|---|---|---|
| NAK | 71647NAK5 | $1,000,000,000 | 3/10/2014 | 3/17/2044 | 7.25% | X | X |
| NAA | 71647NAA7 | $1,750,000,000 | 5/13/2013 | 5/20/2043 | 5.63% | X | X |
| WAS | 71645WAS0 | $2,250,000,000[1] | 1/20/2011 | 1/27/2041 | 6.75% | X | |
| WAQ | 71645WAQ4 | $1,500,000,000 | 10/23/2009 | 1/20/2040 | 6.88% | X | |
| NAM | 71647NAM1 | $2,500,000,000 | 3/10/2014 | 3/17/2024 | 6.25% | X | X |
| NAF | 71647NAF6 | $3,500,000,000 | 5/13/2013 | 5/20/2023 | 4.38% | X | X |
| WAR | 71645WAR2 | $5,250,000,000[2] | 1/20/2011 | 1/27/2021 | 5.38% | X | |
| NAH | 71647NAH2 | $1,500,000,000 | 3/10/2014 | 3/17/2020 | 4.88% | X | X |
| NAL | 71647NAL3 | $500,000,000 | 3/10/2014 | 3/17/2020 | 3M LIBOR + 2.88% | X | X |
| WAP | 71645WAP6 | $2,500,000,000 | 10/23/2009 | 1/20/2020 | 5.75% | X | |
| WAN | 71645WAN1 | $2,750,000,000[3] | 2/4/2009 | 3/15/2019 | 7.88% | X | |
| NAB | 71647NAB5 | $2,000,000,000 | 5/13/2013 | 1/15/2019 | 3.00% | X | X |
| NAE | 71647NAE9 | $1,500,000,000 | 5/13/2013 | 1/15/2019 | 3M LIBOR + 2.14% | X | X |
| WAH | 71645WAH4 | $750,000,000 | 12/3/2003 | 12/10/2018 | 8.38% | X | |
| WAM | 71645WAM3 | $1,750,000,000[4] | 10/29/2007 | 3/1/2018 | 5.88% | X | |
| NAG | 71647NAG4 | $1,600,000,000 | 3/10/2014 | 3/17/2017 | 3.25% | X | X |
| NAJ | 71647NAJ8 | $1,400,000,000 | 3/10/2014 | 3/17/2017 | 3M LIBOR + 2.36% | X | X |
| WAU | 71645WAU5 | $1,750,000,000 | 2/1/2012 | 2/6/2017 | 3.50% | X | |
| WAL | 71645WAL5 | $899,053,000[5] | 9/29/2006 | 10/6/2016 | 6.13% | X | |
| NAC | 71647NAC3 | $1,250,000,000 | 5/13/2013 | 5/20/2016 | 2.00% | X | X |
| NAD | 71647NAD1 | $1,000,000,000 | 5/13/2013 | 5/20/2016 | 3M LIBOR + 1.62% | X | X |
| WAT | 71645WAT8 | $2,500,000,000 | 1/20/2011 | 1/27/2016 | 3.88% | X | |

Notes:

[1] Initial Issue Amount: $1,000,000,000.

[2] Initial Issue Amount: $2,500,000,000.

[3] Initial Issue Amount: $1,500,000,000.

[4] Initial Issue Amount: $1,000,000,000.

[5] Initial Issue Amount: $500,000,000.

[6] Lead Plaintiff's loss causation and damages expert has determined that the following USD Notes did not experience statistically significant price declines due to the disclosure of the nature and scope of the alleged fraud during the Class Period: 71645WAB7; 71645WAG6; 71645WAJ0; 71645WAV3; and 71647NAN9. Accordingly, the Recognized Loss in such USD Notes is $0.00.

[7] No transactions in the following Non-USD Notes were reported to the Trade Reporting and Compliance Engine ("TRACE") operated by the Financial Industry Regulatory Authority ("FINRA") during the Class Period: BRPETRDBS019; BRPETRDBS027; BRPETRDBS043; JP90B000UCE1; XS0716979249; XS0716979595; XS0718502007; XS0835886598; XS0835890350; XS0835891838; XS0982711474; XS0982711631; XS0982711714; and XS0982711987. According to FINRA, "[a]ll broker-dealers who are FINRA member firms have an obligation to report transactions in corporate bonds to TRACE under an SEC-approved set of rules" (http://www.finra.org/industry/trace), and FINRA enforces its rules "for every single brokerage firm and broker in the United States" (https://www.finra.org/about/what-we-do). However, to the extent any of the aforementioned Non-USD Notes are covered by the Settled Claims, any Recognized Loss in such Non-USD Notes will be calculated according to the principles established in the Plan of Allocation.

**Petrobras Plan of Allocation**

## Table 2: Daily Price Inflation — Common ADS, Preferred ADS

| From | To | Common ADS (PBR) | Preferred ADS (PBRA) |
|---|---|---|---|
| 1/22/2010 | 10/15/2014 | $9.02 | $9.42 |
| 10/16/2014 | 11/13/2014 | $7.92 | $8.09 |
| 11/14/2014 | 11/16/2014 | $7.44 | $7.58 |
| 11/17/2014 | 11/30/2014 | $6.80 | $6.97 |
| 12/1/2014 | 12/14/2014 | $5.91 | $6.12 |
| 12/15/2014 | 1/1/2015 | $5.14 | $5.30 |
| 1/2/2015 | 1/4/2015 | $4.60 | $4.68 |
| 1/5/2015 | 1/22/2015 | $4.21 | $4.27 |
| 1/23/2015 | 1/27/2015 | $3.81 | $3.92 |
| 1/28/2015 | 1/29/2015 | $3.19 | $3.25 |
| 1/30/2015 | 2/2/2015 | $2.81 | $2.82 |
| 2/3/2015 | 2/5/2015 | $3.25 | $3.32 |
| 2/6/2015 | 2/24/2015 | $2.73 | $2.74 |
| 2/25/2015 | 3/8/2015 | $2.31 | $2.24 |
| 3/9/2015 | 3/11/2015 | $1.99 | $1.95 |
| 3/12/2015 | 3/18/2015 | $1.81 | $1.68 |
| 3/19/2015 | 3/25/2015 | $1.53 | $1.45 |
| 3/26/2015 | 4/23/2015 | $1.24 | $1.11 |
| 4/24/2015 | 4/26/2015 | $1.77 | $1.27 |
| 4/27/2015 | 7/5/2015 | $0.83 | $0.81 |
| 7/6/2015 | 7/19/2015 | $0.38 | $0.33 |
| 7/20/2015 | 7/28/2015 | $0.00 | $0.00 |

