

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                     :
In re: PETROBRAS SECURITIES          :
LITIGATION                           :
                                     :
------------------------------------x

14-cv-9662 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

From Sykes-Picot to Iran-Contra, secret agreements always
have their apologists, but they rarely serve the public
interest. In the instant case, after the parties, with some
fanfare, had filed with the Court, on February 1, 2018, a
proposed settlement agreement, see Dkt. 767, they jointly
telephoned the Court on February 5, 2018 to notify the Court
that the settlement included two additional supplemental
agreements, as well as an undisclosed side letter with exhibits
attached regarding attorneys' fees, that they proposed to file
under seal or otherwise keep confidential.

Because this is a class action, the Court is required not
only to review the settlement, but also to make it available for
public comment. Accordingly, the Court summarily denied the
telephonic request and directed that counsel send the
supplemental agreements and side letter to the Court, so that
the documents could be publicly filed. Nonetheless, when the
supplemental agreements and side-letter were sent to the Court
last evening, they were accompanied by a letter from plaintiffs'

1

counsel setting forth various strategic reasons for wanting to keep these documents confidential.

There is a certain irony in counsel for plaintiffs – who have premised their claim of fraud on defendants' alleged failure to disclose material information – seeking to keep secret three agreements that are a material part of the settlement. While plaintiffs' counsel states that the Court has sometimes approved such sealing in past cases, the issue was never squarely raised; and, in any event, the Court is now convinced that the parties' and their counsels' strategic concerns should play no role in the Court's determination of whether or not such documents should be sealed. Rather, the Court should be guided by the basic principle that all material parts of a proposed class action settlement should be available for public review and comment.

Accordingly, the Court attaches to this Memorandum Order the three documents in issue and directs the Clerk of the Court to forthwith docket this Memorandum Order and the three attachments.

SO ORDERED.

Dated:     New York, NY
           February 6, 2018                    JED S. RAKOFF, U.S.D.J.

2

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D· +1 212 225 2550
lliman@cgsh.com

VICTOR I. LEWKOW
LESLIE N. SILVERMAN
LEE C. BUCHHEIT
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
EDWARD J. ROSEN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN

CARMINE D. BOCCUZZI JR
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTALE E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON

JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY JR
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
RAHUL MUKHI
NEIL R. MARKEL
MINASYAN KHALID
CHRIS C. LEE
XENETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

February 1, 2018

Jeremy A. Lieberman
Marc I. Gross
Emma Gilmore
John A. Kehoe
Brenda Szydlo
Pomerantz LLP
600 Third Avenue
New York, NY 10016

Patrick V. Dahlstrom
Pomerantz LLP
10 North LaSalle
Suite 3505
Chicago, IL 60603

Re:   *In re Petrobras Securities Litigation, 14-cv-9662 (JSR)*

Dear Counsel:

This Supplemental Agreement sets forth our agreement concerning certain provisions referenced in paragraph 62 of the Stipulation of Settlement and Release between Class Representatives and the Petrobras Defendants, dated February 1, 2018 in the above-referenced action (the "Stipulation"). Capitalized terms used herein are as defined in the Stipulation or the Plan of Allocation.

Pursuant to paragraph 62 of the Stipulation, the Petrobras Defendants shall have, in their sole and absolute discretion, the option to terminate the Stipulation if members of the Settlement Class that, in the aggregate, have transactions resulting in Recoverable Losses (as defined in the Plan of Allocation) equal to or greater than 5% of the class damages estimated by Dr. Blaine Nye, or US$831,740,713, validly request exclusion from the Settlement Class. When calculating the amount of Recoverable Losses and the amount of class damages, the losses associated with the transactions in Petrobras Securities forming the

Class Counsel, p. 2

basis of the claims in the Individual Actions or with the transactions reflected in the Notices of Exclusion pursuant to the Notice of Pendency of Class Action issued on May 9, 2016 shall not be included.

By your signature below, you agree that the foregoing accurately reflects our agreement.

Very truly yours,

Lewis J. Liman

POMERANTZ LLP

By: _____

Jeremy A. Lieberman
Marc I. Gross
Emma Gilmore
John A. Kehoe
Brenda Szydlo
600 Third Avenue
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
migross@pomlaw.com
egilmore@pomlaw.com
jkehoe@pomlaw.com
bszydlo@pomlaw.com

Patrick V. Dahlstrom
10 North LaSalle
Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 377-1184
pdahlstrom@pomlaw.com


Jennifer Pafiti
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
Fax: (917) 463-1044
E-mail: jpafiti@pomlaw.com

*Counsel for Class Representatives and the Settlement Class*

Class Counsel, p. 3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:

Jay B. Kasner
Scott D. Musoff
Jeremy A. Berman
Four Times Square
New York, New York 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com
jeremy.berman@skadden.com

*Counsel for Underwriter Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE PETROBRAS SECURITIES
LITIGATION

)
)
)
)
)
)
)
)

No. 14-cv-9662 (JSR)

ECF CASE

---

## AMENDED SUPPLEMENTAL AGREEMENT

### [CONFIDENTIAL – NOT TO BE FILED WITH THE COURT OR OTHERWISE DISCLOSED PUBLICLY]

Class Representatives Universities Superannuation Scheme Limited (as sole corporate trustee of Universities Superannuation Scheme), North Carolina Department of State Treasurer and Employees' Retirement System of the State of Hawaii (collectively, "Class Representatives"), on behalf of themselves and the Settlement Class, and defendant PricewaterhouseCoopers Auditores Independentes ("PwC Brazil"), by and through their respective counsel, hereby enter into this confidential supplemental agreement (the "Supplemental Agreement") with respect to the subject matter identified in ¶¶ 54-55 of the Stipulation and Agreement of Settlement dated November 30, 2017, as amended on February 1, 2018 (the "Stipulation"). All capitalized words and terms not defined in this Supplemental Agreement shall have the meaning stated in the Stipulation.

