Anna St. John
COMPETITIVE ENTERPRISE INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Phone: (917) 327-2392
Email:  anna.stjohn@cei.org

*Attorney for Objector William Thomas Haynes,*
*as trustee for the benefit of W Thomas and Katherine Haynes*
*Irrevocable Trust for the benefit of Sara L. Haynes*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE PETROBRAS SECURITIES LITIGATION** | Case No. 14-CV-9662 (JSR)<br><br>**CLASS ACTION** |

**DECLARATION OF THEODORE H. FRANK**

I, Theodore H. Frank, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. My business address is Competitive Enterprise Institute, 1310 L Street NW, 7th Floor, Washington, DC 20005. My telephone number is (202) 331-2263. My email address is ted.frank@cei.org.

3. I represent William Thomas Haynes in his capacity as the trustee of the W Thomas and Katherine Haynes Irrevocable Trust for the benefit of Sara L. Haynes (the "Trust"), a class member in this matter.

### Center for Class Action Fairness

4. I founded the non-profit Center for Class Action Fairness ("CCAF"), a 501(c)(3) non-profit public-interest law firm based out of Washington, DC, in 2009. In 2015, CCAF merged into the non-profit Competitive Enterprise Institute ("CEI") and became a division within their law and litigation unit.

5. CCAF's mission is to litigate on behalf of class members against unfair class action procedures and settlements. *See, e.g., Pearson v. NBTY, Inc.*, 772 F.3d 778, 787 (7th Cir. 2014) (praising CCAF's work); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 716-17 (6th Cir. 2013) (describing CCAF's client's objections as "numerous, detailed and substantive") (reversing settlement approval and certification); *Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181, 205 (D.D.C. 2013) (describing CCAF's client's objection as "comprehensive and sophisticated" and noting that "[o]ne good objector may be worth many frivolous objections in ascertaining the fairness of a settlement") (rejecting settlement approval and certification.) The Center has won millions of dollars for class members and received national acclaim for its work. *See, e.g.*, Adam Liptak, *When Lawyers Cut Their Clients Out of the Deal*, N.Y. TIMES, Aug. 13, 2013 ("the leading critic of abusive class action settlements"); Roger Parloff, *Should Plaintiffs Lawyers Get 94% of a Class Action Settlement?*, FORTUNE, Dec. 15, 2015 ("the nation's most relentless warrior against class-action fee abuse"); The Editorial Board, *The Anthem Class-*

*Action Con*, WALL ST. J., Feb. 11, 2018 (opining "[t]he U.S. could use more Ted Franks" while covering CCAF's role in exposing "legal looting" in the Anthem data breach MDL).

6.    The Center has been successful, winning reversal or remand in fifteen federal appeals decided to date. *In re Subway Footlong Mktg. Litig.*, 869 F.3d 551 (7th Cir. 2017); *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608 (8th Cir. 2017); *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718 (7th Cir. 2016); *In re EasySaver Rewards Litig.*, 599 Fed. Appx. 274 (9th Cir. 2015) (unpublished); *In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060 (8th Cir. 2015); *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014); *In re MagSafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560 (9th Cir. 2014) (unpublished); *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013); *In re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013); *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013); *Dewey v. Volkswagen*, 681 F.3d 170 (3d Cir. 2012); *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012); *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). Several of these appeals centered around excessive fee awards. *E.g., Redman*; *Pearson*; *Bluetooth.* While, like most experienced litigators, we have not won every appeal we have litigated, CCAF has won the majority of them.

7.    CCAF has won more than a hundred million dollars for class members by driving the settling parties to reach an improved bargain or by reducing outsized fee awards. Andrea Estes, *Critics hit law firms' bills after class-action lawsuits,* BOSTON GLOBE (Dec. 17, 2016). *See also, e.g., McDonough v. Toys "R" Us*, 80 F. Supp. 3d 626, 661 (E.D. Pa. 2015) ("CCAF's time was judiciously spent to increase the value of the settlement to class members") (internal quotation omitted); *In re Citigroup Inc. Secs. Litig.*, 965 F. Supp. 2d 369 (S.D.N.Y. 2013) (reducing fees, and thus increasing class recovery, by more than $26 million to account for a "significantly overstated lodestar"); *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208-JF, 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011) (parties nullify objection by eliminating *cy pres* and augmenting class fund by $2.5 million).

## Representation of Mr. Haynes as the Trustee of the Trust

8.     William Thomas Haynes is the trustee of the Trust. He also is chairman of the Board of CEI and a member of CCAF's litigation advisory committee. On or about April 24, 2018, Mr. Haynes informed me that, on behalf of the Trust, he had received notice of the proposed settlement in this action. CEI agreed to represent Mr. Haynes in this case and file an objection on his behalf in his capacity as trustee of the Trust. Mr. Haynes is receiving no compensation to do so.

## CCAF Class Action Objections

9.     In 2008, before I started CCAF, I objected *pro se* (after dismissing the attorney I initially retained) to the class action settlement in *In re Grand Theft Auto Video Game Consumer Litigation*, No. 1:06-md-1739 (SWK) (S.D.N.Y.) because of the disproportionate recovery it gave to class counsel against the class. The district court refused to certify the class and approve the settlement. 251 F.R.D. 139 (S.D.N.Y. 2008).

10.     The highly-publicized success of my *Grand Theft Auto* objection caused class members victimized by other bad class action settlements to contact me to see if I could represent them. I started the Center for Class Action Fairness in 2009 to respond to this demand.

11.     CEI attorneys Anna St. John, Melissa Holyoak, and Adam Schulman have worked on this objection; CEI attorney M. Frank Bednarz may work on this objection in the future. CCAF and CEI has represented clients (or CCAF and CEI attorneys have appeared *pro se*) in the following objections to settlements or fee requests, which I color-code as green for successful or partially successful; red for unsuccessful; and white for pending without interim success. While the Settlement Notice states an objector must include "a list of other cases in which you or your counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years," I have not limited this list to the preceding five years because of the burden such winnowing would impose and the risk of potentially excluding cases in which I or other CCAF or CEI attorneys appeared that were appealed or otherwise proceeded without our active participation within the specified time period. Note that some cases involve multiple objections

to multiple iterations of the settlement. Unless otherwise indicated, we did not receive payment. In the interests of disclosure, I am identifying all objections where CEI and CCAF attorneys have appeared as counsel or *pro se* even if those attorneys have not worked on this objection. This list does not include class action settlement cases where we were appointed or sought *amicus* status on behalf of class interests without representing an objecting class member.

