# JOSEPH N. GIELATA
### 7811 EADS AVENUE NO. 207
### LA JOLLA, CALIFORNIA 92037

gielata@gmail.com
(302) 507-4400

May 17, 2018

*By E-mail*

The Honorable Jed S. Rakoff
United States District Court Judge
 for the Southern District of New York
500 Pearl Street, Courtroom 14B
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/18

Re:   *In re Petrobras Securities Litigation*
       No. 14-cv-9662 (JSR)

Dear Judge Rakoff:

The proposed settlement suffers from an *Amchem* structural conflict, which is cogently explained in the brief submitted by my parents as undisputed class members. The Haynes objection likewise articulates the *Amchem* problem that precludes settlement approval. The legal issue is so critical that the Court should consider the Haynes brief as an *amicus* brief even if there exists a technical issue with standing. *See In re Quigley Co.*, 676 F.3d 45, 50 n.2 (2d Cir. 2012) (treating intervenor as *amicus curiae* rather than resolve disputed standing).

In a rare moment of candor, Mr. Lieberman touts his success in scaring off one objector. *See* Mr. Lieberman's May 16 Letter at 5 (disclosing attorney who "opted not to file an objection on her behalf upon advance receipt of subpoenas from class counsel"). My family is not so easily frightened. For the reasons below, discovery should not be reopened; however, if the Court reopens discovery, then class counsel should answer highly relevant questions based on recent revelations.

### *Subjective Motivations for Objecting are Not Relevant*

As for Mr. and Mrs. Gielata, there is no dispute that they have standing to object. Mr. Lieberman wonders about their subjective motivations, but that is irrelevant to the legal merits of their objection brief (enclosed). The merits stand on their own, to assist the Court's critical analysis in the otherwise non-adversarial context of evaluating a proposed class action settlement. Insinuations of "nefarious motivation" do not warrant discovery on absent class members who object to a proposed settlement, *see, e.g.*:

> Here, the Court finds that neither the defendant nor the plaintiffs have made a "strong showing" to depose [the objector]. The bases for [his] objections are clear.

The Honorable Jed S. Rakoff
May 17, 2018, page 2

> … The Court "fail[s] to see how motives of the [Objector], other than the obvious financial one of maximizing [his] recovery, would make any fact of consequence to the determination of reasonable fees [, the amount of damages or the restriction on pursuing future claims] more or less probable." *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3d Cir. 1984).
>
> Nevertheless, counsel for the defendant and the class argue that the Court should permit the deposition of [the objector] on the narrowly tailored ground of his "nefarious motivations underpinning his objections and request to intervene". (DE 33.) Although [counsel] contend that they are interested in [the objector]'s motivations, … it is clear that their main concern is the motivation of objector's counsel in opposing this settlement, as well as settlements in other FDCPA litigations. This "raises a concern that the proposed discovery is being sought to gain a tactical advantage"[.]

*Corpac v. Rubin & Rothman, LLC*, No. 10-CV-4165, 2012 WL 2923514, at *2,*3 (E.D.N.Y. July 19, 2012) (quashing subpoenas issued to an objector).

Mr. Lieberman alludes to a 2010 case that was dismissed. (Lieberman Letter at 5.) This represents a new avenue of inquiry unmentioned in the various categories of documents sought in the subpoenas. Mr. Lieberman asserts in conclusory fashion that the circumstances of that dismissal are "obviously relevant as to the merits and purpose of the Objection in this matter." (*Id.*) On the contrary, the merits of the objection here involve legal questions concerning *Amchem* and *Morrison* and Second Circuit decisions. The purpose of the objection is set forth plainly in the brief: to obtain a higher recovery for class members by (1) excluding non-domestic debt purchase claims, and (2) reducing attorneys' fees from the requested $284.5 million to a reasonable $60 million. Mr. Lieberman's hunt for subjective motivations leads nowhere, and is mere pretext to harass and unduly burden absent class members with the temerity to object.

Accordingly, Mr. Lieberman's letter fails to make the "considerable showing" (as this Court put it) to warrant discovery from absent class members Mr. and Mrs. Gielata.

