

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re: PETROBRAS SECURITIES          :  14-cv-9662 (JSR)
LITIGATION                           :  ORDER
                                     :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

On May 15, 2018, the Court held a telephone conference to address the applications of class counsel to compel discovery from certain objectors and their counsel and the competing applications of objectors and their counsel to quash discovery demands served upon them by class counsel and/or to take discovery from class counsel. After hearing argument, the Court denied class counsel's motion to compel discovery from the objectors and their counsel (and granted objectors' motions to quash the existing discovery demands) with two exceptions:[1]

First, class counsel were permitted to notify the Court by May 16 at 5:00 P.M. if they had reason to believe that any objector lacked standing and, accordingly, to seek discovery limited to that issue. In the event that class counsel so notified the Court, any objector would be permitted until May 17 at 5:00 P.M. to object to the proposed discovery.

---

[1] The Court also denied objectors' motion to take discovery from class counsel.

1

Second, class counsel were permitted, if class counsel could identify a specific basis for requesting much narrower, particularized discovery unrelated to the question of standing, to submit a letter by no later than May 16 at 5:00 P.M. in support of such very specific discovery demands, to which, again, the objectors and their counsel could then object by May 17 at 5:00 P.M.

(In addition, objectors were reminded that by filing their objections to the class settlement, they and their counsel were subject to the continuing jurisdiction of the Court and that, if appropriate, the Court would retain jurisdiction to inquire into their compliance with Rule 11 and analogous provisions of federal law, which inquiry might lead to further discovery in the future.)

The following day, class counsel timely submitted a letter requesting certain narrow discovery from three objectors (or their counsel): Richard and Emelina Gielata; William Thomas Haynes, as trustee for the benefit of the W. Thomas Haynes and Katherine Haynes Irrevocable Trust for the benefit of Sara L. Haynes (the "Trust"); and Spencer R. Bueno. On May 17, the objectors submitted letters opposing class counsel's requests. Upon due consideration, the Court granted the limited discovery requested by class counsel.

Thereafter, a question arose whether parts of a retainer agreement between the Trust and its counsel that was ordered produced as part of this discovery should be redacted because parts

2

of it were protected by attorney-client privilege. The Court found that no privilege applied to the parts in issue and ordered that the agreement be produced in full.

Separately, Joshua Furman, Esq., counsel for Mr. Bueno, brought to the Court's attention certain confidentiality terms in a settlement agreement ordered produced that required, inter alia, that Mr. Furman provide notice to certain third-parties before disclosing the document pursuant to a court order. After Mr. Furman duly provided such notice, the Court heard from counsel representing two of the three third-parties, who raised no objection to Mr. Furman's production of the agreement. A third counsel, who had changed firms, was contacted telephonically on May 21 and advised that she must notify the Court if she has any objections by 5:00 P.M. on May 22, 2018. No objections having been received, Mr. Furman is now ordered to promptly produce the settlement agreement to class counsel.

Separately, Mr. Furman applied to the Court to redact portions of his letter in opposition to class counsel's discovery request so as to exclude certain personal information. Although the Court is not entirely convinced the material needs to be redacted, and notes, further, that it was immaterial to the Court's determination, nevertheless in light of Mr. Furman's professed privacy concerns, the Court will file the original letter under seal and docket the redacted version submitted by Mr. Furman.

Finally, the Court hereby orders that any and all of the discovery approved by the Court, as recited above, must be produced to class counsel by 5:00 P.M. on May 24, 2018 at the very latest.

SO ORDERED.

Dated: New York, NY
May 22, 2018

JED S. RAKOFF, U.S.D.J.