Anna St. John
COMPETITIVE ENTERPRISE INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Phone: (917) 327-2392
Email:  anna.stjohn@cei.org

*Attorney for Objector William Thomas Haynes,
as trustee for the benefit of W Thomas and Katherine Haynes
Irrevocable Trust for the benefit of Sara L. Haynes*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE PETROBRAS SECURITIES LITIGATION** | Case No. 14-CV-9662 (JSR)<br><br>**CLASS ACTION** |

**SUPPLEMENTAL DECLARATION OF WILLIAM THOMAS HAYNES,
AS TRUSTEE OF THE W THOMAS AND KATHERINE HAYNES
IRREVOCABLE TRUST FOR THE BENEFIT OF SARA L. HAYNES**

I, William Thomas Haynes, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. My full name is William Thomas Haynes. My address is 540 Slane Trace, Roswell, Georgia 30076, and my telephone number is (678) 221-1051.

3. I am the trustee of the W Thomas and Katherine Haynes Irrevocable Trust for the benefit of Sara L. Haynes ("the Trust"). As trustee, I am a class member and filed an objection to the proposed class action settlement and attorneys' fee request in this action. *See* Dkt. 797.

4. I submit this declaration in response to discovery requests set forth in a May 16, 2018 letter from Jeremy A. Lieberman to the Court, and pursuant to the Court's order of May 18, 2018, granting the discovery.

5. Class plaintiffs requested that I produce "all relevant Bear Stearns account statements reflecting the actual purchase date and prices of Petrobras ADS." I have engaged in a reasonable search for documents responsive to this request. I located two responsive documents, which are attached hereto.

6. Attached as Exhibit 1 is a true and correct redacted copy of a "2010 Forms 1099 & Details" for the Trust that I received from JP Morgan, scanned from a paper copy kept in files I maintain in the ordinary course. The taxpayer identification number and part of the account number have been redacted. Page 7 of the "2010 Form 1099 & Details" shows that the Trust bought 55 shares of Petrobras Common ADS at $44.38 per share on March 4, 2010, with a total price of $2,505.90. From the spring of 2009 to early 2010, the investment account for the Trust was at JP Morgan, which generally sent statements under the name of its Bear Stearns division, as shown on the statement attached hereto as Exhibit 2. At my direction, these 55 shares of Petrobras Common ADS were transferred to the Trust's then-newly-opened TD Ameritrade account in May 2010. *See* Dkt. 798-1 at 6.

7. Attached as Exhibit 2 is a true and correct redacted copy of a statement for the period September 1, 2009 through September 30, 2009, for the Trust account that I received from

Bear Stearns, a division of JP Morgan, scanned from a paper copy kept in files I maintain in the ordinary course. The account number has been partially redacted. This is the last statement from 2009 that I have located for the Trust account. The statement shows the Trust did not hold any shares of Petrobras Common ADS as of September 30, 2009, while it held over $5800 in a money market fund—an amount sufficient to purchase the 55 shares of Petrobras in March 2010.

8. Attached as Exhibit 3 is a true and correct redacted copy of a TD Ameritrade statement of account for the Trust, for the period April 1, 2018 to April 30, 2018, showing that the Trust continues to own the 55 shares of Petrobras stock purchased on March 4, 2010. The account number has been partially redacted.

9. Class plaintiffs also requested "discovery sufficient to determine any compensation or perquisites [I] received from [the Competitive Enterprise Institute ("CEI")] or CEI's contributors/donors from 2008 to the present."

10. From approximately January 2002 to August 2012, I was the executive director of the Coca-Cola Bottlers Association ("CCBA") and received a salary and standard employee benefits for this work. I continue to receive compensation from CCBA pursuant to a deferred compensation arrangement to this day. During my employment, CCBA did not contribute any money to CEI until I asked the CCBA board of directors and then-president to approve such contributions in or around 2007 or 2008, while I served as executive director. To the best of my recollection, I estimate that from approximately 2009 to 2012, CCBA gave CEI a total of approximately $150,000, with a $25,000 contribution in two of the years and a $50,000 contribution in each of the other two. CCBA did not donate to the Center for Class Action Fairness ("CCAF"). CCBA never asked me to object to a class action settlement; in fact, I do not recall CCBA discussing class action settlement objections with me at all. To my knowledge, CCBA has not given any money to CEI since my employment ended in 2012.

11. In September 2010, I was elected to the CEI board of directors, and I presently serve as chairperson of the board. The only benefits I receive as a board member are the same that every other board member receives. I receive no salary or other payment as a member of the board.

I travel to attend two to three board meetings per year, as well as additional times throughout the year as needed to attend to CEI-related business, including CEI's annual dinner. CEI does not reimburse me for any of that travel. I pay for my own transportation and lodging and many of my meals, although CEI usually provides lunch catered from a "fast-casual"-type restaurant and sometimes dinner during the board meetings. In short, I spend thousands of dollars out of pocket every year to fulfill my duties as a member of the board.

