

JOSHUA R. FURMAN LAW

May 17, 2018



**VIA EMAIL ONLY**
Hon. Jed. S. Rakoff
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street, Courtroom 14B
New York, NY 10007

        RE:   *In re Petrobras Securities Litigation*
               Case No. 14-cv-9662 (JSR)

To the Honorable Court:

      Relative to the above, this letter is provided in response to Mr. Lieberman's letter of May 16, 2018, and pursuant to the Court's Order of May 15, 2018, as modified May 16, 2018, allowing response from persons against whom untimely discovery is sought in this matter by class counsel.

      I respectfully request that this response not be docketed at this time. If any party seeks to docket this response, I request the opportunity to redact the professional and personal histories related below. This information is provided in good faith and in the interests of full transparency to the Court.

      Class counsel has requested has requested that I, as counsel of record for my client objector Spencer R. Bueno, submit to discovery pertaining to two class actions I was involved in several years ago. Notably, class counsel seeks ***no discovery from my client***, whose standing as a relatively substantial individual shareholder in Petrobras is unassailable.

      As explained herein, the discovery requested pertains only to "motivations" for representing an objector in this case and is therefore categorically improper. Moreover, under the advocate-witness rule and the rules of professional conduct in all applicable jurisdictions, any attempt to manufacture a reason to seek discovery about unrelated cases from a party's lawyer should be rejected out of hand in the absence of the most compelling cause. Moreover, due to the sensitive nature of the information sought concerning hypothesized settlement agreements, the requests present an undue burden for compliance. Finally, although class counsel reverts again to *ad hominem* remarks about counsel's "labyrinthine relationships," the only thing labyrinthine here is class counsel's reasoning, which is stated in almost conspiratorial terms concerning my involvement in two other class actions. To ensure no concerns by the Court, I provide extensive information about my professional background below.

14724 Ventura Boulevard, Suite 509 • Sherman Oaks, California 91403    t (818) 646-4300  f (818) 646-4301

Hon. Jed S. Rakoff
*In re Petrobras Securities Litigation*
May 17, 2018
Page 2 of 9



    A.    **<u>Facts Concerning the Two Referenced Cases</u>**

    Class counsel's request is "limited" to two matters where I represented objectors. The two cases plucked from the hundreds of matters I have handled in the past fifteen years have no bearing on any issue in this case—nor can they support the farcical "'cabal' of objector attorneys" theory advanced by class counsel.



Hon. Jed S. Rakoff
*In re Petrobras Securities Litigation*
May 17, 2018
Page 3 of 9



**B.    Facts Concerning My Background**





**C.     The Discovery Sought has No Reasonable Discovery Purpose in This Action**

Discovery of any kind against an absent class member is highly disfavored. "The Federal Rules of Civil Procedure do not provide for discovery from absent class members as 'parties.' … [T]hose courts that have allowed such [third party] discovery have required the defendant to (1) make a strong showing of the need for the particular discovery and (2) narrowly tailor its requests to its particular need, so as not to burden the absent members." *In re Publ'n Paper Antitrust Litig.*, No. 3:04 MD 1631 (SRU), 2005 U.S. Dist. LEXIS 13681, at *4–5 (D. Conn. July 5, 2005).

Objector discovery aimed at determining "nefarious motivations underpinning his objections" has been found to fail this test. *Corpac v. Rubin & Rothman, Ltd. Liab. Co.*, No. 10-CV-4165 (ADS) (ETB), 2012 U.S. Dist. LEXIS 99977, at *5–8 (E.D.N.Y. July 18, 2012). *See also*, *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3d Cir. 1984) ("We fail to see how motives of the objectors, other than the obvious financial one of maximizing their recovery, would make any fact of consequence to the determination of reasonable fees more or less probable.")

Hon. Jed S. Rakoff
*In re Petrobras Securities Litigation*
May 17, 2018
Page 6 of 9



(affirming order quashing subpoenas to objectors "for the purpose of cross-examination to establish the objectors' motivation in pressing their objections to the requested fees" [*Id.*, at 586]).

