**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE PETROBRAS SECURITIES LITIGATION** | **Case No. 1:14-cv-09662-JSR** |
| | **CLASS ACTION** |
| **THIS DOCUMENT RELATES TO:** | |
| **All Actions** | |

**LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead Plaintiff Universities Superannuation Scheme Ltd., by and through undersigned counsel, respectfully submits this Notice of Supplemental Authority in further support of (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and (ii) Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

Lead Plaintiff respectfully brings to the Court's attention an opinion recently issued by the Eight Circuit Court of Appeals in *In re: Target Corporation Customer Data Security Breach Litigation*, No. 15-3912, 2018 U.S. App. LEXIS 15839 (8th Cir. June 13, 2018) ("*Target*"), which rejected the same type of misplaced "intra-class conflict" argument Ted Frank advances in the Petrobras litigation to scuttle a historic $3 billion settlement. In *Target*, objector Leif A. Olson, a Texas attorney represented by Ted Frank on behalf of the CEI unsuccessfully attempted to undo a $10 million class action settlement by attacking the district court's "rigorous analysis" certifying a settlement class composed of individuals whose payment card information was compromised as a result of the 2013 Target security breach. *Id*. at *2. Olson argued that under the Supreme Court's asbestos decisions in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999), an intraclass conflict existed between class members who suffered verifiable losses from the data breach and those, like Olson, who did not, and that the "conflict" necessitated separate legal counsel. Labeling Olson's attempt to analogize *Target* to *Amchem* and *Ortiz* as "futile," the Eight Circuit underscored the unique factual pattern in those cases, where the injuries "were extraordinarily various, both in terms of the harm sustained and the duration endured." *Id*. at 9-10. *Amchem* involved a real conflict between individuals "currently injured," whose "critical goal [was] generous immediate payments" and "exposure-only" individuals whose goal was

"ensuring an ample, inflation-protected fund for the future." *Id*. at 9. Since the latency period could last as long as 40 years for some asbestos-related diseases, "no exposure-only plaintiff could estimate with any certainty the extent of his or her injury" and "the settlement offered no assurance that sufficient funds would remain to protect the interests of that group." *Id*. Unlike the unusual circumstances presented in *Amchem*, in *Target* "all class members suffered the same injury, i.e., compromise of their personal and financial information from the data breach," all class members could have registered for credit monitoring, and all the compromised payment cards were "undoubtedly . . . cancelled and replaced by the issuing banks," thus any risk of future harm was "entirely speculative." *Id*. at 10-11. Accordingly, the Eight Circuit held that "the interests of the two subclasses . . . are more congruent than disparate, and there is no fundamental conflict requiring separate representation." *Id*. at 11. The Eight Circuit also rejected Olson's remaining attack that the district court relied on an erroneous understanding of the settlement as "stretch[ing] credulity." *Id*. at 6.

Olson on behalf of CEI was one of the only two objectors to the settlement.[1] CEI's Ted Frank paid the entire $49,156 amount of the appeal bond on his behalf and on behalf of the only other remaining objector, Jim Sciaroni, who was not represented by CEI.[2] Olson maintains that the appeal bond order is *ultra vires*. Like Olson, Sciaroni's attacks on the settlement failed to sway the Eight Circuit.

[1] Two other objectors dismissed their appeal.

[2] On January 21, 2016, the U.S. District Court for the District of Minnesota filed an order (Dkt. 701) stating that "Under Fed. R. App. P. 7, Appellants shall post an appeal bond in the amount of $49,156, which amount shall be the joint and several responsibility of all Appellants; and Appellants shall file with the Court and serve on Consumer Plaintiffs' Lead Counsel proof of satisfaction of the bond requirement within 10 days of the date of this Order."

In the past, Olson has paired with CEI and/or CAFA to scuttle class action settlements and together they have pursued appeals when their arguments were defeated at the district court level. *See, e.g.*, *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-cv-05634 CRB, 2015 U.S. Dist. LEXIS 67904, at *18-24 (N.D. Cal. May 26, 2015) (rejecting objector's intraclass conflict argument, and noting that objector was the wife of an attorney at CAFA), *aff'd sub nom. Wortman v. Yang*, 701 F. App'x 554, 555-56 (9th Cir. 2017) (finding district court was "not obligated to create subclasses"), *cert. denied*, 138 S. Ct. 528 (2017); *see also Aron v. Crestwood Midstream Partners L.P.*, 4:15-cv-01367, at 12 (S.D. Tex. Oct. 14, 2016) (approving settlement and requested fees, and rejecting objection to attorneys' fees in disclosures-only settlement of action challenging merger), *aff'd sub nom. Farber v. Crestwood Midstream Partners, L.P.*, 863 F.3d 410, 419 (5th Cir. 2017) (dismissing objector's appeal of settlement approval for lack of jurisdiction, noting that district court had already "focused on [his] objection" and finding that objector was nonparty who "attempts to bootstrap his jurisdictional untimeliness argument to a case based on irrelevant facts, irrelevant procedure, and irrelevant law").

For the convenience of the Court, a copy of the *Target* decision is submitted herewith as Attachment A.

Dated: New York, New York
June 19, 2018

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
600 Third Avenue- 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 212-661-8665
Email: jalieberman@pomlaw.com

***Counsel for Lead Plaintiff***

***Universities Superannuation Scheme, Ltd.***