UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x

In re: PETROBRAS SECURITIES
LITIGATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

14-cv-9662 (JSR)

ORDER AND FINAL JUDGMENT

JED S. RAKOFF, U.S.D.J.

This Final Judgment incorporates by reference all
aspects of the Court's Order and Opinion dated June 22, 2018,
and the Court's Order dated June 28, 2018. This matter came
for hearing on June 4, 2018 (the "Settlement Hearing"), on
the application of the parties to determine whether the terms
and conditions of: (i) the Stipulation of Settlement and
Release entered into among the Class Representatives, the
Petrobras Defendants, and the Underwriter Defendants on
February 1, 2018 (the "Petrobras Stipulation" or the
"Petrobras Settlement") and (ii) the Stipulation and
Agreement of Settlement entered into among the Class
Representatives and PwC Brazil as of November 30, 2017, as
amended (the "PwC Stipulation" or the "PwC Settlement" and,
together with the Petrobras Stipulation, the "Stipulations"
or the "Settlements")[1], are fair, reasonable, and adequate

[1] This Order and Final Judgment hereby incorporates by
reference the definitions in the Petrobras Stipulation, and
all capitalized terms, unless otherwise defined herein,

2

for the settlement of all claims asserted by Class
Representatives USS, North Carolina, and Hawaii
(collectively, "Class Representatives" or "Plaintiffs" and
collectively, with the Petrobras Defendants, Underwriter
Defendants, and PwC Brazil, the "Settling Parties"), on
behalf of the Settlement Class against Petrobras, PGF, and
PAI (collectively, the "Petrobras Defendants"); BB Securities
Ltd., Citigroup Global Markets Inc., J.P. Morgan Securities
LLC, Itau BBA USA Securities, Inc., Morgan Stanley & Co.
LLC, HSBC Securities (USA) Inc., Mitsubishi UFJ Securities
(USA), Inc. (n/k/a MUFG Securities Americas Inc.), Merrill
Lynch, Pierce, Fenner & Smith Incorporated, Standard
Chartered Bank, Bank of China (Hong Kong) Limited, Banco
Bradesco BBI S.A., Banca IMI S.p.A. and Scotia Capital (USA)
Inc. (collectively, the "Underwriter Defendants"), Almir
Guilherme Barbassa, Jose Carlos Cosenza, Paulo Roberto Costa,
Renato de Souza Duque,[2] Guillherme de Oliveira Estrella,
Maria das Graca Silva Foster, Jose Miranda Formigli Filho,
José Sergio Gabrielli, Silvio Sinedino Pinheiro, Daniel Lima

---

shall have the same meanings as set forth in the Petrobras
Stipulation. For the avoidance of doubt, to the extent a
definition in the Petrobras Stipulation conflicts with a
definition in the PwC Stipulation, the definition in the
Petrobras Stipulation shall govern.

[2] Pursuant to the Petrobras Stipulation, Paulo Roberto Costa and
Renato de Souza Duque are not Released Parties.

3

de Oliveira, José Raimundo Brandão Pereira, Sérvio Túlio da Rosa Tinoco, Paulo Jose Alves, Gustavo Tardin Barbosa, Alexandre Quintão Fernandes, Marcos Antonio Zacarias, Cornelis Franciscus Jozef Looman, Theodore M. Helms (collectively, the "Individual Defendants"), Banco Votorantim Nassau Branch, Santander Investment Securities Inc., Petrobras International Finance Company, and PwC Brazil (collectively, with the Petrobras Defendants, the Underwriter Defendants, and the Individual Defendants, the "Defendants") in the above-captioned Action, and should be approved; and whether judgment should be entered (a) dismissing the Action with prejudice in favor of the Defendants and as against all Persons who are members of the Settlement Class herein who have not requested exclusion therefrom; (b) forever releasing the Settlement Class Members' Settled Claims as against the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, and all Released Parties[3] as described in the Petrobras Stipulation and in the PwC Stipulation; and (c) permanently enjoining, barring, and restraining the Settlement Class Members from bringing, commencing, prosecuting or asserting

---

[3] With respect to PwC Brazil, "Settled Claims" has the meaning set forth in the PwC Stipulation, and "Released Parties" means "PwC Released Parties" as defined in the PwC Stipulation.

