# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| In re Petrobras Securities Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14-CV-9662 (JSR) |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: William Thomas Haynes as trustee for the benefit of W Thomas and Katherine Haynes Irrevocable Trust for the benefit of Sara L. Haynes c/o Anna St. John, Competitive Enterprise Institute, Center for Class Action Fairness, 1310 L Street NW, 7th Floor, Washington, DC 20005

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Atlanta Marriott Marquis, 265 Peachtree Center Ave NE, Atlanta, GA 30303 | Date and Time: 05/17/2018 9:30 am |
|---|---|

The deposition will be recorded by this method: Transcription and Video Tape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 10, 2018

| CLERK OF COURT | OR | [signature] |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Class Reps Universities Superannuation Scheme Ltd., et al. , who issues or requests this subpoena, are:

Jeremy A. Lieberman, POMERANTZ LLP, 600 Third Avenue, Floor 20, New York, NY 10016, Phone: 212-661-1100
Email: jalieberman@pomlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 14-CV-9662 (JSR)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. "You" and "your" refer to the above-named deposition witness.

2. "Document" has the meaning set forth in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34(a) and specifically embraces the original, an identical copy if the original is not available, non-identical copies (whether different from the original because of notes made thereon or otherwise), electronically stored information, and photographs. Documents shall further include all drafts of documents defined above.

3. "Communication" shall mean any transmission or exchange of information between two or more persons; orally or in writing, and includes, without limitation, any conversation or discussion whether face-to-face or by means of telephone, facsimile, email or other digital form of communication, or other media, and the circumstances by which you came into possession of the document evidencing the communication.

4. "And" and "or" are to be considered both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. The word "all" also includes "each" and vice versa. "Any" is understood to include and encompass "all."

5. "Relating to" and "in relation to" shall mean, in whole or in part, discussing, describing, pertaining to, deriving from, arising from, resulting from, referencing or alluding to, reflecting, containing, analyzing, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, or concerning.

6. "Represent" and "Representation" shall mean the provision of legal advice or counsel, appearance in a legal matter, or the preparation of legal instruments, including with

respect to the preparation of any objection, documents, legal pleadings, arguments, settlements, or settlement negotiations.

7. "Objection" shall mean any legal filings or pleadings opposing a proposed or existing class action settlement or an award of attorneys' fees and costs in a class action case.

8. "Person" shall mean any natural person, firm, association, organization, partnership, corporation, joint venture, trust, or public entity.

9. "Petrobras Litigation" shall mean *In re Petrobras Securities Litigation*, Case No. 14-cv-9662 (JSR), pending in the United States District Court for the Southern District of New York and any appeal taken therefrom.

10. "Defendants" shall mean the Petrobras Defendants, the Underwriter Defendants, the Individual Defendants, Josue Christiano Gomes da Silva, Mariângela Monteiro Tizatto, Banco Votorantim Nassau Branch, Santander Investment Securities Inc., Petrobras International Finance Company, PwC Brazil, and any other Person that is or has been at any time a defendant in the Petrobras Litigation.

11. "Petrobras" shall mean Petróleo Brasileiro S.A.– Petrobras.

12. "Petrobras Defendants" shall mean Petrobras, Petrobras Global Finance B.V., and Petrobras America Inc.

13. "Underwriter Defendants" shall mean BB Securities Ltd., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Itau BBA USA Securities, Inc., Morgan Stanley & Co. LLC, HSBC Securities (USA) Inc., Mitsubishi UFJ Securities (USA), Inc. (n/k/a MUFG Securities Americas Inc.), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Standard Chartered Bank, Bank of China (Hong Kong) Limited, Banco Bradesco BBI S.A., Banca IMI S.p.A. and Scotia Capital (USA) Inc.

14. "PwC Brazil" shall mean PricewaterhouseCoopers Auditores Independentes.

15. "Settlement Class" shall mean: (i) the Exchange Act Class; and (ii) the Securities Act Class as defined herein.

