**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE PETROBRAS SECURITIES LITIGATION | Case No. 14-cv-9662 (JSR) **CLASS ACTION** |

**CLASS PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO CCAF'S MOTION FOR ATTORNEYS' FEES**

**TABLE OF CONTENTS**

I.  LEGAL STANDARD................................................................................................ 3

II.  CCAF's MOTION SHOULD BE DENIED ..................................................................... 4

      A.      CCAF Failed to Confer Any Benefit to the Class.................................................... 4

      B.      CCAF Has Engaged in the Same "Brazen Overbilling"
            of Which It Accused Class Counsel...................................................................... 7

III.  ANY FEES AWARDED SHOULD BE PAID BY THE SETTLEMENT FUND,
       NOT CLASS COUNSEL ........................................................................................ 10

CONCLUSION........................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997)..............................................................................................2

*Chem. Bank v. Jaffe & Schlesinger, P.A.*,
19 F.3d 1306 (9th Cir. 1994) ...............................................................................3

*City of Providence v. Aeropostale, Inc.*,
No. 11-cv-7132 (CM) (GWG), 2014 U.S. Dist. LEXIS 79478 (S.D.N.Y. June
10, 2014) ...............................................................................................................5

*Fraley v. Facebook, Inc.*,
No. 13-16819 (9th Cir. Jan. 6, 2016), Dkt. 143 ............................................2, 6, 7

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)..............................................................................................7

*In re AOL Time Warner ERISA Litig.*,
No. 02-cv-8853 (SWK), 2007 U.S. Dist. LEXIS 99769.......................................9

*In re Bolar Pharm. Co. Sec. Litig.*,
966 F.2d 731 (2d Cir. 1992)..................................................................................9

*In re Classmates.com Consol. Litig.*,
No. C09-45RAJ, 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. June 15, 2012)........3

*In re Currency Conversion Fee Antitrust Litig.*,
263 F.R.D. 110 (S.D.N.Y. 2009) ..........................................................................3

*In re Excess Value Ins. Coverage Litig.*,
598 F. Supp. 2d 380 (S.D.N.Y. 2005)....................................................................5

*In re HP Inkjet Printer Litig.*,
No. 05-cv-3580 JF, 2011 U.S. Dist. LEXIS 65199 (N.D. Cal. June 20, 2011) ......5, 6

*In re Petition of Hill*,
775 F.2d 1037 (9th Cir. 1985) ..............................................................................3

*In re Polyurethane Foam Antitrust Litig.*,
169 F. Supp. 3d 719 (N.D. Ohio 2016)...............................................................6, 7

*In re Polyurethane Foam Antitrust Litig.*,
No. 10-md-2196 (N.D. Ohio Nov. 12, 2015), Dkt. 1960.......................................2, 6

*In re Prudential Sec. Inc. Ltd. P'ships. Litig.*,
    911 F. Supp. 135 (S.D.N.Y. 1996)................................................................................3

*In re Target Corp. Customer Data Sec. Breach Litig.*,
    MDL No. 14-2522 (PAM), 2017 U.S. Dist. LEXIS 75455 (D. Minn. May 17,
    2017) ............................................................................................................................7

*In re Veritas Software Corp. Sec. Litig.*,
    No. C-03-0283 MMC, 2006 U.S. Dist. LEXIS 10116 (N.D. Cal. Feb. 24,
    2006), *aff'd,* 496 F.3d 962 (9th Cir. 2007)..............................................................4

*Morrison* v. *National Australia Bank Ltd.*,
    561 U.S. 247 (2010).....................................................................................................2

*Sabbagh v. Cell Therapeutics Inc.*,
    No. C10-414 MJP (W.D. Wash. Oct. 30, 2012), Dkt. 139 ........................................5

*Savoie v. Merchants Bank*,
    166 F.3d 456 (2d Cir. 1999).......................................................................................7

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ...................................................................................3

*Wininger v. SI Mgmt. L.P.*,
    301 F.3d 1115 (9th Cir. 2002) ...................................................................................4

**Other Authorities**

4 A. Conte & H. Newberg, *Newberg on Class Actions* § 13:76 (4th ed. 2002) .............................3

*Black's Law Dictionary* (10th ed. 2014).......................................................................10

Class Plaintiffs respectfully submit this Memorandum of Law in Opposition to the Motion for Attorneys' Fees filed by the Competitive Enterprise Institute Center for Class Action Fairness ("CCAF") (Dkt. Nos. 840, 841). In light of the extensive record before this Court relating to Class Counsel's fee petition, the Court-ordered analysis performed by Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel for the Petrobras Defendants, and the Objections to the Settlement and fee petition, Class Plaintiffs will err on the side of brevity.

