Anna St. John
COMPETITIVE ENTERPRISE INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Phone: (917) 327-2392
Email:  anna.stjohn@cei.org

*Attorney for Objector William Thomas Haynes,
as trustee for the benefit of W Thomas and Katherine Haynes
Irrevocable Trust for the benefit of Sara L. Haynes*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE PETROBRAS SECURITIES LITIGATION** | Case No. 14-CV-9662 (JSR) <br><br> **CLASS ACTION** |

**REPLY IN SUPPORT OF
MOTION FOR AN AWARD OF ATTORNEYS' FEES**

Despite much bluster, class counsel's opposition reveals little disagreement over the relevant issues. Class counsel concede that objectors are entitled to attorneys' fees when they substantially benefit the class. Dkt. 845 ("Fee Opp.") 3. They further concede that no other party raised the issue of their overbilling Brazilian project attorneys, *id.* at 9, and they identify no evidence the Court was focused on this issue before Haynes raised it. And class counsel do not challenge the reasonableness of a fee award that is well below 0.5% of the benefit conferred. Class counsel's primary objection relates to the lodestar crosscheck. They do not object to the hourly rates, but argue that because the objection was not fully successful, Haynes should only recover part of his lodestar. But they failed to apply that standard to their own request, as they compromised the class's claims for less than 20% of their claimed damages, and courts have rejected similar arguments. Class counsel also argue that the number of lodestar hours is too high because Haynes's work was "boilerplate," but they don't suggest what exactly was boilerplate in work that was closely tailored to the facts, raised specific issues and legal authorities that no other party raised, and included issues his attorneys had not previously briefed. Further, class counsel do not dispute that their aggressive tactics—including a wildly overbroad subpoena and a request for sanctions—substantially increased the litigation time required by Haynes's counsel.

I. **Haynes's objection substantially benefited the class.**

Class counsel concede that "objectors [who] substantially enhanced the benefits to the class under the settlement" are entitled to fees, Fee Opp. 3, and they fail to cite any law from this Circuit refuting that objectors may recover fees even where the Court may have reached the same result without the objectors' filings, *see* Dkt. 840 ("Fee Mem.") 2. The evidence that Haynes provided a substantial benefit to the class consists of far more than "dubious speculation." *See* Fee Opp. 4.

Class counsel describe the purported impact of the "Cleary Letter" and the Court's skepticism regarding their fee request to minimize the role of Haynes's objection in the $95 million reduction, but ultimately they acknowledge that their overbilling the Brazilian project

1

attorneys ineligible to practice law in this Court was "original" to Haynes. *See id.* 9. That issue accounted for an increase in class recovery of $46 million. Haynes raised unique issues also with respect to the larger question of overbilling. For example, the Cleary Letter did not suggest that counsel's lodestar multiple should not increase after the Court excised the overbilling or that the Court should not adopt the percentage from class counsel's retainer agreement, as class counsel urged. Dkt. 814 at 29-30; *cf.* Dkt. 797 at 19, 22. While the precise influence of Haynes's objection upon the Court's private deliberation is largely unascertainable, the Court's decision citing Haynes's objection and absence of earlier comments addressing the issue of the Brazilian project attorneys suggest that his objection was not trivial.[1]

Despite their rhetoric, class counsel were hard pressed to identify *anything* boilerplate in Haynes's objection, which applied relevant case law to the specific facts of this case in great detail. *See* Dkts. 797; 800 (creating tables of project attorneys, hours, rates, lodestar, and bar admissions; creating table of cases to show percentage awards for in-Circuit securities cases; attaching market rates for Portuguese document review jobs; citing original research). Class counsel's citations to cases denying fees where objectors' efforts did not appreciably benefit the class are simply not applicable here. *See* Fee Opp. 5-6. And while they attempt to tar Haynes's non-profit counsel the Center for Class Action Fairness ("CCAF") with an unsuccessful fee request in a different case involving different facts in a circuit with a less permissive standard for objector fee awards and in which the Court had ruled on two fee awards before CCAF objected, to the extent the Court considers CCAF's track record relevant, CCAF has been awarded fees in 15 out of 18 requests, with one of the denials currently pending on appeal. *See* Dkt. 799 ¶ 11.

