

**Jeremy A. Lieberman**
Managing Partner

August 6, 2018

**BY EMAIL**

The Honorable Jed S. Rakoff
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *In re Petrobras Securities Litigation*, Case No. 14-CV-9662 (JSR) (S.D.N.Y.)

Dear Judge Rakoff:

We write on behalf of Class Plaintiffs and Class Counsel in the above-referenced matter to address the Center for Class Action Fairness's ("CCAF") time entries submitted to the Court on August 2, 2018 by Anna St. John.

In addition to the fact that the record makes clear that the partial denial of Class Counsel's fee request was not the result of CCAF's work, Class Plaintiffs and Class Counsel have a number of concerns regarding CCAF's time entries. First, it is difficult to fathom why multiple attorneys were required to draft an objection, a sur-reply, and a handful of letters. This was clearly overkill, particularly where the majority of CCAF's arguments have been made by CCAF in other cases. *See In re Polyurethane Foam Antitrust Litig.*, 169 F. Supp. 3d 719, 721 (N.D. Ohio 2016) (singling out CCAF for filing "boilerplate objections from its own briefing in other cases."); *In re Polyurethane Foam Antitrust Litig.*, 1:10-md-02196-JZ, ECF 2032 at 17 n.6 (N.D. Ohio 2016) (class counsel identifying arguments previously submitted by CCAF to other courts and specifically comparing CCAF's "cookie-cutter" objection entitled "Contract Attorneys Charged Exaggerated Hourly Rates" with an excerpt from CCAF's brief in *In re Citigroup Inc. Sec. Litigation*); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, C-01-5944 JST, 2016 U.S. Dist. LEXIS 102408, at *75 (N.D. Cal. Aug. 3, 2016) (CCAF lodges same cookie-cutter objection regarding exaggerated hourly rates for contract attorneys).

jalieberman@pomlaw.com
600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com
NEW YORK      CHICAGO      LOS ANGELES      PARIS
325



The Honorable Jed S. Rakoff
August 6, 2018
Page 2

Additionally, many of the time entries reference "research" conducted by CCAF attorneys but fail to state what issues were researched.[1] This is problematic for CCAF. Because such time entries fail to state exactly how many hours were spent researching *successful* arguments, no fees should be awarded for these entries. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly."); *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1119, 1125-26 (9th Cir. 2002) (affirming district court's refusal to award objectors' counsel fees for unsuccessful arguments).

CCAF's time entries describing the drafting of the Haynes Objection is even more problematic. Melissa Holyoak simply wrote "draft objection" without describing the particular arguments she wrote.[2] There is no way to tell if the arguments she drafted were successful.

Additionally, Anna St. John billed in excess of 11 hours, collectively, researching and drafting the adequacy and predominance sections of the Haynes Objection.[3] Because those were unsuccessful arguments that did not benefit the class, no fees can be awarded for such work.

Moreover, to the extent the Haynes Objection included arguments regarding rates for staff attorneys/project associates and billing entries, those arguments mimicked the extensive analysis of Cleary Gottlieb. As such, any time spent on that portion of the Haynes Objection should be stricken. Unfortunately, the time entries do not describe time spent on these arguments for purposes of the Haynes Objection, apart from 17.3 hours billed by Anna St. John on May 9 and May 10 for editing the full objection.[4] Most of this time should be stricken because the full objection included these arguments, as well as the adequacy and predominance

---

[1] *See* Ted Frank's time entries for May 15 (part of 2.4 hrs. – exact number cannot be discerned from time entry); June 1 (part of 1.6 hrs. – exact number cannot be discerned from time entry); Melissa Holyoak's time entries for April 30 (1.0 hr.); May 1 (.5 hrs.); May 6 (part of 5.3 hrs. – exact number cannot be discerned from time entry); May 8 (part of 5.8 hrs. – exact number cannot be discerned from time entry); May 9 (part of 5.9 hrs. – exact number cannot be discerned from time entry); May 10 (part of 2.2 hrs. – exact number cannot be discerned from time entry); Anna St. John's time entries for April 27 (part of 2.4 hrs. – exact number cannot be discerned from time entry); May 1 (part of 1.1 hrs. – exact number cannot be discerned from time entry); Adam Schulman's time entries for May 2 (1.4 hrs.).

