UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PETROBRAS SECURITIES LITIGATION | ) ) ) ) ) ) No. 14-cv-9662 (JSR)<br><br>ECF Case |

### DECLARATION OF JEREMY A. LIEBERMAN, ESQ., IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR SANCTIONS AGAINST JOSEPH GIELATA AND RICHARD GIELATA

I, Jeremy A. Lieberman, Esq., pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am Co-Managing Partner at the firm of Pomerantz LLP ("Pomerantz"), court-appointed Lead Counsel. This declaration is submitted in support of Lead Plaintiff's Motion for Sanctions against Joseph Gielata and Richard Gielata, arising from filing of the Gielatas' Objections to the Settlement, Plan of Allocation, Proof of Claim, Class Notice and Request for Attorneys' Fees. I have knowledge of the facts set forth herein and, if called on to do so, could and would testify competently thereto.

### Joseph Gielata's Delaware Bar Status

2. Joseph Gielata was previously admitted to practice in the State of Delaware. However, his current status is "inactive." *See* Exhibit A – screenshot from https://courts.delaware.gov, last accessed on July 12, 2018.

3. On July 12, 2018, Justin S. Nematzadeh, Esq., an Associate practicing at Pomerantz, called the Delaware Supreme Court Clerk's office, and spoke with Doris Adkins, who advised that Joseph Gielata's status had likely been inactive since 2016.

**Pomerantz's Lodestar Incurred to Respond to Objections**

4. The chart below summarizes time expended by Pomerantz attorneys in response to all six objections filed in this case, including time spent corresponding with the objectors and Court, briefing, and preparing for oral argument. The chart was prepared from contemporaneous, daily time records regularly prepared and maintained by the firm.

| ATTORNEY | STATUS | HOURS | CURRENT RATE | TOTAL |
|---|---|---|---|---|
| Lieberman, Jeremy | Partner | 18 | $925 | $16,650 |
| Gilmore, Emma | Partner | 102.2 | $725 | $74,095 |
| Szydlo, Brenda | Of Counsel | 85.7 | $765 | $65,560 |
| **TOTAL** | | **205.9** | | **$156,305** |

5. None of this amount was included in Lead Counsel's fee application.

6. It is reasonable to conservatively estimate that at least 30% of this time, or approximately $46,890, was attributable to responding to the Gielatas' objections.

**Pomerantz's Anticipated Lodestar in Connection with the Appeals**

7. On July 30, 2018, Richard Gielata, Emelina Gielata, and Joseph Gielata filed with the Clerk of the Court a Notice of Appeal (the "Gielata Appeal," ECF No. 849) from the Court's Order and Final Judgment (the "Judgment"), dated July 2, 2018 (ECF No. 838).

8. Before the filing of the Gielata appeal, on July 16, 2018, a Notice of Appeal was filed by Mathis B. Bishop and Catherine O. Bishop (ECF No. 842), which appeal was subsequently amended on July 30, 2018 (ECF No. 848). On August 6, 2018, Mathis and Catherine Bishop sent a letter to the Clerk of Court for the Second Circuit Court of Appeals notifying the Court of their withdrawal of their Notice of Appeal.

9. On July 31, 2018, Spencer R. Bueno also filed a Notice of Appeal (ECF No. 850).

10. As a result of these appeals, Lead Counsel will be compelled to spend a substantial amount of time defending the Judgment at the Second Circuit Court of Appeals, as well as any

potential petitions for *en banc* review or writs of certiorari to the United States Supreme Court. After carefully considering the time that Lead Counsel will need to spend opposing the appeals, the estimated attorneys' fees total $1,000,000. This estimate is based on the actual lodestar previously incurred by Class Counsel in opposing Defendants' appeal of the Court's February 2, 2016, decision granting class certification (ECF No. 428), which was addressed in Lead Counsel's letter to the Court dated May 18, 2018 (ECF No. 814). As detailed therein, Lead Counsel expended more than 1,500 hours of partner, of counsel, and associate time, or roughly $1.1 million, defending against the Second Circuit appeal and writ of certiorari. The estimate of $1,000,000 in additional attorneys' fees in opposing the appeals of the Judgment includes time necessarily spent on appellate briefing and preparation for oral argument.

### Projected Potential Additional Claims Administration Expenses

11.   The appeals of this Settlement will have significant repercussions to the Class, including substantial delays in distributions and administration costs. According to Niki Mendoza of Garden City Group ("GCG"), the Court-appointed claims administrator, such costs would likely be higher than $20,000 per month. This would include, among other things, (i) phone calls and correspondence from claimants inquiring about the status of the claims and reasons for the delay in distribution; (ii) database and website maintenance fees and costs; and (iii) additional claims processing time and expense.

### Exhibits

12.   Attached as Exhibit A is a true and correct screenshot of the current attorney status of Joseph Gielata in the State of Delaware, last accessed on July 12, 2018, from https://courts.delaware.gov.

13. Attached as Exhibit B is a true and correct copy of the Declaration of Joseph Gielata filed under seal, dated May 24, 2018 and Supplemental Declaration of Joseph Gielata filed under seal, dated May 25, 2018, describing settlement in putative class action *In re Tyco, Int'l, Ltd. Multidistrict Litigation* (D.N.H. Aug. 23, 2002), brought by Joseph Gielata on behalf of his father, Richard Gielata.

14. Attached as Exhibit C is a true and correct copy of excerpts of the Transcript of Settlement Hearing held on June 4, 2018.

15. Attached as Exhibit D is a true and correct copy of the Declaration of Niki L. Mendoza Regarding Class Action Administration, discussing the substantial delays in distributions and administration costs that will arise because of appeals of the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

5

Executed this 10th day of August, 2018 at New York, New York.

                                                                                                                _____
                                                                                                                 Jeremy A. Lieberman

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, I caused a true and correct copy of the foregoing to be served on counsel of record by electronically filing it with the Clerk of the Court using the ECF system, which will send notification of such filing to the registered participants; and I caused a true and correct copy of the foregoing to be served upon the following objectors by first class mail:

Richard Gielata
Emelina Gielata
100 Westbury Drive
Coraopolis, PA 15108

And upon the following objectors by first class mail and e-mail:

Joseph Gielata
7811 Eads Avenue #207
La Jolla, CA 92037
gielata@gmail.com

Mathis B. Bishop
Catherine O. Bishop
204 East Oakview Place
San Antonio, Texas 78209
mbishop170@gmail.com

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman