USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                         :
In re: PETROBRAS SECURITIES              :   14-cv-9662 (JSR)
LITIGATION                               :
                                         :   OPINION & ORDER
                                         :
----------------------------------------x

JED S. RAKOFF, U.S.D.J.

By Opinion and Order dated June 22, 2018, this Court granted final approval of the Settlement Agreement in the instant action and awarded attorneys' fees to Class Counsel. Dkt. 834. Now before the Court is the motion of objector William Thomas Haynes ("Objector") for an award of attorneys' fees for his counsel, the Center for Class Action Fairness ("CCAF"), in the amount of $199,400.

For the reasons stated below, Objector will be awarded attorneys' fees, but only in the amount of $11,731.65

Familiarity with all prior proceedings is here assumed. In brief, as they relate to this fee request, Objector challenged both the certification of the settlement class and Class Counsel's fee request. See Objection of William Thomas Haynes, as Trustee for the Benefit of W Thomas and Katherine Haynes Irrevocable Trust for the Benefit of Sara L. Haynes, to the Proposed Class Action Settlement and Attorneys' Fee Request, Dkt. 797. On June 22, 2018, this Court approved the Settlement Agreement, rejecting Objector's arguments in opposition, and

awarded attorneys' fees to Class Counsel, although in a significantly lower amount than requested. See Opinion and Order Dated June 25, 2018, Dkt. 834. As described below, one of the bases for one aspect of the reduction in fees was directly influenced by one of the Objector's arguments. Objector subsequently filed the instant motion for his attorneys' fees. See Notice of Motion for Attorneys' Fees, Dkt. 839. Class Plaintiffs oppose. See Class Plaintiffs' Memorandum of Law in Opposition to CCAF's Motion for Attorneys' Fees, Dkt. 845.

"[I]t is well settled that objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements, and that...they are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts." White v. Auerbach, 500 F.2d 822, 828 (2d Cir. 1974). "The actions of the party seeking to recover costs must, however, be a substantial cause of the benefit obtained." In re Holocaust Victim Assets Litig., 424 F.3d 150, 157 (2d Cir. 2005).[1] In the absence of such a showing, objectors are not entitled to fees. See In re Currency Conversion Fee Antitrust Litig., 263 F.R.D. 110, 132 (S.D.N.Y. 2009). Within these general guidelines, "the trial judge has broad discretion

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

in deciding whether, and in what amount, attorneys' fees should be awarded, since he is in the best position to determine whether the participation of objectors assisted the court and enhanced the recovery." White, 500 F.2d at 828.

The Court finds that Objector significantly contributed to one aspect of the class's recovery, because a $46 million reduction in Class Counsel's fee award is directly attributable to Objector's argument that Class Counsel's expenditures on Brazilian attorneys should be classified as costs rather than attorneys' fees. Objector was the only one to raise this argument and, in its Opinion ordering this reclassification, the Court referred specifically to Objector as having raised the issue and having identified the relevant case law. See Opinion and Order Dated June 25, 2018 at 32-33, Dkt. 834. Because the reclassification of Brazilian attorneys improved the overall amount of the settlement awarded to the class, Objector is entitled to attorneys' fees attributable to advancing this argument.

However, the remainder of Objector's arguments on attorneys' fees failed to benefit the class or otherwise "assist the court in framing the issues for the settlement...or affect the outcome as to fees." In re Excess Value Ins. Coverage Litig., 598 F. Supp. 2d 380, 393 (S.D.N.Y. 2005). Objector devoted approximately half of his brief to arguments that the

Settlement Class could not be certified, arguments rejected in their entirety by the Court. Aside from the classification of Brazilian attorney expenses, Objector's arguments as to the excessiveness of Class Counsel's fee request were general ones - that the multiplier was too high, the rates excessive, the request too high a percentage of the class award - that did not assist the Court in reaching its decision to award Class Counsel lower fees than those sought.

Objector argues that he should still receive fees for his arguments on Class Counsel's fee request as he "could not have known in advance of the objection deadline if the Court would reduce attorneys' fees as significantly as it did on its own," See Memorandum in Support of Motion for an Award of Attorneys' Fees ("Obj. Memo.") at 4-5, Dkt. 840. Some courts "have recognized that objectors' counsel are entitled to an award of fees even where the Court would have likely reached the same result, with or without the objectors' comments." Park v. Thomson Corp., 633 F. Supp. 2d 8, 11 (S.D.N.Y. 2009). However, other courts have denied objectors fees where "modifications were entirely on the Court's initiative and devised by the Special Master and the parties," or where they were "so general and repetitive that they were of no assistance to an area with which th[e] Court is intimately familiar." In re Currency, 263 F.R.D. at 132. See also In re Anchor Sec. Litigation, No. CV-88-

3024, 1991 U.S. Dist. LEXIS 4573, at *6 (E.D.N.Y. Mar. 22, 1991) (Denying fee request where objector challenged plaintiffs' counsel's request for "a significant departure from the lodestar amount" and "[p]revailing case law in this area of which this Court was well aware determined that they were not entitled to it."). The Second Circuit has also found it significant if "the court's misgivings were a matter of record" before being raised by the objector. See White, 500 F.2d at 829.

