Anna St. John
COMPETITIVE ENTERPRISE INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Phone: (917) 327-2392
Email:  anna.stjohn@cei.org

*Attorney for Objector William Thomas Haynes,*
*as trustee for the benefit of W Thomas and Katherine Haynes*
*Irrevocable Trust for the benefit of Sara L. Haynes*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE PETROBRAS SECURITIES LITIGATION** | Case No. 14-CV-9662 (JSR)<br><br>**CLASS ACTION** |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**
**OF ORDER AWARDING ATTORNEYS' FEES AND TO DEFER FURTHER RULING**
**ON THE MOTION UNTIL APPEAL CONCLUDES**

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................... i

**TABLE OF AUTHORITIES** ........................................................................................... ii

**INTRODUCTION** ............................................................................................................ 1

**ARGUMENT** .................................................................................................................... 2

I.     The court may grant reconsideration of or other relief from an order in light of new evidence or to prevent manifest injustice ............................................................... 2

II.     Lead plaintiff's appeal creates newly discovered evidence, and absent reconsideration of the Fee Order, manifest injustice may result. .................................................. 2

III.    Reconsideration and deferring further order on Haynes's motion will allow the Court to award attorneys' fees on a complete record. ...................................................... 4

**CONCLUSION** ................................................................................................................. 5

# TABLE OF AUTHORITIES

Cases

*Am. Freedom Defense Initiative v. MTA*,
    889 F. Supp. 2d 606 (S.D.N.Y. 2012) ................................................................. 5

*Goldberger v. Integrated Resources, Inc.*,
    209 F.3d 43 (2d Cir. 2000) ................................................................................ 3, 4

*Karuk Tribe of Cal. v. U.S. Forest Serv.*,
    No. 04-4275, 2006 WL 228943 (N.D. Cal. Jan. 30, 2006) ................................. 5

*In re Petrobras Securities*,
    No. 18-2324 (2d Cir.) ....................................................................................... 1, 4

*United States v. City of New York*,
    No. 07-CV-2067, 2013 WL 12318104 (E.D.N.Y. Mar. 28, 2013) ...................... 2

*U.S. Fidelity & Guar. Co. v. Frosty Bites, Inc.*,
    350 F. Supp. 2d 508 (S.D.N.Y. 2004) ................................................................. 2

*Virgin Atl. Airways v. Nat'l Mediation Bd.*,
    965 F.2d 1245 (2d Cir. 1992) .............................................................................. 2

Rules and Statutes

Fed. R. Civ. P. 59(e) ..................................................................................................... 2

Local Civil Rule 6.3 ...................................................................................................... 2

**INTRODUCTION**

On August 14, 2018, the Court awarded objector William Thomas Haynes, as trustee for the benefit of the W Thomas and Katherine Haynes Irrevocable Trust for the benefit of Sara L Haynes ("Haynes"), attorneys' fees of $11,731.65, an amount equal to 10% of Haynes's lodestar. Dkt. 866 ("Fee Order"). The Court awarded these fees due to the success of Haynes's argument that class counsel should not recover attorneys' fees attributable to the work of Brazilian contract attorneys, which class counsel tried to charge to the class at sixteen times their actual cost. Based on this one argument, the Court reduced class counsel's fee award by about $46 million, out of a total fee reduction of nearly $95 million. *Id*. at 3.

At the time Haynes moved for attorneys' fees, he was unaware that lead plaintiff would appeal its own award of attorneys' fees and expenses, and the result of that appeal is presently unknowable. In fact, he could not have known that lead plaintiff ultimately would file an appeal because class counsel expressly represented to Haynes's counsel during a telephone call on July 5, 2018, that he did not intend to do so. *See* Dkt. 855 at 3. As a result of lead plaintiff's appeal, Haynes will now spend additional time defending the Court's fee reduction and protecting the class fund before the Second Circuit, and the benefit achieved for the class by Haynes—upon which his fees are based—is contingent on the results. *See In re Petrobras Securities*, No. 18-2324 (2d Cir.). The new evidence that will come out of the appeal, *i.e.*, the final class benefit and Haynes's additional lodestar time, may impact Haynes's fee award. Awarding fees without the benefit of that information could result in manifest injustice.

