UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PETROBRAS SECURITIES LITIGATION | Case No. 14-cv-9662 (JSR)<br><br>**CLASS ACTION** |

# CLASS PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO CCAF'S MOTION FOR RECONSIDERATION OF ORDER AWARDING ATTORNEYS' FEES AND TO DEFER RULING ON THE MOTION UNTIL APPEAL CONCLUDES

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.       The Standard for Reconsideration Is Strict............................................................. 2

    II.      CCAF's Motion Is Meritless.................................................................................. 3

CONCLUSION............................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
    684 F.3d 36 (2d Cir. 2012)..................................................................................2

*Associated Press v. United States Dep't of Defense*,
    410 F. Supp. 2d 147 (S.D.N.Y. 2006).................................................................1, 4

*Feature Realty, Inc. v. City of Spokane*,
    331 F.3d 1082 (9th Cir. 2003) ..............................................................................5

*Ferring B.V. v. Allergan, Inc.*,
    No. 12-cv-2650, 2013 WL 4082930 (S.D.N.Y. Aug. 7, 2013)..................................2

*Hecker v. Deere & Co.*,
    556 F.3d 575 (7th Cir. 2009) .................................................................................4

*In re Bear Stearns Cos. Sec., Derivative and ERISA Litig.*,
    08 M.D.L. No. 1963, 2009 WL 2168767 (S.D.N.Y. July 16, 2009) ........................2

*In re Williams*,
    188 B.R. 721 (Bankr. D.R.I. 1995)........................................................................5

*Schonberger v. Serchuk*,
    742 F. Supp. 108 (S.D.N.Y. 1990).........................................................................3

*Schoolcraft v. City of N.Y.*,
    No. 10-cv-6005, 2012 WL 2958176 (S.D.N.Y. July 20, 2012)................................2

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995).....................................................................................2

*Waltman v. Int'l Paper Co.*,
    875 F.2d 468 (5th Cir. 1989) .................................................................................5

**Rules**

Fed. R. Civ. P. 59..................................................................................................1, 2, 5

Local Rule 6.1.............................................................................................................3

Local Rule 6.3.............................................................................................................2

Class Plaintiffs respectfully submit this Memorandum of Law in Opposition to the Motion for Reconsideration of the Court's Order Awarding Attorneys' Fees and to Defer Further Ruling on the Motion Until Appeal Concludes (Dkt. No. 872).

**INTRODUCTION**

CCAF, whose founder has described his outlet as a "guerilla operation" dedicated to challenging class actions (Dkt. No. 824, at 6), does not like the fact that the Court only awarded CCAF $11,731.65 in attorney fees instead of the $199,400.00, which it preposterously claimed in objecting to the Settlement. (Dkt. No. 866.) In a well-reasoned opinion, this Court found that the lion share of CCAF's arguments "failed to benefit the class or otherwise 'assist the court in framing the issues for the settlement . . . or affect the outcome as to fees.'" *Id*. at 3, 6. Accordingly, the Court found that a fee award of $11,731.65 was warranted (10% of Objector's lodestar), as "the vast majority of Objector's briefing concerned unsuccessful arguments . . . ." *Id*. at 7. The Court also held that "[a]s Objector was only involved in the case for a short period of time and faced no risks in his involvement, the Court finds no justification for granting Objector a multiplier." *Id*.

