UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: PETROBRAS SECURITIES LITIGATION   No. 14-cv-9662 (JSR)

**PETROBRAS'S RESPONSE TO LEAD PLAINTIFF'S MOTION FOR APPEAL BOND**

Petrobras respectfully submits this response to Lead Plaintiff's Motion for an Appeal Bond and to bring to the Court's attention additional information that the Court might consider relevant to Class Counsel's motion with respect to appellant Bueno.

Petrobras takes no position as to whether the Court should order a bond with respect to Class Counsel's costs and the other administrative costs that will be incurred by the Settlement Classes as a result of any delay in administering the settlement. Having entered into a settlement of the above-captioned class action and having deposited the first two of three payments in escrow, Petrobras does have an interest in obtaining the finality it negotiated for in connection with the settlement and in eliminating the cost and uncertainty of continued litigation, as well as an interest in ensuring that the allegedly injured class members expeditiously receive the payments guaranteed to them under the settlement in this case.

One of the material terms of the stipulation of settlement that Petrobras and class counsel both bargained for, that was approved by the Court and that was incorporated into the judgment is that the finality of the judgment and the settlement as to Petrobras would not be delayed by any dispute or appeal with respect to attorneys' fees or the plan of allocation. Order and Final Judgment at 7, ECF 838 (July 2, 2018). To that end, the stipulation of settlement provides that: "Any order of or proceeding relating to the fee and expense application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or

modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment." Lieberman Decl. In Support of Motion for Settlement, Ex. 1 at 50, ECF 767-1 (Feb. 1, 2018). The Stipulation further provides that "Any appeal relating to the allocation of the Net Settlement Fund, the administration of the Settlement or the claims process will not affect the finality of the Settlement, the Judgment, or the releases provided herein." Id. at 41. See also par. 57(e). These provisions are designed to ensure that any appeal with respect to the plan of allocation not delay either: (1) the judgment becoming final as to defendants, or (2) the beginning of the claims distribution process. Lieberman Decl. In Support of Motion for Settlement, Ex. 1 at 44, 54 (defining Effective Date). Under the stipulation of settlement, the cy pres provision – dictating, among other things, how excess funds, if any, after all distributions have been made, will be disposed of – as part of the plan of allocation, does not go to the fairness or reasonableness of the settlement itself. Id. at 45-46, 41.

For that reason and to ensure finality for itself and so that the claims distribution process can begin, after counsel for Mr. Bueno filed the notice of appeal, Petrobras sent a proposed stipulation to him, asking that he stipulate that the appeal was limited to the issues of cy pres and therefore would not delay the distribution of the settlement or its finality. Counsel for Mr. Bueno declined. Thereafter, however, on August 7, 2018, counsel for Bueno filed a Form C with the United States Court of Appeals for the Second Circuit indicating that its appeal would be limited to the cy pres provision of the Stipulation of Settlement (a provision that goes only to the Plan of Allocation). See Lieberman Decl. In Support of Motion for Settlement, Ex. 1 at 46-47, ECF 767-1 (Feb. 1, 2018). In light of that Form C, counsel for Petrobras again asked counsel for Bueno to sign a stipulation that his appeal is limited to the issue of cy pres and therefore that the distribution of the settlement could begin and the settlement would become

2

final. Notwithstanding the Form C, counsel for Bueno declined. The email correspondence is attached hereto as Exhibit A.

Although we take no position on whether the Court should order a bond with respect to Class counsel's costs and other administrative costs resulting from the delay, we provide the additional information relating to Petrobras's attempts to narrow and clarify the scope of Mr. Bueno's appeal for the Court's awareness and consideration.

Dated: August 24, 2018
New York, New York

Respectfully submitted,

Lewis J. Liman
(lliman@cgsh.com)
Joon H. Kim
(jkim@cgsh.com)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Attorneys for Petrobras*

# Exhibit A

| | |
|---|---|
| From: | Joshua R. Furman |
| To: | Liman, Lewis J. |
| Cc: | Bensman, Lina; Kim, Joon H. |
| Subject: | Re: In re Petrobras - appeal |
| Date: | Monday, August 13, 2018 10:35:49 PM |

That's incorrect. The appeal goes to the core of the approval, and implicates absent class members' due process rights and fundamental legal issues concerning the substance of the Rule 23 procedure.

I am explaining this to you out of professional courtesy as it appears you have some misconceptions about where the parties stand. This does not waive any right or remedy to which my client may be entitled now or in the future. I don't intend to litigate this case via email.

Joshua R. Furman
jrf@furmanlawyers.com
Sent from my iPhone

On Aug 13, 2018, at 7:20 PM, Liman, Lewis J. <lliman@cgsh.com> wrote:

> Mr Furman. Would you kindly tell us what in the stipulation makes no sense to you. We had been under the understanding that your appeal was limited to Cy pres and, as you know, the effect of a ruling in your favor on that issue would not upset the settlement but would affect how funds are distributed
>
> **Lewis J. Liman**
> Cleary Gottlieb Steen & Hamilton LLP
> Assistant: jreda@cgsh.com
> One Liberty Plaza, New York NY 10006
> T: +1 212 225 2550 | F: +1 212 298 0301
> lliman@cgsh.com | clearygottlieb.com
>
> On Aug 13, 2018, at 10:14 PM, Joshua R. Furman <jrf@furmanlawyers.com> wrote:
>
>> With all respect, your requested stipulation makes no sense and I can't agree to it.
>>
>> Joshua R. Furman
>> jrf@furmanlawyers.com
>> Sent from my iPhone
>>
>> On Aug 13, 2018, at 7:05 PM, Bensman, Lina <lbensman@cgsh.com> wrote:
>>
>>> Hi Joshua,

As it is now clear that the Spencer Bueno appeal is limited to the cy pres issue (among other things, from the Form C that you recently filed), we renew our request that you enter into the attached stipulation to ensure that your appeal with respect to the plan of allocation does not create unnecessary delay. Please let us know whether you will agree to sign. We are happy to discuss if you have questions.

