USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :        14-cv-9662 (JSR)
In re: PETROBRAS SECURITIES            :
LITIGATION                             :        MEMORANDUM ORDER
                                        :
----------------------------------------x

JED S. RAKOFF, U.S.D.J.

     By Opinion and Order dated August 14, 2018, this Court

awarded objector William Thomas Haynes ("Objector") attorneys'

fees in the amount of $11,731.65. See Dkt. 866. Now before the

Court is the motion of Objector for reconsideration of that

award and for the Court to defer a final ruling until the

conclusion of an appeal of the Court's Opinion and Order in the

underlying class action. Dkt. 871. Class Plaintiffs oppose. Dkt.

878.

     "Reconsideration of a court's previous order is an

extraordinary remedy to be employed sparingly in the interests

of finality and conservation of scarce judicial resources."

Melnitzky v. Rose, 305 F. Supp. 2d 349, 350 (S.D.N.Y. 2004).

Under Local Civil Rule 6.3, which governs motions for

reconsideration, the standard for granting a motion for

reconsideration is "strict" and "reconsideration will generally

be denied unless the moving party can point to controlling

decisions or data that the court overlooked - matters, in other

words, that might reasonably be expected to alter the conclusion

reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d
255, 257 (2d Cir. 1995). Local Rule 6.3 is intended to "ensure
the finality of decisions and to prevent the practice of a
losing party examining a decision and then plugging the gaps of
a lost motion with additional matters." Carolco Pictures Inc. v.
Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

Objector argues that reconsideration is warranted because
Class Plaintiffs filed a notice of appeal after Objector filed
his motion for attorneys' fees, and Objector anticipates
incurring further attorneys' fees participating in the appeal.
See Memorandum in Support of Motion for Reconsideration of Order
Awarding Attorneys' Fees and to Defer Further Ruling on the
Motion until Appeal Concludes, Dkt. 872. Objector therefore
contends that the Court should reconsider its award of
attorneys' fees, and defer further ruling on his motion for
attorneys' fees until the appeal is resolved. Id. Class
Plaintiffs argue that Objector could and should have raised the
issue of the appeal before the Court decided the motion for
attorneys' fees, and that, regardless, Objector is unlikely to
incur attorneys' fees on appeal that would merit a fee award.
See Class Plaintiffs' Memorandum of Law in Opposition to CCAF's
Motion for Reconsideration of Order Awarding Attorneys' Fees and
to Defer Ruling on the Motion until Appeal Concludes, Dkt. 878.

The Objector's argument is not without some substance, but the better way to handle the uncertainty posed by a potential appeal is to deal with the known: the attorneys' fees that Objectors has already incurred and the Court has already awarded. If the appeal does involve work that entitles the Objector to further fees, the Objector may apply to the Court for an award of those fees after the appeal concludes.

Therefore, Objector's motion for reconsideration is denied, without prejudice to Objector making a new request for additional attorneys' fees following the appeal. The Clerk is instructed to close docket number 871.

SO ORDERED.

Dated:     New York, NY
           August 29, 2018                    JED S. RAKOFF, U.S.D.J.