UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PETROBRAS SECURITIES LITIGATION | Case No. 14-cv-9662 (JSR)<br><br>**CLASS ACTION** |

## ASIM ALTAMIMI'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO WITHDRAW HIS REQUEST FOR EXCLUSION FROM THE SHAREHOLDER CLASS AND TO PARTICPATE IN THE CLASS SETTLEMENT

**INTRODUCTION**

Asim Altamimi filed an individual lawsuit against the Defendants in this Court on April 11, 2016. His action was stayed pending resolution of the related, above-captioned class action. *See* ECF No. 561. On March 1, 2018, this Court preliminarily approved a settlement (the "Class Action Settlement") and set April 27, 2018 as a date for Class members to opt out of the Class by submitting a request for exclusion. On April 26, 2018, Mr. Altamimi submitted a request for exclusion from the Class Action Settlement. Declaration of Jason M. Leviton ("Leviton Dec.") at ¶ 3. In light of a change in circumstance and after more fully assessing his options, Mr. Altamimi has determined that he should withdraw his request for exclusion from the Class and participate in the Class Action Settlement.

As this Court is aware, there has been no distribution of the Class Action Settlement proceeds. Because the settlement fund has not yet been distributed, there is no harm in allowing Mr. Altamimi to withdraw his request for exclusion. Neither the Defendants, nor Class Counsel, oppose the relief being requested. Letivon Dec. at ¶¶ 4–5. Also, the Court-appointed Claims

Administrator has confirmed that distribution of the Class Action Settlement will not be delayed if Mr. Altamimi promptly submits a completed Claim Form. Leviton Dec. at ¶ 6.

The expenses to the parties and use of Court resources associated with litigating a separate action can be avoided if the Court utilizes its equitable powers to permit Mr. Altamimi to withdraw his request for exclusion and allows him to participate in the Class settlement.

## ARGUMENT

"In class actions, courts have equitable powers to manage the litigation in order to promote judicial economy and fairness to litigants." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 313 (3d Cir. 2003). The Court's equitable powers include dealing with issues that "arise in the administration" of settlements. Manual for Complex Litigation (Fourth) § 21.66 (2004). "These equitable powers are retained by the court until the settlement fund is actually distributed." *In re Linerboard Antitrust Litig.*, md-1261, 2004 WL 966236, at *3 (E.D. Pa. May 4, 2004). *See also Zienets v. Lamorte*, 459 F.2d 628, 630 (2d. Cir. 1972) ("Until the fund created by the settlement is actually distributed, the court retains its traditional equity powers."). Courts have routinely used their equitable powers to permit parties to withdraw requests to opt out of class actions where, as here, there is no prejudice to the defendants or to other class members. *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, 07-md-1819, 2013 WL 1222690, at *1–2 (N.D. Cal. Mar. 25, 2013); *In re Urethane Antitrust Litig.*, 04-md-1616, 2008 WL 5215980, at *1–3 (D. Kan. Dec. 12, 2008); *In re Elec. Carbon Prods. Antitrust Litig.*, 447 F. Supp. 2d 389, 396–97 (D.N.J. 2006).

There is no prejudice to Defendants if Mr. Altamimi rejoins the Class. Indeed, permitting Mr. Altamimi to rejoin the Class will obviate the need to relitigate the same issues against the Defendants.

Nor is there prejudice to the other Class members. No other Class member relied on Mr. Altamimi's decision to opt out of the Class. *See In re Elec. Carbon Prods. Antitrust Litig.*, 447 F. Supp. 2d at 397 ("It cannot be said that any member relied, to its detriment, on the [opt in plaintiffs'] original decision to opt out, since that development was contemporaneous with all other decisions and could not have been a factor in the decision of any particular class members to participate."). *See also In re "Agent Orange" Prod. Liab. Litig.*, 689 F. Supp. 1250, 1263 (E.D.N.Y. 1998) (finding that plaintiffs who had filed timely claims had no justifiable expectation in any particular pay-out). Further, in *In re SRAM Antitrust Litig.*, the court found that an opt-out's one and one-half percent (1.5%) pro rata share of the settlement distribution was not significant enough to prejudice other class members such that the opt-out should not be permitted to rejoin the class. 2013 WL 1222690, at *2. This was despite the fact that the class members in that case opposed the motion by the opt-out to rejoin the class. *See Id*. Here, by contrast, Mr. Altamimi's damages, even if recovered fully, would amount to less than **two-hundredths of one percent *(0.02%)*** of the total Class Action Settlement. Thus, any reduction to other Class members' recovery would be *de minimis*. It is, therefore, no surprise that the Court-appointed Class Counsel does not oppose the relief being requested. Leviton Dec. at ¶ 5.

Additionally, permitting Mr. Altamimi to rejoin the Class will not cause any prejudicial delay to Class members in receiving their funds. Leviton Dec. at ¶6. Supporting documentation for Mr. Altamimi's Proof of Claim is ready for submission. This will "minimize any possible delay in the distribution of the settlement fund to class members." *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3.

Finally, "the policy embodied in Rule 23 is the prevention of multiple relitigation of the same factual and legal issues." *In re Elec. Weld Steel Tubing Antitrust Litig.*, 81 Civ. 4737, 1982

WL 1873, at *2 (E.D. Pa. Jun. 30, 1982) (citation omitted). Allowing Mr. Altamimi to rejoin the Class would further this policy.

For the foregoing reasons, Mr. Altamimi respectfully requests that the Court permit him to withdraw his request for exclusion and to participate in the Class Action Settlement.

September 11, 2018

                                        *s/ D. Greg Blankinship*_____
D. Greg Blankinship
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
445 Hamilton Avenue, Suite 605
White Plains, NY 10601
Telephone: 914-298-3290
Facsimile: 914-908-6708
gblankinship@fbfglaw.com

Jason M. Leviton
BLOCK & LEVITON LLP
155 Federal Street
Boston, MA 02110
Telephone: 617-398-5600
Facsimile: 617-507-6020
Jason@blockesq.com

*Counsel for Asim Altamimi*