# Petrobras Plan of Allocation

## Table 3: 90-Day Lookback Values for Common ADS, Preferred ADS

| Date | Common ADS (PBR) | Preferred ADS (PBRA) |
|------|------------------|----------------------|
| 7/29/2015 | $7.07 | $6.40 |
| 7/30/2015 | $6.96 | $6.31 |
| 7/31/2015 | $6.91 | $6.26 |
| 8/3/2015 | $6.77 | $6.14 |
| 8/4/2015 | $6.70 | $6.09 |
| 8/5/2015 | $6.64 | $6.04 |
| 8/6/2015 | $6.62 | $6.01 |
| 8/7/2015 | $6.55 | $5.95 |
| 8/10/2015 | $6.54 | $5.93 |
| 8/11/2015 | $6.51 | $5.90 |
| 8/12/2015 | $6.50 | $5.88 |
| 8/13/2015 | $6.46 | $5.84 |
| 8/14/2015 | $6.42 | $5.80 |
| 8/17/2015 | $6.39 | $5.77 |
| 8/18/2015 | $6.35 | $5.73 |
| 8/19/2015 | $6.31 | $5.69 |
| 8/20/2015 | $6.27 | $5.65 |
| 8/21/2015 | $6.21 | $5.60 |
| 8/24/2015 | $6.14 | $5.53 |
| 8/25/2015 | $6.08 | $5.48 |
| 8/26/2015 | $6.04 | $5.43 |
| 8/27/2015 | $6.02 | $5.41 |
| 8/28/2015 | $6.01 | $5.39 |
| 8/31/2015 | $6.01 | $5.38 |
| 9/1/2015 | $5.98 | $5.35 |
| 9/2/2015 | $5.96 | $5.33 |
| 9/3/2015 | $5.95 | $5.30 |
| 9/4/2015 | $5.92 | $5.27 |
| 9/8/2015 | $5.90 | $5.24 |
| 9/9/2015 | $5.87 | $5.22 |
| 9/10/2015 | $5.84 | $5.18 |
| 9/11/2015 | $5.80 | $5.14 |
| 9/14/2015 | $5.76 | $5.11 |
| 9/15/2015 | $5.73 | $5.08 |
| 9/16/2015 | $5.70 | $5.05 |
| 9/17/2015 | $5.68 | $5.03 |
| 9/18/2015 | $5.65 | $4.99 |
| 9/21/2015 | $5.61 | $4.96 |
| 9/22/2015 | $5.57 | $4.92 |
| 9/23/2015 | $5.53 | $4.88 |
| 9/24/2015 | $5.50 | $4.84 |
| 9/25/2015 | $5.47 | $4.81 |
| 9/28/2015 | $5.43 | $4.77 |
| 9/29/2015 | $5.39 | $4.74 |
| 9/30/2015 | $5.37 | $4.71 |
| 10/1/2015 | $5.34 | $4.69 |
| 10/2/2015 | $5.33 | $4.67 |
| 10/5/2015 | $5.32 | $4.66 |
| 10/6/2015 | $5.31 | $4.65 |
| 10/7/2015 | $5.32 | $4.64 |

# Petrobras Plan of Allocation

## Table 3: 90-Day Lookback Values for Common ADS, Preferred ADS

| Date | Common ADS (PBR) | Preferred ADS (PBRA) |
|---|---|---|
| 10/8/2015 | $5.32 | $4.64 |
| 10/9/2015 | $5.33 | $4.64 |
| 10/12/2015 | $5.33 | $4.64 |
| 10/13/2015 | $5.33 | $4.63 |
| 10/14/2015 | $5.32 | $4.63 |
| 10/15/2015 | $5.32 | $4.62 |
| 10/16/2015 | $5.31 | $4.61 |
| 10/19/2015 | $5.31 | $4.60 |
| 10/20/2015 | $5.30 | $4.59 |
| 10/21/2015 | $5.29 | $4.58 |
| 10/22/2015 | $5.29 | $4.57 |
| 10/23/2015 | $5.28 | $4.57 |
| **10/26/2015**[1] | **$5.28** | **$4.56** |