IT IS HEREBY AGREED AS FOLLOWS:

1.      Pursuant to and in accordance with the provisions of ¶ 54 of the Stipulation, PwC Brazil shall have the right to withdraw from and terminate the Settlement in its entirety and to render the Stipulation null and void if more than 5% of the Securities Act Class, excluding those Class Members that have already filed individual actions asserting securities fraud claims relating to Petrobras or otherwise filed a Notice of Exclusion pursuant to the Notice of Pendency of

Class Action issued on May 9, 2016, opt out of the Securities Act Class or this Settlement ("Opt-Out Threshold") by properly electing to exclude themselves from the Settlement. The percentage of the Securities Act Class referenced above shall be calculated by reference to the amount of recoverable losses of the Securities Act Members pursuant to the Plan of Allocation.

2.    Copies of all requests for exclusion from the Securities Act Class already received by the Claims Administrator (or other person designated to receive exclusion requests) shall be provided to PwC Brazil's Counsel no later than seven (7) calendar days after execution of this Supplemental Agreement; copies of any additional requests for exclusion shall be provided no later than fourteen (14) calendar days prior to the Settlement Hearing.

3.    The election provided for in Paragraph 1 of this Supplemental Agreement must be made and communicated in writing to Lead Counsel within ten (10) calendar days following receipt of requests for exclusion that meet the Opt-Out Threshold but in no event shall the election to terminate be provided to Lead Counsel later than five (5) calendar days prior to the Settlement Hearing. If the election is made, it may be revoked by PwC Brazil at any time. Lead Counsel shall have the right to communicate with any persons and entities that submit requests for exclusion and, if requests for exclusion are withdrawn such that the Opt-Out Threshold is no longer met, Lead Counsel will immediately inform PwC Brazil's Counsel, and the election to terminate, if made, will automatically become null and void and of no further effect. Should there be a dispute between the Plaintiffs and PwC Brazil as to whether the Opt-Out Threshold has been met, they will present the dispute to the Court (*in camera*) prior to the Settlement Hearing.

4.    If at any time before entry of the Judgment, the PIMCO Plaintiffs (defined herein as Pacific Management Co. and all affiliated Persons and any funds owned or managed by the foregoing) succeed in seeking leave of the Court to amend or otherwise file a complaint against

PwC Brazil relating to investments in Petrobras during the Class Period, the Settlement Fund shall refund PwC Brazil 65% of the amount of monies the PIMCO Plaintiffs would have received had they been Settlement Class Members and filed a claim with the Claims Administrator as part of the claims administration process.  The Claims Administrator shall calculate this amount pursuant to the instructions provided by Class Representatives and PwC Brazil.  However, PwC Brazil shall have no authority or input as to formulating the Plan of Allocation.

5.      Each counsel executing the Supplemental Agreement on behalf of any party hereto hereby warrants that he or she has the full authority to do so.


Dated:  New York, New York
        February 1, 2018

                                   **POMERANTZ LLP**

                                   By:  _____

                                   Jeremy A. Lieberman
                                   Marc I. Gross
                                   Emma Gilmore
                                   John A. Kehoe
                                   Brenda Szydlo
                                   600 Third Avenue
                                   New York, New York 10016
                                   Tel: (212) 661-1100
                                   Fax: (212) 661-8665
                                   jalieberman@pomlaw.com
                                   migross@pomlaw.com
                                   egilmore@pomlaw.com
                                   jkehoe@pomlaw.com
                                   bszydlo@pomlaw.com

                                   **POMERANTZ LLP**
                                   Patrick V. Dahlstrom
                                   10 North LaSalle
                                   Suite 3505
                                   Chicago, IL 60603
                                   Telephone: (312) 377-1181
                                   Facsimile: (312) 377-1184
                                   pdahlstrom@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (310) 285-5330
jpafiti@pomlaw.com

*Counsel for Class Representatives and the*
*Settlement Class*

## LABATON SUCHAROW LLP

Thomas A. Dubbs
Louis Gottlieb
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax (212) 818-0477
tdubbs@labaton.com
lgottlieb@labaton.com

*Additional Counsel for Employees' Retirement*
*System of the State of Hawaii*

## KING & SPALDING LLP

By: _Michael Pauzé_

Michael R. Pauzé
1700 Pennsylvania Avenue, NW
Washington, DC 20502
Tel: (202) 737-0500
Fax: (202) 626-3737
mpauze@kslaw.com

## KING & SPALDING LLP
James J. Capra, Jr.
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100
Fax: (212) 556-2222
jcapra@kslaw.com

*Counsel for Defendant PricewaterhouseCoopers*
*Auditores Independentes*

4

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D C · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D +1 212 225 2550
lliman@cgsh.com

VICTOR I. LEWKOW
LESLIE N. SILVERMAN
LEE C. BUCHHEIT
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
EDWARD J. ROSEN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN

CARMINE D. BOCCUZZI JR
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRALDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON

JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL G. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY JR
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
WALLACE L. LARSON JR
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
RAHUL MUKHI
NEIL R. MARKEL
HUMAYUN KHALID
CHRISS LEE
KENNETH S. BLAZEJEWSKI
ANDREW M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

February 1, 2018

Jeremy A. Lieberman
Marc I. Gross
Emma Gilmore
John A. Kehoe
Brenda Szydlo
Pomerantz LLP
600 Third Avenue
New York, NY 10016

Patrick V. Dahlstrom
Pomerantz LLP
10 North LaSalle
Suite 3505
Chicago, IL 60603

Jennifer Pafiti
Pomerantz LLP
468 North Camden Drive
Beverly Hills, CA 90210

Re:   *In re Petrobras Securities Litigation*, 14-cv-9662 (JSR)

Dear Counsel:

    This Attorneys' Fees Letter sets forth our agreement concerning certain provisions referenced in paragraphs 37-40 of the Stipulation of Settlement and Release between Class Representatives and the Petrobras Defendants, dated February 1, 2018 in the above-referenced action (the "Stipulation"). Capitalized terms used herein are as defined in the Stipulation. This agreement is subject to any further limitations with respect to the Class Counsel's receipt of attorneys' fees by the District Court.