| Case | Result |
|---|---|
| *In re Bluetooth Headset Products Liability Litigation*, Case No 2:07-ML-1822-DSF-E (C.D. Cal.) | District court approved the settlement and fee request. On appeal, the Ninth Circuit vacated, 654 F.3d 935 (9th Cir. 2011). On remand, the district court approved the settlement and reduced fees from $800,000 to $232,000. We did not appeal again, and received no payment. |
| *In re TD Ameritrade Account Holder Litigation*, Case No C 07-2852 VRW (N.D. Cal.) | The objection was successful and the district court rejected the settlement. 2009 U.S. Dist. LEXIS 126407 (N.D. Cal. Oct. 23, 2009). A substantially improved settlement was approved. |
| *Fairchild v. AOL*, Case No 09-cv-03568 CAS (PLAx) (C.D. Cal.) | The trial court approved the settlement and fee request. The Center appealed and in November, 2011, the Ninth Circuit reversed, sustaining the Center's objection to the improper *cy pres*. *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011). On remand, the parties cured the abusive *cy pres*. |
| *In re Yahoo! Litigation*, Case No 06-cv-2737 CAS (FMOx) (C.D. Cal.) | The district court approved the settlement and fee request. I withdrew from representations of my clients during the appeal, and my former clients chose to voluntarily dismiss their appeal. I received no payment. I believe the appeal was meritorious and would have prevailed and that the plaintiffs' tactic of buying off my clients at the expense of the class was unethical. |
| *True v. American Honda Motor Co.*, Case No. 07-cv-00287 VAP (OPx) (C.D. Cal.) | The objection was successful and the district court rejected the settlement. 749 F. Supp. 2d 1052 (C.D. Cal. 2010). The parties negotiated a substantially improved settlement in California state court, winning the class millions of dollars more in benefit. CCAF attorney Frank Bednarz appeared for the objector *pro hac vice*. |

| Case | Result |
|------|--------|
| *Lonardo v. Travelers Indemnity*, Case No. 06-cv-0962 (N.D. Ohio) | The parties in response to the objection modified the settlement to improve class recovery from $2.8M to $4.8M while reducing attorneys' fees from $6.6M to $4.6M and the district court approved the modified settlement and awarded CCAF about $40,000 in fees. 706 F. Supp. 2d 766 (N.D. Ohio 2010). The "Court is convinced that Mr. Frank's goals are policy-oriented as opposed to economic and self-serving." *Id*. at 804. We did not appeal, and received no payment beyond that ordered by the court. |
| *In re Motor Fuel Temperature Sales Practices Litigation*, Case No. 07-MD-1840-KHV (D. Kan.) | We objected to the settlement with Costco; the district court rejected the settlement, but approved a materially identical one after our renewed objection. The district court approved several other settlements that CCAF objected to (including several with me as the objector). The Tenth Circuit affirmed and denied our petition for rehearing *en banc*. |
| *Bachman v. A.G. Edwards*, Cause No: 22052-01266-03 (Mo. Cir. Ct.) | The district court approved the settlement and fee request, and the decision was affirmed by the intermediate appellate court. The Missouri Supreme Court declined further review. |
| *Dewey v. Volkswagen*, Case No. 07-2249(FSH) (D.N.J.) | We objected on behalf of multiple class members, including a law professor. The district court approved the settlement, but reduced the fee request from $22.5 million to $9.2 million. CCAF appealed and the settling parties cross-appealed the fee award. On appeal, the Third Circuit sustained CCAF's objection to the Rule 23(a)(4) determination and vacated the settlement approval. 681 F.3d 170 (3d Cir. 2012). On remand, the parties modified the settlement to address CCAF's objection and make monetary relief available to hundreds of thousands of class members who had been frozen out by the previous settlement. The district court awarded CCAF $86,000 in fees. Other objectors appealed and we defended the district court's settlement approval on appeal. The Third Circuit affirmed the settlement approval and the Supreme Court denied *certiorari.* We received no payment beyond that authorized by the court. |

| Case | Result |
|---|---|
| *In re Apple Inc. Securities Litig.*, Case No. C-06-5208-JF (N.D. Cal.) | As a result of CCAF's objection, the parties modified the settlement to pay an additional $2.5 million to the class instead of third-party *cy pres*. The district court awarded attorneys' fees to CCAF and approved the settlement and fee request. We did not appeal and received no payment beyond that authorized by the court. |
| *Robert F. Booth Trust v. Crowley,* Case No. 09-cv-5314 (N.D. Ill.) (Rule 23.1) (*pro se* objector) | The district court denied my motion to intervene and dismiss abusive shareholder derivative litigation that sought $930,000 in fees, and then rejected the proposed settlement. I appealed. On appeal, the Seventh Circuit agreed (1) that my motion to intervene should have been granted and (2) my motion to dismiss should have been granted, and remanded with orders to dismiss the litigation. 687 F.3d 314 (7th Cir. 2012). As a result, Sears shareholders saved $930,000 in attorneys' fees. CCAF was awarded a few hundred dollars in costs. |
| *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ (W.D. Wash.) | We objected on behalf of law professor Michael Krauss. The district court granted CCAF's objection and rejected the settlement. The parties proposed an improved settlement, and the district court sustained our renewed objection to the settlement. The parties modified the settlement again to pay class members over $2 million more than the original settlement, and the district court agreed with CCAF that the fee request was excessive, reducing the fee request from $1.05 million to $800,000. The district court praised CCAF's work and sanctioned plaintiffs $100,000 (awarded to the class) for its abusive discovery of objectors. 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. Jun. 15, 2012). CCAF did not appeal and did not receive any payment. |
| *Ercoline v. Unilever*, Case No. 10-cv-1747 (D. N.J.) (*pro se* objector) | The district court approved the $0 settlement and fee request. I did not appeal, and neither I nor CCAF received any payment. |
| *In re HP Inkjet Printer Litigation*, Case No. 05-cv-3580 (N.D. Cal.) (*pro se* objector) | The district court approved the settlement and reduced the fee request from $2.3 million to $1.5 million. On appeal, the Ninth Circuit vacated the settlement approval and fee award. 716 F.3d 1173 (9th Cir. 2013). On remand, the district court again approved the settlement and reduced the fee request to $1.35 million. We did not appeal, and received no payment. |

| Case | Result |
|------|--------|
| *In re HP Laserjet Printer Litigation*, Case No. 8:07-cv-00667-AG-RNB (C.D. Cal) (*pro se* objector) | The trial court approved the settlement, while lowering the attorneys' fees from $2.75M to $2M. We did not appeal, and received no payment. |
| *In re New Motor Vehicles Canadian Export Antitrust Litigation*, No. MDL 03-1532 (D. Me.) (I was objector represented by CCAF counsel Dan Greenberg) | The trial court agreed with my objection that the *cy pres* was inappropriate, and the parties modified the settlement to augment class recovery by $500,000. The court affirmed the fee request, but awarded CCAF about $20,000 in fees. |
| *Sobel v. Hertz Corp.*, No. 06-cv-545 (D. Nev.) (CCAF attorney Dan Greenberg) | The district court agreed with our objection and refused to approve the coupon settlement. The parties litigated, and the district court granted partial summary judgment in the amount of $45 million, and awarded CCAF fees of $90,000. Hertz won reversal on appeal, and CCAF received nothing. |
| *Cobell v. Salazar*, Case No. 1:96-cv-1285 (TFH) (D.D.C.) | The district court approved the settlement, but reduced the requested fees from $224 million to $99 million, and reduced the proposed incentive award by several million dollars, creating over $130 million of additional benefit to the class. On appeal, the D.C. Circuit affirmed the settlement approval. 679 F.3d 909. CCAF's client retained other counsel and petitioned the Supreme Court to hear the case. The Supreme Court denied the writ of certiorari. We received no payment. |
| *Stetson v. West Publishing*, Case No. CV-08-00810-R (C.D. Cal.) (CCAF attorney Dan Greenberg) | The district court sustained our objection and rejected the coupon settlement. The parties proposed a modified settlement that improved class recovery by several million dollars. We did not object to the new settlement, and neither sought nor received payment. |
| *McDonough v. Toys "R" Us* and *Elliott v. Toys "R" Us*, Case Nos. 2:06-cv-00242-AB, No. 2:09-cv-06151-AB (E.D. Pa.) | The district court approved the settlement and fee request. CCAF appealed, and the Third Circuit vacated the settlement approval and fee award. *In re Baby Prods Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013). On remand, the parties negotiated an improved settlement that improved class recovery by about $15 million. We did not object to the settlement but objected to the renewed fee request. The district court awarded CCAF $742,500 in fees and reduced class counsel's fees by the same amount. CCAF appealed, but voluntarily dismissed the appeal without receiving any payment beyond what was ordered by the court. |