### *If Discovery is Reopened, then Class Counsel Should Answer Questions Regarding Kickback Arrangements and Attorney Overbilling*

While Mr. Lieberman busily casts stones at anyone who dares stand between him and his fee award, his own impropriety recently came to light in a case before Judge Buchwald. As the Court is no doubt aware, several prominent securities class action lawyers were disbarred and imprisoned for concealing kickbacks to lead plaintiffs. With that in mind, here is what Judge Buchwald found just a few weeks ago:

> Defendants' class certification papers revealed for the first time that Mordchai Krausz, whom interim class counsel Pomerantz LLP has agreed to pay "15% of the net fees that [Pomerantz] receives for [his] participating in the work and responsibility in connection with [this] litigation," is the son of Berkshire's CEO Moses Krausz (Mishkin Decl. ex. 16), and Mordchai Krausz's extensive history with Berkshire is a newer revelation still (Hr'g Tr. 29:13-14). Applying the factors outlined above, we conclude that Mordchai Krausz's 15% interest in

The Honorable Jed S. Rakoff
May 17, 2018, page 3

> attorneys' fees earned by class counsel is sufficient to create the "appearance of impropriety" and renders Berkshire an inadequate class representative. …
> Mordchai Krausz's role in this case -- let alone his entitlement to fees -- was not disclosed until recently, and then only by Lender defendants. … Further, the amount of attorneys' fees to Pomerantz – and Mordchai Krausz's 15% share thereof -- is likely to greatly exceed any recovery by Berkshire. …
>
> Contrary to Berkshire's characterization (Letter from Jeremy Lieberman to the Court, Aug. 25, 2017, ECF No. 2240), the related lawyer's role in *Gross* had been disclosed: the related lawyer had been named as class counsel, *Gross*, 2017 WL 3668844, at *1, and a review of the docket shows that not only had the related lawyer entered a notice of appearance well before class certification, but the related lawyer had also been actively involved in litigating the case. …
>
> In sum, we conclude that Berkshire is not an adequate representative given the previously undisclosed relationship between Moses Krausz and Berkshire on the one hand and Mordchai Krausz on the other.

*In re Libor-Based Fin. Instruments Antitrust Litig.*, 11-cv-2613, D.I. 715 at 262-69 (S.D.N.Y. February 28, 2018).

Pomerantz's willingness to conceal a questionable fee-splitting deal in the *Libor* litigation is obviously troubling and justifies a relevant inquiry in this case.  In addition, Mr. Liman's May 7, 2018 letter to the Court exposed numerous instances of questionable billing by class counsel in this case, *e.g.*, "One project attorney spent seven consecutive days reviewing the Consolidated Third Amended Class Action Complaint for at least 48 hours of time (after it had been filed)[;] On November 26 and 27, 2015 (Thanksgiving and the following day), a project attorney billed eight hours each day at $450 per hour, but listed only "[o]ffice closed" as the work description[.]"  (May 7, 2018 Letter of Lewis J. Liman to the Court at 7.)

Accordingly, if discovery is reopened, then class counsel should also be subject to relevant discovery requests propounded by the objectors.

### *Mr. Lieberman's ad hominems are inaccurate and not relevant*

Mr. Lieberman's *ad hominem* attacks are no substitute for legal analysis, and his petty retaliation tactics only serve to highlight the critical merits of the objections.  (Instead of chocolates, my mother was served with a fancy New York subpoena over Mother's Day weekend, ordering her to document *inter alia* <u>10 years of income</u>.)

Contrary to Mr. Lieberman's representation, I have never been arrested, nor have I been convicted of any criminal offense.  My law license has never been suspended and was active through early 2016.  As for the reprimand imposed 11 years ago, the underlying details are publicly available and, suffice to say, Mr. Lieberman's characterization is misleading.  I took responsibility for over-aggressively litigating a controversy against PayPal, Inc.  In short, I was more pugnacious than judicious in my younger days.  But none of this has any relevance whatsoever to the Petrobras case.

The Honorable Jed S. Rakoff
May 17, 2018, page 4

Mr. Lieberman's mud-slinging cannot obscure the *Amchem* problem afflicting the settlement as presently structured.

      The objections have been lodged and raise serious issues.  They are well-reasoned and merit judicial consideration.  It is puzzling that class counsel is devoting so much effort and resources trying to discredit absent class members whose standing is not at issue, rather than focusing on addressing the merits of the objections.

      Accordingly, Mr. Lieberman's belabored request for discovery should be denied.  When the time comes to consider Mr. Lieberman's fee application, the Court should not forget his bad-faith tactics here.

                                                         Respectfully submitted,

                                                         /s/ *Joseph N. Gielata*

Enclosures

ec:     All counsel cc'd on Mr. Lieberman's letter (by e-mail)