12. Beginning in late 2013 or early 2014, I was compensated by CEI to serve as an expert witness and consulting expert in connection with *King v. Burwell* and *Halbig v. Burwell*, two cases involving interpretation of the Patient Protection and Affordable Care Act. I estimate that I was paid between $16,600 and $30,000, including out-of-pocket expenses, at a reduced hourly rate. CEI's board of directors approved this work without my participation in the decision. Over time, either through LLCs that I control or manage or personally, I have donated amounts back to CEI that exceed the amount I was paid.

13. At the time I provided this expert and consulting work to CEI, CCAF was not part of CEI. Since CCAF's merger with CEI in October 2015, CEI has neither paid me anything nor reimbursed me for any expenses. Prior to the merger, I was neither paid nor reimbursed for any expenses by CCAF.

14. No one at CEI or CCAF has ever asked me to object to a class action settlement. I first learned of the settlement in this litigation from the class notices that I received in the mail with respect to the Trust as well as various other personal and trust accounts. No one at CEI knew I was a class member until I voluntarily told CEI attorneys on April 24, 2018, and offered to be the objector in this case.

15. Attached as Exhibit 4 is a true and correct copy of the first page of the proof of claim and release form I received for the Trust, scanned from the paper copy I received by mail.

16. From approximately August 2012 to January 2013, I led the Association Benefits Solutions group at GMAC Insurance (since renamed as National General Insurance) and received a salary and standard employee benefits for this work. From early 2013 through mid-2015, an LLC

that I control served as a consultant and contractor to GMAC/National General. To my knowledge, GMAC/National General Insurance did not donate to CCAF and neither did nor does donate to CEI. GMAC/National General Insurance never discussed class action settlement objections with me.

17. I wholly own and operate two pass-through companies organized as LLCs from which I derive income. The first is TBP Solutions LLC, which I formed in approximately July 2012. At my direction, TBP Solutions LLC has made some monetary donations to CEI. TBP Solutions did not donate to CCAF. The second is Hamilton Landing Beverage Advisors LLC, which I formed in approximately May 2013. Hamilton Landing Beverage Advisors has not given any money to CEI or CCAF. I do not derive any income relating to class actions or class action objections from either entity.

18. Since January 2016, I have been a part owner of Eagle Health Plans LLC. Eagle Health Plans has been a CEI donor, but I have actually funded those donations personally by reimbursing Eagle Health Plans. Eagle Health Plans has never paid me to object to a class action settlement; nor has it ever asked me to object to a class action settlement or discussed objecting with me, other than recently when I informed one of my partners as a courtesy that I intended to object to the settlement and fee request in this action.

19. My various businesses described above have hundreds of clients. It would be extraordinarily burdensome for me to figure out which of them are donors to CEI and I am not personally privy to CEI's donor list. While I have encouraged some of my clients to support CEI, including through monetary contributions, I do not track who has and has not donated, and clients pay me in the ordinary course with no difference in payment based on whether or not they donate to CEI. My clients have never paid me or encouraged me to object to class action settlements or otherwise suggested that they would provide more business or other favorable treatment if I were to object. I do note that Mr. Lieberman identified three companies (Facebook, Google and ExxonMobil) that have purportedly provided contributions to CEI "as a reward for its ideological battle against class actions litigation" in his May 16, 2018 letter to the Court. None of those three

companies have ever been my client in any of the capacities described above.

20. My wife and I have devoted thousands of dollars of our time to this objection and complying with the discovery requests for no compensation. In his letter, Mr. Lieberman speculates that the objection filed on behalf of my daughter's trust was not motivated by my interests in the recovery by the class members (or my daughter's trust or by trusts for other children that are also class members, but have not filed objections), but instead by my personal financial interests as the Chairman of the Board of CEI. I have no financial interests as the Chairman of CEI in any of CEI's work, but I am keenly interested in the financial affairs of my children's trusts and in assuring that any losses those trusts may have suffered as investors because of any wrongdoing by any public company in which they invested is fully redressed, without dilution because of excessive attorneys' fee recoveries or awards to other investors not entitled to those recoveries under applicable legal principles.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May __, 2018, in St. Simons Island, Georgia.

_____
William Thomas Haynes, as trustee for the benefit of
W Thomas and Katherine Haynes Irrevocable Trust for the
benefit of Sara L. Haynes

Supplemental Declaration of William Thomas Haynes
Case No: 14-CV-9662 (JSR)                 6

companies have ever been my client in any of the capacities described above.

20. My wife and I have devoted thousands of dollars of our time to this objection and complying with the discovery requests for no compensation. In his letter, Mr. Lieberman speculates that the objection filed on behalf of my daughter's trust was not motivated by my interests in the recovery by the class members (or my daughter's trust or by trusts for other children that are also class members, but have not filed objections), but instead by my personal financial interests as the Chairman of the Board of CEI. I have no financial interests as the Chairman of CEI in any of CEI's work, but I am keenly interested in the financial affairs of my children's trusts and in assuring that any losses those trusts may have suffered as investors because of any wrongdoing by any public company in which they invested is fully redressed, without dilution because of excessive attorneys' fee recoveries or awards to other investors not entitled to those recoveries under applicable legal principles.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 23rd, 2018, in St. Simons Island, Georgia.

*William Thomas Haynes*
William Thomas Haynes, as trustee for the benefit of
W Thomas and Katherine Haynes Irrevocable Trust for the
benefit of Sara L. Haynes