Setting aside for the moment the heightened burden that class counsel must meet to seek discovery from counsel of record, as opposed to the objector himself, class counsel has made no attempt to present the "strong showing" necessary to meet its burden. There is no explanation of how or why counsel's presumed involvement with a grand total of two class actions that resolved on appeal would impact the merits of Mr. Bueno's objections, or the merits of the class's claims. To use a phrase from the Third Circuit, this is "an inquiry so collateral to the central issue" that it has no relevance whatsoever. *In re Fine Paper Antitrust Litig.*, 751 F.2d at 587. Other courts have observed that a lawyer's litigation history—however nefarious it may be—is simply irrelevant. *Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp.2d 953, 958–960 (C.D.Cal. 2009) (rejecting "attacks on the scruples and ethics of plaintiff and her counsel" based in part on the frequency of lawsuits filed or claims that the litigant's allegations were "annoying, difficult for business, or otherwise objectionable" is irrelevant in considering the merits).

As discussed below, in an argument that the Court may rightly view as a reduction to absurdity, if the conduct of Mr. Bueno's counsel in other actions has any bearing here, then class counsel's history of paying objectors to settle claims on appeal is equally relevant to show their self-serving "nefarious" motivations in depriving class members from other cases of a better result just to get their fees faster or avoid sharing with objector counsel who better the settlement.

The issue here as it pertains to objector discovery is whether there is adequate evidence that Mr. Bueno has standing to object as a member of the class. Since class counsel seeks no discovery from Mr. Bueno, there is no legitimate discovery goal served by enforcing discovery on his lawyer. "The harassing practice of deposing opposing counsel (unless that counsel's testimony is crucial and unique) appears to be an adversary trial tactic that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986).

      **D.**     **Class Counsel Cannot Meet the High Bar for Compelling Advocate Discovery**

While the Second Circuit has indicated that it does not "woodenly" apply the *Shelton* test adopted in several other Circuits to determine if counsel testimony can be compelled (*In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71–72 (2d Cir. 2003) [hereinafter, *Friedman*]), the presumption remains that seeking evidence from counsel of record is improper. *See generally*, Mallen, *Legal Malpractice*, §§ 32.55–32:69 (2016) ("The advocate-witness rule is the among the earliest standards of professional behavior adopted by bar associations."); Cal. Rules Prof. Conduct, rule 5-210 (prohibiting counsel of record's testimony before a jury except under limited circumstances). Permutations of the rule apply wherever trial or pretrial testimony or other discovery is sought against an attorney. *Friedman*, 350 F.3d at 70, citing *Hickman v. Taylor*, 329 U.S. 495, 506–514, (1947).

Hon. Jed S. Rakoff
*In re Petrobras Securities Litigation*
May 17, 2018
Page 7 of 9



The importance of the rule is underscored by the *Friedman* test to determine whether the proposed testimony imposes an undue burden or hardship:

> Such considerations may include [(i)] the need to depose the lawyer, [(ii)] the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, [(iii)] the risk of encountering privilege and work-product issues, and [(iv)] the extent of discovery already conducted. … Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered.

*Friedman*, 350 F.3d at 72. (Though the *Friedman* test is stated in dicta, it has enjoyed momentum throughout the Courts of this Circuit and is regarded as the de facto standard.)

Here, the first *Friedman* factor weighs heavily against allowing discovery and would appear to be dispositive. For the same reasons that apply to taking discovery from objectors generally (as discussed above), class counsel has not and cannot demonstrate that information about two cases I was involved in several years ago have any bearing on Mr. Bueno's objections or the merits of the class claims. Even if I am the evil leader of the most fantastic cabal of objector deviants, that has no bearing on this case. The Court will consider the objections on their merits and rule accordingly. Even if the Court harbored concerns about my intentions, information about two cases a conspiracy does not make—particularly because Mr. Bueno has never been involved in any objections and is not a lawyer, and thus this objection could not have been part of a continuing conspiracy against the apparently altruistic intentions of class counsel in pursuing this case.