4

any claims, actions, or causes of action for contribution, indemnity or otherwise as against the Petrobras Defendants, the Underwriter Defendants, PwC Brazil or any of the Released Parties;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court hereby affirms its findings in its Order
Preliminarily Approving Settlements and Providing for Notice
dated February 28, 2018 (the "Preliminary Approval Order"), that
for purposes of the Settlements only, the prerequisites for a
class action under Rules 23(a) and (b)(3) of the Federal Rules
of Civil Procedure have been satisfied.

2.    The Court further affirms its determinations in the
Preliminary Approval Order and finally certifies, for purposes of
the Settlements only, pursuant to Rule 23(a) and Rule 23(b)(3) of
the Federal Rules of Civil Procedure, the Action to proceed as a
class action on behalf of the Settlement Class as defined in the
Stipulations.

3.    Notice of Pendency of Class Action and Proposed
Settlements, Settlement Hearing and Motion for Attorneys' Fees
and Reimbursement of Expenses (the "Notice") was given to all
Settlement Class Members who could be identified with reasonable
effort. The form and method of notifying the Settlement Class of
the pendency of the action as a class action and of the terms and
conditions of the proposed Settlements met requirements of due
process; Rule 23 of the Federal Rules of Civil Procedure; Section
27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7) and
Section 21 of the Securities Exchange Act of 1934, 15 U.S.C. §
78u-4(a)(7), both as amended by the Private Securities Litigation

6

Reform Act of 1995; and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to Persons entitled thereto.

4.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to Persons who are Settlement Class Members, advising them of the Settlements, of the right to seek exclusion, of Class Counsel's intent to apply for attorney's fees and reimbursement of expenses associated with the Action, of Class Representatives' intent to seek a compensatory award, and of their right to object thereto, and a full and fair opportunity was accorded to Persons who are Settlement Class Members to be heard with respect to the Settlements. Thus, it is hereby determined that all Settlement Class Members, who did not timely and validly elect to exclude themselves by written communication received by the Claims Administrator no later than the date set forth in the Notice and the Preliminary Approval Order, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Order and Final Judgment.

5.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlements as set forth in the Stipulations, and finds that the Settlements are, in all respects, fair, reasonable, and adequate,

7

and in the best interests of the Settlement Class Members. Accordingly, the Settlements embodied in the Stipulations are hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulations.

6.     The Action, the Complaint, and the claims asserted therein by the Plaintiffs and Settlement Class Members are hereby dismissed with prejudice as against the Defendants and without costs except for the payments expressly provided for in the Stipulations.

7.     Upon the Effective Dates of the Settlements, Class Representatives and all other Settlement Class Members, whether or not such Person submits a Proof of Claim, on behalf of (i) themselves, (ii) each of their respective predecessors, successors, assigns, parents, subsidiaries and other affiliates, officers, directors, employees, partners, members, managers, owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees, custodians, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, and any Person(s) they represent in connection with the Action or in connection with the purchase or sale of any Petrobras Securities during the Class Period, and (iii) any Person(s) who claims through or on behalf of them, shall be deemed by operation of law to have irrevocably, absolutely, and unconditionally, fully, finally and forever

released, waived, dismissed and discharged the Settled Claims as specified and described in the Petrobras Stipulation and in the PwC Stipulation against each and all of the Petrobras Defendants, the Underwriter Defendants, PwC Brazil, and all other Released Parties, and shall forever be enjoined from prosecuting any or all of the Settled Claims against the Petrobras Defendants, the Underwriter Defendants, PwC Brazil and any Released Party. For avoidance of doubt, the Settled Claims are not released against the Non-Released Individual Defendants, who include Paulo Roberto Costa, Renato de Souza Duque, and any other individual who has been or subsequently is the subject of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, or under the United States Code, arising out of or relating to the conduct related to the allegations asserted in the Action.