16. "Exchange Act Class" shall mean all Persons who, during the Class Period, purchased or otherwise acquired Petrobras Securities, including debt securities issued by PifCo and/or PGF, on the New York Stock Exchange or pursuant to other Covered Transactions, excluding Defendants, current or former officers and directors of Petrobras, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and any Persons who have been or subsequently are the subject of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, or under the United States Code, arising out of or relating to conduct related to the allegations asserted in the Petrobras Litigation. For avoidance of doubt, the foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall mean any investment company, pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member or in other similar capacity.

17. "Securities Act Class" shall mean all Persons who purchased or otherwise acquired debt securities issued by Petrobras, PifCo, and/or PGF, in Covered Transactions, directly in, pursuant to and/or traceable to a May 13, 2013 public offering registered in the United States and/or a March 10, 2014 public offering registered in the United States before

Petrobras made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the offerings (August 11, 2014 in the case of the May 13, 2013 public offering and May 15, 2015 in the case of the March 10, 2014 public offering), excluding Defendants, current or former officers and directors of Petrobras, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and any Persons who have been or subsequently are the subject of a final judgment of conviction convicting them of a criminal or civil offense related to corruption under the laws of Brazil, or under the United States Code, arising out of or relating to conduct related to the allegations asserted in the Action. The foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall mean any investment company, pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member or in other similar capacity.

18. "Class Period" shall mean the time period between January 22, 2010 and July 28, 2015, inclusive.

19. "Petrobras Securities" shall mean the securities of Petrobras, including debt securities issued by PifCo and/or PGF, purchased or otherwise acquired during the Class Period on the New York Stock Exchange or pursuant to other Covered Transactions and debt securities issued by Petrobras, PifCo, and/or PGF that were purchased or otherwise acquired during the Class Period in Covered Transactions, directly in, pursuant to and/or traceable to a May 13, 2013

public offering registered in the United States and/or a March 10, 2014 public offering registered in the United States before Petrobras made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the offerings.

20. "PifCo" shall mean Petrobras International Finance Company S.A.

21. "PGF" shall mean Petrobras Global Finance B.V.

22. "Covered Transaction" shall mean any transaction that satisfies any of the following criteria: (i) any transaction in a Petrobras Security listed for trading on the New York Stock Exchange ("NYSE"); (ii) any transaction in a Petrobras Security that cleared or settled through the Depository Trust Company's book-entry system; or (iii) any transaction in a Petrobras Security to which the United States securities laws apply, including as applicable pursuant to the Supreme Court's decision in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010). Excluded from the definition of Covered Transaction are purchases of any Petrobras Security on the BOVESPA. The Petrobras Securities that satisfy the criteria were set forth in the notice mailed to Settlement Class members.

## INSTRUCTIONS

1. The documents to be produced pursuant to these requests specifically embrace, in addition to documents within your possession, custody or control, documents within the possession, custody or control of your agents or representatives, including your attorneys.

2. Unless otherwise specified, the relevant time period for these requests is from January 22, 2010 to the present.

3. In accordance with Fed. R. Civ. P. 26(b)(5), if any document responsive to these requests is withheld based up a claim of privilege or trial preparation material, state separately

for each such document, in addition to any other information requested: (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if any; (e) the title or position of its author, as well as the author's addressees; (f) the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title and general subject matter (without revealing the information as to which the privilege is claimed); and (h) with sufficient particularity to permit the court to make a full determination as to whether the claim of privilege is valid, and the factual basis on which you claim such privilege.

## REQUESTS FOR PRODUCTION

1. All documents supporting your Objection filed in the Petrobras Litigation, including those supporting your assertion that you are a member of the Settlement Class.

2. Documents sufficient to identify all of your transactions in the Petrobras Securities.

3. Documents sufficient to identify all brokerages or financial institutions through which you transacted in Petrobras Securities.

4. For each brokerage or financial institution responsive to Request No. 3 herein, documents from that brokerage or financial institution that are sufficient to confirm all of your transactions in Petrobras Securities conducted through that brokerage or financial institution.

5. All documents relating to your decision to invest in Petrobras Securities during the Class Period.

6. All documents relating to any communication with any person (including but not limited to Anna St. John or any attorney) relating to the Petrobras Litigation.