On February 1, 2018, Class Plaintiffs filed a Motion for Preliminary Approval of Settlement, attaching as an exhibit thereto a Proposed Notice of Pendency and Plan of Allocation, which advised Settlement Class members that Class Counsel intended to seek attorneys' fees of $284.5 million and no more than $18 million in reimbursable expenses. (Dkt. Nos. 765, 766.) At the February 23, 2018, Preliminary Approval Hearing, this Court expressed immediate skepticism regarding Class Counsel's anticipated fee request, remarking with some irony that the request seemed "modest" and "a person's got to live after all." (Dkt. 773 at 6:1-4.) At that hearing, the Court invoked the attorney-fee decisions in the *WorldCom* and *Bank of America* class actions, where attorneys' fees ranged between 5.5% to 6.28% of the recovery, remarking "why in the world, in a giant case like this, should I consider a 9 1/2 percent legal fee?" *Id*. at 11:14-20.

When advised that Class Counsel had expended $160 million in lodestar, the Court similarly expressed skepticism, ordering that Class Counsel submit detailed time records to Petrobras' counsel for a thorough review. *Id*. at 33:22-36:14. On May 7, 2018, Cleary Gottlieb submitted a detailed eleven-page analysis ("Cleary Letter") to the Court raising a host of issues regarding the lodestar report: 1) $125 million in fees was incurred by 170 "staff attorneys" and "project attorneys" at high billable rates; 2) over $13 million in lodestar was billed for attorneys translating documents; and 3) raising a number of purported issues with particular billing entries.

(Dkt. No. 793.) On May 10, 2018, CCAF filed its Objection to the requested attorneys' fees as well as to the Settlement. (Dkt. No. 797.) The Objection to attorneys' fees largely parroted the concerns raised in the Cleary Letter and objections it has made as a professional objector in connection with other settlements. *See*, *e.g.*, Mem. Op. at 10, *Fraley v. Facebook, Inc.*, No. 13-16819 (9th Cir. Jan. 6, 2016), Dkt. 143; Objection of Melissa Holyoak and John Tabin at 6-9, 15-22, *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-2196 (N.D. Ohio Nov. 12, 2015), Dkt. 1960. With respect to the Settlement, as with other objectors and parroting similar objections it has made in other class action settlements, CCAF primarily argued that intra-class conflicts foreclosed certification of the Settlement Class under *Amchem Products, Inc. v. Windso*r, 521 U.S. 591, 620 (1997). (Dkt. No. 797 at 3-11.) CCAF claimed that an intra-class conflict existed between class members who purchased Petrobras securities in domestic transactions, as defined by *Morrison* v. *National Australia Bank Ltd.*, 561 U.S. 247 (2010), and those who purchased the securities in foreign transactions. *Id.* CCAF also objected to certification of the Settlement Class on predominance grounds. *Id.* at 9-11. Other Class members filed objections similarly complaining about the fee request, as well as intra-class conflicts relating to the Class definition, so CCAF's objections are hardly novel. (*See*, *e.g.*, Dkt. Nos. 803, 813; *see also* Dkt. No. 834 at 28.)

On June 25, 2018, this Court issued an Opinion and Order granting final approval of the Settlement, and granting in part and denying in part Class Counsel's fee petition. (Dkt. No. 834.) The Court found that CCAF's and the other Objectors' arguments to the Settlement were meritless. With respect to the fee petition, the Court hewed to its original comments at the Preliminary Approval hearing, granting Class Counsel a fee of 6.21%, slightly below the *Bank of America* fee award. Wasting no time, on June 26, 2018, CCAF issued a press release proclaiming *CEI*

*Objection Wins Nearly $100 million for Class Members in Petrobras Settlement.*[1] CCAF's assertion that it is responsible for yielding a $100 million benefit for Petrobras Class Members (while trying to scuttle the entire settlement), when the Court had months before indicated that Class Counsel's fee request was likely to be reduced by $100 million, is tantamount to the rooster crowing victory at the crack of dawn: It has made a lot of noise, but imparted little value.