---

[1] Class counsel transparently suggest that Haynes is trying to take credit for the Court's own rigorous review of their fee request. Not at all. In his opening brief and in the press release cited by class counsel, Haynes acknowledged *this Court*'s "diligent review" and that *the Court*'s "decision is an important victory for class members." Fee Mem. 4; *see* https://cei.org/content/cei-objection-wins-nearly-100-million-class-members-petrobras-settlement. Haynes's attorneys' fees request is respectfully based on the role that his objection played in bringing meritorious issues to the attention of the Court, whose decision substantially increased the recovery by the class.

II.     **An award of attorneys' fees of less than 0.5% of the benefit conferred is reasonable.**

Class counsel do not challenge the reasonableness of a request for 0.21% of the $94.9 million benefit, or 0.43% of the $46 million benefit arising from the billing of Brazilian lawyers. While class counsel call the figure "untethered from any precedent," Fee Opp. 8, any lack of support in the case law is only because attorneys usually do not seek such a modest amount. Contrary to class counsel's suggestion, Haynes's percentage-based request is not intended to shield his lodestar; rather, CCAF consistently advocates in favor of percentage-based fees to align the incentives of counsel with the class and adheres to that same stance for objector fees.

III.    **Haynes's lodestar reflects the efficiency with which counsel litigated this case.**

Class counsel largely rely on hyperbole and a return to the *ad hominem* attacks that have been a hallmark of their filings to challenge Haynes's lodestar. Fee Opp. 7. Yet class counsel don't deny that their scorched-earth discovery tactics required Haynes's counsel to expend considerable time responding; they don't challenge CCAF's billing rates; they don't identify any specific examples of inefficiency or superfluous effort; they don't dispute that CCAF has billed thousands of hours in cases where it recovered no fees; and they don't identify any portion of CCAF's work that is "boilerplate" or "parrot[s]" other work that should account for any reduction in lodestar.[2] If anyone's efforts are "boilerplate," it is class counsel's, as they fail to identify any actually excessive billing practice. (The only item they note in passing is the purported "ministerial" client relations work, but what attorney would rely on support staff to undertake, for example, the task of walking a client through a subpoena for highly personal financial information?) Instead, it is evident from Haynes's filings that his attorneys immersed themselves in the record and applicable law so as to benefit the class with compelling arguments

---

[2] Class counsel suggest that Haynes's objection "parroted" the Cleary Letter, but even a cursory glance shows that while both addressed issues of overbilling broadly, they addressed different specific issues. *See supra* 2. CCAF had not challenged a settlement on *Morrison* grounds prior to this litigation, and while CCAF has challenged excessive fees in other cases, it addressed in detail this case's facts under district- and circuit-specific law. Haynes is genuinely puzzled as to what specifically class counsel may be claiming is "boilerplate" or "parrots" other filings.

and, as any responsible attorney would, took care to avoid being held in contempt of court or undermining their credibility by failing to respond to court-ordered discovery.

Indeed, class counsel's opposition seems rooted in personal grievance that they did not recover their full $300 million request. The two cases they cite in support of their half-hearted claim that CCAF should submit additional hours documentation involved a fee based solely on lodestar and a case where the attorneys included time spent on a fee request where the court disallowed such time because it did not benefit the class. Fee Opp. 7. Neither situation is applicable, as CCAF seeks a percentage-based award consistent with caselaw holding that the approach better aligns incentives and excluded all time spent on its fee request. Dkt. 841 ¶ 23; *see id.* ¶ 22.