[2] *See* Melissa Holyoak's time entries for May 6 (part of 5.3 hrs. – exact number cannot be discerned from time entry); May 8 (5.8 hrs.); May 8 (part of .3 hrs. – exact number cannot be discerned from time entry); May 9 (part of 5.9 hrs. – exact number cannot be discerned from time entry); May 10 (part of 2.2 hrs. – exact number cannot be discerned from time entry).

[3] *See* Anna St. John's time entries for May 2 (1.6 hrs.); May 3 (2.8 hrs.); May 4 (1.4 hrs.); May 6 (5.2 hrs.); May 7 (part of 7.9 hrs. – exact number cannot be discerned from time entry).

[4] *See* Anna St. John's time entries for May 9 (part of 9.0 hrs. – exact number cannot be discerned from time entry); May 10 (part of 8.3 hrs. – exact number cannot be discerned from time entry).



The Honorable Jed S. Rakoff
August 6, 2018
Page 3

sections noted above.  Furthermore, Anna St. John also billed a total of 1.2 hours on May 18 and May 20 for her review of Class Counsel's response to Cleary Gottlieb's May 7, 2018 letter regarding Class Counsel's lodestar.[5]  Because this work is duplicative of Cleary Gottlieb's work, these time entries should be stricken as well.

CCAF is also not entitled to fees for time spent defending the reputation of the Competitive Enterprise Institute ("CEI") and CCAF in letters sent to the Court.  While it is unclear how many hours were collectively spent by CCAF attorneys doing this, the time entries do show that on May 24, Anna St. John billed .6 hours for work related to "*ad hominem* attacks".  This time should be stricken, particularly where the Haynes Objection already refers to the Frank Declaration for a "preemptive response" to "*ad hominem* attacks made against [CCAF]" (ECF 797 at 10).

Finally, Anna St. John and Ted Frank billed more than 5.4 hours, collectively, trying to avoid disclosure of CEI's retainer agreement, which was unsuccessful, and Adam Schulman billed .2 hours for corresponding with them regarding the Court's decision as to whether CEI's retainer agreement should be sealed.  No fees can be awarded for such work.[6]

Notwithstanding the aforementioned discrepancies with CCAF's time entries, including the absence of an ability to discern time spent on successful versus unsuccessful arguments, in the event that the Court decides to grant any fee to CCAF, Class Counsel contends that such fee be no more than 6% of its $117,315.50 inflated lodestar or $7,038.93, with no multiplier, reflecting the percentage of CCAF's objection dedicated to non-U.S. admitted document reviewers.

Respectfully,

*Jeremy Lieberman*

Jeremy Lieberman

---

[5] *See* Anna St. John's time entries for May 18 (.2 hrs.); May 20 (1.0 hr.).

[6] *See* Ted Frank's time entries for May 21 (part of 1.3 hrs. – exact number cannot be discerned from time entry); May 24 (.9 hrs.); Anna St. John's time entries for May 21 (part of 3.8 hours – exact number cannot be discerned from time entry); May 22 (.2 hrs.); May 23 (1.5 hrs.); May 23 (2.8 hrs.); Adam Schulman's time entry for May 24 (.2 hrs.).



The Honorable Jed S. Rakoff
August 6, 2018
Page 4

cc:     (by email)

   Anna St. John, Esq. (anna.stjohn@cei.org)
   Lewis Liman, Esq. (lliman@cgsh.com)
   Jay B. Kasner, Esq. (jay.kasner@skadden.com)
   Elkan Abramowitz, Esq. (eabramowitz@maglaw.com)
   Richard M. Strassberg, Esq. (rstrassberg@goodwinlaw.com)
   Paul A. Straus, Esq. (pstraus@kslaw.com)