In this case, the Court expressed concerns on the record as to Class Counsel's anticipated fee request as early as the February 23, 2018 Preliminary Approval Hearing. See Feb. 23, 2018 Tr. at 11:14-20 (Noting that Class Counsel's requested fee award vastly exceeded the commonly-approved range and asking "why in the world" the Court should approve such a large fee). The Court ordered Class Counsel to submit its time records to defendant's counsel for review, Id. at 33:22-36:14, and defendant's counsel subsequently produced an analysis raising numerous issues with Class Counsel's fee request. See a Letter from Lewis J. Liman to the Court dated May 7, 2018, Dkt. 793. Objector did not advance this analysis, or otherwise alert the Court to case law on attorneys' fees unfamiliar to the Court. Accordingly, Objector is entitled only to attorneys' fees for his argument concerning the classification of Brazilian attorney as the only argument that contributed to the settlement.

When granting fee awards, district courts are given "broad discretion" in determining what is reasonable under the circumstances. Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997). See also Cmty. Tv Sys. v. Caruso, 284 F.3d 430, 437 (2d Cir. 2002) (appellate review "of an award of attorneys' fees is highly deferential to the district court"). Courts typically calculate reasonable attorneys' fees using either a percentage of recovery method, where the fee is set as a percentage of the recovery, or the lodestar method, "under which the district court scrutinizes the fee petition to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate." Goldberger v. Integrated Res., 209 F.3d 43, 47 (2d Cir. 2000).

Objector has requested $199,400, a lodestar amount of $117,316.50 with a multiplier of 1.7. The lodestar is based on 231.7 total hours billed by four attorneys, one of whom billed 124.6 hours at a rate of $465 per hour and the other three of whom billed the remainder of the hours at rates ranging from $375 to $900. See Decl. of Anna St. John at 6, Dkt. 841. However, as evident from the above discussion, the vast majority of this time was spent on activities and arguments unrelated to the one that benefitted the class. The timesheets submitted by CAFA specify that 7.7 hours, billed at $375 per hour, were spent researching the Brazilian attorney argument, but the timesheet

entries do not isolate the number of hours spent reviewing, drafting, and editing that argument as compared to other arguments in the brief.

The Court finds a fee award of $11,731.65 warranted, which represents 10% of Objector's lodestar. A substantial reduction is appropriate as the vast majority of Objector's briefing concerned unsuccessful arguments – the useful argument on the Brazilian attorneys constituted only 1.5 pages of Objector's 25-page brief. However, because the argument was novel, well-researched, and directly effectuated a substantial costs savings to the class, the Court finds the award of a full 10% of the lodestar appropriate. This percentage is consistent with what the Court finds to be a reasonable lodestar, allowing for 25 hours of research, drafting and editing at a junior level, billed at $375, and 6.7 hours of review at a more senior level billed at $465.

As Objector was only involved in the case for a short period of time and faced no risks in his involvement, the Court finds no justification for granting Objector a multiplier. Accordingly, this request is denied. The fact that the Court approved a multiplier for class counsel does not entitle Objector to a multiplier. See, e.g., Park, 633 F. Supp. at 13 (Granting a multiplier to class counsel but denying it to the objector as the objector's involvement "spanned a far shorter

interval" and did not entail the "significant risks" class counsel faced).

Objector's fee award should be funded from Class Counsel's fee award as Class Counsel's inappropriate, and potentially costly, classification of its expenditure on Brazilian attorneys as attorneys' fees created the need for the objection. As Objector illustrated, the law clearly barred Class Counsel's categorization of these expenses, and Class Counsel never should have sought recovery of these costs as attorneys' fees. It would be inequitable to reduce class members' award for Class Counsel's failure.

In sum, Objector is hereby awarded attorneys' fees in the amount of $11,731.65, to be taken out of Class Counsel's fee award.

The Clerk is instructed to close docket number 839.

SO ORDERED.

Dated: New York, NY
August 14, 2018

JED S. RAKOFF, U.S.D.J.