Haynes now asks the Court to grant reconsideration of the Fee Order and to defer further ruling on his motion requesting attorneys' fees (Dkt. 839) until after lead plaintiff's appeal has been resolved. This relief will serve two purposes: It will (i) allow Haynes to include the time he spends defending the Court's fee reduction on appeal in his lodestar if that defense is successful, and (ii) enable the Court to award fees based on a final determination of the class benefit. In the

alternative, the Court should issue an order expressly permitting Haynes to seek fees in this Court upon a successful defense of the Court's ruling in the Second Circuit.

## ARGUMENT

I. **The court may grant reconsideration of or other relief from an order in light of new evidence or to prevent manifest injustice.**

Under Rule 59(e) and Local Civil Rule 6.3, reconsideration of and relief from the Court's Fee Order is warranted. As relevant here, "[a] motion for reconsideration may be granted … in light of new evidence … or to prevent manifest injustice." *United States v. City of New York*, No. 07-CV-2067, 2013 WL 12318104, at *1 (E.D.N.Y. Mar. 28, 2013) (citing *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 965 F.2d 1245, 1255 (2d Cir. 1992)). Haynes recognizes that the standard for granting a motion for reconsideration is strict; however, he seeks such a remedy for a limited purpose and on grounds well within the applicable rules. *See U.S. Fidelity & Guar. Co. v. Frosty Bites, Inc.*, 350 F. Supp. 2d 508, 512 (S.D.N.Y. 2004) (discussing standards for reconsideration and granting reconsideration where manifest injustice could otherwise result).

II. **Lead plaintiff's appeal creates newly discovered evidence, and absent reconsideration of the Fee Order, manifest injustice may result.**

Haynes brings this motion for the purpose of ensuring this Court has a full and final record on which to decide his motion requesting an award of attorneys' fees. As a result of lead plaintiff's appeal of the Court's order awarding class counsel fees, the class benefit that justifies any award of attorneys' fees to Haynes is contingent on the result of the appeal. If lead plaintiff is fully successful, the benefit attributable to Haynes's arguments presumably will disappear entirely, while if lead plaintiff is partially successful, that benefit may materially change. And if the Second Circuit fully rejects lead plaintiffs' appeal, then Haynes will have spent additional time working to realize an increased benefit for the class. Haynes's lodestar will thus increase as

he defends the Court's fee award in the appeal—which presumably will include a challenge to the $46 million reduction attributable to the overbilling of Brazilian contract attorneys.

Lead plaintiff's appeal constitutes and will create "newly available evidence." Haynes could not have discovered by due diligence that lead plaintiff would appeal so as to move to extend the time within which to file his motion for attorneys' fees or seek other relief to ensure there was a complete record before the Court, and he certainly cannot discover at this stage what the result of the appeal will be. When Haynes filed his motion on July 11, 2018, lead plaintiff had not filed its notice of appeal, and class counsel had directly informed Haynes's counsel about a week earlier that he did not plan to file such an appeal. *See* Dkt. 855 at 3. Either lead plaintiff changed its mind and decided to appeal at the last minute or Mr. Lieberman misrepresented his intentions to Haynes's counsel, perhaps in an effort to dissuade Haynes from filing an appeal himself. (Lead plaintiff filed its notice of appeal at 11:34 p.m. Eastern on the thirtieth day after entry of the final judgment (Dkt. 838), suggesting either scenario is plausible. Dkt. 851.)

It would be manifestly unjust for class counsel to leverage their own misrepresentation or indecision to impose the burden of their borderline frivolous appeal on Haynes's counsel. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 53 (2d Cir. 2000) (observing that "this Court has never found that a district court abused its discretion by awarding in a common fund case a fee that counsel assailed as too stingy"). While Haynes can say with certainty that, absent unexpected extraordinary events, his lodestar for protecting the class benefit as appellee will be a fraction of the $1 million in attorneys' fees requested by lead plaintiff in its motion for an appeal bond, Dkt. 860 at 22, the appeal nevertheless will require his non-profit attorneys to expend time and resources to continue to protect the class benefit achieved by the Court's reduction of class counsel's excessive fee request.