Now, under the guise of a motion for reconsideration, CCAF claims that supposedly "newly discovered evidence"—that Class Counsel has filed a cross appeal to other objectors' appeals regarding the attorney fees awarded by this Court to Class Counsel—warrants the Court's reconsideration of how much CCAF deserves. Hardly new evidence of the type warranting reconsideration, this information was available to CCAF long before the Court ruled on CCAF's initial motion. Fed. R. Civ. P. 59(e) cannot be used to raise issues that could or should have been presented before a ruling was made. *See Associated Press v. United States Dep't of Defense*, 410 F. Supp. 2d 147, 152 (S.D.N.Y. 2006) (Rakoff, J.) ("*AP*"). Despite its "client" suffering only $66 in cognizable losses and being a professional objector to a bevy of settlements, CCAF proclaims that only it can defend the Class's recovery on appeal and that its efforts should accordingly be

1

rewarded. This far-fetched argument is belied by CCAF's concurrent admission that its contributions on appeal stand to add little value, and by its refusal to align itself with Class Plaintiffs in defending the Settlement so that those investors actually aggrieved by Defendants' actions can finally enjoy a meaningful recovery.

**ARGUMENT**

**I.      The Standard for Reconsideration Is Strict**

"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Rather, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id*. (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Bear Stearns Cos. Sec., Derivative and ERISA Litig.*, 08 M.D.L. No. 1963 (RWS), 2009 WL 2168767, at *1 (S.D.N.Y. July 16, 2009). Similarly, "[a] court must narrowly construe and strictly apply Local Civil Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment." *Schoolcraft v. City of N.Y.,* No. 10-cv-6005, 2012 WL 2958176, at *2 (S.D.N.Y. July 20, 2012). Accordingly, reconsideration of a court's prior order under Local Rule 6.3 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Ferring B.V. v. Allergan, Inc.*, No. 12-cv-2650, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013).

A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided" nor "advance new facts, issues or arguments not previously presented to the Court."

*Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted) (emphasis added). This is precisely what CCAF is maneuvering.

**II. CCAF's Motion Is Meritless**

Under the guise of "newly discovered evidence" that supposedly necessitates that this Court reverse itself to prevent manifest injustice, CCAF claims that "Lead Plaintiff's [cross] appeal [with respect to the Court's decision cutting Lead Counsel's fees by one third] creates newly discovered evidence, and absent reconsideration of the Fee Order, manifest injustice may result." (Dkt. No. 872, at 2). CCAF claims that as a result of Lead Plaintiff's appeal, "the class benefit that justifies any award of attorneys' fees to Haynes is contingent on the result of the appeal" for "if the Second Circuit fully rejects lead plaintiffs' appeal, then Haynes [CCAF] will have spent additional time working to realize an increased benefit for the class." *Id*. This argument is meritless—and comes on the heels of yet another vexatious move by CCAF.[1]

Lead Plaintiff filed its notice of appeal on August 1, 2018, ***two weeks before*** this Court ruled on CCAF's motion seeking fees in connection with its objections to the Settlement. That notice of appeal was also entered on August 1, 2018, on the District Court's docket. (Dkt. No. 851). Thus, CCAF had sufficient time to seek the relief it now seeks, masqueraded in a motion for reconsideration based on newly discovered evidence, *i.e.*, that the Court defer further ruling on the motion until the appeal concludes. Moreover, ***at least ten days before CCAF filed its reply brief*** on July 23, 2018 (Dkt. No. 846), the Bishop objectors filed a notice of appeal from this

---

[1] Just a few days ago, CCAF improperly attempted to inject itself in a dispute related to other objectors. CCAF frivolously invoked S.D.N.Y. Local Rule 6.1 to claim it had standing to respond to Lead Plaintiffs' Motion for an Appeal Bond and for Sanctions against Objectors Gielata and Furman. Local Rule 6.1 provides no such support; instead, it discusses the process for serving and filing motion papers. As this Court found, the caselaw is unambiguous that CCAF lacked standing to object when it was not the aggrieved party. (Dkt. No. 867)