Regards,
Lina

**Lina Bensman**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: namitrano@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2069 | F: +1 212 225 3999
lbensman@cgsh.com | clearygottlieb.com

**From:** Bensman, Lina
**Sent:** Friday, August 3, 2018 3:39 PM
**To:** 'jrf@furmanlawyers.com' <jrf@furmanlawyers.com>
**Cc:** Liman, Lewis J. <lliman@cgsh.com>; Kim, Joon H. <jkim@cgsh.com>
**Subject:** In re Petrobras - appeal

Hi Joshua,

Attached is a proposed draft stipulation that we suggest entering into with you and the other parties to ensure that your appeal with respect to issues of cy pres does not create unnecessary delay. We entered into a similar stipulation with the Bishop objectors, which you may have seen on the district court docket. Please let us know whether you will agree to sign.

Regards,
Lina

**Lina Bensman**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: namitrano@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2069 | F: +1 212 225 3999

lbensman@cgsh.com | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

<400689028_4(2018-08-13 DRAFT Stip - Bueno).DOCX>

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: PETROBRAS SECURITIES LITIGATION

This Document Applies To:

ALL CASES

14-cv-9662 (JSR)

## STIPULATION AND [PROPOSED] ORDER

**WHEREAS**, on April 20, 2018, Class Plaintiffs[1] filed a Motion for Final Approval of Settlement and Plan of Allocation ("Final Approval Motion");

**WHEREAS**, on April 20, 2018, Class Counsel filed a Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Attorneys' Fees Motion");

**WHEREAS**, on May 11, 2018, Spencer R. Bueno filed an Objection to Proposed Settlement and Fee Application;

**WHEREAS**, on June 25, 2018, this Court entered an Opinion and Order granting the Final Approval Motion, and granting in part the Attorneys' Fees Motion and instructing the Clerk to enter Final Judgment and to close the case, which the Clerk did on June 27, 2018;

**WHEREAS**, on July 2, 2018, this Court entered a Final Judgment incorporating by reference all aspects of the June 25, 2018 Order;

**WHEREAS**, on July 31, 2018, Spencer R. Bueno filed a Notice of Appeal from the July 2, 2018 Final Judgment limited to the issue of the plan of allocation;

**WHEREAS**, under the Stipulation of Settlement and Release and the Amended

---

[1] Unless otherwise noted, all capitalized terms have the meanings assigned to them in the Stipulation of Settlement and Release, ECF No. 767-1.

Stipulation and Agreement of Settlement between PwC Brazil and plaintiffs dated February 1, 2018, ECF 767-10, "[a]ny appeal relating to the allocation of the Net Settlement Fund... will not affect the finality of the Settlement, the Judgment, or the releases provided herein" for purposes of, inter alia, distribution to Settlement Class Members;

**WHEREAS**, Spencer R. Bueno agrees he is taking an appeal limited to the allocation of the Net Settlement Fund, as those words are used in the Stipulation of Settlement, and he and the parties desire to avoid any ambiguity and unnecessary delay and to permit this Court and the Claims Administrator to distribute the Settlement Fund to the Settlement Class Members;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the parties and Spencer R. Bueno, through his undersigned counsel, subject to approval by the Court, as follows:

1. Spencer R. Bueno affirms that his appeal pertains solely to the allocation of the Net Settlement Fund as those terms are used in the Stipulation of Settlement.

2. The pendency of this appeal does not preclude the Settlement from becoming Final.

3. This Stipulation may be signed in counterparts.

Date: [date], 2018
New York, NY

Stipulated and agreed to by:

POMERANTZ LLP

By: _____
Jeremy A. Lieberman
600 Third Avenue
New York, New York 10016
Tel: 212-661-1100
Fax: 212-661-8665
jalieberman@pomlaw.com

*Attorneys for Class Representatives and the Settlement Class*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Lewis J. Liman
One Liberty Plaza
New York, New York 10006
Tel: 212-225-2000
Fax: 212-225-3999
lliman@cgsh.com

*Attorneys for the Petrobras Defendants*

KING & SPALDING LLP

By: _____
James J. Capra, Jr.
1185 Avenue of the Americas
New York, New York 10036
Tel: 212-556-2100
Fax: 212-556-2222
jcapra@kslaw.com

*Attorneys for Defendant PricewaterhouseCoopers Auditores Independentes*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
Jay B. Kasner
Four Times Square
New York, New York 10036
Tel: 212-735-3000
Fax: 212-735-2000
jay.kasner@skadden.com

*Attorneys for the Underwriter Defendants*

By: _____
Joshua R. Furman
JOSHUA R. FURMAN LAW CORP.
14724 Ventura Boulevard, Suite 509
Sherman Oaks, California 91403
(818) 646-4300

*Attorney for Objector Spencer R. Bueno*

| GOODWIN PROCTER | MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC |
|---|---|
| By: _____<br>Daniel P. Roeser<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel: 212-813-8800<br>Fax: 212-355-3333<br>droeser@goodwinlaw.com<br><br>*Attorneys for Defendant Maria das Gracas Silva Foster* | By: _____<br>Edward M. Spiro<br>565 Fifth Avenue<br>New York, New York 10017<br>Tel: 212-856-9600<br>Fax: 212-856-9494<br>espiro@maglaw.com<br><br>*Attorneys for Defendant José Sérgio Gabrielli* |

SO ORDERED.                                           Dated: _____

_____
Honorable Jed S. Rakoff
United States District Judge