**Notes:**
**1) Average price for entire 90-Day Lookback Period.**

## Petrobras Plan of Allocation
## Table 4: Daily Price Inflation — Petrobras Notes

| | | NAK | NAA | WAS | WAQ | NAM | NAF | WAR | NAH | NAL | WAP | WAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Offering Date** | | 3/10/2014 | 5/13/2013 | 1/20/2011 | 10/23/2009 | 3/10/2014 | 5/13/2013 | 1/20/2011 | 3/10/2014 | 3/10/2014 | 10/23/2009 | 2/4/2009 |
| **Maturity Date** | | 3/17/2044 | 5/20/2043 | 1/27/2041 | 1/20/2040 | 3/17/2024 | 5/20/2023 | 1/27/2021 | 3/17/2020 | 3/17/2020 | 1/20/2020 | 3/15/2019 |
| **Coupon Rate (%)** | | 7.250 | 5.625 | 6.750 | 6.875 | 6.250 | 4.375 | 5.375 | 4.875 | Floating | 5.750 | 7.875 |
| **From** | **To** | NAK | NAA | WAS | WAQ | NAM | NAF | WAR | NAH | NAL | WAP | WAN |
| 1/22/2010 | 10/15/2014 | $14.87 | $16.35 | $14.98 | $23.32 | $13.60 | $11.56 | $11.08 | $8.88 | $10.89 | $11.54 | $9.66 |
| 10/16/2014 | 11/13/2014 | $14.87 | $16.35 | $14.98 | $23.32 | $13.60 | $11.56 | $11.08 | $8.88 | $10.89 | $11.54 | $9.66 |
| **11/14/2014** | 11/16/2014 | **$9.13** | **$10.43** | **$9.14** | **$16.60** | **$10.01** | **$8.20** | **$8.51** | **$6.57** | $10.89 | **$8.95** | **$7.52** |
| **11/17/2014** | 11/30/2014 | $9.13 | $10.43 | $9.14 | $16.60 | $10.01 | $8.20 | $8.51 | $6.57 | **$8.55** | $8.95 | **$5.89** |
| **12/1/2014** | 12/14/2014 | $9.13 | **$7.67** | $9.14 | **$12.13** | $10.01 | $8.20 | $8.51 | $6.57 | $8.55 | $8.95 | $5.89 |
| **12/15/2014** | 1/1/2015 | $9.13 | $7.67 | $9.14 | **$8.66** | **$7.99** | **$5.89** | **$4.70** | **$5.10** | **$6.46** | **$6.46** | **$4.25** |
| 1/2/2015 | 1/4/2015 | $9.13 | $7.67 | $9.14 | $8.66 | $7.99 | $5.89 | $4.70 | $5.10 | $6.46 | $6.46 | $4.25 |
| **1/5/2015** | 1/22/2015 | $9.13 | $7.67 | $9.14 | $8.66 | **$5.40** | $5.89 | $4.70 | $5.10 | $6.46 | **$5.07** | $4.25 |
| 1/23/2015 | 1/27/2015 | $9.13 | $7.67 | $9.14 | $8.66 | $5.40 | $5.89 | $4.70 | $5.10 | $6.46 | $5.07 | $4.25 |
| 1/28/2015 | 1/29/2015 | $9.13 | $7.67 | $9.14 | $8.66 | $5.40 | $5.89 | $4.70 | $5.10 | $6.46 | $5.07 | $4.25 |
| **1/30/2015** | 2/2/2015 | **$2.85** | **$2.20** | **$2.48** | **$2.50** | **$2.01** | **$2.20** | **$1.92** | **$1.93** | **$3.74** | **$1.46** | **$1.96** |
| 2/3/2015 | 2/5/2015 | $2.85 | $2.20 | $2.48 | $2.50 | $2.01 | $2.20 | $1.92 | $1.93 | $3.74 | $1.46 | $1.96 |
| 2/6/2015 | 2/24/2015 | $2.85 | $2.20 | $2.48 | $2.50 | $2.01 | $2.20 | $1.92 | $1.93 | $3.74 | $1.46 | $1.96 |
| **2/25/2015** | 3/8/2015 | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$1.37** | **$0.00** | **$0.00** |
| 3/9/2015 | 3/11/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1.37 | $0.00 | $0.00 |
| **3/12/2015** | 3/18/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$0.00** | $0.00 | $0.00 |
| 3/19/2015 | 3/25/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/26/2015 | 4/23/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/24/2015 | 4/26/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/27/2015 | 7/5/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/6/2015 | 7/19/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/20/2015 | 7/28/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Note: Reductions in price inflation in BOLD type for each Note.