Class Counsel, p. 2

No later than ten (10) days after the District Court enters the Judgment, one hundred percent (100%) of expenses or costs awarded by the District Court, and up to fifty percent (50%) of attorneys' fees awarded by the District Court, shall be paid, notwithstanding any timely-filed objections to the settlement or the fee request, or any appeal therefrom or any collateral attack on the settlement or fee award, subject to the undertakings, obligations, and guarantees set forth below, and subject to a dollar amount cap on the collectable 50% portion of the attorneys' fees, or maximum, of one hundred forty two million two hundred and fifty thousand dollars (US$142,250,000.00). This foregoing provision is subject to the reservation of 10% of attorneys' fees described in the final paragraph of this letter.

If Class Counsel seeks payment of more than 50% of attorneys' fees awarded by the District Court prior to the entry of a Final non-appealable Judgment, Class Counsel must first obtain at its own cost a letter of credit, substantially in the form attached hereto as Exhibit A, from a reputable financial institution acceptable to the Petrobras Defendants for the portion of attorneys' fees sought by Class Counsel above 50% or US$142,250,000.00. No distribution of attorneys' fees shall occur under this provision until the Petrobras Defendants confirm in writing to the Escrow Agent that they have received an acceptable letter of credit. Any remaining unpaid attorneys' fees shall only be paid after the entry of a Final non-appealable Judgment.

The following undersigned attorneys— Jeremy A. Lieberman, Marc I. Gross, and Patrick V. Dahlstrom—each shall be personally liable, jointly and severally, for any failure of Class Counsel to refund or repay the fees and expenses to the Petrobras Defendants, should any award of fees or expenses become no longer payable as referenced in paragraph 39 of the Stipulation, or reduced or reversed on appeal as referenced in paragraph 40 of the Stipulation, or should it be determined that Class Counsel is not entitled to fees and expenses for whatever reason, and each shall execute a personal guarantee to that effect in the form attached as Exhibit B, guaranteeing repayment of the fees and expenses. Class Counsel shall also be liable, jointly and severally with the undersigned attorneys, for any such failure to refund or repay fees and expenses and shall execute the undertaking to that effect in the form attached as Exhibit C. No distribution of attorneys' fees shall occur under this provision until the Petrobras Defendants confirm in writing to the Escrow Agent that they have received an acceptable undertaking from Class Counsel and acceptable personal guarantees from the above-identified attorneys. Said confirmation shall not be withheld by the Petrobras Defendants in the event Class Counsel executes Exhibits B and C, and if applicable, obtains a letter of credit from a reputable financial institution acceptable to Petrobras in the form of Exhibit A.

In additions to the limitations on the receipt of attorneys' fees set forth above, Class Counsel has agreed with Lead Plaintiff Universities Superannuation Scheme, Ltd. that it will reserve taking 10% of the total fee award until at least seventy five percent (75%) of the Net Settlement Fund has been distributed to Class Members.

Class Counsel, p. 3

By your signature below, you agree that the foregoing accurately reflects our agreement.

Very truly yours,

Lewis J. Liman

**POMERANTZ LLP**

By: _____

Jeremy A. Lieberman

By: _____

Marc I. Gross

Emma Gilmore
John A. Kehoe
Brenda Szydlo
600 Third Avenue
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
migross@pomlaw.com
egilmore@pomlaw.com
jkehoe@pomlaw.com
bszydlo@pomlaw.com

By: _____

Patrick V. Dahlstrom
10 North LaSalle
Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Class Representatives and the Settlement Class*

# EXHIBIT A

## EXHIBIT A TO ATTORNEYS' FEES LETTER

IRREVOCABLE STAND-BY LETTER OF CREDIT N0. _____

DATE OF ISSUE_____

ISSUING BANK: _____
(MINIMUM RATING IS "A-" BASED ON STANDARD & POOR'S AND FIRST CLASS COUNTRY OR "A3" BASED ON MOODY'S RATING LISTS) (Issuing Bank to be previously approved by PETROBRAS)

APPLICANT:_____

BENEFICIARY: PETRÓLEO BRASILEIRO S/A – PETROBRAS E/OU EMPRESA DO GRUPO
AV. REPÚBLICA DO CHILE, 65 – 3RD FLOOR – ROOM 302
20035-912 – CENTRO – RIO DE JANEIRO – RJ – BRAZIL
ATT.: SÉRVIO TULIO DA R. TINOCO

ADVISING BANK:
**Banco Santander (Brasil) S/A**
**Av. Rio Branco, 70 - 5º andar - Comex Atendimento e Serviços**
**Centro – Rio de Janeiro – RJ**
**CEP: 20040-070**
**SWIFT: BSCHBRSP**
**Att.: Rita Sancho Silva / Regina Gigek de Carvalho**
**Tel.: + 55 21 2526-9682 / + 55 11 5538-5321**

CONFIRMING BANK: _____
(Confirming Bank to be previously approved by PETROBRAS)

GENTLEMEN:

AT THE REQUEST AND ON BEHALF OF _____(THE "APPLICANT" AS ABOVE), WE HEREBY ESTABLISH OUR IRREVOCABLE STANDBY LETTER OF CREDIT N0._____ (INSERT NUMBER) DATED_____ (INSERT DATE) IN FAVOR OF _____(INSERT BENEFICIARY'S NAME) IN THE AMOUNT OF U.S. DOLLARS(INSERT AMOUNT IN NUMBERS) (UNITED STATES DOLLARS _____(INSERT AMOUNT IN WORDS), WITH INTEREST INCLUDED AS PROVIDED HEREIN. EFFECTIVE IMMEDIATELY AND EXPIRING ON _____ (INSERT DATE – MINIMUM 20 DAYS AFTER THE ESTIMATED PAYMENT DATE) AT THE COUNTERS OF_____ (BENEFICIARY'S ADVISING BANK).