| Case | Result |
|---|---|
| *Trombley v. National City Bank,* Case No. 10-cv-232 (JDB) (D.D.C.) | We objected to an excessive fee request of ~$3000/hour for every partner, associate, and paralegal in a case that settled in a reverse auction shortly after a complaint was filed; we further objected to an arbitrary allocation process that prejudiced some class members at the expense of others. The district court approved the settlement and fee request. CCAF did not appeal, and received no payment. Later, CCAF won appeals in the Third and Seventh Circuits on some of the issues we raised in this case. |
| *Blessing v. Sirius XM Radio Inc.,* Case No. 09-cv-10035 (S.D.N.Y.) | The district court approved the settlement and fee request, and the Second Circuit affirmed in an unpublished order. CCAF petitioned for *certiorari*. The Supreme Court denied *certiorari*, but Justice Alito wrote separately to indicate that, while *certiorari* was inappropriate, the Second Circuit erred in holding CCAF's client did not have standing to challenge the improper class counsel appointment. *Martin v. Blessing,* 134 S. Ct. 402 (2013). |
| *Weeks v. Kellogg Co.,* Case No. CV-09-08102 (MMM) (RZx) (C.D. Cal.) (CCAF attorney Dan Greenberg) | The district court sustained CCAF's objection and refused settlement approval. The parties modified the settlement to largely address CCAF's concerns, creating extra pecuniary benefit to the class. The Center sought and was awarded attorneys' fees as a percentage of the benefit conferred, and received no other payment beyond that awarded by the court. |
| *In re Dry Max Pampers Litig.,* Case No. 1:10-cv-00301 TSB (S.D. Ohio) | The district court approved the settlement and fee request. On appeal, the Sixth Circuit vacated both orders. 724 F.3d 713 (6th Cir. 2013). On remand, plaintiffs dismissed the meritless litigation, benefiting the class that would not have to pay the higher costs from abusive litigation. We received no payment. |
| *In re Mutual Funds Investment Litig.,* No. 04-md-15862 (D. Md.) | The trial court approved the settlement and fee award. CCAF did not appeal, and received no payment. |
| *Barber Auto Sales, Inc. v. UPS,* No. 5:06-cv-04686-IPJ (N.D. Ala.) (CCAF attorney Dan Greenberg) | The trial court approved the settlement and fee award. CCAF did not appeal, and received no payment. |
| *Brazil v. Dell,* No. C-07-1700 RMW (N.D. Cal.) (CCAF attorney Dan Greenberg) | The trial court approved the settlement and fee award. CCAF appealed. After CCAF filed its opening brief in the Ninth Circuit, the trial court modified its opinion approving the settlement and fee award. CCAF chose to voluntarily dismiss its appeal and received no payment. |

| Case | Result |
|---|---|
| *Fogel v. Farmers*, No. BC300142 (Super. Ct. Cal. L.A. County) | The trial court approved the settlement and reduced the fees from $90M to $72M. The Center was awarded fees and expenses for its objection, and did not appeal, and received no payment beyond what the court ordered. |
| *Walker v. Frontier Oil*, No. 2011-11451 (Harris Cty. Dist. Ct. Tex.) | The trial court approved the settlement and fee award. On appeal, the Texas Court of Appeals agreed that the $612,500 fee award violated Texas law, saving shareholders $612,500. *Kazman v. Frontier Oil,* 398 SW 3d 377 (Tex. App. 2013). We neither sought nor received payment. |
| *In re MagSafe Apple Power Adapter Litig*., No. C. 09-1911 JW (N.D. Cal.) | We objected on behalf of law professor Marie Newhouse. The trial court approved the settlement and fee award. On appeal, the Ninth Circuit in an unpublished decision vacated both orders and remanded for further proceedings. The Center renewed its objection and the district court approved the settlement but reduced fees from $3 million to $1.76 million. We did not appeal, and received no payment. |
| *In re Online DVD Rental Antitrust Litig.,* No 4:09-md-2029 PJH (N.D. Cal.) | I was the objector. The district court approved the settlement and fee award, and the Ninth Circuit affirmed in an appeal I briefed and argued. 779 F.3d 934 (9th Cir. 2015). On remand, class counsel attempted to distribute over $2 million in *cy pres*. I objected to the *cy pres* proposal, and the court agreed with my objection and ordered distribution to the class. We did not seek attorneys' fees. |
| *In re Nutella Marketing and Sales Practices Litig.*, No 11-1086 (FLW)(DEA) (D. N.J.) (CCAF attorney Dan Greenberg) | The district court approved the settlement, but reduced the fee award by $2.5 million. We did not appeal, and received no payment. |
| *In re Groupon, Inc., Marketing and Sales Practices Litig.*, No. 3:11-md-2238-DMS-RBB (S.D. Cal.) (pro se objection; separately retained in private capacity on appeal) | The district court sustained the objection to the settlement; the parties presented a materially identical settlement and the district court approved that settlement and fee award. I did not appeal and received no payment. Other objectors appealed. After briefing was complete, I was retained by one of the appellants in my private capacity to argue the appeal on a flat-fee basis, and the Ninth Circuit agreed with me in an unpublished order that the district court's settlement approval applied the wrong standard of law, and vacated and remanded. On remand, the parties proposed a new settlement, and I did not object. |

| Case | Result |
|---|---|
| *In re Johnson & Johnson Derivative Litig.*, No. 10-cv-2033-FLW (D.N.J.) | The district court approved the settlement. CCAF appealed and successfully moved to stay the appeal while the fee request was litigated. The district court reduced the fee request from $10.45 million to about $5.8 million, saving shareholders over $4.6 million. CCAF voluntarily dismissed its appeal, and received no payment. |
| *Pecover v. Electronic Arts Inc.*, No. C 08-02820 CW (N.D. Cal.) (I objected, represented by CCAF attorney Melissa Holyoak) | The district court honored our objection to the excessive *cy pres* and encouraged modifications to the settlement that addressed my objection. As a result of the Center's successful objection, the class recovery improved from $2.2 million to $13.7 million, an improvement of over $11.5 million. The Center did not appeal the decision. The district court awarded $33,975 in attorneys' fees to the Center. The Center received no payment not ordered by the Court. |
| *In re EasySaver Rewards Litigation*, No. 3:09-cv-2094-AJB (WVG), No. 3:09-cv-2094-BAS (S.D. Cal.) | The district court approved the settlement and the fee request. On appeal, the Ninth Circuit vacated the settlement approval and remanded for further consideration. We renewed our objection, and the district court approved the settlement and fee request again. Our appeal is pending. |
| *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (SHS) (S.D.N.Y.) (*pro se* objection; then represented by CCAF attorneys) | The parties agreed to correct the defective notice. Upon new notice, I restricted my objection to the excessive fee request. The district court agreed to reduce the fee request (and thus increase the class benefit) by $26.7 million. 965 F. Supp. 2d 369 (S.D.N.Y. 2013). I was awarded costs. I appealed the fee decision, but voluntarily dismissed my appeal without further payment. My objection to the *cy pres* proposal was overruled; I won a stay of the *cy pres* order and appealed. While the appeal was pending, in 2017, class counsel agreed to distribute the proposed *cy pres* to the class. Our request for attorneys' fees is pending. |
| *City of Livonia Employees' Retirement System v. Wyeth*, No. 1:07-cv-10329 (RJS) (S.D.N.Y.) | The district court approved the settlement and reduced fees (and thus increased class benefit) by $3,037,500. Though the court ultimately agreed in part with our objection to fees, it was critical of our objection, though it mischaracterized the argument we made. The district court criticized the objection as "frivolous" but the First Circuit recently held in a non-CCAF case that the issue of a minimum distribution threshold does indeed make a settlement problematic. We did not appeal, and received no payment. |