The second and third *Friedman* factors likewise weigh heavily against discovery. I am Mr. Bueno's only lawyer in this case and I am the lawyer that authored the objections filed on Mr. Bueno's behalf. My direct involvement with this litigation strongly indicates that any discovery against me could implicate attorney-client privileged communications and my privileged work product in preparing these objections.

The fourth factor does not apply except to the extent—as the Court noted in our telephonic conference on April 15, 2017—that discovery in this case is closed and class counsel's burden is increased because good cause to re-open discovery must be shown in addition to the other requirements to obtain objector discovery and discovery from counsel of record.

E.   **<u>Any Discovery into Objector Settlement History Must be Reciprocal</u>**

Class counsel implies that I have a history of entering into settlements of class action objections. My complete history of class action objections is above, and the Court can make its

Hon. Jed S. Rakoff
*In re Petrobras Securities Litigation*
May 17, 2018
Page 8 of 9

own determination of this accusation.  Regardless, the implication is that this objector settlements are inherently suspect because an objector with a meritorious concern would not settle it on appeal.  While I have had personal experience with unscrupulous objector counsel and I understand the bad taste in the collective judiciary's mouth left by parasitic objections, the premise is faulty.  The predicate for the argument is that any lawyer who has had any experience pursuing objections is bad.  This may be the only area of law where experience is frowned upon.  But meritorious claims are settled on less than ideal terms all of the time, and not all claims that have merit can prevail.

However, if a history of settling class action objections is an indicator that the objections are not meritorious, then a history of class counsel paying off objections is an indicator that the objections are meritorious.  No good class counsel would litigate a class action to settlement and then pay off truly frivolous objections.  The practice of quietly smothering meritorious objections by class counsel is more pernicious a problem than objectors trying to improve the settlement.  Class counsel, unlike objectors, owes fiduciary duties to the entire class and should not turn a blind eye to legitimate concerns over the merits of the settlement.

Therefore, I request that, if discovery is re-opened for the purposes of inquiring into objector counsel's history of settlement, Mr. Bueno should be allowed to inquire in Mr. Lieberman's history of buying off objectors in previous litigation.

In light of the foregoing, I respectfully request the Court deny any attempt to discover information pertaining to my personal or professional background.  Any such information is patently irrelevant to the matter before the Court.  In the alternative, should the Court decide to re-open discovery on objector history, I request on behalf of my client, the right to depose Mr. Lieberman on his history of paying off objectors and seek document production of every objector settlement he has executed, recommended, or approved.

        Respectfully submitted,



        JOSHUA R. FURMAN

cc:    (Via Email Only)
      Jeremy A. Lieberman, Esq. (jalieberman@pomlaw.com)
      Lewis Liman, Esq. (lliman@cgsh.com)
      Rahul Mukhi, Esq. (rmukhi@cgsh.com)
      Jay B. Kasner, Esq. Gay.kasner@skadden.com)
      Jeremy A. Berman, Esq. Gberman@skadden.com)
      Elkan Abromowitz, Esq. (eabramowitz@maglaw.com)
      Richard M. Strassberg, Esq. (rstrassberg@goodwinlaw.com)
      Paul A. Straus, Esq. (pstraus@kslaw.com)
      Emma Gilmore, Esq. (egilmore@pomlaw.com)



Hon. Jed S. Rakoff
*In re Petrobras Securities Litigation*
May 17, 2018
Page 9 of 9

       John A. Kehoe, Esq. Gkehoe@pomlaw.com)
       Brenda Szydlo, Esq. (bszydlo@pomlaw.com)
       Joseph Gielata, Esq. (gielata@gmai1.com)
       Anna St. John, Esq. (anna.stjohn@ceLorg)