8. Upon the Effective Dates of the Settlements, the Defendants on behalf of themselves, including all past and present individual partners and employees, their predecessors, successors and assigns, shall be deemed by the Settlements to, and shall release, waive, dismiss, and forever discharge the Defendant Claims against Class Representatives, Settlement Class Members, and their attorneys, agents, experts, and investigators, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims against any of such Persons.

9. Upon the Effective Dates of the Settlements, to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against the Petrobras Defendants, the Underwriter Defendants, PwC Brazil or any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Class Representatives or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the District Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

10. To the extent Class Representatives obtain monetary recovery against or from the Non-Released Individual Defendants on behalf of the Settlement Class prior to the payment of the Settlement Amount, the Settlement Amount shall be reduced by any amounts received from the Non-Released Individual Defendants. Any amounts recovered against or from the Non-Released Individual Defendants by Class Representatives or Settlement Class Members

with respect to the Covered Transactions individually and not behalf of the Settlement Class, or after the payment of the Settlement Amount and/or the entry of a Final Judgment, shall be paid to the Petrobras Defendants.

11. The Court grants Class Counsel's motion for attorneys' fees and costs, awarding in fees US$300,000 to USS, US$50,000 to North Carolina, US$50,000 to Hawaii, US$170,880,000 to Pomerantz LLP, US$13,350,000 to Labaton Sucharow LLP, US$2,314,000 to Motley Rice LLC, and US$17,563,838.24 to Class Counsel in costs. The Court also awards Class Counsel interest on the awarded fees and costs at the same rate as earned by the Settlement Funds, as set forth in the Stipulations.

12. The Court also grants in part the motion of Bernstein Litowitz Berger & Grossman LLP ("BLBG"), awarding BLBG fees in an amount to be determined by Class Counsel to be paid from Class Counsel's fee award and US$872,673.04 in costs to be paid from the Settlement Funds; grants in full the motion of Wolf Popper LLP ("Wolf Popper"), awarding Wolf Popper US$107,629 in fees to be paid from Class Counsel's fee award and US$1,219.66 in costs to be paid from the Settlement Funds; grants in full the motion of Almeida Advogados ("Almeida"), awarding Almeida US$200,000 in fees to be paid from Class Counsel's fee award; and grants in full the motion of Kahn Swick & Foti LLC ("KSF"), awarding KSF US$589,915.50 in fees to be paid from Class Counsel's fee award

and US$2,650.59 in costs to be paid from the Settlement Funds. As regards the fee awards, counsel are to be paid 50% of the amounts due upon entry of final judgment and the remaining amounts after the Settlement Funds have been fully distributed to the Settlement Class.

13. The fact and terms of the Stipulations, including Exhibits thereto, the Supplemental Agreements, the Attorneys' Fees Letter, this Order and Final Judgment, any of the terms and provisions therein, all negotiations, discussions, drafts and proceedings in connection with the Settlements, and any act performed or document signed in connection with the Settlements, shall not be deemed to be, and may not be argued to be or offered or received against the Petrobras Defendants, the Underwriter Defendants, PwC Brazil or other Released Parties as set forth in the Stipulations, and against the Class Representatives or any Settlement Class Member as set forth in the Stipulations, except for purposes of enforcing the terms of the Settlements.

14. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, (a) over implementation and enforcement of the Settlements; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Funds; (c) disposition of the Settlement Funds; (d) enforcing and administering this Order and Final Judgment;

(e) enforcing and administering the Stipulations including any releases executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

15. In the event that the Settlements and Judgment do not become Final or the Settlements are terminated as provided in the Stipulations, including the Supplemental Agreements, or in the event that the Settlement Funds, or any portion thereof, are returned to Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulations, and shall be vacated to the extent provided by the Stipulations and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulations; and (b) the fact of the Settlements shall not be admissible in any trial of the Action and the parties to the Stipulations shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before December 31, 2017 in the case of the Plaintiffs, Petrobras Defendants and Underwriter Defendants and before August 2, 2016 in the case of the Plaintiffs and PwC Brazil, except for purposes of enforcing the relevant portions of the Stipulations.

16. Within seven (7) business days of entry of a Final order rendering the Petrobras Settlement and Judgment non-Final

13

or notice of the Settlement being terminated, the Petrobras Escrow Agent shall immediately return to the Petrobras Defendants, in accordance with the terms of the Petrobras Stipulation and corresponding Petrobras Escrow Agreement, all monies then held in the Petrobras Escrow Account, including interest earned but less any costs or expenses properly incurred and approved by the District Court as set forth in the Petrobras Stipulation. Under those circumstances, Class Counsel shall undertake to return those amounts by taking all steps necessary to cause the Petrobras Escrow Agent to make the foregoing repayments. Class Representatives and the Settlement Class shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to the Petrobras Defendants.

17.    In the event the PwC Settlement and Judgment do not become Final or the Settlement is terminated, within seven (7) business days of entry of the Final order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the PwC Escrow Account, including interest earned but less any costs or expenses properly incurred and approved by the Court as set forth in the PwC Stipulation, shall be returned to PwC Brazil. Under those circumstances, Class Counsel shall undertake to return those amounts by taking all steps necessary to cause the PwC Escrow

Agent to make the foregoing repayments. Class Representatives and the Settlement Class shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to PwC Brazil.

18. Pursuant to the Petrobras Stipulation, upon deposit in the Petrobras Escrow Account of the first installment of the Petrobras Settlement Amount, the Petrobras Escrow Agent was authorized to transfer three million eight hundred thousand dollars (US$3,800,000.00) from the Petrobras Escrow Account to the Settlement Administration Account, as described in the Petrobras Stipulation, in order to pay reasonable and necessary notice and administration costs related to the Settlement. No other disbursements from the Petrobras Escrow Account related to the Settlement will occur until this Order and Final Judgment becomes non-appealable and Final absent agreement of the Class Representatives, the Petrobras Defendants, and the Underwriter Defendants, and approval from the District Court, except as provided for in ¶ 15 of the Petrobras Stipulation. To the extent that Notice and Administration Costs exceed US$3,800,000.00 before the Effective Date, they may be paid only pursuant to further Order of the Court.

Dated: New York, New York
      July 2, 2018

HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

16

# EXHIBIT 1

**Persons and Entities Excluded from the Settlement Class
Pursuant to Requests for Exclusion**

.



## In re Petrobras Securities Litigation
### Exclusion Report
### (through 5/21/18)

| Received on or before April 27, 2018 and who provided transactional information | |
|---|---|
| **Count** | **Name** |
| 1 | Harry C. Bierbaum, III |
| 2 | Lynne Evelyn Nelson |
| 3 | Ronald Wayne Campbell |
| 4 | Brian Daniel Haynes |
| 5 | Thomas Lee Strachota |
| 6 | Benjamin Randall Martin |
| 7 | Steven D. Johnson |
| 8 | Merrill Ralfred Russell |
| | Winifred Christina Russell |
| 9 | James Michael Polk |
| 10 | Simon Mark Tabashnick |
| 11 | Sharon W. Shapowal |
| 12 | Donald Robert Ackermann |
| 13 | Judith Adams Moos |
| 14 | Cecile Denise May |
| 15 | Floyd H Kaye |
| 16 | Anna Denisse Cukierkorn |
| 17 | Jacques Cukierkorn |
| 18 | Kent Wells |
| 19 | Lia Ojeda |
| 20 | Gerald Ford McCue |
| 21 | Clara Jean Girardell |
| 22 | Eric Lee Sutley |
| 23 | Roberta W. Garcia |
| | Kenneth P. Garcia |
| 24 | Joshua William Levy |
| 25 | Marie A. Grisi |
| 26 | Ellen A. Johnson |
| 27 | Michael Joseph Hebert |
| 28 | Richard H. Furze |