7. All documents relating to agreements between you and any other person (including but not limited to the Center for Class Action Fairness, the Competitive Enterprise

Institute, Anna St. John, Theodore H. Frank or any other attorney) in relation to the Petrobras Litigation, including, but not limited to, any retainer agreements and related documents.

8. All documents relating to the representation of you by any person in relation to the Petrobras Litigation.

9. All documents relating to any Objection or subsequent appeal filed in the last ten years by you, by any person or entity acting on your behalf, or by any person or entity who is or has been involved or associated with the representation of you in the Petrobras Litigation.

10. All documents relating to any settlement made in relation to any Objection or subsequent appeal filed in the last ten years by you, by any person or entity acting on your behalf, or by any person or entity who is or has been involved or associated with the representation of you in the Petrobras Litigation.

11. All documents relating to the amount of any monetary compensation received by you for making, refraining from making or withdrawing an Objection or subsequent appeal within the last ten years.

12. All documents relating to your efforts to obtain payment in connection with making, refraining from making, or withdrawing an Objection or subsequent appeal within the last ten years.

13. All documents relating to changes made to any settlements as a result of any Objection or subsequent appeal by you within the last ten years

14. All documents that show how you came to learn of the settlement in the Petrobras Litigation.

15. With respect to any attorney who is, or has been, involved or associated with the representation of you in the Petrobras Litigation, all documents that show a relationship between you and such attorney prior to December 31, 2017.

16. Documents sufficient to identify the amount of your income arising from (i) Objections or subsequent appeals filed in the last ten years, and (ii) all other sources.

17. Documents sufficient to identify the amount of time you spend each year working on Objections or subsequent appeals.

18. All documents relating to any complaints, legal actions, investigations, regulatory proceedings, or other types of proceedings commenced against you relating to alleged false statements or fraudulent conduct by you in court filings or otherwise in connection with a lawsuit.

05/11/2018 | #VV727 | Torri Schaffer | $54.00 | <p>Pomerantz, LLP - Witness Fee ... | Payable to: Anna St. John, Esq.

# For your records

**Payable to:** Anna St. John, Esq.
**Amount:** 54.00
**From:** Torri Schaffer
**Check Number:** VV727
**05/11/2018**

**DELUXE | eChecks**

Are you a business? To save time, money, and resources, make payments using Deluxe eChecks. Call 877-333-6964 to get started today!

**Questions?** Visit eChecks.com or call 877-333-6964

- The details (pay to, amount, routing/account number) and authenticity of this check can be verified by visiting: echecks.com/verify
- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.

Does your financial institution have questions about this check?

**Bank or credit union questions?**
More info below.

# How to use this check

**Check appears upside down intentionally**

**Need help?** Visit eChecks.com or call 877-333-6964

### Step 1
**Print the check**
✓ Any printer works
✓ Black or color ink
✓ Basic white paper

### Step 2
**Validate it printed correctly**
✓ Correct if bank numbers are:
  Centered in white space
  Parallel to edge of the page
  Clearly printed in dark black ink
✗ Reprint if bank numbers are:
  Too light to read
  Smudged or wrinkled
  Cut off, skewed, or off-center

### Step 3
**Deposit like normal**
1. Cut on the dotted line above
2. Endorse the back
3. Deposit like normal:
  In-person at a bank or credit union
  Using an ATM
  Via smartphone mobile deposit
  With an office check scanner

✂ Cut along this line

---

**Official eCheck**

**Torri Schaffer**
**A & E Enterprises, Inc.**
18403 Woodfied Road
Suite A
Gaithersburg, MD 20879

This is a Deluxe eCheck. Use the **Check Verification** service provided by the Deluxe Corporation if you wish to confirm that this check was issued by the account holder and remains unmodified from the original electronic document.
https://my.echecks.com/verify

**VV727**

Date 05/11/2018
Void after 90 days

PAY TO THE ORDER OF  Anna St. John, Esq.   $54.00

Fifty-four and 00/100   Dollars

PNC Bank, NA

*Torri Schaffer* (signature)

Memo  Pomerantz, LLP - Witness Fee - 38705

⑆000727⑆ ⑈054000030⑈ 5515123395⑊