## I.    LEGAL STANDARD

"In the absence of a showing that objectors substantially enhanced the benefits to the class under the settlement . . . they are not entitled to fees." *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 132 (S.D.N.Y. 2009); *see also In re Prudential Sec. Inc. Ltd. P'ships. Litig.*, 911 F. Supp. 135, 141 (S.D.N.Y. 1996) ("Neither the case law nor equity requires compensation where the benefit contributed is incidental, or of a minimal or *de minimis* value to the class.") (citing *Chem. Bank v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1309 (9th Cir. 1994)). It is the exception, not the rule. An award of attorneys' fees to objectors is appropriate only when "(1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefitting." *In re Petition of Hill,* 775 F.2d 1037, 1041 (9th Cir. 1985); *see also* 4 A. Conte & H. Newberg, *Newberg on Class Actions* § 13:76 at 490 (4th ed. 2002). Objectors bear the burden of proving "that it was their efforts that resulted in conferring this benefit on the class." *Id.* § 14:6 at 546-50; *see also In re Classmates.com Consol. Litig.*, No. C09-45RAJ, 2012 U.S. Dist. LEXIS 83480, at *26 (W.D. Wash. June 15, 2012) (noting that discretionary nature of awarding fees to objectors "provided that the objectors prove that they 'substantially enhanced the benefits under the settlement'" (quoting *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1052 (9th Cir. 2002)).

---

[1] *See* https://cei.org/content/cei-objection-wins-nearly-100-million-class-members-petrobras-settlement.

## II.    CCAF's MOTION SHOULD BE DENIED

### A.    CCAF Failed to Confer Any Benefit to the Class

As the relevant case law makes unmistakably clear, an objector must *prove* that it procured a benefit for the Class in order to earn a fee.  Instead, CCAF points to dubious speculation.  First, nearly half of CCAF's Objection was focused on a futile attempt to harm Class members by scuttling the Settlement.  CCAF failed to segregate the portion of its lodestar attributable to objecting to the Settlement from its opposition to Class Counsel's fee request.  CCAF cannot be paid on unsuccessful arguments that did not benefit the Class.  *See Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1119, 1125-26 (9th Cir. 2002) (affirming district court's refusal to award objectors' counsel fees for unsuccessful arguments and remanding for greater detail regarding the number of hours spent by objector's counsel because "[i]f anything, the district court should have reduced the number of hours further" as "the burden to submit *detailed* records justifying hours *reasonably* expended falls upon the claiming attorneys" and "[t]he district court should have required greater specificity or reduced the hours further by those the firm had not proved to have been reasonably expended.") (alterations in original); *see similarly In re Veritas Software Corp. Sec. Litig.*, No. C-03-0283 MMC, 2006 U.S. Dist. LEXIS 10116, at *16-*17 (N.D. Cal. Feb. 24, 2006), *aff'd,* 496 F.3d 962 (9th Cir. 2007).

Moreover, a perfunctory review of the record makes clear that the partial denial of Class Counsel's fee request was not the result of CCAF's handiwork.  Indeed, as explained above, well before CCAF objected in this matter, this Court indicated that it believed a fee ranging between 5.5% - 6.28% was appropriate.  Here, it went slightly below the upper range of those amounts, providing Class Counsel with a 6.21% award.  The Court's formative view of the fee appears to have been confirmed by the Cleary Letter, which provided a detailed analysis of the issues relating to Class Counsel's lodestar, such as the rates and use of document review attorneys for certain