Tellingly, class counsel fail to provide as a point of comparison their own lodestar for their work hounding Haynes for unnecessary discovery, responding to his objection, and lobbing false accusations at him and his attorneys—which suggests that they spent far more time on these activities than Haynes did. It was not uncommon for class counsel to have multiple attorneys join external teleconferences and emails, while a single attorney handled many of these same tasks for Haynes. It is particularly odd for class counsel to claim that CCAF attorney time should be discounted because they did not participate in conference calls or appear at a hearing, when, had they done so, class counsel undoubtedly—and correctly—would call such duplication wasteful. Fee Opp. 7-8. It was far more efficient for a single attorney to handle court appearances, external calls, and letter writing. Nevertheless, the case was large and complex, and it was necessary for more than a lone attorney to undertake the work challenging a $3 billion settlement with arguments CCAF had not previously advanced and a nearly $300 million fee request that included a 200-page declaration, plus 26 exhibits, and responding to abusive discovery requests.

Class counsel also again reveal their lack of familiarity with *pro bono* representation. The law is clear that attorneys who provide services free of charge to a client (*i.e.*, *pro bono*) may still recover attorneys' fees when warranted. *See* Fee Mem. 8 n.2. And while the further attacks are false (and twist the Court's words at the fairness hearing), they are irrelevant to an award of attorneys' fees and Haynes has addressed most of them at length, *see, e.g.*, Dkts. 799, 819, 830.

4

## IV. The lodestar should not be reduced due to "partial success."

Class counsel argue that Haynes should recover only that portion of his fees attributable to his work on the Brazilian attorney issue. Even if the Court were conducting a full baseline lodestar analysis, however, that methodology does not recommend an idea-by-idea, contention-by-contention inquiry, given the success of Haynes's participation on the whole. "Where a plaintiff has obtained excellent results … the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit …. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The class counsel in another case raised a similar argument where the court adopted only a portion of CCAF's objection that admittedly took very little of CCAF's lodestar time. Judge Breyer of the Northern District of California still awarded CCAF the full $90,000 in fees that it requested, crediting CCAF's argument that it would have been impossible to raise the meritorious issue in isolation without spending time drafting the objection and defending from discovery. *In re Transpacific Passenger Air Transportation Antitrust Litig.*, 2015 WL 4776946 (N.D. Cal. Aug. 13, 2015). So, too, here. Only by examining the entire settlement and fee request was Haynes able to raise the Brazilian project attorney issue, and responding to discovery and appearing at the hearing still would have been required for that one issue.

If adopted, class counsel's argument would set an egregious double standard for objectors. There is no evidence class counsel reduced their lodestar based on settling for 20% of the damages sought or for time spent researching or advancing positions that ultimately were not meritorious. They also recovered expenses in full, even for, by way of example, unsuccessful expert reports, and collected a multiple of their lodestar even as they compromised the class's claims. Moreover, it would be nearly impossible to separate out which hours were spent specifically on the Brazilian project attorney issue, other project attorney overbilling, percentage-of-the-fund arguments, lodestar multiplier arguments, etc., and to determine an appropriate division of the time spent on the case as a whole.

5

Dated: July 23, 2018

/s/ *Anna St. John*
Anna St. John
COMPETITIVE ENTERPRISE INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Phone: (917) 327-2392
Email: anna.stjohn@cei.org

*Attorney for Objector William Thomas Haynes,
as trustee for the benefit of W Thomas and Katherine
Haynes Irrevocable Trust for the benefit of Sara L. Haynes*

**Certificate of Service**

The undersigned certifies she electronically filed the foregoing Reply in Support of Motion for Attorneys' Fees via the CM/ECF system for the Southern District of New York, thus sending the Reply in Support of Motion for Attorneys' Fees to the Clerk of the Court and also effecting service on all attorneys registered for electronic filing.

Dated: July 23, 2018

/s/ <i>Anna St. John</i><br>
Anna St. John