### III. Reconsideration and deferring further order on Haynes's motion will allow the Court to award attorneys' fees on a complete record.

Lead plaintiff's appeal is not even colorable: the Court's ruling is subject to an abuse-of-discretion standard, and this Court's decision is based on rigorous analysis and well-established law. *See Goldberger*, 209 F.3d at 53. The burden of defending the class's recovery—including the $46 million reduction attributable to class counsel's overbilling of the Brazilian contract attorneys—falls on Haynes's counsel in the appeal. As the party that raised the issues that class counsel will likely address, Haynes's involvement in the appeal is essential to provide a truly adversarial presentation to the Second Circuit. As a reflection of that fact, and of their efforts to minimize opposition to their effort to take more of the class's money for themselves, class counsel have improperly asked the Clerk of Court to remove Haynes's attorneys from the docket of their appeal, despite Haynes representing the opposing side with respect to the relevant issues. *In re Petrobras Securities Litig.*, No. 18-2324, Dkt. 20. Haynes has already expended attorney time and effort in opposing these procedural shenanigans. *Id.* Dkt. 37.

Haynes asks the Court to grant reconsideration of the Fee Order (Dkt. 866) and to defer further consideration of Haynes's motion for attorneys' fees until after the Second Circuit rules on lead plaintiff's appeal. Upon conclusion of the appeal, if Haynes is successful in defending the fee award, he will submit his detailed lodestar for time his attorneys spent litigating the appeal to the Court.[1] If, regardless of Haynes's involvement on appeal, the Second Circuit holds that class counsel is entitled to its full fee request, then the benefit Haynes achieved for the class will disappear, and he will not be entitled to attorneys' fees at all. If lead plaintiff's appeal is partially successful, then it may be appropriate for Haynes to request leave from the Court to submit additional briefing regarding the appropriate amount of attorneys' fees.

---

[1] Notably, lead plaintiff's lodestar evidently included the time class counsel spent defending against defendants' appeal of the Court's pre-settlement class certification order, thus dispelling any potential argument that time spent on an appeal is not compensable solely on that basis. *See* Dkt. 789.

In similar circumstances, courts have stayed litigation of a petition for attorneys' fees because doing so would conserve judicial resources and avoid the possibility that a party is overcompensated for the case. *See, e.g.*, *Karuk Tribe of Cal. v. U.S. Forest Serv.*, No. 04-4275, 2006 WL 228943, at *2 (N.D. Cal. Jan. 30, 2006) ("The Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" (quoting *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997)); *Am. Freedom Defense Initiative v. MTA*, 889 F. Supp. 2d 606, 613 (S.D.N.Y. 2012) (deferring consideration of application for attorneys' fees until resolution of appeal).

In short, in the present procedural posture, neither the amount of class benefit justifying an award of attorneys' fees to Haynes nor his lodestar is final.

## CONCLUSION

For the foregoing reasons, Haynes respectfully asks the Court to reconsider its Fee Order and to defer any further ruling on his motion requesting an award of attorneys' fees until after lead plaintiff's appeal concludes. In the alternative, the Court should issue an order expressly permitting Haynes to seek attorneys' fees for any work done on behalf of the class's common benefit in the Second Circuit.

Dated: August 21, 2018

/s/ *Anna St. John*
Anna St. John
COMPETITIVE ENTERPRISE INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Phone: (917) 327-2392
Email: anna.stjohn@cei.org

*Attorney for Objector William Thomas Haynes,*
*as trustee for the benefit of W Thomas and Katherine*
*Haynes Irrevocable Trust for the benefit of Sara L. Haynes*

**Certificate of Service**

      The undersigned certifies she electronically filed the foregoing Memorandum in Support of Motion for Reconsideration of Order Awarding Attorneys' Fees and to Defer Further Ruling on the Motion Until Appeal Concludes via the CM/ECF system for the Southern District of New York, thus sending the Memorandum in Support of Motion for Reconsideration and to Defer Further Ruling to the Clerk of the Court and also effecting service on all attorneys registered for electronic filing.

Dated: August 21, 2018

                                            /s/ *Anna St. John*
                                            Anna St. John