Court's order granting Lead Counsel attorneys' fees. The Bishops' notice of appeal was also entered on this Court's docket on July 16, 2018.[2] (Dkt. No. 842.) Thus, even before its reply brief was due, CCAF was aware of the heightened likelihood that Lead Counsel would have to file a cross appeal to the Bishops' appeal. In its reply brief, CCAF could have, but failed to, make the argument it now makes "under the guise of a motion for reconsideration." *See AP*, 410 F. Supp. 2d at 152 ("The procedural reason the motion must be denied is that the argument it advances was never meaningfully raised in the briefing and argument of the underlying summary judgment motion to which it relates and so may not be raised now under the guise of a motion for reconsideration."). Of course, once the Bishops filed their notice of appeal, as part of their due diligence, CCAF's attorneys could have inquired about Lead Plaintiffs' intentions to pursue an appeal. But they didn't bother. On the off chance that CCAF's defense of the fee award provides any measurable value to the Class, CCAF can simply submit a motion for attorneys' fees after the Second Circuit renders its opinion.

In truth, CCAF seeks reconsideration because it doesn't like the Court's Order. Like it or not, a "motion for reconsideration allows a party to bring to the Court's attention an argument the party has previously raised and the Court has overlooked; but it does not allow a party to use the guise of 'reconsideration' to raise what is effectively a new argument ***or one never meaningfully developed previously.*** . . . Otherwise, disappointed litigants would be forever raising new arguments and there would be no end to litigation." *AP*, 410 F. Supp. 2d at 152; *see also Hecker v. Deere & Co.*, 556 F.3d 575, 590 (7th Cir. 2009) (A court's "assessment of newness turns on the date of the court's dispositive order, not on the date when the aggrieved party's motions or briefs

---

[2] The Bishops' letter to the Clerk of the Court is dated July 13, 2018. (Dkt. No. 842, at 3.)

4

are filed."); *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (same).[3]

Moreover, reconsideration is hardly a necessary remedy here. CCAF pretends that it is on a quest to protect the Class, arguing that "the burden of defending the class's recovery . . . falls on Haynes's counsel in the appeal." (Dkt. No. 872, at 4). If CCAF (*whose "client" lost only $66 in damages*) wants to act as the Robin Hood for the Class, its time would be better spent opposing the appeals to the Settlement brought by professional objectors Gielata and Furman, whose desire to extract a payment from Class Counsel through vexatious litigation impedes the distribution of billions of dollars to defrauded shareholders. Indeed, Lead Counsel plans to withdraw its cross appeal immediately after Gielata and Furman withdraw their appeals. In its motion for reconsideration, CCAF actually acknowledges that its proposed contribution in "defending" the class's recovery on appeal has hardly any value: "Lead plaintiff's appeal is not even colorable: the Court's ruling is subject to an abuse-of-discretion standard, and this Court's decision is based on a rigorous analysis and well-established law." (Dkt. No. 872, at 4.) This abuse-of-discretion standard applies with equal force to Gielata and Furman's appeals, so CCAF's refusal to defend the Settlement evinces its ulterior motives, *i.e.*, its anti-Class Action agenda. (*See* Dkt. No. 824, at 5-10.)

## CONCLUSION

For the reasons stated above, CCAF's motion for reconsideration should be denied.

---

[3] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473-74 (5th Cir. 1989) (evidentiary materials submitted with reconsideration motion that were available before party filed losing opposition are not newly discovered evidence); *In re Williams*, 188 B.R. 721, 725 (Bankr. D.R.I. 1995) (Rule 59(e) may not be used to raise issues that could or should have been presented before ruling). The two cases cited by CCAF (Dkt. No. 872, at 5) are completely inapposite.

Dated: August 24, 2018

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*_____
Jeremy A. Lieberman
Marc I. Gross
Emma Gilmore
John A. Kehoe
Brenda Szydlo
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212-6612-1100
Facsimile: 917-463-1044

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 North LaSalle
Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile: 312-229-8811

**POMERANTZ LLP**
Jennifer Pafiti
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: 310-285-5330

Counsel for Class Representatives
Universities Superannuation Scheme Limited,
North Carolina Department of State
Treasurer, and the Settlement Class

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
140 Broadway
New York, NY 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477

Counsel for Employees' Retirement System
of the State of Hawaii