## Petrobras Plan of Allocation
## Table 4: Daily Price Inflation — Petrobras Notes

| | | NAB | NAE | WAH | WAM | NAG | NAJ | WAU | WAL | NAC | NAD | WAT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Offering Date** | | 5/13/2013 | 5/13/2013 | 12/3/2003 | 10/29/2007 | 3/10/2014 | 3/10/2014 | 2/1/2012 | 9/29/2006 | 5/13/2013 | 5/13/2013 | 1/20/2011 |
| **Maturity Date** | | 1/15/2019 | 1/15/2019 | 12/10/2018 | 3/1/2018 | 3/17/2017 | 3/17/2017 | 2/6/2017 | 10/6/2016 | 5/20/2016 | 5/20/2016 | 1/27/2016 |
| **Coupon Rate (%)** | | 3.000 | Floating | 8.375 | 5.875 | 3.250 | Floating | 3.500 | 6.125 | 2.000 | Floating | 3.875 |
| **From** | **To** | NAB | NAE | WAH | WAM | NAG | NAJ | WAU | WAL | NAC | NAD | WAT |
| 1/22/2010 | 10/15/2014 | $6.13 | $6.63 | $11.37 | $5.48 | $5.85 | $12.40 | $9.32 | $7.63 | $12.30 | $5.69 | $5.06 |
| **10/16/2014** | 11/13/2014 | $6.13 | $6.63 | $11.37 | $5.48 | $5.85 | $12.40 | $9.32 | $7.63 | $12.30 | $5.69 | **$4.73** |
| **11/14/2014** | 11/16/2014 | **$4.08** | **$4.77** | **$9.03** | $5.48 | **$4.51** | **$10.75** | **$8.12** | **$6.50** | **$11.11** | $5.69 | $4.73 |
| **11/17/2014** | 11/30/2014 | $4.08 | **$2.12** | $9.03 | $5.48 | $4.51 | $10.75 | **$6.86** | **$5.61** | $11.11 | $5.69 | **$3.87** |
| **12/1/2014** | 12/14/2014 | $4.08 | $2.12 | $9.03 | $5.48 | $4.51 | $10.75 | $6.86 | $5.61 | **$9.79** | $5.69 | $3.87 |
| **12/15/2014** | 1/1/2015 | **$2.40** | $2.12 | **$2.18** | **$2.99** | **$3.55** | **$6.48** | **$4.20** | **$3.95** | **$5.33** | **$2.86** | **$2.88** |
| 1/2/2015 | 1/4/2015 | $2.40 | $2.12 | $2.18 | $2.99 | $3.55 | $6.48 | $4.20 | $3.95 | $5.33 | $2.86 | $2.88 |
| **1/5/2015** | 1/22/2015 | $2.40 | $2.12 | $2.18 | $2.99 | $3.55 | $6.48 | **$3.26** | **$3.08** | **$4.32** | $2.86 | **$2.12** |
| 1/23/2015 | 1/27/2015 | $2.40 | $2.12 | $2.18 | $2.99 | $3.55 | $6.48 | $3.26 | $3.08 | $4.32 | $2.86 | $2.12 |
| 1/28/2015 | 1/29/2015 | $2.40 | $2.12 | $2.18 | $2.99 | $3.55 | $6.48 | $3.26 | $3.08 | $4.32 | $2.86 | $2.12 |
| **1/30/2015** | 2/2/2015 | **$0.00** | **$0.00** | **$0.00** | $1.38 | $1.17 | **$1.90** | $1.08 | $0.96 | **$1.88** | **$0.00** | $0.51 |
| 2/3/2015 | 2/5/2015 | $0.00 | $0.00 | $0.00 | $1.38 | $1.17 | $1.90 | $1.08 | $0.96 | $1.88 | $0.00 | $0.90 |
| 2/6/2015 | 2/24/2015 | $0.00 | $0.00 | $0.00 | $1.38 | $1.17 | $1.90 | $1.08 | $0.96 | $1.88 | $0.00 | $0.90 |
| **2/25/2015** | 3/8/2015 | $0.00 | $0.00 | $0.00 | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | $0.83 | $0.00 | **$0.00** |
| **3/9/2015** | 3/11/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$0.00** | $0.00 | $0.00 |
| 3/12/2015 | 3/18/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/19/2015 | 3/25/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/26/2015 | 4/23/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/24/2015 | 4/26/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/27/2015 | 7/5/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/6/2015 | 7/19/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/20/2015 | 7/28/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Note: Reductions in price inflation in BOLD type for each Note.