FUNDS UNDER THIS LETTER OF CREDIT ARE AVAILABLE TO YOU AGAINST YOUR DRAFT(S) DRAWN AT SIGHT ON US (ISSUING BANK), AND AGAINST THE PRESENTATION OF FOLLOWING DOCUMENT, MENTIONING THEREON OUR LETTER OF CREDIT N0. _____: BENEFICIARY'S STATEMENT SIGNED BY AN AUTHORIZED REPRESENTATIVE STATING: "THE APPLICANT HAS FAILED TO COMPLY WITH ITS PAYMENT OBLIGATION TWO DAYS AFTER DUE DATE" OR ACCOMPANIED BY YOUR WRITTEN DRAWING CERTIFICATION IN THE FORM ATTACHED HERETO AS ANNEX AND MADE A PART HEREOF.

PAYMENT DETAILS: IF PAYMENT FALLS DUE ON A SATURDAY, SUNDAY OR BANK HOLIDAY IN NEW YORK, PAYMENT SHALL BE MADE ON THE FOLLOWING FIRST NEW YORK BANKING DAY
WE HEREBY ENGAGE WITH YOU THAT ALL DRAFTS DRAWN ON US AND PRESENTED UNDER AND IN COMPLIANCE WITH THE TERMS OF THIS LETTER OF CREDIT WILL BE DULY HONORED BY US IF PRESENTED TOGETHER WITH YOUR WRITTEN DRAWING CERTIFICATION AS PROVIDED ABOVE ON OR BEFORE EXPIRY AT ADVISING BANK'S COUNTERS (THE PLACE OF PRESENTATION – INSERT NAME OF THE BANK) UPON OUR RECEIPT OF A DEMAND FOR PAYMENT MADE BY YOU HEREUNDER AT LEAST THREE BANKING DAYS PRIOR TO THE DATE PAYMENT HEREUNDER IS EXPECTED. PAYMENT SHALL BE MADE TO YOU OF THE AMOUNT DEMANDED IN IMMEDIATELY AVAILABLE FUNDS NO LATER THAN

10:00 A.M. LOCAL TIME AT THE PLACE OF PRESENTATION ON THE DAY FOR WHICH PAYMENT IS DEMANDED.

SPECIAL CONDITIONS:

1) ALL BANK CHARGES INCLUDING ISSUING, CONFIRMING AND NEGOTIATING COSTS SHALL BE FOR APPLICANT'S ACCOUNT. ONLY ADVISING COSTS OF BANCO SANTANDER (ADVISING BENEFICIARY'S BANK) SHALL BE FOR BENEFICIARY'S ACCOUNT.

2) THIS SWIFT IS THE OPERATIVE INSTRUMENT OF THIS CREDIT AND NO MAIL CONFIRMATION WILL FOLLOW.

3) THE TOTAL L/C AMOUNT OF USD (INSERT AMOUNT IN NUMBERS)

4) PARTIAL AND MULTIPLE DRAWINGS ARE PERMITTED.

5) TYPOGRAPHICAL OR SPELLING ERRORS THAT DO NOT AFFECT THE MEANING OF A WORD OR SENTENCE IN WHICH IT OCCURS SHALL NOT CONSTITUTE A DISCREPANCY.

THIS STANDBY LETTER OF CREDIT IS SUBJECT TO THE INTERNATIONAL STANDBY PRACTICES (1998) REVISION – INTERNATIONAL CHAMBER OF COMMERCE PUBLICATION NO. 590 AND TO THE EXTENT NOT INCONSISTENT THEREWITH, SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK.

**NOTE: THE ADVISING BANK OR BENEFICIARY WILL INSERT INFORMATION CALLED FOR IN BLANK SPACES AND BETWEEN PARENTHESIS PRIOR TO PRESENTATION ON THE FOREGOING DRAWING CERTIFICATION.**

**ANNEX.**

**DRAWING CERTIFICATION**

DATE: _____

TO: _____

ATTN: _____

RE.: LETTER OF CREDIT N0. _____

GENTLEMEN:

PLEASE BE ADVISED THAT WE ARE HEREBY DRAWING UNDER THE ABOVE REFERENCED LETTER OF CREDIT AND THAT:

1) _____(APPLICANT'S NAME AND ADDRESS) (APPLICANT) OWES US AS OF THE DATE HEREOF U.S. DOLLARS _____(AMOUNT IN WORDS AND FIGURES) IN CONNECTION WITH STIPULATION OF SETTLEMENT AGREEMENT EFFECTIVE AS OF_____(DATE).

2) WE HAVE REQUESTED PAYMENT FROM APPLICANT PER THE ATTACHED PHOTOCOPY, FACSIMILE OR TELEX COPY OF THE INVOICE IN THE AMOUNT OF U.S. DOLLARS_____ (AMOUNT IN WORDS AND FIGURES) AND AS OF THE DATE HEREOF APPLICANT HAS FAILED TO PAY US SUCH AMOUNT.