| Case | Result |
|---|---|
| *In re Bayer Corp. Combination Aspirin Prods. Mktg. and Sales Practices Litig.*, No. 09-md-2023 (BMC) (JMA) (E.D.N.Y.) (I objected, represented by CCAF attorney Adam Schulman) | Upon my objection, the parties modified the settlement to provide for direct distribution to about a million class members, increasing class recovery from about $0.5 million to about $5 million. The district court agreed with my objection to one of the *cy pres* recipients, but otherwise approved the settlement and the fee request. CCAF was awarded attorneys' fees. I did not appeal, and neither I nor CCAF received any payment not awarded by the court. |
| *In re Southwest Airlines Voucher Litig.*, No. 11-cv-8176 (N.D. Ill.) | The district court approved the settlement, but reduced fees by $1.67 million. We appealed, and the plaintiffs have cross-appealed; the Seventh Circuit affirmed, but reduced fees further. On remand, class counsel asserted rights to additional fees, and we objected again. The court denied the fee request in part, and, on motion for reconsideration, vacated the fee order on the grounds notice was required. We negotiated a settlement that tripled relief to the class. We moved for attorneys' fees, which the district court denied, and our appeal of that denial is pending. |
| *Fraley v. Facebook, Inc.*, No. 11-cv-01726 (RS) (N.D. Cal.) (*pro se* objection) | The district court approved the settlement, which was modified after our objection by increasing class distributions by 50%. The district court further reduced fees by $2.8 million, which increased the *cy pres* distribution by the same amount. We did not appeal the settlement approval or fee award, and did not receive any payment. Our request for attorneys' fees was denied, and our appeal of that decision was denied. We did not seek *certiorari*. |
| *Pearson v. NBTY*, No. 11-CV-07972 (N.D. Ill) (I objected, represented by CCAF attorney Melissa Holyoak) | The district court approved the settlement, but reduced fees by $2.6 million. On appeal, the Seventh Circuit reversed the settlement approval, praising the work of the Center. 772 F.3d 778 (7th Cir. 2014). On remand, the settlement was modified to increase class recovery from $0.85 million to about $5.0 million. The second settlement was approved, and CCAF was awarded attorneys' fees of $180,000. Other objectors appealed; we cross-appealed to protect our rights. When the other objectors dismissed their appeals, we dismissed our cross-appeal without any payment beyond that ordered by the court. We moved the district court for relief requiring other objectors who received under-the-table payments to be required to disgorge those payments to the class, an action that was covered by the *Wall Street Journal*. The district court held it did not have jurisdiction over the action, and our appeal of that decision has been argued and is pending. |

| Case | Result |
|---|---|
| *Marek v. Lane,* 134 S. Ct. 8, 571 US – (2013). | In 2013 an objector retained the Center to petition the Supreme Court for a writ of *certiorari* from *Lane v. Facebook.*, 696 F.3d 811 (9th Cir. 2012), *rehearing denied* 709 F.3d 791 (9th Cir. 2013), a case we had not previously been involved in. Although the Supreme Court declined to hear the case, Chief Justice Roberts wrote an opinion respecting denial of *certiorari* declaring the Court's interest in the issue of *cy pres* that has been influential in improving many settlements for class members. |
| *Dennis v. Kellogg, Inc.*, No. 09-cv-01786 (IEG) (S.D. Cal.) | On remand from a Ninth Circuit decision, the district court approved a modified settlement and the fee request. CCAF did not appeal or receive any payment. |
| *Berry v. LexisNexis.*, No. 11-cv-754 (JRS) (E.D. Va.) (CCAF attorney Adam Schulman *pro se*) | The district court approved the settlement and the fee request. The Fourth Circuit affirmed, and the Supreme Court denied *certiorari*. |
| *In re BankAmerica Corp. Secs. Litig.*, No. 13-2620 (8th Cir.) | CCAF was retained as appellate counsel on behalf of a class representative objecting to a *cy pres* distribution and supplemental fee award, and prevailed. 775 F.3d 1060 (8th Cir. 2015). As a result, the class will receive an extra $2.6 to $2.7 million, plus any proceeds from pending collateral litigation against third parties. CCAF did not seek or receive any payment beyond costs. |
| *Redman v. Radioshack Corp.*, No. 11-cv-6741 (N.D. Ill.) | The district court approved the settlement and the fee request. On appeal, the Seventh Circuit reversed, upholding our objection. 768 F.3d 622 (7th Cir. 2014). The case is pending on remand, but is presumably extinguished by RadioShack's bankruptcy. We were awarded costs. |
| *Richardson v. L'Oreal USA,* No. 13-cv-508-JDB (D.D.C.) (CCAF attorney Adam Schulman) | The district court sustained our objection to the settlement. 991 F. Supp. 2d 181 (D.D.C. 2013). We received no payment. |
| *Gascho v. Global Fitness Holdings, LLC*, No. 2:11-cv-436 (S.D. Ohio) | We represented law professor Josh Blackman. The district court approved the settlement and fee request. The Sixth Circuit affirmed in a 2-1 decision, and denied *en banc* review. The Supreme Court denied *certiorari*. |
| *Steinfeld v. Discover Financial Services*, No. 3:12-cv-01118-JSW (N.D. Cal.) | We withdrew the objection upon assurances from the parties about the interpretation of some ambiguous settlement terms. We received no payment. |