| 29 | Paul A. Edwards |
|---|---|
| 30 | Mary E. Ptacek |
| 31 | Paul J. Lee Jr. |
| 32 | Jason J. Dugdale |
| 33 | Scott Alan Somers |
| 34 | Mark Kenneth Schneider |
| 35 | Edward J. Michor |
| 36 | David Lynn Wiest |
| 37 | Richard Daniel Killian |
| 38 | Bruce B. Ellis |
| 39 | James Potter Orr |
| 40 | Frances M. Schinkel |
| 41 | Mary J. Mundel |
| 42 | Veronique Marie Rouillard |
| 43 | MARION C EPPLER |
| 44 | BETTY U ZULIANI |
| 45 | ROBERT MICHAEL CAIN |
| 46 | ANNETTE DUFFY |
| 47 | BETTY L RANKIN |
| 48 | MATTHEW T LEWIS |
| 49 | STEVEN PAUL ROMERO |
| 50 | ROBERT E. CROY |
| 51 | WILLIAM B ROBBE |
| 52 | RICHARD L. GERHARDT |
| 53 | JUSTIN P MORENO |
| 54 | CHARLENE GREY GARRETT |
| 55 | LISA KAY SHANER |
| 56 | HOVICK DAVIDIAN |
| 57 | JOHN HUGH NEWMAN |
| 58 | MARTY D OLSEN |
| 59 | KATHLEEN N SMITH |
| 60 | JAKELLY PERS REP<br>ESA WALTER L BROWN |
| 61 | ROLAND J. KELLY TRUSTEE<br>ARBUTUS B. KELLY TRUST |
| 62 | ROLAND J. KELLY<br>JACQUELINE A. KELLY<br>TRUSTEES ROLAND J. KELY REV. TRUST |
| 63 | ROLAND J. KELLY SUCCESSOR TRUSTEE<br>VILMA L. RAMELLO REV. TR. |
| 64 | ROLAND J. KELLY TRUSTEE<br>VILMA L. RAMELLO DECEASED IRA |
| 65 | STANISLAW OKULSKI |
| 66 | DIANE ALMA VANDINEN |
| 67 | JON ALLEN ROELOFS |
| 68 | STANLEY OKULSKI |
| 69 | KELLY SUE BLATZ |

| 70 | INGE ROSEMARIE CURLEE |
|---|---|
| 71 | STEPHEN ARTHUR LANGFORD |
| 72 | STEVEN CHARLES DRAPP |
| 73 | ROBERT L OWENS SR |
| 74 | WILLIAM C. LEAHY |
| 75 | DIANA YOUNG TAMMEN |
| 76 | OLIVER A KOCHER<br>MARJORIE L KOCHER |
| 77 | TIMOTHY JOSEPH CROXTON |
| 78 | ERVIN ARTHUR BAMESBERGER |
| 79 | MICHELLE MIRIAM BRECKON |
| 80 | THOMAS JOSEPH BRECKON |
| 81 | WASHINGTON STATE INVESTMENT BOARD (WSIB) |
| 82 | PAUL T COTE |
| 83 | MARJORIE E BRANNON |
| 84 | GEORGE T. KOIDE |
| 85 | JANET D GORTZ |
| 86 | ANNA N. CHAN |
| 87 | KATHLEEN LORETTA THOMAS |
| 88 | ELIZABETH ANN BROCK |
| 89 | STANLEY W. BURNHAM |
| 90 | WING FU CHEUNG |
| 91 | S. MOUNTJOY MOTT REV. TR. |
| 92 | YUET MING KO |
| 93 | HENRY SIDNEY FITCH |
| 94 | DANIEL POSSE |
| 95 | YUNQING SHEN<br>ZHAO IISHENG |
| 96 | HUGO HELFENSTEIN |
| 97 | LOIS C RICHARDS TR |
| 98 | RONALD M PETERSON |
| 99 | JOHNNY CLARK |
| 100 | ARLINE MALLIMSON |
| 101 | GREGORY MICHAEL WEIERS<br>KAREN ANN WEIERS |
| 102 | GAYLE FRANCES BOLDT |
| 103 | DANIEL P GIMMY |
| 104 | ANNE EBERHARDT |
| 105 | ABRAHAM LEVITSKY |
| 106 | ADA RUTH WOLFSEN-NOZETZ |
| 107 | FRED C. PHILLIPS III |
| 108 | RICHARD A. HAMPTON |
| 109 | GLORIA TERESA HAMPTON |
| 110 | PATRICK HO & RUBY HO CO-TTEE<br>HO FAMILY TRUST 02/21/1987 |