4

projects. CCAF happily adopted these arguments in its brief, arguing that Class Counsel's lodestar was inflated due to the use of staff attorneys at "exorbitant" rates. (Dkt. 797 at 14-17.) Simply put, the record provides no evidence that CCAF had any impact on the fee awarded to Class Counsel in this case, particularly where the Court commissioned Cleary Gottlieb to perform its own analysis. Indeed, the Court readily acknowledged *sua sponte* that it had spent a significant amount of time on its own reviewing counsel's billing records, and that its fee award was guided in significant part by its own experience in adjudicating class action settlements (Dkt. No. 834 at 32-33), as courts routinely entertain such analysis. *See City of Providence v. Aeropostale, Inc.*, No. 11-cv-7132 (CM) (GWG), 2014 U.S. Dist. LEXIS 79478, at *2 (S.D.N.Y. June 10, 2014) ("The court is accustomed to receiving objections to the size of attorneys' fees in class actions. Objector and others should know that this is one area in which the court always gives the record very thorough review."); *In re Excess Value Ins. Coverage Litig.*, 598 F. Supp. 2d 380, 393 (S.D.N.Y. 2005) ("Fundamentally, the Court needed little or no assistance from the Objectors in determining that Class Counsel's fee application should be . . . tailored to the actual benefit received by the Class."); Order Denying Attorneys Fees and Reimbursement for Objectors at 2, *Sabbagh v. Cell Therapeutics Inc.*, No. C10-414 MJP (W.D. Wash. Oct. 30, 2012), Dkt. 139 ("The Court does not agree that [the objector] attorneys' arguments impacted the reduction of counsel fees. The Court was well aware of the case law cited and arguments made and results achieved."); *In re HP Inkjet Printer Litig.*, No. 05-cv-3580 JF, 2011 U.S. Dist. LEXIS 65199, at *5-*6 (N.D. Cal. June 20, 2011) (denying fees because "[t]he Court reduced the fee award to class counsel not because of any argument advanced by the objectors but because it concluded that the amount of attorneys' fees sought by class counsel was disproportionate to the benefit … to the class.").

Courts have refused to give CCAF credit when, as here, none is deserved. *See*, *e.g.*, Mem.

Op. at 10, *Fraley, supra,* (finding that "[t]he record does not support [CCAF's] contention that [it] contributed to the district court's decision to award class counsel attorney's fees in an amount lower than requested" and observing that "[t]he district court was concerned with the excessiveness of the requested attorney's fees long before [CCAF Attorney] Kazman became involved."); *In re Polyurethane Foam Antitrust Litig.*, 169 F. Supp. 3d 719, 720-21, 723 (N.D. Ohio 2016) ("Just as CCAF's primary objection (that the thirty-percent request should be reduced to less than sixteen percent) did not meaningfully influence this Court's final decision on what the percentage should be, neither did CCAF's related secondary objection (that the lodestar was inflated by excessive contract attorney hourly rates) influence this Court's cross-check"); *In re HP Inkjet,* , 2011 U.S. Dist. LEXIS 65199, at *6-*7 ("The Court reduced the fee award to class counsel not because of any argument advanced by the objectors but because it concluded that the amount of attorneys' fees sought by class counsel was disproportionate to the benefit of the settlement to the class. . . . For the reasons articulated above, the applications will be denied.").  Indeed, in *In re Polyurethane Foam*, the district court called out CCAF for its "particularly ironic" request to be awarded "a breathtaking average hourly rate of $2,755 . . . given the amount of ink CCAF spilled attacking the hourly rates of Class Counsel in its Objection, where it suggested a reasonably hourly rate 'for an attorney in Ohio with more than 36 years of experience is $261/hour.'"  169 F. Supp. 3d at 720. The court also called out CCAF for "offer[ing] to 'waive[] any fee award over $90,000'—which would still yield an average hourly rate of $569—for the purported reason of 'avoid[ing] any appearance of an unseemly windfall'" when "the real reason behind this seemingly magnanimous offer is that tax law limits the amount CCAF can earn from court-awarded fees 'to no more than 50% of [its] year-to-year expenses.'" *Id*.