# Petrobras Plan of Allocation
## Table 5: 90-Day Lookback Values - Petrobras Notes

| Date | NAK | NAA | WAS | WAQ | NAM | NAF | WAR | NAH | NAL | WAP | WAN |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 7/29/2015 | $88.59 | $74.12 | $83.60 | $85.49 | $93.54 | $83.44 | $93.03 | $92.78 | $90.75 | $96.17 | $103.89 |
| 7/30/2015 | $88.92 | $74.58 | $83.84 | $85.56 | $93.58 | $83.53 | $93.09 | $92.74 | $90.85 | $96.22 | $104.00 |
| 7/31/2015 | $88.73 | $74.70 | $83.71 | $85.37 | $93.61 | $83.64 | $93.14 | $92.84 | $90.86 | $96.30 | $104.09 |
| 8/3/2015 | $88.65 | $74.64 | $83.72 | $85.31 | $93.59 | $83.69 | $93.14 | $92.83 | $90.86 | $96.25 | $104.04 |
| 8/4/2015 | $88.58 | $74.55 | $83.61 | $85.02 | $93.42 | $83.65 | $93.00 | $92.73 | $90.69 | $96.10 | $103.97 |
| 8/5/2015 | $88.43 | $74.39 | $83.35 | $84.69 | $93.23 | $83.44 | $92.80 | $92.51 | $90.53 | $95.87 | $103.76 |
| 8/6/2015 | $87.91 | $74.02 | $82.78 | $84.08 | $92.81 | $83.06 | $92.34 | $92.13 | $90.31 | $95.53 | $103.45 |
| 8/7/2015 | $87.46 | $73.77 | $82.31 | $83.64 | $92.47 | $82.75 | $91.92 | $91.78 | $90.15 | $95.24 | $103.16 |
| 8/10/2015 | $87.05 | $73.56 | $81.96 | $83.27 | $92.17 | $82.54 | $91.62 | $91.52 | $90.02 | $94.99 | $102.91 |
| 8/11/2015 | $86.78 | $73.50 | $81.70 | $83.04 | $91.99 | $82.42 | $91.42 | $91.50 | $89.83 | $94.81 | $102.76 |
| 8/12/2015 | $86.65 | $73.47 | $81.59 | $82.93 | $91.92 | $82.39 | $91.36 | $91.39 | $89.67 | $94.73 | $102.67 |
| 8/13/2015 | $86.53 | $73.44 | $81.47 | $82.84 | $91.84 | $82.35 | $91.31 | $91.32 | $89.61 | $94.66 | $102.61 |
| 8/14/2015 | $86.45 | $73.45 | $81.41 | $82.77 | $91.79 | $82.31 | $91.28 | $91.27 | $89.55 | $94.61 | $102.57 |
| 8/17/2015 | $86.40 | $73.41 | $81.36 | $82.77 | $91.74 | $82.31 | $91.28 | $91.26 | $89.50 | $94.63 | $102.58 |
| 8/18/2015 | $86.31 | $73.37 | $81.29 | $82.69 | $91.66 | $82.24 | $91.25 | $91.20 | $89.42 | $94.60 | $102.58 |
| 8/19/2015 | $86.08 | $73.28 | $81.14 | $82.56 | $91.53 | $82.14 | $91.17 | $91.13 | $89.33 | $94.53 | $102.53 |
| 8/20/2015 | $85.89 | $73.16 | $80.95 | $82.39 | $91.35 | $82.03 | $91.04 | $90.99 | $89.25 | $94.41 | $102.47 |
| 8/21/2015 | $85.67 | $73.00 | $80.73 | $82.19 | $91.19 | $81.89 | $90.88 | $90.83 | $89.13 | $94.28 | $102.40 |
| 8/24/2015 | $85.31 | $72.73 | $80.41 | $81.91 | $90.92 | $81.67 | $90.69 | $90.65 | $88.94 | $94.10 | $102.28 |
| 8/25/2015 | $85.11 | $72.59 | $80.23 | $81.71 | $90.77 | $81.54 | $90.59 | $90.53 | $88.80 | $93.98 | $102.22 |
| 8/26/2015 | $84.86 | $72.41 | $80.02 | $81.51 | $90.58 | $81.36 | $90.45 | $90.38 | $88.65 | $93.86 | $102.15 |
| 8/27/2015 | $84.72 | $72.35 | $79.91 | $81.44 | $90.47 | $81.27 | $90.39 | $90.30 | $88.55 | $93.77 | $102.11 |
| 8/28/2015 | $84.62 | $72.29 | $79.85 | $81.35 | $90.39 | $81.20 | $90.32 | $90.24 | $88.46 | $93.70 | $102.10 |
| 8/31/2015 | $84.49 | $72.17 | $79.73 | $81.25 | $90.28 | $81.09 | $90.23 | $90.14 | $88.40 | $93.59 | $102.04 |
| 9/1/2015 | $84.33 | $72.06 | $79.60 | $81.13 | $90.16 | $80.99 | $90.13 | $90.04 | $88.34 | $93.49 | $101.98 |
| 9/2/2015 | $84.16 | $71.85 | $79.48 | $80.98 | $90.03 | $80.88 | $90.02 | $89.95 | $88.28 | $93.37 | $101.92 |
| 9/3/2015 | $83.97 | $71.69 | $79.30 | $80.81 | $89.90 | $80.77 | $89.88 | $89.84 | $88.15 | $93.26 | $101.85 |
| 9/4/2015 | $83.75 | $71.46 | $79.06 | $80.61 | $89.73 | $80.60 | $89.70 | $89.71 | $88.03 | $93.14 | $101.74 |
| 9/8/2015 | $83.46 | $71.22 | $78.81 | $80.36 | $89.52 | $80.41 | $89.48 | $89.53 | $87.90 | $92.96 | $101.62 |
| 9/9/2015 | $83.23 | $71.03 | $78.62 | $80.16 | $89.33 | $80.23 | $89.30 | $89.37 | $87.80 | $92.80 | $101.49 |
| 9/10/2015 | $83.02 | $70.85 | $78.42 | $79.94 | $89.12 | $80.02 | $89.09 | $89.18 | $87.59 | $92.63 | $101.37 |
| 9/11/2015 | $82.74 | $70.66 | $78.20 | $79.71 | $88.85 | $79.79 | $88.85 | $88.96 | $87.31 | $92.41 | $101.19 |
| 9/14/2015 | $82.48 | $70.44 | $77.94 | $79.45 | $88.52 | $79.49 | $88.56 | $88.69 | $87.02 | $92.14 | $100.96 |
| 9/15/2015 | $82.22 | $70.28 | $77.70 | $79.19 | $88.21 | $79.22 | $88.28 | $88.44 | $86.73 | $91.88 | $100.73 |
| 9/16/2015 | $81.95 | $70.11 | $77.45 | $78.91 | $87.91 | $78.95 | $87.97 | $88.16 | $86.46 | $91.59 | $100.48 |
| 9/17/2015 | $81.70 | $69.95 | $77.22 | $78.66 | $87.64 | $78.71 | $87.70 | $87.91 | $86.20 | $91.33 | $100.26 |
| 9/18/2015 | $81.47 | $69.77 | $76.98 | $78.41 | $87.37 | $78.47 | $87.44 | $87.68 | $85.97 | $91.08 | $100.05 |
| 9/21/2015 | $81.18 | $69.59 | $76.73 | $78.16 | $87.08 | $78.21 | $87.15 | $87.39 | $85.73 | $90.81 | $99.80 |
| 9/22/2015 | $80.81 | $69.35 | $76.40 | $77.81 | $86.68 | $77.85 | $86.79 | $87.03 | $85.39 | $90.41 | $99.45 |
| 9/23/2015 | $80.46 | $69.14 | $76.09 | $77.49 | $86.31 | $77.52 | $86.43 | $86.70 | $85.04 | $90.05 | $99.12 |
| 9/24/2015 | $80.05 | $68.89 | $75.74 | $77.11 | $85.89 | $77.14 | $86.02 | $86.29 | $84.60 | $89.60 | $98.73 |
| 9/25/2015 | $79.71 | $68.70 | $75.46 | $76.81 | $85.53 | $76.82 | $85.66 | $85.95 | $84.28 | $89.23 | $98.38 |
| 9/28/2015 | $79.33 | $68.46 | $75.12 | $76.46 | $85.12 | $76.45 | $85.25 | $85.55 | $83.91 | $88.80 | $97.98 |