THIS DRAWING IS IN THE AMOUNT OF U.S. DOLLARS_____ (AMOUNT IN WORDS AND FIGURES) WHICH IS NOT IN EXCESS OF THE AMOUNT FOR WHICH PAYMENT HAS BEEN REQUESTED AS SET FORTH IN PARAGRAPH 2 HEREOF, PLUS INTEREST (INTEREST SHALL BE CALCULATED ON THE ONE MONTH LONDON INTERBANK OFFERED RATE (LIBOR) FOR U.S. DOLLAR DEPOSITS OFFERED BY BLOOMBERG PUBLICATION AT 11:00 A.M. LONDON TIME AS QUOTED ON PAGE BBAM  IN EFFECT ON THE DATE APPLICANT'S PAYMENT WAS DUE, PLUS THREE PERCENT PER ANNUM) FROM _____ (DATE APPLICANT'S PAYMENT WAS DUE) THROUGH THE DATE OF YOUR PAYMENT HEREUNDER. PAYMENT OF THE AMOUNT DEMANDED HEREUNDER, INCLUDING INTEREST, IS REQUESTED TO BE MADE NOT LATER THAN 10:00 A.M. LOCAL TIME AT YOUR OFFICE WITHIN THREE BANKING DAYS AFTER THE DATE OF YOUR RECEIPT OF THIS REQUEST.

VERY TRULY YOURS,
BY: _____
TITLE:_____

**NOTE: THE ADVISING BANK OR BENEFICIARY WILL INSERT INFORMATION CALLED FOR IN BLANK SPACES AND BETWEEN PARENTHESIS PRIOR TO PRESENTATION ON THE FOREGOING DRAWING CERTIFICATION.**

OBSERVAÇÃO: O TEXTO MARCADO EM AMARELO DEVERÁ SER PREENCHIDO DE ACORDO COM CADA OPERAÇÃO.

# EXHIBIT B

## EXHIBIT B TO ATTORNEYS' FEES LETTER

### GUARANTEE

**GUARANTEE** (as the same may be amended, supplemented or otherwise modified from time to time, the "Guarantee"), dated as of February 1, 2018, of Mr. Jeremy A. Lieberman (the "Guarantor") in favor of Petróleo Brasileiro S.A. – Petrobras ("Petrobras"), Petrobras Global Finance B.V. ("PGF"), and their successors and permitted assigns (the "Beneficiaries").

**WHEREAS**, Pomerantz LLP (the "Obligor"), on behalf of Plaintiffs and Settlement Class Members, has entered into a Stipulation of Settlement and Release, dated as of February 1, 2018 (the "Stipulation"), with the Beneficiaries, and with other parties;

**WHEREAS**, unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation;

**WHEREAS**, in consideration of the provisions set forth in the Stipulation governing the award and payment of attorneys' fees and expenses to Obligor, the Guarantor is willing to enter into this Guarantee;

**NOW, THEREFORE**, the Guarantor hereby agrees:

**Section 1. Payment Guarantee.** (a) From and after the date hereof, the Guarantor hereby irrevocably, absolutely and unconditionally guarantees to the Beneficiaries the payment of all present and future amounts payable by the Obligor under ¶¶ 37-40 of the Stipulation, whether direct or indirect, absolute or contingent, now or hereafter from time to time owing to the Beneficiaries, in full in cash when the same are due and payable in accordance with the terms of the Stipulation (the "Guaranteed Obligations").

This is a guarantee of payment, and not merely of collection. The Guarantor further agrees to pay and indemnify the Beneficiaries for all costs, fees and expenses (including, without limitation, reasonable legal fees) incurred by any Beneficiary in connection with enforcing or exercising its rights under this Guarantee or any direct damages arising from a breach by Guarantor of the provisions hereof or any misrepresentation made by the Guarantor herein.

(b)   In no event shall any Beneficiary be obligated to take any action, obtain any judgment or file any claim prior to enforcing this Guarantee. Upon failure of the Obligor punctually to pay when due the Guaranteed Obligations, and upon demand by any Beneficiary to the Guarantor, the Guarantor agrees promptly to pay or cause to be paid such amounts; provided that delay by any Beneficiary in giving such demand shall in no event affect the Beneficiaries' rights or the Guarantor's obligations under this Guarantee. The rights, powers, remedies and privileges provided in this Guarantee are cumulative and not exclusive of any rights, powers, remedies and privileges provided by any other agreement or by law, including, but not limited to, the guarantee agreements executed by Marc I. Gross and Patrick V. Dahlstrom in favor of the Beneficiaries.

(c)   The Guarantor hereby agrees that his obligations hereunder are absolute, unconditional and continuing and, without limiting the generality of the foregoing, shall not be

released, discharged or otherwise affected by (and the Guarantor hereby waives, to the extent applicable):

     (i)     any claim as to the validity, regularity or enforceability of the Stipulation or this Guarantee or any other agreement related to the Stipulation or this Guarantee,

     (ii)     the lack of authority of the Guarantor to execute or deliver this Guarantee;

     (iii)     the lack of authority of the Obligor to execute or deliver the Stipulation;

     (iv)     any change in the time, manner or place of payment of, or in any other term of, or amendment to the Stipulation;

     (v)     any rescission, amendment, waiver or consent by any Beneficiary with respect to any provisions of the Stipulation or this Guarantee or any compromise or release by any Beneficiary of any of the Obligor's obligations thereunder or hereunder.