| Case | Result |
|---|---|
| *In re Aetna UCR Litigation*, No. 07-3541, MDL No. 2020 (D.N.J) (I was a *pro se* objector with assistance from local counsel) | While our objection was pending, the defendant invoked its right to withdraw from the settlement. The litigation is pending. |
| *Poertner v. The Gillette Co.*, No. 6:12-cv-00803 (M.D. Fla.) (I objected, represented by CCAF attorney Adam Schulman) | The district court approved the settlement and the fee award, and the Eleventh Circuit affirmed in an unpublished order, and the Supreme Court denied *certiorari*. |
| *In re Google Referrer Header Privacy Litigation*, No. 10-cv-04809 (N.D. Cal.) (I was a *pro se* objector) | The district court approved the settlement and the fee award. The Ninth Circuit affirmed in a 2-1 decision. On April 30, 2018, the Supreme Court granted *certiorari* for the October 2018 Term in *Frank v. Gaos*, No. 17-961. |
| *Delacruz v. CytoSport, Inc.*, No. 4:11-cv-03532-CW (N.D. Cal.) (I was a *pro se* objector) | I joined in part the *pro se* objection of William I. Chamberlain. The district court approved the settlement and the fee award. We did not appeal, and received no payment. |
| *In re American Express Anti-Steering Rules Antitrust Litigation*, No. 11-md-2221 (E.D.N.Y.) | We objected and the district court rejected the settlement. We have neither sought nor received payment. |
| *In re Capital One Telephone Consumer Protection Act Litigation*, 12-cv-10064 (N.D. Ill.) | Our objection was only to the fee request, and the district court agreed to a reduction of about $7 million in fees. We appealed seeking further reductions, but plaintiffs offered to pay our client $25,000 to dismiss his appeal, and he accepted the offer against our recommendation and his earlier promise to us. Ethics rules prohibited us from interfering with the client's decision. CCAF received no payment. Seventh Circuit law requires the court to investigate before granting a motion to voluntarily dismiss an appeal of a class action settlement approval, but no investigation was performed, despite extensive press coverage of our protest of class counsel's unethical behavior. |

| Case | Result |
|---|---|
| *Lee v. Enterprise Leasing Company-West*, LLC, No. 3:10-cv-00326 (D. Nev.) (CCAF attorney Melissa Holyoak) | The district court approved the settlement and the fee request. CCAF did not appeal, and received no payment. |
| *Jackson v. Wells Fargo*, No. 2:12-cv-01262-DSC (W.D. Pa.) | The district court approved the settlement and the fee request. CCAF did not appeal, and received no payment. CCAF attorney Adam Schulman represented the objector. |
| *In re Transpacific Passenger Air Transp. Antitrust Litig.,* No. 3:07-cv-05634-CRB (N.D. Cal.) | The district court approved the settlement, but reduced the Rule 23(h) request for fees and expenses by over $5.1 million, for the benefit of the class. The district court awarded CCAF fees. In a 2-1 decision, the Ninth Circuit affirmed settlement approval. CCAF attorney Anna St. John argued at the district court and appellate level. |
| *Careathers v. Red Bull N. Am., Inc.*, No. 1:13-cv-0369 (KPF) (S.D.N.Y.) (I objected, represented by CCAF attorney Erin Sheley) | The district court approved the settlement, but reduced the fee request by $1.2 million. We did not appeal, and received no payment. |
| *In re Riverbed Securities Litigation*, Consolidated C.A. No. 10484-VCG (Del. Ch.) | CCAF assisted *pro se* objector Sam Kazman, a CEI attorney, before CCAF merged with CEI. The court approved the settlement and reduced the fee request. |
| *In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (PAM/JJK) (D. Minn.) | The district court denied our objection. We successfully appealed to the Eighth Circuit. On limited remand, the district court denied our objection again. We appealed to the Eighth Circuit, which ordered supplemental briefing, and the appeal is pending. |
| *In re Polyfoam Antitrust Litig.*, No. 10-MD-2196 (N.D. Ohio) (CCAF attorney Anna St. John) | We objected to the fees and the *cy pres* proposal, and the district court reduced fees and rejected plaintiffs' proposed *cy pres* recipient. We did not appeal and received no payment. |
| *Hays v. Walgreen Co.*, No. 14-C-9786 (N.D. Ill.) | We objected to a $0 settlement that provided only worthless disclosures to the shareholder class. Our appeal in the Seventh Circuit was successful. |

| Case | Result |
|---|---|
| *In re Subway Footlong Sandwich Mktg. & Sales Pract. Litig.*, No. 2:13-md-2439-LA (E.D. Wisc.) | I objected, represented by CEI attorney Adam Schulman. The district court approved the settlement and fee request over my objection. Our appeal in the Seventh Circuit was successful. |
| *In re Colgate-Palmolive SoftSoap Antibacterial Hand Soap Mktg. & Sales Pract. Litig.*, No. 12-md-2320 (D.N.H.) | CEI attorney Anna St. John objected *pro se*. The district court approved the settlement and fee request over her objection. She filed an appeal to the *cy pres* provision of the settlement and dismissed the appeal without payment once the *cy pres* issue became moot. |
| *Doe v. Twitter, Inc.*, No. CGC-10-503630 (Cal. Sup. Ct. S.F. Cty.) | The district court approved the settlement over our objection, but reduced attorneys' fees. We did not appeal and received no payment. |
| *Rodriguez v. It's Just Lunch Int'l*, No. 07-cv-9227 (SHS)(SN) (S.D.N.Y.) | CEI attorney Anna St. John successfully represented an objector to an abusive settlement. The litigation is pending. |
| *Rougvie v. Ascena Retail Group*, No. 15-cv-724 (E.D. Pa.) | CEI attorney Adam Schulman appeared on behalf of two objectors; the parties modified the settlement in part, and district court agreed with our objection that CAFA applied and governed attorneys' fees. We did not appeal, but other objectors appealed. The appeals were voluntarily dismissed recently, and we plan collateral litigation to recover any improperly paid moneys to the objectors for the class. We have previously obtained an order from the district court continuing the deadline for seeking attorneys' fees, and we may do so if it turns out that there was a material pecuniary benefit to the class from our actions. |
| *Allen v. Similasan Corp.*, No. 3:12-cv-0376-BAS (JLB) (S.D. Cal.) | CEI's objection on behalf of an objector to a $0 settlement was upheld. The parties negotiated a new settlement proposing to pay about $500,000 to the class. We did not object to the new settlement, and neither sought nor received payment. |
| *In re PEPCO Holdings, Inc., Stockholder Litig.*, C.A. No. 9600-VCMR (Del. Ch.) | In response to our proposed objection on *Walgreen* grounds, class counsel voluntarily dismissed the lawsuit and proposed settlement, saving the shareholders a substantial amount of money. We were awarded attorneys' fees by the Court. |
| *In re Pharmacyclics, Inc. Shareholder Litig.*, No. 1-15-CV-278055 (Santa Clara County, Cal.) | Law professor Sean J. Griffith, an objector with an unsuccessful objection to a $0 shareholder settlement, retained CEI for the appeal, which is pending. |