| 111 | VANGUARD INTERMEDIATE-TERM BOND INDEX FUND SERIES |
|---|---|
| 112 | VANGUARD LONG-TERM BOND INDEX FUND SERIES |
| 113 | VANGUARD SHORT-TERM BOND INDEX FUND SERIES |
| 114 | VANGUARD TOTAL BOND MARKET INDEX FUND SERIES |
| 115 | VANGUARD TOTAL BOND MARKET II INDEX FUND SERIES |
| 116 | VANGUARD TOTAL INTERNATIONAL BOND INDEX FUND SERIES |
| 117 | VANGUARD PRIMECAP FUND SERIES |
| 118 | VANGUARD PRIMECAP CORE FUND SERIES |
| 119 | VANGUARD INTERMEDIATE-TERM INVESTMENT-GRADE FUND SERIES |
| 120 | VANGUARD LONG-TERM INVESTMENT-GRADE FUND SERIES |
| 121 | VANGUARD SHORT-TERM INVESTMENT-GRADE FUND SERIES |
| 122 | VANGUARD GLOBAL EQUITY FUND SERIES |
| 123 | VANGUARD EMERGING MARKETS STOCK INDEX FUND SERIES |
| 124 | VANGUARD FTSE ALL-WORLD EX-US INDEX FUND SERIES |
| 125 | VANGUARD TOTAL WORLD STOCK INDEX FUND SERIES |
| 126 | VANGUARD ENERGY FUND SERIES |
| 127 | VANGUARD TOTAL INTERNATIONAL STOCK INDEX FUND SERIES |
| 128 | VANGUARD EMERGING MARKETS SELECT STOCK FUND SERIES |
| 129 | VANGUARD INTERNATIONAL VALUE FUND SERIES |
| 130 | VANGUARD BALANCED INDEX FUND SERIES |
| 131 | VVIF SHORT-TERM INVESTMENT-GRADE PORTFOLIO SERIES |
| 132 | VVIF TOTAL BOND MARKET INDEX PORTFOLIO SERIES |
| 133 | VANGUARD EMERGING MARKETS GOVERNMENT BOND INDEX FUND SERIES |
| 134 | VANGUARD INTERNATIONAL GROWTH FUND SERIES |
| 135 | RICHARD G CLINE |
| 136 | ANGELA SCOTT DEGRADO |
| 137 | JAMES DEGRADO |
| 138 | ASIM SADIK ALTAMIMI |

| 139 | MURILO PREGNOLATO TANOUYE |
|-----|---------------------------|
| 140 | JOHN H MATTSON |
| 141 | KEITH RICHARD ELLER |
| 142 | PABLO CESAR L'ARGENTIERE |
| 143 | NILDA MARGARITA MONTI |