**B.** **CCAF Has Engaged in the Same "Brazen Overbilling" of Which It Accused Class Counsel**

It is well-settled that, as the "party seeking fees," CCAF bears "the burden of establishing entitlement to an award." *Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (internal citation and quotations omitted). As the Supreme Court has stated, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). At the outset of its Objection, CCAF solemnly professed to be representing Haynes on a *pro-bono* basis. This representation appears to be CCAF's "modus operandi" and has been routinely invoked by CCAF in assailing class settlements. Based on that representation, CCAF has been able to reap millions of dollars in contributions from some of the largest corporations in the world, *i.e.*, Exxon-Mobil Corporation, The American Conservative, Pepsico, MasterCard, and the American Bankers Association, corporations whose interests are hardly advancing those of class members (Dkt. 824 at 7). Yet, sensing a profiteering opportunity, CCAF has shed its *pro bono* mask and is now seeking nearly $200,000 in fees for a few months of work, which consisted of drafting a brief parroting arguments that have been previously made, a five page sur-reply, and letters to either Class Counsel or the Court, as well as producing no more than a few pages of discovery. CCAF has been singled out by Courts for filing "boilerplate objections from its own briefing in other cases." *In re Polyurethane*, 169 F. Supp. 3d at 721; *see also In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 14-2522 (PAM), 2017 U.S. Dist. LEXIS 75455, at *13 (D. Minn. May 17, 2017); Mem. Op. at 10, *Fraley, supra*. For these services, CCAF claims that it has billed a staggering ***231.7 hours***: 124.6 hours have been billed by Ms. St. John, 27.6 hours have been billed by Mr. Ted Frank, who never participated in a conference call or appeared at any hearing in this Action. Similarly, two other attorneys at CCAF, Mrs. Melissa Holyoak and Mr. Adam Schulman, billed nearly 80 hours on this case collectively, neither

participating in one conference call, hearing or signing any letters. It is difficult to fathom why four attorneys were required to draft a brief and an additional five page sur-reply, as well as a handful of letters, particularly where the majority of CCAF's arguments have been made by the outlet in other cases and in the Cleary Letter. To the extent these attorneys were performing more ministerial and other non-legal tasks (*see*, *e.g.*, reference to Ms. Holyoak's time billed to "assistance with . . . client relations," Dkt. No. 841 at 5), such tasks should have been relegated to paralegals or clerks and, in any event, should not come from Class Counsel or from the Settlement Fund.

In making its application for attorneys' fees, Class Counsel was required to provide detailed time records regarding the work that was done, which were subject to a rigorous adversarial process by Cleary Gottlieb. Sensing the dubiousness of staffing four senior attorneys to work 231.7 hours on an unsuccessful objection that is hardly novel, CCAF has declined to subject its own fee application to the same rigor, claiming instead that it is seeking a percentage of recovery, hence no such scrutiny is required (Dkt. 841 ¶ 22). Yet, Class Counsel's fee request was similarly based upon a percentage of recovery—indeed an *ex ante* agreement between Court-appointed Lead Plaintiff and Pomerantz LLP, and CCAF premised the entirety of its objection on purportedly "brazen overbilling" by Class Counsel. Trying to sidestep the same scrutiny, CCAF dubiously maintains that it is merely seeking a percentage of the recovery of 0.21%—a number that is completely untethered to any precedent or case law but rather reflects a 1.7 multiplier on a lodestar of more than $117,000. (Dkt. 840 at 6, 8-9.) CCAF has not provided any rationale for why it should get any multiplier at all. It already receives millions of dollars a year in contributions from corporate benefactors that encourage its efforts to object to nearly ninety class action settlements. Moreover, unlike Class Counsel that has borne more than $14 million in expenses

and vigorously litigated this case without a dime in compensation for more than three and a half years (earning it a multiplier of 1.78), CCAF's involvement in this case spans no more than a few months. A multiplier of 1.70 for such "delay" and "risk" is utterly absurd. Indeed, courts routinely reject such unreasonable requests. *See*, *e.g.*, *In re AOL Time Warner ERISA Litig.*, No. 02-cv-8853 (SWK), 2007 U.S. Dist. LEXIS 99769, at *11 n.4 (finding the objector had "failed to demonstrate," *inter alia*, "that a multiplier is warranted"); *see similarly In re Bolar Pharm. Co. Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (remanding case when district court "made no findings and gave no rationale at all as to why a . . . multiplier was used").

Still more concerning, CCAF has made no attempt to segregate its fee request and lodestar from those portions of its Objection that were clearly unsuccessful. Here, nearly half of CCAF's brief focused on adequacy and predominance issues, all of which have been easily dispatched by the Court. As explained above, any time spent on that portion of the appeal should be stricken from CCAF's already inflated lodestar. Moreover, CCAF's Objections regarding rates for staff attorneys/project associates and billing entries largely mimicked the extensive analysis of Cleary Gottlieb. The only plausible original thought in CCAF's Objection to Class Counsel's fees is the billing for non-U.S. licensed Brazilian attorneys. Thus, to the extent the Court believes that CCAF had any impact on the Court's fee award to Class Counsel, any fee award to CCAF should be limited to the work it performed on that issue alone. Without the benefit of detailed time records conveniently omitted by CCAF, a rough estimate of the value of that work can be gauged by reviewing the portion of its Objection dedicated to that issue. Out of a 25-page brief, 1.5 pages were dedicated to the Brazilian document review attorney analysis, or 6%. Thus, to the extent the Court deems fit to award CCAF any fee (it should not), such a fee should be limited to 6% of its $117,315.50 inflated lodestar, *i.e.*, $7,038.90. No multiplier should be granted to CCAF in light