## Petrobras Plan of Allocation
## Table 5: 90-Day Lookback Values - Petrobras Notes

| Date | NAK | NAA | WAS | WAQ | NAM | NAF | WAR | NAH | NAL | WAP | WAN |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 9/29/2015 | $78.93 | $68.22 | $74.80 | $76.10 | $84.71 | $76.11 | $84.83 | $85.14 | $83.52 | $88.35 | $97.55 |
| 9/30/2015 | $78.65 | $68.09 | $74.59 | $75.86 | $84.45 | $75.87 | $84.56 | $84.88 | $83.19 | $88.04 | $97.21 |
| 10/1/2015 | $78.45 | $68.00 | $74.43 | $75.70 | $84.27 | $75.73 | $84.38 | $84.68 | $82.93 | $87.83 | $96.97 |
| 10/2/2015 | $78.26 | $67.92 | $74.28 | $75.54 | $84.09 | $75.60 | $84.21 | $84.50 | $82.70 | $87.65 | $96.75 |
| 10/5/2015 | $78.14 | $67.88 | $74.19 | $75.43 | $83.97 | $75.51 | $84.10 | $84.38 | $82.51 | $87.51 | $96.61 |
| 10/6/2015 | $78.08 | $67.87 | $74.15 | $75.37 | $83.90 | $75.46 | $84.02 | $84.31 | $82.35 | $87.43 | $96.53 |
| 10/7/2015 | $78.06 | $67.87 | $74.12 | $75.34 | $83.84 | $75.42 | $83.97 | $84.27 | $82.26 | $87.38 | $96.47 |
| 10/8/2015 | $77.95 | $67.83 | $74.04 | $75.24 | $83.73 | $75.34 | $83.86 | $84.18 | $82.13 | $87.29 | $96.38 |
| 10/9/2015 | $77.90 | $67.82 | $73.98 | $75.18 | $83.66 | $75.30 | $83.80 | $84.12 | $81.99 | $87.25 | $96.32 |
| 10/12/2015 | $77.86 | $67.80 | $73.93 | $75.12 | $83.60 | $75.27 | $83.75 | $84.06 | $81.85 | $87.20 | $96.25 |
| 10/13/2015 | $77.81 | $67.78 | $73.89 | $75.06 | $83.52 | $75.21 | $83.68 | $84.00 | $81.72 | $87.15 | $96.19 |
| 10/14/2015 | $77.72 | $67.73 | $73.82 | $74.99 | $83.43 | $75.14 | $83.60 | $83.93 | $81.60 | $87.08 | $96.12 |
| 10/15/2015 | $77.64 | $67.69 | $73.76 | $74.91 | $83.33 | $75.06 | $83.52 | $83.86 | $81.48 | $87.00 | $96.05 |
| 10/16/2015 | $77.59 | $67.65 | $73.70 | $74.84 | $83.26 | $75.00 | $83.46 | $83.81 | $81.40 | $86.95 | $96.00 |
| 10/19/2015 | $77.52 | $67.61 | $73.65 | $74.76 | $83.18 | $74.94 | $83.40 | $83.77 | $81.32 | $86.90 | $95.96 |
| 10/20/2015 | $77.45 | $67.57 | $73.59 | $74.69 | $83.10 | $74.87 | $83.34 | $83.72 | $81.24 | $86.85 | $95.91 |
| 10/21/2015 | $77.37 | $67.51 | $73.52 | $74.60 | $83.00 | $74.78 | $83.26 | $83.66 | $81.14 | $86.78 | $95.86 |
| 10/22/2015 | $77.28 | $67.46 | $73.46 | $74.52 | $82.91 | $74.70 | $83.18 | $83.60 | $81.06 | $86.71 | $95.80 |
| 10/23/2015 | $77.22 | $67.41 | $73.41 | $74.45 | $82.84 | $74.64 | $83.11 | $83.56 | $81.00 | $86.66 | $95.77 |
| **10/26/2015[1]** | **$77.18** | **$67.38** | **$73.37** | **$74.40** | **$82.79** | **$74.59** | **$83.06** | **$83.52** | **$80.93** | **$86.63** | **$95.75** |