     (vi)     the absence of any action to enforce the Stipulation, to recover any judgment against the Obligor or to enforce a judgment against the Obligor under the Stipulation;

     (vii)     the existence of any bankruptcy, insolvency, reorganization or similar proceedings involving the Obligor or the Guarantor;

     (viii)     any setoff, counterclaim, or defense of any kind or nature which may be available to or asserted by the Guarantor or the Obligor against the Beneficiaries or any of their affiliates, or against the Settlement Class Members or any of their affiliates;

     (ix)     any change in the laws, rules or regulations of any jurisdiction;

     (x)     any present or future action of any governmental authority or court amending, varying, reducing or otherwise affecting, or purporting to amend, vary, reduce or otherwise affect, any of the obligations of the Obligor under the Stipulation or of the Guarantor under this Guarantee; and

     (xi)     any other circumstance (other than payment) which might otherwise constitute a legal or equitable discharge or defense of a guarantor generally.

     (d)     The Guarantor hereby further waives diligence, presentment, demand on the Obligor for payment, filing of claims, requirement of a prior proceeding against the Obligor and protest or notice, except as provided for in the Stipulation with respect to amounts payable by the Obligor. If at any time (including any time after termination or expiration of this Guarantee) any payment under the Stipulation is rescinded or must be otherwise restored or returned by any

Beneficiary, any Settlement Class Member or the Escrow Agent upon the insolvency, bankruptcy or reorganization of the Obligor or the Guarantor or otherwise, the Guarantor's obligations hereunder with respect to such payment shall be reinstated upon such restoration or return being made by such Beneficiary, such Settlement Class Member or the Escrow Agent, all as though such payment had not been made.

(e)     Any return of monies to Petrobras pursuant to the terms of the Stipulation or this Guarantee shall be made via wire transfer payable to Petróleo Brasileiro S.A.– Petrobras, pursuant to the following wire instructions:

| | |
|---|---|
| Bank: | Bank of America |
| Account: | ☐5072 |
| ABA/Routing: | 026009593 |
| Swift Code: | BOFAUS3N |
| Country: | EUA |
| Currency: | USD |
| Reference: | In re Petrobras Securities Litigation |

Any return of monies to PGF pursuant to the terms of the Stipulation or this Guarantee shall be made via wire transfer payable to Petrobras Global Finance B.V., pursuant to the following wire instructions:

| | |
|---|---|
| Bank: | JPMorgan Chase |
| Account: | ☐5097 |
| ABA/Routing: | 021000021 |
| Swift Code: | CHASUS33 |
| Country: | EUA |
| Currency: | USD |
| Reference: | In re Petrobras Securities Litigation |

**Section 2. Representations and Warranties.** The Guarantor represents and warrants to each Beneficiary on the date hereof and, with respect to the representation in clause (g) only, during the duration of this Guarantee, that:

(a)     he is a natural person of legal age and has the legal power, right and authority to execute and deliver this Guarantee and to perform the provisions of this Guarantee on his part to be performed;

(b)     he is competent to enter into this Guarantee, and enters into this Guarantee of his own free will and without duress or undue influence by any other person;

(c)     he is capable of assessing the merits of, and understands and accepts, the terms and conditions of the transactions contemplated by this Guarantee and the Stipulation;

(d)     this Guarantee is the valid, binding and enforceable obligation of the Guarantor;

(e)     the Guarantor acknowledges that he expects to benefit from the transactions contemplated by the Stipulation;

(f)     after giving effect to this Guarantee, the aggregate fair saleable value of all the assets owned by the Guarantor or in which the Guarantor has an economic interest, at fair valuation, will be greater than the sum of all the Guarantor's liabilities of any nature, including without limitation contingent and unmatured debts or claims;

(g)     there are no actions, suits or arbitration proceedings pending or, to the knowledge of the Guarantor, threatened against the Guarantor, at law or in equity, which, individually or in the aggregate, if adversely determined, would materially adversely affect the financial condition of the Guarantor or materially impair the Guarantor's ability to perform his obligations under this Guarantee; and

(h)     neither the Guarantor  nor any of its properties has any immunity from suit, court jurisdiction, attachment prior to judgement, attachment in aid of execution of a judgement, set-off, execution of a judgement or from any other legal process in relation to this Guarantee.

**Section 3. Subrogation of Rights.**  By accepting this Guarantee and entering into the Stipulation, each Beneficiary agrees that the Guarantor shall be subrogated to all rights of such Beneficiary against the Obligor in respect of any amounts paid by the Guarantor pursuant to this Guarantee.  The Guarantor agrees that it will not take any action against or in respect of the Obligor relating to any payment made by the Guarantor under this Guarantee until such time as all amounts payable by the Obligor under ¶¶ 37-40 of the Stipulation have been paid.

**Section 4. Binding Effect/Permitted Assignees.**  This Guarantee shall be binding upon the Guarantor and his heirs, distributees, executors, administrators, guardians, conservators, successors and assigns and shall inure to the benefit of each Beneficiary and its successors and assigns. The Guarantor may not assign any of his obligations under this Guarantee to any person or entity without the prior written consent of all of the Beneficiaries.

**Section 5. Termination.**  This Guarantee shall remain in effect until the indefeasible payment and performance in full of all the Guaranteed Obligations and the termination of the Stipulation.

**Section 6. Notices.** Any notice to the Guarantor or any Beneficiary hereunder shall be in writing and sent in any manner permitted by ¶ 79 of the Stipulation to the address or facsimile number set forth below with respect to each party (or to such other address or facsimile number as the Guarantor or Beneficiaries shall notify each other from time to time).

With respect to the Beneficiaries:

Lewis J. Liman
Roger A. Cooper
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

With respect to the Guarantor:

Jeremy A. Lieberman
POMERANTZ LLP
600 Third Avenue
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665

**Section 7. Governing Law; Jurisdiction.** This Guarantee shall be governed by and construed in accordance with the laws of the State of New York. The Guarantor and Beneficiaries hereby irrevocably and unconditionally (i) consent and submit to the non-exclusive jurisdiction of any United States Federal or New York State court sitting in the Borough of Manhattan, City and State of New York and any appellate court from any such court, solely for the purpose of any suit, action, or proceeding brought to enforce his obligations under this Guarantee or relating in any way to this Guarantee and (ii) waive, to the fullest extent he may effectively do so, any defense of an inconvenient forum to the maintenance of such action or proceeding in any such court and any right of jurisdiction on account of his place of residence or domicile. THE GUARANTOR HEREBY WAIVES ANY AND ALL RIGHTS TO DEMAND A TRIAL BY JURY IN ANY ACTION, SUIT OR PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTEE OR THE TRANSACTIONS CONTEMPLATED HEREBY.