| Case | Result |
|---|---|
| *Williamson v. McAfee, Inc.*, No. 5:14-cv-00158-EJD (N.D. Cal.) | CEI attorney Anna St. John represented an objector. After we objected, the parties disclosed that the settlement claims rate was higher than we anticipated, and the district court approved the settlement. We did not appeal, and did not receive any payment. |
| *Edwards v. National Milk Producers Fed'n*, No. 11-cv-04766-JSW (N.D. Cal.) | CEI attorney Anna St. John represented an objector who objected to fees only. The district court reduced the requested fees by over $4.3 million, to be distributed to the class. We were awarded attorneys' fees by the court. We did not appeal; another objector's appeal is pending. |
| *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-MD-2358 (D. Del.) | I objected in this case, represented by CEI attorney Adam Schulman. The district court overruled our objection to the settlement, but reduced attorneys' fees. Our appeal to the Third Circuit is pending. |
| *Saska v. The Metropolitan Museum of Art*, No. 650775/2013 (Sup. Ct. N.Y. Cty., N.Y.) | CEI attorney Anna St. John objected *pro se*. The court approved the settlement and attorneys' fee award over her objection. We did not appeal, and have neither sought nor received payment. |
| *Birbrower v. Quorn Foods, Inc.*, No. 2:16-cv-01346-DMG (AJW) (C.D. Cal.) | I objected on behalf of a class member to a claims-made settlement and fee request. The district court approved the settlement and fee award over the objection. We did not appeal, and received no payment. |
| *Aron v. Crestwood Midstream Partners L.P.*, No. 16-20742 (5th Cir.) | An unsuccessful *pro se* objector retained us to prosecute his appeal of approval of a $0 settlement where the court refused to follow *Walgreen*. The Fifth Circuit dismissed the appeal for lack of appellate jurisdiction because the objector filed his objection past the deadline in the district court. |
| *Kumar v. Salov N. Am. Corp.*, No. 14-cv-02411-YGR (N.D. Cal.) | Represented by CEI attorneys, I objected to a lop-sided settlement and fee request. The district court approved the settlement. Our appeal to the Ninth Circuit is pending. |
| *Campbell v. Facebook, Inc.*, No. 13-cv-5996-PJH (N.D. Cal) | Former CEI attorney William Chamberlain represented a class member, CEI attorney Anna St. John, objecting to an abusive settlement and fee request. The district court overruled the objection and approved the settlement. Our appeal to the Ninth Circuit is pending, and Adam Schulman and I have made appearances in the Ninth Circuit. |

| Case | Result |
|---|---|
| *Knapp v. Art.com, Inc.*, No. 16-cv-00768-WHO (N.D. Cal.) | I represented a class member objecting to a settlement and fee request. The district court approved the settlement but agreed with us that fees should be awarded only after the redemption rate of the coupon relief was known. We are awaiting the redemption information. |
| *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420 YGR (DMR) | On behalf of a class member, I objected to a settlement and fee request. The court overruled the objection and approved the settlement. Our appeal to the Ninth Circuit is pending. |
| *Ma v. Harmless Harvest, Inc.*, No. 16-cv-7102 (JMA) (SIL) (E.D.N.Y.) | CCAF attorney Adam Schulman appeared on behalf of objector Anna St. John to a $0 settlement. The district court rejected the settlement. The litigation is pending. |
| *In re Anthem Inc. Data Breach Litigation*, 15-md-02617-LHK (N.D. Cal) | I represent an objector, CEI attorney Frank Bednarz, who objected to fees and asked the court to investigate overbilling. The district court agreed and appointed a special master to investigate. The special master has filed his report, with responses due later this month. In response to our objection to *cy pres* provisions in the settlement, the parties agreed to increase recovery to the class. |
| *Leung v. XPO Logistics, Inc.*, No. 15-cv-03877 (N.D. Ill.) | On behalf of a class member, CCAF attorney Frank Bednarz objected to the fee request. We await the court's ruling. |
| *Cannon v. Ashburn Corp*, No. 16-cv-1452 (D.N.J.) | On behalf of an objector, CEI attorney Adam Schulman objected to an abusive settlement. The parties agreed to modify the settlement to improve class recovery. The litigation is pending. |
| *Farrell v. Bank of Am., N.A.*, No. 3:16-cv-00492-L-WVG (S.D. Cal.) | I represent an objector who objected to fees and a *cy pres* provision. The fairness hearing is scheduled for June 18, 2018. Class counsel has suggested he will modify the *cy pres* provision. |

12.     As the chart shows, CEI and CCAF achieve success or partial success in the vast majority of their objections, and have won tens of millions of dollars for class members, as well as numerous landmark appeals. We regularly represent law professors in court, and have been appointed *amicus* in district court and appellate court proceedings where there was no adversary presentation.

13.     In the six cases which I list below, I was retained in my private capacity to

represent appellants or objectors in cases where CCAF did not have a client. In each case, my retainer was for a flat fee with a right to a percentage of court-awarded fees, and if the lead attorney or client chose to settle an appeal or objection, I received no additional payment. I would only accept the work if I believed the appeal was meritorious. I have a 2-0 record in these cases where my clients chose to see the appeal through to its conclusion. One of these appeals was in the *Groupon* case in the Ninth Circuit listed above.

| Case | Result |
|------|--------|
| *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). | I was retained on a flat-fee basis for briefing and argument of the appeal. The Seventh Circuit reversed settlement approval and ordered the reinstatement of defrocked class representatives. On remand, the settlement was substantially improved. I have retained counsel to seek fees on my behalf, and the fee request will be filed this month. |
| *In re Toyota Motor Corp. Unintended Acceleration Litigation*, Nos. 13-56458 (L), 13-56468 (9th Cir.) | I was retained on a flat-fee basis to participate in the appeal and assist with the successful opposition to a motion for an appeal bond. The objecting client chose to voluntarily dismiss his appeal in response to a settlement offer, and I withdrew from representation before the dismissal. I received no payment from the plaintiffs or defendants. I believe the appeal was meritorious, and the arguments that I planned to make on behalf of the objector were later adopted by the Eighth Circuit in *BankAmerica Corp.* |
| *In re Deepwater Horizon Economic and Property Settlement Appeals* (No. 13-30095) and *In re Deepwater Horizon Medical Settlement Appeals* (No. 13-30221) (5th Cir.) | I was retained by counsel for five appellants on a flat-fee basis while the appeals were pending. After oral argument in 13-30095 and after briefing in 13-30221, three of the appellants retained new counsel who voluntarily dismissed their appeals; I do not know what deal they made, and I received no payment. The two remaining appellants chose to move to voluntarily dismiss their appeals without recompense. I received no payment from the plaintiffs or defendants or objectors. I believe the appeals were meritorious, and many of the arguments I made in the briefing were adopted by the Seventh Circuit in *Eubank*. |

| Case | Result |
|---|---|
| *In re CertainTeed Fiber Cement* (No. 14-1882) (3d Cir.) | I was retained on a flat-fee basis to work on the appeal after assisting counsel for the objector in the district court on an hourly basis. (In response to the district-court objection, the parties modified the settlement to bar reversion to the defendant, which was worth some amount of money to the class, but the district court denied a motion for attorneys' fees for the objector.) As cross-motions were pending in the Third Circuit, the parties settled, and I withdrew from representation, and the objectors dismissed their appeal. I received no payment from the plaintiffs or defendants. I believe the appeal was meritorious because the district court failed to comply with *Baby Products Antitrust Litigation*'s requirement to determine the actual payment to the class. The settlement approved by the district court was akin to that rejected by the Seventh Circuit in *Eubank*. |
| *Fladell v. Wells Fargo Bank*, No. 13-cv-60721 (S.D. Fla.) | I was retained on an hourly-fee basis to provide a draft objection to the attorneys for a pair of objectors, and then a declaration in support of the objection. After I submitted the declaration, a current CCAF client contacted me and suggested that I had a conflict of interest, and asked me to withdraw from the *Fladell* case. I disagreed that there was a conflict of interest, but received permission to withdraw to avoid any collateral dispute with my clients, and waived my hourly fee. I believe the objection was meritorious, and the district court's decision approving the settlement and overruling objections without determining actual benefit to the class contradicted *In re Baby Products* and *Pearson v. NBTY*, among other decisions. I did not participate in the appeal, and did not receive any money from its settlement. |
| *In re Groupon, Inc., Marketing and Sales Practices Litig.*, No. 3:11-md-2238-DMS-RBB (S.D. Cal.) | Discussed above. After appellate briefing was complete, I was retained by one of the appellants in my private capacity to argue the appeal on a flat-fee basis, and the Ninth Circuit agreed with me in an unpublished order that the district court's settlement approval applied the wrong standard of law, and vacated and remanded. |