of the short duration of its objection and the likelihood after the Preliminary Approval Hearing that at least some portion of Class Counsel's fee would be reduced, thereby winning CCAF an easy "victory" for which it claims an outsized benefit.

## III.  ANY FEES AWARDED SHOULD BE PAID BY THE SETTLEMENT FUND, NOT CLASS COUNSEL

CCAF next asserts that, for equitable reasons, in contrast to the common fund rule it invokes as the basis for its fee request, its fees should not be paid by the Settlement Fund, but rather from Class Counsel's pocket.  First, equitable considerations militate against any fee for CCAF.  Here, the Court has acknowledged that CCAF is funded by corporations that "basically think class actions are a big mistake," and therefore seek to object to as many Class actions as possible—thus far at least 88.  (June 4, 2018, Hearing Tr. at 55:10-17).  Such funding by deep-pocketed corporate sponsors counsels against paying any award, either from Class Counsel or the Settlement Class.  CCAF purported to be working on a *pro bono* basis in order to secure such funding.  The meaning of *pro bono* is unambiguous: without pay.[2]  CCAF's representation should remain as it says: *pro bono*.

Moreover, equities certainly don't bear out Class Counsel paying for CCAF's fee award. First, Class Counsel's fees in this matter have already been reduced by 35%, compared to its *ex ante* agreement negotiated at length with Lead Plaintiff.  Indeed, when originally offering to pay for the fees of additional firms such as Bernstein Litowitz Berger & Grossman, Kahn Swick and Foti, Wolf Popper and Almeida Law Firm, Class Counsel was under the misimpression that it would be awarded a fee percentage at least approaching its *ex ante* agreement with Lead Plaintiff, consistent with a significant amount of case law in this and other circuits, and with the view of

---

[2] *See Black's Law Dictionary* (10th ed. 2014) (defining "pro bono" as "Uncompensated, esp. regarding free legal services performed for the indigent or for a public cause").

legal scholars.  Had it known that such fee would be reduced by more than one third, Class Counsel

would have argued that the Class should bear the costs of these additional law firms.

Moreover, Class Counsel will spend significant time overseeing the administration of the

Net Settlement Fund until all funds are distributed.  Further, in light of the appeal to the fee award

filed by the Bishop Objectors (Dkt. No. 842), Class Counsel will be required to expend additional

significant time and resources.  Unlike CCAF's magnanimous representations, Class Counsel

actually intends to perform these significant services *pro bono* and will not move for additional

fees (Class Counsel does intend to request reimbursement of out-of-pocket costs for such tasks).

It would be inequitable to saddle Class Counsel with additional costs relating to CCAF's fees.

Accordingly, any fee award granted to CCAF should not be borne by Class Counsel.

## CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that CCAF's motion for

attorneys' fees be denied.


 Dated:  July 18, 2018                                        Respectfully submitted,

                                                             **POMERANTZ LLP**


                                                             */s/ Jeremy A. Lieberman*_____
                                                             Jeremy A. Lieberman
                                                             Marc I. Gross
                                                             Emma Gilmore
                                                             John A. Kehoe
                                                             Brenda Szydlo
                                                             600 Third Avenue, 20th Floor
                                                             New York, NY 10016
                                                             Telephone: 212-6612-1100
                                                             Facsimile: 917-463-1044

                                                             **POMERANTZ LLP**
                                                             Patrick V. Dahlstrom
                                                             10 North LaSalle
                                                             Suite 3505

Chicago, IL 60603
Telephone: 312-377-1181
Facsimile: 312-229-8811

**POMERANTZ LLP**
Jennifer Pafiti
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: 310-285-5330

Counsel for Class Representatives
Universities Superannuation Scheme Limited,
North Carolina Department of State
Treasurer, and the Settlement Class

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
140 Broadway
New York, NY 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477

Counsel for Employees' Retirement System
of the State of Hawaii