**Notes:**
**1) Average price for entire 90-Day Lookback Period.**

# Petrobras Plan of Allocation
## Table 5: 90-Day Lookback Values - Petrobras Notes

| Date | NAB | NAE | WAH | WAM | NAG | NAJ | WAU | WAL | NAC | NAD | WAT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/29/2015 | $90.77 | $90.78 | $106.53 | $100.36 | $97.31 | $97.30 | $97.74 | $102.06 | $98.47 | $98.50 | $100.08 |
| 7/30/2015 | $90.75 | $90.68 | $106.60 | $100.26 | $97.56 | $97.10 | $97.89 | $101.99 | $98.77 | $98.48 | $100.17 |
| 7/31/2015 | $90.81 | $90.68 | $106.96 | $100.31 | $97.83 | $97.03 | $97.98 | $101.99 | $98.77 | $98.74 | $100.09 |
| 8/3/2015 | $90.78 | $90.74 | $106.88 | $100.39 | $97.88 | $97.00 | $98.03 | $101.98 | $98.76 | $98.70 | $100.14 |
| 8/4/2015 | $90.67 | $90.49 | $106.82 | $100.40 | $97.76 | $97.20 | $98.03 | $101.97 | $98.75 | $98.74 | $100.15 |
| 8/5/2015 | $90.55 | $90.37 | $106.72 | $100.33 | $97.64 | $97.29 | $97.94 | $101.95 | $98.74 | $98.79 | $100.14 |
| 8/6/2015 | $90.24 | $90.14 | $106.41 | $100.09 | $97.44 | $97.27 | $97.83 | $101.90 | $98.73 | $98.82 | $100.12 |
| 8/7/2015 | $89.90 | $90.00 | $106.18 | $99.83 | $97.28 | $97.28 | $97.71 | $101.79 | $98.72 | $98.67 | $100.14 |
| 8/10/2015 | $89.64 | $89.94 | $105.95 | $99.67 | $97.12 | $97.15 | $97.60 | $101.74 | $98.71 | $98.62 | $100.13 |
| 8/11/2015 | $89.49 | $89.86 | $105.73 | $99.55 | $97.01 | $97.12 | $97.54 | $101.68 | $98.69 | $98.62 | $100.16 |
| 8/12/2015 | $89.41 | $89.82 | $105.60 | $99.50 | $96.96 | $97.07 | $97.48 | $101.66 | $98.69 | $98.63 | $100.16 |
| 8/13/2015 | $89.34 | $89.87 | $105.49 | $99.49 | $96.92 | $97.03 | $97.45 | $101.65 | $98.69 | $98.64 | $100.17 |
| 8/14/2015 | $89.29 | $89.91 | $105.43 | $99.45 | $96.91 | $97.02 | $97.43 | $101.67 | $98.70 | $98.61 | $100.17 |
| 8/17/2015 | $89.27 | $89.94 | $105.38 | $99.42 | $96.85 | $96.97 | $97.43 | $101.68 | $98.71 | $98.64 | $100.17 |
| 8/18/2015 | $89.24 | $89.93 | $105.30 | $99.41 | $96.84 | $96.93 | $97.42 | $101.67 | $98.70 | $98.65 | $100.16 |
| 8/19/2015 | $89.22 | $89.90 | $105.20 | $99.37 | $96.81 | $96.89 | $97.41 | $101.69 | $98.72 | $98.64 | $100.16 |
| 8/20/2015 | $89.15 | $89.89 | $105.08 | $99.36 | $96.78 | $96.88 | $97.38 | $101.68 | $98.70 | $98.62 | $100.15 |
| 8/21/2015 | $89.05 | $89.77 | $104.99 | $99.29 | $96.74 | $96.87 | $97.33 | $101.65 | $98.68 | $98.60 | $100.16 |
| 8/24/2015 | $88.91 | $89.64 | $104.83 | $99.19 | $96.65 | $96.86 | $97.27 | $101.60 | $98.65 | $98.61 | $100.14 |
| 8/25/2015 | $88.83 | $89.54 | $104.74 | $99.13 | $96.60 | $96.80 | $97.23 | $101.56 | $98.61 | $98.59 | $100.14 |
| 8/26/2015 | $88.76 | $89.46 | $104.66 | $99.06 | $96.56 | $96.72 | $97.18 | $101.53 | $98.58 | $98.55 | $100.12 |
| 8/27/2015 | $88.73 | $89.41 | $104.61 | $99.03 | $96.53 | $96.65 | $97.15 | $101.51 | $98.58 | $98.50 | $100.12 |
| 8/28/2015 | $88.74 | $89.36 | $104.57 | $99.01 | $96.53 | $96.59 | $97.14 | $101.50 | $98.60 | $98.45 | $100.12 |
| 8/31/2015 | $88.68 | $89.32 | $104.51 | $98.97 | $96.51 | $96.52 | $97.12 | $101.47 | $98.60 | $98.40 | $100.12 |
| 9/1/2015 | $88.64 | $89.25 | $104.42 | $98.94 | $96.48 | $96.51 | $97.10 | $101.46 | $98.60 | $98.38 | $100.11 |
| 9/2/2015 | $88.59 | $89.19 | $104.34 | $98.90 | $96.44 | $96.47 | $97.09 | $101.44 | $98.59 | $98.36 | $100.10 |
| 9/3/2015 | $88.52 | $89.12 | $104.27 | $98.84 | $96.39 | $96.40 | $97.05 | $101.41 | $98.58 | $98.36 | $100.10 |
| 9/4/2015 | $88.43 | $89.02 | $104.15 | $98.76 | $96.36 | $96.35 | $97.00 | $101.38 | $98.57 | $98.31 | $100.10 |
| 9/8/2015 | $88.31 | $88.79 | $104.02 | $98.64 | $96.31 | $96.26 | $96.94 | $101.34 | $98.54 | $98.27 | $100.09 |
| 9/9/2015 | $88.20 | $88.61 | $103.90 | $98.54 | $96.26 | $96.90 | $96.90 | $101.30 | $98.52 | $98.25 | $100.08 |
| 9/10/2015 | $88.06 | $88.39 | $103.73 | $98.41 | $96.20 | $96.10 | $96.84 | $101.25 | $98.50 | $98.23 | $100.06 |
| 9/11/2015 | $87.90 | $88.15 | $103.54 | $98.26 | $96.13 | $96.01 | $96.78 | $101.19 | $98.46 | $98.20 | $100.04 |
| 9/14/2015 | $87.70 | $87.86 | $103.32 | $98.05 | $96.02 | $95.87 | $96.69 | $101.13 | $98.41 | $98.14 | $100.03 |
| 9/15/2015 | $87.50 | $87.58 | $103.08 | $97.86 | $95.92 | $95.76 | $96.59 | $101.06 | $98.37 | $98.11 | $100.01 |
| 9/16/2015 | $87.28 | $87.32 | $102.84 | $97.65 | $95.82 | $95.65 | $96.50 | $101.00 | $98.33 | $98.08 | $99.99 |
| 9/17/2015 | $87.08 | $87.08 | $102.60 | $97.46 | $95.73 | $95.56 | $96.41 | $100.94 | $98.30 | $98.07 | $99.97 |
| 9/18/2015 | $86.89 | $86.85 | $102.40 | $97.27 | $95.65 | $95.47 | $96.33 | $100.89 | $98.27 | $98.06 | $99.96 |
| 9/21/2015 | $86.67 | $86.57 | $102.17 | $97.06 | $95.56 | $95.33 | $96.24 | $100.85 | $98.25 | $98.05 | $99.94 |
| 9/22/2015 | $86.36 | $86.27 | $101.86 | $96.77 | $95.42 | $95.18 | $96.12 | $100.78 | $98.21 | $98.01 | $99.92 |
| 9/23/2015 | $86.07 | $85.94 | $101.53 | $96.49 | $95.29 | $95.06 | $95.99 | $100.73 | $98.18 | $97.98 | $99.90 |
| 9/24/2015 | $85.72 | $85.58 | $101.15 | $96.17 | $95.11 | $94.86 | $95.82 | $100.65 | $98.13 | $97.90 | $99.86 |
| 9/25/2015 | $85.42 | $85.25 | $100.83 | $95.88 | $94.96 | $94.70 | $95.69 | $100.59 | $98.10 | $97.85 | $99.84 |
| 9/28/2015 | $85.06 | $84.88 | $100.46 | $95.54 | $94.80 | $94.53 | $95.53 | $100.51 | $98.05 | $97.80 | $99.81 |