**Section 8. Amendments.** This Guarantee shall not be amended, supplemented or otherwise modified except by a writing signed by both the Guarantor and all of the Beneficiaries.

*[signature page follows]*

IN WITNESS WHEREOF, the Guarantor has caused this Guarantee to be executed and duly authorized, as of the date first written above.

_____

**Jeremy A. Lieberman**

ACKNOWLEDGED AND ACCEPTED, as of the date first written above:

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: _____

Lewis J. Liman
Roger A. Cooper
Jared M. Gerber
Rahul Mukhi
One Liberty Plaza,
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999
lliman@cgsh.com
racooper@cgsh.com
jgerber@cgsh.com
rmukhi@cghs.com

*Counsel for Petróleo Brasileiro S.A. –*
*Petrobras and Petrobras Global Finance B.V.*

# EXHIBIT C

## EXHIBIT C TO ATTORNEYS' FEES LETTER

### UNDERTAKING

**THIS UNDERTAKING** (as the same may be amended, supplemented or otherwise modified from time to time, the "Undertaking") is executed as of February 1, 2018, by Pomerantz LLP ("Class Counsel"), in favor of Petróleo Brasileiro S.A. – Petrobras ("Petrobras"), Petrobras Global Finance B.V. ("PGF") and Petrobras America Inc. ("PAI") and their successors and permitted assigns (the "Petrobras Defendants").

**WHEREAS,** Class Counsel, on behalf of Plaintiffs and Settlement Class Members, has entered into a Stipulation of Settlement and Release, dated as of February 1, 2018 (the "Stipulation"), with the Petrobras Defendants, and with other parties;

**WHEREAS,** Class Counsel, on behalf of Plaintiffs and Settlement Class Members, has entered into an agreement with the Petrobras Defendants set forth in the Attorneys' Fees Letter dated as of February 1, 2018;

**WHEREAS,** unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation

**WHEREAS,** in consideration of the provisions set forth in the Stipulation and the Attorneys' Fees Letter governing the award and payment of attorneys' fees and expenses to Class Counsel, Class Counsel is willing to enter into this Undertaking;

**NOW, THEREFORE,** Class Counsel, intending to be legally bound, agrees as follows for the benefit of the Petrobras Defendants:

**Section 1.  Undertaking.**  (a) From and after the date hereof, Class Counsel hereby irrevocably, absolutely and unconditionally agrees to pay all present and future amounts payable by it under ¶¶ 37-40 of the Stipulation and under the Attorneys' Fees Letter, whether direct or indirect, absolute or contingent, now or hereafter from time to time owing to the Petrobras Defendants, in full in cash when the same are due and payable in accordance with the terms of the Stipulation and the Attorneys' Fees Letter.

This is an Undertaking of payment, and not merely of collection.  Class Counsel further agrees to pay and indemnify the Petrobras Defendants for all costs, fees and expenses (including, without limitation, reasonable legal fees) incurred by any Petrobras Defendant in connection with enforcing or exercising its rights under this Undertaking or under ¶¶ 37-40 of the Stipulation, or any direct damages arising from a breach by Class Counsel of the provisions hereof or of ¶¶ 37-40 of the Stipulation or any misrepresentation made by Class Counsel herein or in ¶¶ 37-40 of the Stipulation.

(b)     The rights, powers, remedies and privileges provided in this Undertaking are cumulative and not exclusive of any rights, powers, remedies and privileges provided by any other agreement or by law, including, but not limited to, the Stipulation and Attorneys' Fees Letter.

(c)     Class Counsel hereby agrees that its obligations hereunder are absolute, unconditional and continuing and, without limiting the generality of the foregoing, shall not be released, discharged or otherwise affected by (and Class Counsel hereby waives, to the extent applicable):

(i)     any claim as to the validity, regularity or enforceability of the Stipulation, the Attorneys' Fees Letter or this Undertaking or any other agreement related to the Stipulation or this Undertaking;

(ii)    lack of authority of Class Counsel to execute or deliver this Undertaking;

(iii)   any change in the time, manner or place of payment of, or in any other term of, or amendment to the Stipulation or the Attorneys' Fees Letter;

(iv)    any rescission, amendment, waiver or consent by any Petrobras Defendant with respect to any provisions of the Stipulation, the Attorneys' Fees Letter or this Undertaking or any compromise or release by any Petrobras Defendant of any of Class Counsel's obligations thereunder or hereunder

(v)     the absence of any action to enforce the Stipulation, the Attorneys' Fees Letter or this Undertaking, to recover any judgment against Class Counsel or to enforce a judgment against Class Counsel under the Stipulation, the Attorneys' Fees Letter or this Undertaking;

(vi)    the existence of any bankruptcy, insolvency, reorganization or similar proceedings involving Class Counsel;

(vii)   any setoff, counterclaim, or defense of any kind or nature which may be available to or asserted by Class Counsel against the Petrobras Defendants or any of their affiliates, or against the Settlement Class Members or any of their affiliates;

(viii)  any change in the laws, rules or regulations of any jurisdiction;

(ix)    any present or future action of any governmental authority or court amending, varying, reducing or otherwise affecting, or purporting to amend, vary, reduce or otherwise affect, any of the obligations of Class Counsel under the Stipulation, the Attorneys' Fees Letter or this Undertaking; and

(x)     any other circumstance (other than payment) which might otherwise constitute a legal or equitable discharge or defense generally.