14.     There were several other cases where CCAF did not have a client where I consulted in my private capacity with attorneys representing objecting class members in cases about legal strategy for objections on an hourly basis or flat-fee basis, sometimes providing draft objections or outlines or draft briefs or draft responses to motions for appeal bonds or sanctions, sometimes providing copies of relevant public filings I had previously made, sometimes

recommending that no objection be pursued. Because I did not file an objection as either counsel or objector in those cases, because I had no attorney-client relationship with the objector, because I was not the ultimate legal decisionmaker in those cases, because the ultimate legal decisionmaker in those cases did not always follow my advice or keep me apprised of the status of the case, because I withdrew from continued participation in several pending cases in June 2015, and because of contractual confidentiality obligations, I do not list them in this declaration. I similarly do not list numerous cases where objectors or attorneys or settling parties or experts have discussed pending settlements, client representations, objections, appeals, or collateral litigation with me and/or I have provided copies of public CCAF and CEI filings as a favor without payment or creating an attorney-client relationship.

15.     I no longer accept paid representation in such cases in my private capacity with attorneys who have a track record of dismissing appeals because CEI plans to engage in litigation to create precedent requiring objectors and their counsel to equitably disgorge payments received without court approval for withdrawing objections or appeals, and I wanted to avoid conflicts of interest while CEI engaged in such litigation. I note that it would be simple enough for the settling parties to stipulate to settlement procedures definitively deterring bad-faith objectors by including an order forbidding payment to objectors without disclosure and court approval. Instead they have imposed abusively burdensome requirements on objection that will do little to deter bad-faith objectors while forcing attorneys for good-faith objectors to waste dozens of hours. Both CEI and Mr. Haynes, on behalf of the Trust, have expressed a willingness to be bound by an injunction barring us from settling this objection for payment without court approval if there is any doubt as to our good-faith intentions in objection to an unfair settlement and fee request.

16.     A website purporting to list other cases where I acted as an attorney or objector is inaccurate, listing me in several cases where I had no role, made no appearances, and had no attorney-client relationship with the objector, and falsely attributing to me filings I had nothing to do with. The website is further inaccurate in omitting dozens of my successful objections,

falsely characterizing successful objections as having been overruled entirely, and misrepresenting the substance of court filings and testimony. Though I have notified the website of its errors, and though I frequently submit declarations such as this one providing a full resume of my cases and results, they refuse to provide accurate information about my record.

17.     A number of objectors I have no affiliation with have filed briefs plagiarizing my work or CCAF's work in other cases without consulting with me. At least one objector has incorrectly represented to a court that I have agreed to represent him before a retainer agreement was signed.

18.     CEI pays me on a salary basis that does not vary with the result in any case. CEI and CCAF attorneys do not receive a contingent bonus based on success in any case, a structure that would be contrary to I.R.S. restrictions.

**Pre-empting *Ad Hominem* Attacks**

19.     In my experience, class counsel often responds to CCAF objections by making a variety of *ad hominem* attacks, often wildly false. The vast majority of district court judges do not fall for such transparent and abusive tactics. In an effort to anticipate such attacks and to avoid collateral litigation over a right to file a reply, I discuss and refute the most common ones below. If the Court is inclined to disregard the *ad hominem* attacks, it can avoid these collateral disputes entirely.

20.     Class counsel often try to tar CCAF as "professional objectors," and then cite court opinions criticizing for-profit attorneys who threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of attorneys' fees. But this is not the non-profit CCAF's *modus operandi*, so the court opinions class counsel rely upon to tar CCAF are inapposite. *See* Edward Brunet, *Class Action Objectors: Extortionist Free Riders or Fairness Guarantors*, 2003 U. Chi. Legal F. 403, 437 n. 150 (public interest groups are not professional objectors); Paul Karlsgodt & Raj Chohan, *Class Action Settlement Objectors: Minor Nuisance or Serious Threat to Approval*, BNA: Class Action Litig. Report (Aug. 12, 2011) (distinguishing CCAF from professional objectors). CCAF refuses to engage in *quid pro quo* settlements, and

has never withdrawn an objection in exchange for payment. Instead, it is funded entirely through charitable donations and court-awarded attorneys' fees. The difference between a for-profit "professional objector" and a public-interest objector is a material one. As the federal rules are currently set up, "professional objectors" have an incentive to file objections regardless of the merits of the settlement or the objection. In contrast, a public-interest objector such as myself has to triage dozens of requests for *pro bono* representation and dozens of unfair class action settlements, loses money on every losing objection (and most winning objections) brought, can only raise charitable donations necessary to remain afloat by demonstrating success, and has no interest in wasting limited resources and time on a "baseless objection." CCAF objects to only a small fraction of the number of unfair class action settlements it sees.

21.    While one district court called me a "professional objector" in a broader sense, that court stated that it was not meant pejoratively, and awarded CCAF fees for a successful objection and appeal that improved the settlement for the class. *Dewey v. Volkswagen*, 909 F. Supp. 2d 373, 396 n.24 (D.N.J. 2012). Similarly, the Seventh Circuit in *In re Subway Footlong Mktg. Litig.*, 869 F.3d 551 (7th Cir. 2017) referred to me non-pejoratively as a "professional objector" in an opinion agreeing with my objection and reversing a settlement approval and class certification.

22.    Indeed, CCAF feels strongly enough about the problem of bad-faith objectors profiting at the expense of the class through extortionate means that it has initiated litigation to require such objectors to disgorge their ill-gotten gains to the class. *See Pearson v. Target Corp.*, No. 17-2275 (7th Cir.); *see generally* Jacob Gershman, *Lawsuits Allege Objector Blackmail in Class Action Litigation*, WALL ST. J., Dec. 7, 2016.

23.    Before I joined CEI, I had a private practice unrelated to my non-profit work. One of my former clients, Christopher Bandas, is a professional objector who has settled objections and withdrawn appeals for cash payments. I withdrew from representation of Mr. Bandas in 2015 when he undertook steps that interfered with my non-profit work. Mr. Bandas was criticized by the Southern District of New York after I ceased to represent him, and class counsel in other

cases often cites that language and attempts to attribute it to me. Class counsel in multiple cases, using boilerplate language, has tried to make it seem like my paid representation of Mr. Bandas was somehow scandalous, using language like "forced to disclose" and "secret." The sneering is false: my representation of Mr. Bandas was not secret, as I filed declarations in my name on his behalf in multiple cases, noting under oath that I was being paid to perform legal work for him; I filed notices of appearances in cases where he had previously appeared; and my declaration in the *Capital One* case ending the relationship was filed voluntarily at great personal expense to myself, as I had been offered and refused to take a substantial sum of money to accede to a Lieff Cabraser fee award of over $3400/hour. I only worked for Mr. Bandas in cases where I believed there was a meritorious objection to be made, had no role in any negotiations he made to settle appeals, and my pay was flat-rate or by the hour and not tied to his ability to extract settlements. I argued two appeals for Mr. Bandas, and won both of them. There is nothing scandalous about that, unless one believes it is scandalous for an attorney to be paid to perform successful high-quality legal services for a client. CCAF had no attorney-client relationship with Mr. Bandas, and Mr. Bandas never paid CCAF, other than for his share of printing expenses when he was an independent co-appellant representing clients unrelated to CCAF.