# Petrobras Plan of Allocation
## Table 5: 90-Day Lookback Values - Petrobras Notes

| Date | NAB | NAE | WAH | WAM | NAG | NAJ | WAU | WAL | NAC | NAD | WAT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/29/2015 | $84.69 | $84.45 | $100.05 | $95.18 | $94.62 | $94.34 | $95.35 | $100.43 | $98.00 | $97.74 | $99.78 |
| 9/30/2015 | $84.42 | $84.12 | $99.73 | $94.88 | $94.48 | $94.16 | $95.21 | $100.34 | $97.96 | $97.68 | $99.75 |
| 10/1/2015 | $84.23 | $83.86 | $99.49 | $94.66 | $94.37 | $94.03 | $95.09 | $100.28 | $97.93 | $97.65 | $99.73 |
| 10/2/2015 | $84.07 | $83.63 | $99.27 | $94.48 | $94.27 | $93.92 | $94.99 | $100.23 | $97.91 | $97.61 | $99.72 |
| 10/5/2015 | $83.97 | $83.43 | $99.12 | $94.39 | $94.19 | $93.84 | $94.90 | $100.18 | $97.90 | $97.59 | $99.71 |
| 10/6/2015 | $83.91 | $83.29 | $99.01 | $94.33 | $94.16 | $93.79 | $94.87 | $100.15 | $97.89 | $97.58 | $99.71 |
| 10/7/2015 | $83.89 | $83.20 | $98.94 | $94.29 | $94.17 | $93.76 | $94.86 | $100.13 | $97.89 | $97.58 | $99.70 |
| 10/8/2015 | $83.82 | $83.08 | $98.87 | $94.23 | $94.15 | $93.73 | $94.83 | $100.11 | $97.88 | $97.58 | $99.69 |
| 10/9/2015 | $83.79 | $83.01 | $98.83 | $94.21 | $94.14 | $93.71 | $94.83 | $100.09 | $97.88 | $97.58 | $99.69 |
| 10/12/2015 | $83.77 | $82.95 | $98.78 | $94.19 | $94.13 | $93.69 | $94.82 | $100.08 | $97.88 | $97.58 | $99.68 |
| 10/13/2015 | $83.73 | $82.88 | $98.75 | $94.16 | $94.12 | $93.66 | $94.82 | $100.06 | $97.89 | $97.59 | $99.68 |
| 10/14/2015 | $83.68 | $82.81 | $98.71 | $94.12 | $94.10 | $93.66 | $94.80 | $100.04 | $97.89 | $97.59 | $99.68 |
| 10/15/2015 | $83.63 | $82.73 | $98.68 | $94.10 | $94.09 | $93.65 | $94.79 | $100.03 | $97.90 | $97.60 | $99.67 |
| 10/16/2015 | $83.60 | $82.67 | $98.67 | $94.09 | $94.10 | $93.64 | $94.80 | $100.02 | $97.90 | $97.60 | $99.67 |
| 10/19/2015 | $83.56 | $82.60 | $98.67 | $94.07 | $94.10 | $93.64 | $94.80 | $100.02 | $97.90 | $97.61 | $99.68 |
| 10/20/2015 | $83.53 | $82.54 | $98.65 | $94.05 | $94.11 | $93.64 | $94.80 | $100.01 | $97.91 | $97.62 | $99.68 |
| 10/21/2015 | $83.48 | $82.49 | $98.63 | $94.02 | $94.11 | $93.64 | $94.80 | $100.01 | $97.91 | $97.63 | $99.68 |
| 10/22/2015 | $83.44 | $82.43 | $98.61 | $94.00 | $94.12 | $93.63 | $94.81 | $100.01 | $97.92 | $97.63 | $99.68 |
| 10/23/2015 | $83.41 | $82.39 | $98.60 | $93.99 | $94.13 | $93.63 | $94.82 | $100.02 | $97.92 | $97.64 | $99.68 |
| **10/26/2015**[1] | **$83.40** | **$82.35** | **$98.62** | **$93.98** | **$94.15** | **$93.64** | **$94.84** | **$100.02** | **$97.93** | **$97.64** | **$99.68** |

**Notes:**

**1) Average price for entire 90-Day Lookback Period.**

**Petrobras Securities Litigation**

**Table 6: Petrobras Notes Subject to Section 11 - Offering Prices and Prices on Section 11 Suit Date 12/24/2014**

| Petrobras Note | Offer Price | Suit Date Price 12/24/2014 |
|:---:|:---:|:---:|
| NAK | $99.17 | $98.88 |
| NAA | $98.03 | $81.75 |
| NAM | $99.77 | $95.38 |
| NAF | $98.83 | $86.65 |
| NAH | $99.74 | $93.46 |
| NAL | $100.00 | $91.03 |
| NAB | $99.35 | $89.51 |
| NAE | $100.00 | $91.00 |
| NAG | $99.96 | $96.04 |
| NAJ | $100.00 | $92.91 |
| NAC | $99.58 | $96.02 |
| NAD | $100.00 | $95.05 |