(d)     If at any time (including any time after termination or expiration of this Undertaking) any payment under the Stipulation, the Attorneys' Fees Letter or this Undertaking is rescinded or must be otherwise restored or returned by any Petrobras Defendant, any Settlement Class Member or the Escrow Agent upon the insolvency, bankruptcy or reorganization Class Counsel or otherwise, Class Counsel's obligations hereunder with respect to

2

such payment shall be reinstated upon such restoration or return being made by such Petrobras Defendant, such Settlement Class Member or the Escrow Agent, all as though such payment had not been made.

(e)     Any return of monies to Petrobras pursuant to the terms of the Stipulation or this Undertaking shall be made via wire transfer payable to Petróleo Brasileiro S.A.– Petrobras, pursuant to the following wire instructions:

| | |
|---|---|
| Bank: | Bank of America |
| Account: | ⬚5072 |
| ABA/Routing: | 026009593 |
| Swift Code: | BOFAUS3N |
| Country: | EUA |
| Currency: | USD |
| Reference: | In re Petrobras Securities Litigation |

Any return of monies to PGF pursuant to the terms of the Stipulation or this Undertaking shall be made via wire transfer payable to Petrobras Global Finance B.V., pursuant to the following wire instructions:

| | |
|---|---|
| Bank: | JPMorgan Chase |
| Account: | ⬚5097 |
| ABA/Routing: | 021000021 |
| Swift Code: | CHASUS33 |
| Country: | EUA |
| Currency: | USD |
| Reference: | In re Petrobras Securities Litigation |

**Section 2.  Representations and Warranties.**  Class Counsel represents and warrants to each Petrobras Defendant on the date hereof and, with respect to the representation in clause (d) only, during the duration of this Undertaking, that:

(a)     this Undertaking is the valid, binding and enforceable obligation of Class Counsel;

(b)     Class Counsel acknowledges that it expects to benefit from the transactions contemplated by the Stipulation and the Attorneys' Fees Letter;

(c)     after giving effect to this Undertaking, the aggregate fair saleable value of all the assets owned by Class Counsel or in which Class Counsel has an economic interest, at fair valuation, will be greater than the sum of all Class Counsel's liabilities of any nature, including without limitation contingent and unmatured debts or claims;

(d)     there are no actions, suits or arbitration proceedings pending or, to the knowledge of Class Counsel, threatened against Class Counsel, at law or in equity, which, individually or in the aggregate, if adversely determined, would materially adversely affect the financial condition of Class Counsel or materially impair Class Counsel's ability to perform its obligations under the Stipulation, the Attorneys' Fees Letter or this Undertaking; and

(e)     neither the Class Counsel nor any of its properties has any immunity from suit, court jurisdiction, attachment prior to judgement, attachment in aid of execution of a judgement, set-off, execution of a judgement or from any other legal process in relation to this Guarantee.

**Section 3. Binding Effect/Permitted Assignees.** This Undertaking shall be binding upon Class Counsel and its successors and assigns and shall inure to the benefit of each Petrobras Defendant and its successors and assigns. Class Counsel may not assign any of its obligations under this Undertaking to any person or entity without the prior written consent of all of the Petrobras Defendants.

**Section 4. Termination.** This Undertaking shall remain in effect until the indefeasible payment and performance in full of all obligations under ¶¶ 37-40 of the Stipulation, under the Attorneys' Fees Letter and under this Undertaking.

**Section 5. Amendments.** The terms of this Undertaking shall not be waived, altered, modified, amended or supplemented in any manner whatsoever except by written instrument signed by each of Class Counsel and the Petrobras Defendants.

**Section 6. Governing Law; Jurisdiction.** This Undertaking shall be governed by and construed in accordance with the laws of the State of New York. Class Counsel hereby irrevocably and unconditionally (i) consents and submits to the non-exclusive jurisdiction of any United States Federal or New York State court sitting in the Borough of Manhattan, City and State of New York and any appellate court from any such court, solely for the purpose of any suit, action, or proceeding brought to enforce its obligations under this Undertaking or relating in any way to this Undertaking and (ii) waives, to the fullest extent it may effectively do so, any defense of an inconvenient forum to the maintenance of such action or proceeding in any such court and any right of jurisdiction on account of its place of residence or domicile. CLASS COUNSEL HEREBY WAIVES ANY AND ALL RIGHTS TO DEMAND A TRIAL BY JURY IN ANY ACTION, SUIT OR PROCEEDING ARISING OUT OF OR RELATING TO THIS UNDERTAKING OR THE TRANSACTIONS CONTEMPLATED HEREBY.

*[signature page follows]*

4

IN WITNESS WHEREOF, Class Counsel has caused this Undertaking to be executed and duly authorized, as of the date first written above.

**POMERANTZ LLP**

By: _____

Jeremy A. Lieberman
Marc I. Gross
Emma Gilmore
John A. Kehoe
Brenda Szydlo
600 Third Avenue
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
migross@pomlaw.com
egilmore@pomlaw.com
jkehoe@pomlaw.com
bszydlo@pomlaw.com

ACKNOWLEDGED AND ACCEPTED, as of the date first written above:

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: _____

Lewis J. Liman
Roger A. Cooper
Jared M. Gerber
Rahul Mukhi
One Liberty Plaza,
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999
lliman@cgsh.com
racooper@cgsh.com
jgerber@cgsh.com
rmukhi@cghs.com

*Counsel for Petróleo Brasileiro S.A. --
Petrobras, Petrobras Global Finance B.V.
and Petrobras America Inc.*