24.     Firms whose fees we have objected to have previously cited to *City of Livonia Employees' Ret. Sys. v. Wyeth*, No. 07 Civ 10329 (RJS), 2013 WL 4399015 (S.D.N.Y. Aug. 7, 2013), in efforts to tar CCAF. While the *Wyeth* court did criticize our client's objection (after mischaracterizing the nature of that objection), it ultimately agreed with our client that class counsel's fee request was too high, and reduced it by several million dollars to the benefit of shareholder class members.

25.     Class counsel frequently cite an eight-year-old case, *Lonardo v. Travelers Indemnity Co.*, 706 F. Supp. 2d 766, 804 (N.D. Ohio 2010), where the district court criticized a policy-based argument by CCAF as supposedly "short on law"; however, CCAF ultimately was successful in the Seventh and Ninth Circuits on that same argument. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) (agreeing that reversionary clauses are a

problematic sign of self-dealing); *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014) (same). Moreover, the court in *Lonardo* stated its belief that "Mr. Frank's goals are policy-oriented as opposed to economic and self-serving" and even awarded CCAF about $40,000 in attorneys' fees for increasing the class benefit by $2 million. *Lonardo*, 706 F. Supp. 2d at 813-17.

26.     CCAF has no interest in pursuing "baseless objections," because every objection we bring on behalf of a class member has the opportunity cost of not having time to pursue a meritorious objection in another case. We are confronted with many more opportunities to object (or appeal erroneous settlement approvals) than we have resources to use, and make painful decisions several times a year picking and choosing which cases to pursue, and even which issues to pursue within the case. CCAF turns down the opportunity to represent class members wishing to object to settlements or fees when CCAF believes the underlying settlement or fee request is relatively fair.

27.     While I am often accused of being an "ideological objector," the ideology of CCAF's objections is merely the correct application of Rule 23 to ensure the fair treatment of class members. Likewise, I have often seen class counsel assert that I oppose all class actions and am seeking to end them, not improve them. The accusation—aside from being utterly irrelevant to the legal merits of any particular objection—has no basis in reality. I have been writing and speaking about class actions publicly for nearly a decade, including in testimony before state and federal legislative subcommittees, and I have never asked for an end to the class action device, just proposed reforms for ending the abuse of class actions and class-action settlements. That I oppose class action abuse no more means that I oppose class actions than someone who opposes food poisoning opposes food. As a child, I admired Ralph Nader and consumer reporter Marvin Zindler (whose autographed photo was one of my prized childhood possessions), and read every issue of *Consumer Reports* from cover to cover. I have focused my practice on conflicts of interest in class actions because, among other reasons, I saw a need to protect consumers that no one else was filling, and as a way to fulfill my childhood dream of being a consumer advocate. I have frequently confirmed my support for the principles behind class actions in declarations

under oath, interviews, essays, and public speeches, including a January 2014 presentation in New York that was broadcast nationally on C-SPAN and in my certiorari petition filed in 2015 in *Frank v. Poertner*. On multiple occasions, successful objections brought by CCAF have resulted in new class-action settlements where the defendants pay substantially more money to the plaintiff class without CCAF objecting to the revised settlement. And I am the class representative in a pending federal class action, represented by a prominent plaintiffs' firm. *Frank v. BMOCorp., Inc.*, No. 4:17-cv-870 (E.D. Mo.).

28. On October 1, 2015, after consultation with its board of directors and its donors, CCAF merged with the much larger Competitive Enterprise Institute ("CEI"), to take advantage of the economies of scale realized by eliminating some of the enormous fixed costs required for bureaucratic administration of and regulatory compliance by non-profits. CCAF was on financially sound footing, and consistently growing its assets faster than its spending, but a disproportionate amount of attorney time was taken up with non-litigation tasks, and we were not large enough to justify hiring full-time communications, fundraising, or regulatory-compliance staff, which I felt was limiting our effect.

29. Prior to its merger with CEI, CCAF never took or solicited money from corporate donors other than court-awarded attorneys' fees. CEI, which is much larger than CCAF, does take a percentage of its donations from corporate donors. As part of the merger agreement, I negotiated a commitment that CEI would not permit donors to interfere with CCAF's case selection or case management. In the event of a breach of this commitment, I am permitted to treat the breach as a constructive discharge entitling me to substantial severance pay. CEI has honored that commitment.

30. To my knowledge, none of the corporate donors to CEI have earmarked contributions to CCAF. I am unaware of whether there exist any corporate donors to CEI who take a position on the underlying litigation in this case, though it is possible one exists. CEI pays me on a salary basis that does not vary with the result in any case. I do not receive a contingent bonus based on success in any case, a structure that would be contrary to I.R.S. restrictions.

31.     For example, I am personally the objector-appellant in pending Third Circuit and Supreme Court appeals against two *cy pres* settlements of a corporate donor to CEI. No one at CEI has complained that I am currently prosecuting those appeals against the donor or sought to interfere with the pending appeal. I only discovered that information by happenstance when looking at the corporate donor's website.

32.     Similarly, CEI represented an objector to the massive Volkswagen Diesel MDL settlement, arguing that the settlement structure short-changed class members by hundreds of millions of dollars. I learned only after a plaintiffs' attorney opposed our motion for leave to file an *amicus* brief in that case that Volkswagen had previously donated to CEI. No one at CEI had told me Volkswagen was a donor, or asked me to refrain from litigating against a donor's interests.

33.     My understanding is that CEI's litigation history includes several lawsuits against the interests of some of its corporate donors. Based on this and based on my own experience working at CEI since 2015, I have every confidence that CCAF will continue to have the autonomy for which I negotiated.

34.     CEI was willing to merge with CCAF because it supported CCAF's pro-consumer mission and success in challenging abusive class-action settlements and fee requests. But it is a large organization affiliated with dozens of scholars who take a variety of controversial positions. Neither I nor CCAF's clients agree with all of those positions, and they should not be ascribed to me, my client, or this objection, any more than my support for a Pigouvian carbon tax should be ascribed to CEI scholars who have publicly opposed that position.

35.     Some class counsels have accused us of improper motivation because CEI/CCAF has on occasion sought attorneys' fees. While CCAF is funded entirely through charitable donations and court-awarded attorneys' fees, the possibly of a fee award never factors into the Center's decision to accept a representation or object to an unfair class-action settlement or fee request.

36.     CCAF's history in requesting attorneys' fees reflects this approach. Despite having made dozens of successful objections and having won over $100 million on behalf of class members, CCAF has not requested attorneys' fees in the majority of its cases or even in the majority of its appellate victories. CCAF regularly passes up the opportunity to seek fees to which it is legally entitled. In *Classmates*, for example, CCAF withdrew its fee request and instead asked the district court to award money to the class; the court subsequently found that an award of $100,000 "if anything" "would have undercompensated CCAF." *In re Classmates.com Consol. Litig.*, No. 09-cv-0045-RAJ, 2012 WL 3854501, at *11 (W.D. Wash. June 15, 2012). In other cases, CCAF has asked the court for a fraction of the fees to which it would be legally entitled based on the benefit CCAF achieved for the class and asked for any fee award over that fractional amount be returned to the class settlement fund.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 9, 2018, in Washington, DC.

_____
Theodore H. Frank