UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE PETROBRAS SECURITIES
LITIGATION

---

)     Case No. 14-cv-9662 (JSR)
)
)
)
)

MEMORANDUM OF LAW IN SUPPORT OF CORNELL UNIVERSITY'S MOTION
TO INTERVENE AND FOR AN ORDER UNDER 28 U.S.C. §1782 AUTHORIZING
DISCOVERY FOR USE IN A FOREIGN PROCEEDING OR, IN THE
ALTERNATIVE, AN ORDER UNSEALING JUDICIAL DOCUMENTS

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................1

II.  ARGUMENT .......................................................................................................2

    A.   Cornell Should Be Permitted to Intervene, if Necessary .........................2

    B.   This Court Should Issue an Order Under 28 U.S.C. §1782 Authorizing
         Discovery for Use in a Foreign Proceeding.................................................4

         1.   The Statutory Requirements of §1782 Are Met................................5

                a.   The Respondent Resides in This District........................5

                b.   The Discovery Is Sought for Use in a Proceeding in a
                       Foreign Tribunal ...........................................................6

                c.   The Discovery Is Sought by an Interested Person ...........6

         2.   The *Intel* Discretionary Factors Weigh in Favor of Permitting
            Discovery .........................................................................................7

                a.   Discovery in the Brazilian Arbitration Will Be Limited .................7

                b.   The Brazilian Arbitration Panel Would Be Receptive to
                     U.S. Federal Court Judicial Assistance............................7

                c.   This Motion Is Not an Attempt to Circumvent Foreign
                     Proof Gathering Restrictions or Other Policies of a Foreign
                     Country or the United States...........................................9

                  d.   The Discovery Sought Is Not Unduly Intrusive or
                     Burdensome ................................................................10

    C.   In the Alternative, This Court Should Unseal the Summary Judgment
         Papers Filed in This Action......................................................................12

                  a.   The Summary Judgment Papers Are "Judicial Documents" .........13

                  b.   The Weight of the Presumption of Access Is High.......................13

                  c.   There Are No Countervailing Factors that Defeat the
                     Presumption of Access..................................................14

III. CONCLUSION...................................................................................................14

1563919_1

# TABLE OF AUTHORITIES

<b>Page</b>

## CASES

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*,
  785 F. Supp. 2d 434 (S.D.N.Y. 2011)...........................................................5, 6, 11

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
  814 F.3d 132 (2d Cir. 2016)......................................................................13

*Berroyer v. United States*,
  282 F.R.D. 299 (E.D.N.Y. 2012) ....................................................................3

*Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*,
  No. 13 CV 3410(HB), 2013 WL 5322573
  (S.D.N.Y. Sept. 23, 2013) ......................................................................3, 4, 13, 14

*Euromepa S.A. v. R. Esmerian, Inc.*,
  51 F.3d 1095 (2d Cir. 1995).........................................................................8

*In re Application of Cal. State Teachers' Ret. Sys.*,
  No. 2:16-cv-4251 (SRC)(CLW), 2016 WL 7477753
  (D.N.J. Dec. 28, 2016), *aff'd sub nom.*
  *In re Cal. State Teachers' Ret. Sys.*,
  No. 16-4251 (SRC), 2017 WL 1246349
  (D.N.J. Apr. 3, 2017) ...........................................................................6, 10, 11

*In re Application for an Order for Judicial Assistance in a Foreign Proceeding in
  the Labor Court of Brazil*,
  466 F. Supp. 2d 1020 (N.D. Ill. 2006) ...........................................................9, 10

*In re Application for an Order Permitting Metallgesellschaft AG to Discovery*,
  121 F.3d 77, 79 (2d Cir. 1997)....................................................................5, 9

*In re Application of Procter & Gamble Co.*,
  334 F. Supp. 2d 1112 (E.D. Wis. 2004).............................................................11

*In re Berlamont*,
  No. 14-mc-00190 (JSR), 2014 WL 3893953
  (S.D.N.Y. Aug. 4, 2014), *aff'd sub nom.*
  *In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct
  Discovery for Use in Foreign Proceedings*,
  773 F.3d 456 (2d Cir. 2014).........................................................................11

*In re Cal. State Teachers' Ret. Sys.*,
  2017 WL 1246349 (D.N.J. Apr. 3, 2017) .................................................6, 7, 10, 11

*In re Edelman*,
  295 F.3d 171 (2d Cir. 2002).................................................................................4, 6

*In re Ex Parte Glob. Energy Horizons Corp.*,
  647 F. App'x 83 (3d Cir. 2016) ...................................................................11

*In re Gushlak*,
  No. 11-MC-218 (NGG), 2012 WL 1514824
  (E.D.N.Y. Apr. 30, 2012)................................................................................2

*In re O'Keeffe*,
  646 F. App'x 263 (3d Cir. 2016) .................................................... *passim*

*In re Petrobras Sec. Litig.*,
  116 F. Supp. 3d 368 (S.D.N.Y. 2015)...........................................................1, 3, 6

*In re Pimenta*,
  942 F. Supp. 2d 1282 (S.D. Fla. 2013) ..................................................8, 11

*Infineon Techs. AG v. Green Power Techs. Ltd.*,
  247 F.R.D. 1 (D.D.C. 2005)...........................................................................11

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004).......................................................................... *passim*

*Kulzer v. Esschem, Inc.*,
  390 F. App'x 88 (3d Cir. 2010) .......................................................................7

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006)........................................................3, 12, 13, 14

*Medeiros v. Int'l Game Tech.*,
  No. 2:16-cv-00877-JAD-NJK, 2016 WL 1611591
  (D. Nev. Apr. 22, 2016) ..................................................................................9

*Redeemer Comm. of Highland Credit Strategies Funds v.*
*Highland Capital Mgmt., L.P.*,
  182 F. Supp. 3d 128 (S.D.N.Y. 2016).............................................................12

*Techcapital Corp. v. Amoco Corp*,
  No. 99 CIV. 5093(AGS), 2001 WL 267010
  (S.D.N.Y. Mar. 19, 2001) ...............................................................................3

## STATUTES, RULES AND REGULATIONS

28 U.S.C.
  §1782.................................................................................................. *passim*
  §1782(a) .........................................................................................................4

1563919_1

Federal Rules of Civil Procedure

Rule 24(b) ..................................................................................................................................3

Rule 24(b)(1)..............................................................................................................................3

## I.        INTRODUCTION

Cornell University ("Cornell") is a holder of American Depository Receipts ("ADRs") issued by Petróleo Brasileiro S.A. – Petrobras ("Petrobras" or the "Company"), and is a member of the class in this action, which alleges that Petrobras and other defendants made false and misleading statements in violation of U.S. securities laws related to a multi-year, multi-billion dollar bribery and kickback scheme involving the Company.  *See* Declaration of Sean Graham in Support of Cornell University's Motion to Intervene and for an Order Under 28 U.S.C. §1782 Authorizing Discovery for Use in a Foreign Proceeding or, in the Alternative, an Order Unsealing Judicial Documents ("Graham Decl."), ¶2, filed herewith.  In addition to the ADRs it purchased in the U.S., Cornell also purchased Petrobras securities traded on the Brazilian stock exchange in São Paulo, known as the Bovespa.  *Id.*, ¶3.  On July 30, 2015, this Court granted Petrobras' motion to dismiss claims arising from securities purchased on the Bovespa, holding that those claims must be arbitrated in Brazil. *See In re Petrobras Sec. Litig*., 116 F. Supp. 3d 368, 387 (S.D.N.Y. 2015).

After this Court's dismissal, Cornell and a group of investors who also purchased Petrobras securities on the Bovespa instituted an arbitration proceeding against Petrobras in the Market Arbitration Chamber ("MAC") of the Bovespa, which involves the same set of facts as those alleged in this action.  Graham Decl., ¶4.  Petrobras recently settled this U.S. action for almost $3 billion (ECF No. 834), and entered into agreements with the U.S. Securities and Exchange Commission and Department of Justice providing for the payment of $853.2 million in penalties to resolve the U.S. government's investigation into violations of the Foreign Corrupt Practices Act.[1]  In Brazil, however, Petrobras is attempting to escape liability.  Specifically, in a filing before the Brazilian

---

[1]        https://www.justice.gov/opa/pr/petr-leo-brasileiro-sa-petrobras-agrees-pay-more-850-million-fcpa-violations (last visited Apr. 15, 2019).

Supreme Court related to its agreements with U.S. authorities, Petrobras insists that it was a mere victim of the massive fraud that was admittedly carried out by its own high-level executives, and that the fines it agreed to pay in order to resolve the U.S. investigations into the Company should not be considered to be a penalty by Brazilian authorities because Petrobras disputes its liability under Brazilian law.

Through this motion, Cornell seeks an order under 28 U.S.C. §1782 authorizing discovery for use in the Brazilian arbitration against Petrobras.  Specifically, Cornell seeks access to the discovery that Petrobras already produced to other investors in this action, which goes to the heart of the investor claims being asserted in the Brazilian arbitration.  Because the discovery being sought here was already produced in this case, the burden on Petrobras to grant Cornell access to that discovery, if any, would be minimal.

In the alternative, Cornell respectfully requests that this Court unseal the summary judgment papers and supporting documents that were filed under seal in this case (ECF Nos. 615-621, 628, 630, 632-661, 663, 665-667, 669, 671, 673-675, 678, 682-683, the "Summary Judgment Papers"). There is a strong presumption in favor of public access to such judicial documents, and there are no countervailing factors that warrant maintaining them under seal.

For these reasons, detailed below, this Court should grant the relief requested herein.

## II.    ARGUMENT

### A.    Cornell Should Be Permitted to Intervene, if Necessary

Cornell could seek discovery under 28 U.S.C. §1782 through an *ex parte* application.  *See In re Gushlak*, No. 11-MC-218 (NGG), 2012 WL 1514824, at *3 n.4 (E.D.N.Y. Apr. 30, 2012) (noting that "courts routinely grant §1782 applications ex parte," and citing cases).[2]  In addition, this Court

---

[2]    All citations are omitted and emphasis added unless otherwise noted.

"may *sua sponte* unseal the records at issue irrespective of a motion to intervene." *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co*., No. 13 CV 3410(HB), 2013 WL 5322573, at *1 (S.D.N.Y. Sept. 23, 2013).   Nevertheless, in an abundance of caution, Cornell seeks to intervene in this action in order to obtain the relief requested herein.

Rule 24(b)(1) provides, in part that, "[o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).  "[It] is enough for Rule 24(b) . . . if there is a single common question of law or fact." *Techcapital Corp. v. Amoco Corp*, No. 99 CIV. 5093(AGS), 2001 WL 267010, at *3 (S.D.N.Y. Mar. 19, 2001).  In exercising their broad discretion to allow permissive joinder, courts consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights, the nature and extent of the intervenor's interests, and the degree to which those interests are adequately represented by other parties. *Berroyer v. United States*, 282 F.R.D. 299, 302 (E.D.N.Y. 2012).  "It is notable that '[t]he test is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria.'" *Id.* at 303.

Permissive intervention is appropriate here.  Cornell clearly has a claim that shares common questions of both law and fact with this action since Cornell is both a member of the certified class in this action, and also a claimant in the pending Brazilian arbitration against Petrobras, which both arise from the same set of facts.  The discovery produced in this action directly relates to the Brazilian law claims that this Court held must be arbitrated in Brazil, and Cornell timely moved to intervene.  As detailed below, Cornell also has an interest in the "common law right of access," and a "qualified First Amendment right," to the Summary Judgment Papers filed under seal in this action. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).  Because the Brazilian law claims were dismissed from this action (*see Petrobras*, 116 F. Supp. 3d at 387), Cornell's interests

- 3 -

are not fully represented by the parties to this action, and such interests would be meaningless if a party could not intervene to enforce them.

Finally, intervention by Cornell for the limited purpose of obtaining discovery from Petrobras for use in the Brazilian arbitration will not unduly delay or prejudice the adjudication of the original parties' rights because this Court already granted final approval to a settlement that was reached between the parties to this U.S. action. *See* ECF No. 834.[3]  Therefore, intervention by Cornell is warranted, and this Court should exercise its broad discretion to allow it.

### B. This Court Should Issue an Order Under 28 U.S.C. §1782 Authorizing Discovery for Use in a Foreign Proceeding

Discovery of evidence for use in foreign proceedings is available through 28 U.S.C. §1782(a),  which provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  The Second Circuit has identified three statutory requirements that must be satisfied to obtain discovery under §1782: "'(1) that the person from whom discovery is sought reside[s] (or [is] found) in the district of the district court to which the application is made, (2) that the discovery [will] be for use in a proceeding before a foreign tribunal, and (3) that the application [is] made by . . . "any interested person."'"  *In re Edelman*, 295 F.3d 171, 175-76 (2d Cir. 2002).

Once these statutory requirements are satisfied, a district court may exercise its discretion to grant discovery under §1782.  The Supreme Court laid out four factors that are relevant to a district

---

[3]   This Court still has jurisdiction to grant the relief requested herein, despite the settlement between the parties. *See Eagle Star*, 2013 WL 5322573, at *1 ("reject[ing] any suggestion that [the court] lacks jurisdiction to unseal documents filed in connection with this case . . . [d]espite the settlement between Petitioners and Respondent").

court's discretionary decision of whether to grant such discovery in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). Those factors include:

> (1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent §1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; and (4) "whether the subpoena contains unduly intrusive or burdensome requests.

*In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016) (citing *Intel*, 542 U.S. at 264-65). The Second Circuit has stated that "district courts must exercise their discretion under §1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997).

Each of the statutory and discretionary factors support discovery under §1782.

### 1.    The Statutory Requirements of §1782 Are Met

#### a.    The Respondent Resides in This District

The first requirement of a §1782 request is that the "respondent must reside (or be found in) the district of the district court to which the application is made." *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 437 (S.D.N.Y. 2011). There can be no dispute that this requirement is met. Petrobras "ha[s] offices and do[es] business in Manhattan and thus 'reside[s]' in the Southern District of New York." *Id.* at 438.[4]

---

[4]    Petrobras maintains offices at 570 Lexington Avenue, Suite 2401, New York, NY 10022. *See* https://www.petrobras.com/en/countries/u-s-a/contact/ (last visited Apr. 7, 2019).

### b. The Discovery Is Sought for Use in a Proceeding in a Foreign Tribunal

The second statutory requirement of a §1782 request is that "'the discovery be for use in a proceeding before a foreign tribunal.'" *Edelman*, 295 F.3d at 175-76.  In *Intel*, the Supreme Court noted that Congress in 1964 replaced the term "judicial proceeding" with the term "tribunal" precisely in order to broaden the reach of §1782 and extend the authority of district courts to provide assistance in connection with "administrative and quasi-judicial proceedings abroad," which include "'administrative and arbitral tribunals, and quasi-judicial agencies.'" *Intel*, 542 U.S. at 258.  Cornell seeks discovery for use in an arbitration against Petrobras that is currently pending before the MAC of the Bovespa.  The MAC "was created by the Bovespa to serve as a specialized forum for resolution of disputes related to corporate and securities laws." *Petrobras*, 116 F. Supp. 3d at 386.  Therefore, the MAC arbitration is a "foreign tribunal" within the meaning of §1782.

### c. The Discovery Is Sought by an Interested Person

Cornell is a member of the class in this action and also a party to the arbitration proceedings in Brazil.  Thus, the third statutory requirement under §1782, that the application be made by an "interested person," is satisfied.  *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke §1782 . . . ."); *Ahmad*, 785 F. Supp. 2d at 438 ("[S]ince AHAB is a party to both the Cayman Proceeding and the Saudi Arabian Proceedings, it is an 'interested person' within the meaning of §1782."); *In re Application of Cal. State Teachers' Ret. Sys.*, No. 2:16-cv-4251 (SRC)(CLW), 2016 WL 7477753, at *2 (D.N.J. Dec. 28, 2016) (finding that application satisfied statutory requirements of §1782 where movant was "a party to the litigation against Volkswagen AG, pending in the Braunschweig Regional Court in Germany[, and a]pplicant is seeking documents to be used as part of that proceeding in Germany"), *aff'd sub nom. In re Cal. State Teachers' Ret. Sys.*, No. 16-4251 (SRC), 2017 WL 1246349 (D.N.J. Apr. 3, 2017).

### 2.   The *Intel* Discretionary Factors Weigh in Favor of Permitting Discovery

#### a.   Discovery in the Brazilian Arbitration Will Be Limited

The first discretionary factor from *Intel* asks "whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid." *O'Keeffe*, 646 F. App'x at 266.  As described in the accompanying Declaration of José Rogério Cruz e Tucci in Support of Intervenor's Motion to Intervene and Unseal Filings, and for an Order Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding ("Tucci Declaration" or "Tucci Decl."), filed herewith, the discovery mechanism in the Brazilian arbitration will be more limited than U.S.-style discovery.  Tucci Decl., ¶5.  And the proponent of the discovery will be required to provide "a detailed description of the individualized pieces of evidence," which will be difficult to do without access to Petrobras' files in the first place.  *Id*., ¶4.  Under similar facts, other courts have found that this factor weighs in favor of allowing discovery.  *See Kulzer v. Esschem, Inc*., 390 F. App'x 88, 90 (3d Cir. 2010) ("German civil procedure does not offer a mechanism for general pretrial discovery comparable to that obtainable in the United States; any request to the German court must be for *specific* documents, and without access to [the party defendant]'s files, [an applicant] cannot pinpoint what it is seeking . . . .") (emphasis in original); *Cal. State Teachers' Ret. Sys*., 2017 WL 1246349, at *3 ("[E]ven if the documents are located in Germany, the German court will not order the documents to be produced if the applicant does not provide detailed information on the documents.").

#### b.   The Brazilian Arbitration Panel Would Be Receptive to U.S. Federal Court Judicial Assistance

The second discretionary factor from *Intel* requires an analysis of "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign

- 7 -

government or the court or agency abroad to U.S. federal-court judicial assistance." *O'Keeffe*, 646 F. App'x at 266. However, "a district court's inquiry into the discoverability of requested materials should consider only ***authoritative proof*** that a foreign tribunal would reject evidence obtained with the aid of section 1782." *Euromepa S.A. v. R. Esmerian, Inc*., 51 F.3d 1095, 1100 (2d Cir. 1995). "Such proof, as embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures, would provide helpful and appropriate guidance to a district court in the exercise of its discretion." *Id*. "Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.'" *Id*.

As described in the Tucci Declaration, the Brazilian arbitration panel would be receptive of discovery obtained through §1782. *See* Tucci Decl., ¶13. "According to the applicable rules, the parties have the right to employ all the legal, as well as morally legitimate, means to prove the truth of the facts on which the claim or the defense is based . . . ." *Id.*, ¶11. And "according to rule 4.6 of the MAC, all evidence shall be produced before the Arbitration Tribunal, which is entitled to decide what evidence is useful and necessary to settle the dispute and establish the procedures and order to produce evidence." *Id.*, ¶12. Based on the foregoing, Professor Tucci opines that "the arbitration panel would most certainly be receptive to judicial assistance from a U.S. federal court in obtaining discovery for use in Cornell's Arbitration, as the discovery obtained with the cooperation of a U.S. federal court will . . . most likely be of great contribution to the case." *Id.*, ¶13.

Under similar facts related to other proceedings in Brazil, other district courts have found that the second discretionary factor under *Intel* weighs in favor of permitting discovery. *See In re Pimenta*, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013) ("[T]here is nothing in the record suggesting

- 8 -

the Brazilian Probate Court would be unreceptive to the Application."); *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1031-32 (N.D. Ill. 2006) (rejecting argument that Brazilian Labor Court would be unreceptive to discovery obtained through §1782); *Medeiros v. Int'l Game Tech*., No. 2:16-cv-00877-JAD-NJK, 2016 WL 1611591, at *3 (D. Nev. Apr. 22, 2016) ("There is no indication that the Brazilian court would be unreceptive to such discovery.").

**c.      This Motion Is Not an Attempt to Circumvent Foreign Proof Gathering Restrictions or Other Policies of a Foreign Country or the United States**

The third discretionary factor under *Intel* asks "whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States." *O'Keeffe*, 646 F. App'x at 266.  Notably, "a district court may not refuse a request for discovery pursuant to §1782 because a foreign tribunal has not yet had the opportunity to consider the discovery request." *Metallgesellschaft*, 121 F.3d at 79 ("Such a 'quasi-exhaustion requirement,' finds no support in the plain language of the statute and runs counter to its express purposes . . . ."); *O'Keeffe*, 646 F. App'x at 268 ("We have never held that an applicant must seek discovery relief in the foreign forum first.").

Although U.S.-style discovery is not available in the Brazilian arbitration, there is no restriction on evidence gathering through §1782.  To the contrary, as explained by Professor Tucci, Cornell's "Arbitration will be governed by the [Brazilian Arbitration Act ('BAA')] and by the Brazilian civil procedure general rules."  Tucci Decl., ¶10.  Under article 369 of the Brazilian Code of Civil Procedure ("CPC"), a judge may "allow the usage of evidence produced in another action," and such "request . . . can also be made to a foreign court," if the proponent of the discovery provides a detailed description of the documents requested. *Id.*, ¶7.  "The BAA does not specifically

- 9 -

provide for this matter," and "the BAA expressly establishes that the CPC shall apply when the BAA is silent." *Id.*, ¶8. Based on the foregoing, Professor Tucci opines that "the discovery obtained with the cooperation of a U.S. federal court will . . . not circumvent any proof-gathering restrictions or other policies and principles of the CPC[,] . . . and [will] not cause harm to the defendant, as it will remain confidential." *Id.*, ¶13.

Under similar facts related to other Brazilian proceedings, district courts have found this discretionary factor to weigh in favor of allowing discovery. *See Labor Court of Brazil*, 466 F. Supp. 2d at 1032 (finding no attempt to circumvent Brazilian proof-gathering restrictions because "Article 5(II) of the Brazilian Constitution, suggests that only an explicit law or ruling can preclude foreign discovery: '[n]o one shall be compelled to do or refrain from doing something except by force of law'" and "since the Brazilian letter rogatory process is slow, parties are instead using 1782(a)"); *Cal. State Teachers' Ret. Sys.*, 2016 WL 7477753, at *3 ("While there has been evidence presented that discovery is not part of pretrial procedures in Germany, there is no indication of a restriction on this type of evidence gathering. In fact Applicant presented case law showing German courts often welcome this evidence as part of their proceedings."); *Cal. State Teachers' Ret. Sys.*, 2017 WL 1246349, at *3 ("'German courts often welcome this evidence as part of their proceedings'. . . .  Because there is no indication that a request under §1782 circumvents any German policy on discovery, this Court does not find Appellant's argument persuasive that factor three weighs against granting the application.").

### d.     The Discovery Sought Is Not Unduly Intrusive or Burdensome

The final discretionary factor under *Intel* asks whether the discovery sought is "unduly intrusive or burdensome." *O'Keeffe*, 646 F. App'x at 266.  The "'assessment of the fourth factor is virtually identical to the familiar "overly burdensome" analysis that is integral to the Federal

- 10 -

Rules.'" *Cal. State Teachers' Ret. Sys.*, 2016 WL 7477753, at *4; *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016); *Ahmad*, 785 F. Supp. 2d at 438. This factor weighs in favor of allowing discovery.

Petrobras has incurred billions of dollars in civil liability and financial penalties related to the massive fraud it committed against investors around the world. Thus, the discovery sought is clearly proportional. *See Cal. State Teachers' Ret. Sys.*, 2017 WL 1246349, at *5 ("[D]iscovery is proportional here because VWGoA is not a unrelated non-party, but a party that has incurred billions of dollars in fines for its conduct involving the defeat device. Given the magnitude of deception at issue in this case, the Court is not prepared to conclude that the document requests here are excessive or overbroad.").

Moreover, the discovery sought here is narrowly tailored and seeks only those documents already produced by Petrobras in this action. As such, the burden of production on Petrobras, if any, would be minimal. *Infineon Techs. AG v. Green Power Techs. Ltd.*, 247 F.R.D. 1, 5 (D.D.C. 2005) ("[T]here is no burden on Infineon in this instance because the documents have already been produced, and GPT is only asking to share the documents that it possesses with its German counsel and perhaps with the German court."); *In re Application of Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004) (finding no undue burden or expense where "KC previously produced most of the documents that P & G seeks in an arbitration"); *Pimenta*, 942 F. Supp. 2d at 1289-90 ("The undersigned has already received the document production sought in the Application, so any perceived burden has already been borne and this fourth factor does not counsel against granting the Application."); *In re Berlamont*, No. 14-mc-00190 (JSR), 2014 WL 3893953, at *2 (S.D.N.Y. Aug. 4, 2014) ("[T]he petitioner is seeking a specific, discrete set of documents that are easily identifiable

and not unduly burdensome."), *aff'd sub nom. In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456 (2d Cir. 2014).

Because Petrobras can demonstrate little burden by having to reproduce documents already collected and produced in this action, this discretionary factor weighs in favor of allowing discovery.

### C.  In the Alternative, This Court Should Unseal the Summary Judgment Papers Filed in This Action

In the alternative to granting discovery under 28 U.S.C. §1782, this Court should unseal the Summary Judgment Papers that were filed under seal in this action.  "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch*, 435 F.3d at 119.  "In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Id.* at 120.  This Court, too, has recognized the "strong presumption in favor of public access to judicial documents." *Redeemer Comm. of Highland Credit Strategies Funds v. Highland Capital Mgmt., L.P.*, 182 F. Supp. 3d 128, 130 (S.D.N.Y. 2016).

The Second Circuit has articulated a three-step analysis for determining whether documents should be filed under seal.  First, a court must determine whether the filing at issue is a "judicial document" to which the presumption of access attaches.  *Lugosch*, 435 F.3d at 119.  Second, the court must determine the weight of the presumption of access.  *Id.*  Third, the court must "'balance competing considerations against it.'" *Id.* at 120.  "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.*

Under the Second Circuit's analytical framework, a strong presumption of access attaches to the Summary Judgment Papers that were filed under seal in this action, and that presumption is not

outweighed by any countervailing factors.  Therefore, the Summary Judgment Papers should be unsealed.

### a.       The Summary Judgment Papers Are "Judicial Documents"

The Summary Judgment Papers were submitted in connection with a motion for summary judgment, thus, they are indisputably "judicial documents" to which the strong presumption of access attaches.  *Id*. at 121 ("Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("[W]e have determined that a report submitted to a court in connection with a summary-judgment motion is entitled to a strong presumption of access.").  The presumption of access to summary judgment filings attaches, even if the Court did not rule on the motions.  *Lugosch*, 435 F.3d at 121 ("'[D]ocuments that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision.'") (emphasis in original); *Eagle Star*, 2013 WL 5322573, at *3 ("Whether the Court decided the petition or the motion to dismiss therefore does not affect the weight of the presumption of access.").

Thus, Summary Judgment Papers are judicial documents to which the strong presumption of access attaches.

### b.       The Weight of the Presumption of Access Is High

As noted, the Second Circuit has determined that documents filed in connection with summary judgment carry the highest presumption of access: "'documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*.'"  *Lugosch*, 435 F.3d at 123 (emphasis in original).  And the fact that Cornell seeks

- 13 -

unsealing of the documents for use in the pending arbitration against Petrobras in Brazil does not affect the weight of the presumption. *See id.* ("consideration of the [movant's] ultimate interest in the case should not affect the weight of the presumption").

Here, the Summary Judgment Papers constitute "'the heart of what the Court is asked to act upon'"; "[t]he weight of the presumption of access therefore is correspondingly high." *Eagle Star*, 2013 WL 5322573, at *2.

### c.   There Are No Countervailing Factors that Defeat the Presumption of Access

The weight of the presumption of access must be balanced against any countervailing factors, which include: "'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120.  With respect to the qualified First Amendment right of access, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124.  "'Broad and general findings by the trial court . . . are not sufficient to justify closure.'" *Id.* at 120.

Here, there are no countervailing factors that would warrant keeping the Summary Judgment Papers in this case under seal.  Petrobras may point to the confidentiality order entered in this case (ECF No. 206), but a confidentiality order, in and of itself "is insufficient to demonstrate that sealing is necessary." *Eagle Star*, 2013 WL 5322573, at *3; *see also Lugosch*, 435 F.3d at 126 ("[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable.").  Therefore, the Summary Judgment Papers should be unsealed.

## III.   CONCLUSION

Petrobras committed one of the largest securities frauds in history, which impacted the capital markets in the U.S. and Brazil, and damaged investors in both countries, and throughout the

- 14 -

world.   After successfully moving to dismiss class members' claims arising from purchases of

Petrobras stock traded on the Brazilian stock exchange, Petrobras settled the U.S. claims asserted

against it and is now seeking to escape liability under the Brazilian law claims being arbitrated in

Brazil.  The discovery that Petrobras produced in this case directly relates to the claims pending in

Brazil and, for the reasons detailed above, should be produced to Cornell for use in the arbitration

that is pending there.  The Brazilian arbitration itself is a confidential proceeding, and Cornell will

gladly enter into a confidentiality order in connection with Petrobras' production of discovery here

to ensure the continued confidentiality of such documents.   In the alternative, the Summary

Judgment Papers filed in this case should be unsealed so that those documents may be used to

support Cornell's arbitration against Petrobras in Brazil.

DATED:  May 10, 2019                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        SAMUEL H. RUDMAN


                                                s/ SAMUEL H. RUDMAN
                                        SAMUEL H. RUDMAN

                                        58 South Service Road, Suite 200
                                        Melville, NY  11747
                                        Telephone:  631/367-7100
                                        631/367-1173 (fax)
                                        srudman@rgrdlaw.com

                                        *Attorneys for Cornell University*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 10, 2019, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

non-CM/ECF participants indicated on the attached Manual Notice List.

s/ SAMUEL H. RUDMAN
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  srudman@rgrdlaw.com

1563919_1

**Mailing Information for a Case 1:14-cv-09662-JSR IN RE: Petrobras Securities Litigation**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Elkan Abramowitz**
  eabramowitz@maglaw.com,cseel@maglaw.com

- **Naumon A Amjed**
  namjed@ktmc.com,iyeates@ktmc.com,4980043420@filings.docketbird.com,mswift@ktmc.com

- **Adam M. Apton**
  aapton@zlk.com

- **Michael Scott Bailey**
  michael.bailey@skadden.com

- **Luke Ashe Barefoot**
  lbarefoot@cgsh.com,maofiling@cgsh.com

- **Eric James Belfi**
  ebelfi@labaton.com,kgutierrez@labaton.com,ElectronicCaseFiling@labaton.com,4076904420@filings.docketbird.com

- **Max Wallace Berger**
  MWB@blbglaw.com

- **Jeremy A. Berman**
  jberman@skadden.com

- **Rebecca A. Beynon**
  rbeynon@kellogghansen.com

- **John Benjamin Bireley**
  bbireley@gibbsbruns.com,ssmith@gibbsbruns.com,jwalker@gibbsbruns.com

- **Mathis B. Bishop**
  mbishop170@gmail.com

- **Douglas Gregory Blankinship**
  gblankinship@fbfglaw.com

- **Michael Dains Blatchley**
  michaelb@blbglaw.com,DavidK@blbglaw.com

- **Joshua N. Bleichman**
  bleichmanklein@gmail.com

- **William Breslin Brady**
  wbrady@goodwinprocter.com

- **Joshua D. Branson**
  jbranson@kellogghansen.com,ecf-e19b3b6f5416@ecf.pacerpro.com,aoak@kellogghansen.com

- **James J. Capra , Jr**
  jcapra@kslaw.com,shosein@kslaw.com,jcmccullough@kslaw.com

- **David Emmett Carney**
  david.carney@skadden.com

- **Gregory M. Castaldo**
  gcastaldo@ktmc.com,dpotts@ktmc.com,8807029420@filings.docketbird.com

- **Darren J. Check**
  dcheck@ktmc.com

- **Alexis L. Collins**
  alcollins@cgsh.com,dcmaofiling@cgsh.com,dc-managingclerk@cgsh.com

- **Roger Allen Cooper**
  racooper@cgsh.com,maofiling@cgsh.com

- **Jason Robert D'Agnenica**
  jasondag@ssbny.com

- **Israel Dahan**
  idahan@kslaw.com,jcmccullough@kslaw.com

- **Patrick Vincent Dahlstrom**
  pdahlstrom@pomlaw.com

- **Bruce Whitney Dona**
  bruce.dona@ksfcounsel.com

- **Jeffrey Aaron Dubbin**
  jdubbin@labaton.com,6415738420@filings.docketbird.com,kgutierrez@labaton.com,electroniccasefiling@labaton.com

- **Thomas A. Dubbs**
  tdubbs@labaton.com,kgutierrez@labaton.com,wtsang@labaton.com,MPenrhyn@labaton.com,1751297420@filings.docketbird.com,echan-lee@labaton.com,electroniccasefiling@labaton.com,lgottlieb@labaton.com

- **John Julian Esmay**
  jesmay@labaton.com,kguiterrez@labaton.com,echan-lee@labaton.com,2522244420@filings.docketbird.com,smundo@labaton.com,electroniccasefiling@labaton.com

- **William Evans**
  wevans@cgsh.com

- **John Owen Farley**
  jfarley@goodwinprocter.com

- **Reid Mason Figel**
  rfigel@kellogghansen.com,esavoie@kellogghansen.com,jbelfatto@kellogghansen.com

- **Robert Craig Finkel**
  rfinkel@wolfpopper.com,cdunleavy@wolfpopper.com,mgianfagna@wolfpopper.com

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **Joshua R. Furman**
  jrf@furmanlawyers.com

- **Jared Mitchell Gerber**
  jgerber@cgsh.com,maofiling@cgsh.com,Team-PetrobrasLitigation-Paralegals-CGSHOnly@cgsh.com,mirgonzalez@cgsh.com,eecarlson@cgsh.com,ebrody@cgsh.com

- **Joseph Gielata**
  gielata@gmail.com

- **Emma Gilmore**
  egilmore@pomlaw.com

- **Lionel Z. Glancy**
  lglancy@glancylaw.com,lionel-glancy-2522@ecf.pacerpro.com,csadler@glancylaw.com,pbinkow@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Andrew Edward Goldsmith**
  agoldsmith@kellogghansen.com,ecfnotices@kellogghansen.com,ggoldfeder@kellogghansen.com,ecf-2ff5a29c9f5d@ecf.pacerpro.com

- **David J. Goldsmith**
  dgoldsmith@labaton.com,1712650420@filings.docketbird.com,sauer@labaton.com,electroniccasefiling@labaton.com

- **Marc Christian Gorrie**
  mgorrie@pomlaw.com

- **Salvatore Jo Graziano**
  sgraziano@blbglaw.com,DavidD@blbglaw.com

- **Marc Ian Gross**
  migross@pomlaw.com,egoodman@pomlaw.com

- **Donald R. Hall , Jr**
  dhall@kaplanfox.com

- **Joseph Solomon Hall**
  jhall@kellogghansen.com,elewis@kellogghansen.com

- **Albert L. Hogan , III**
  al.hogan@skadden.com,chdocket@skadden.com

- **Scott A. Humphries**
  shumphries@gibbsbruns.com,ssmith@gibbsbruns.com,jan-miszkowski-3648@ecf.pacerpro.com

- **Jasmine Marie Juteau**
  JJUTEAU@MAGLAW.COM

- **Lewis Stephen Kahn**
  lewis.kahn@ksfcounsel.com

- **Robert N. Kaplan**
  rkaplan@kaplanfox.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Rebecca M Katz**
  rkatz@katzlawnewyork.com,disaacson@motleyrice.com,dabel@motleyrice.com,lkorenblit@motleyrice.com,kweil@motleyrice.com

- **John Anthony Kehoe**
  jkehoe@pomlaw.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,kgutierrez@labaton.com,drogers@labaton.com

- **Joon Hyun Kim**
  jkim@cgsh.com,maofiling@cgsh.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Adam G. Kurtz**
  agkurtz@hotmail.com

- **Lester L. Levy , Sr**
  llevy@wolfpopper.com,cdunleavy@wolfpopper.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,jsnematzadeh@pomlaw.com

- **Lewis J. Liman**
  lliman@cgsh.com,maofiling@cgsh.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,kgutierrez@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.c

- **Douglas J Michelson**
  bleichmanklein@gmail.com

- **Kevin J Miller**
  kmiller@kellogghansen.com,dmcgowan@kellogghansen.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,dawn.hartman@ksfcounsel.com,kimmiller225@yahoo.com

- **Christopher F. Moriarty**
  cmoriarty@motleyrice.com,sturman@sturman.ch

- **Brian Philip Murray**
  bmurray@glancylaw.com,brian-murray-4237@ecf.pacerpro.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **Hae Sung Nam**
  hnam@kaplanfox.com,wgomes@kaplanfox.com,mmccahill@kaplanfox.com

- **William H. Narwold**
  bnarwold@motleyrice.com,lmclaughlin@motleyrice.com,vlepine@motleyrice.com,kweil@motleyrice.com,ajanelle@motleyrice.com

- **Justin Solomon Nematzadeh**
  jnematzadeh@pomlaw.com,egoodman@pomlaw.com,mgrunfeld@pomlaw.com

- **William John O'Brien , III**
  wobrien@skadden.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,cgarcia@pomlaw.com

- **Michael Pauze**
  mpauze@kslaw.com,jcmccullough@kslaw.com

- **John Jacob Pentz , III**
  jjpentz3@gmail.com

- **Nicholas Ian Porritt**
  nporritt@zlk.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com,echang@glancylaw.com

- **Fei-Lu Qian**
  fqian@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Daniel Prugh Roeser**
  droeser@goodwinlaw.com,cbrown@goodwinlaw.com,judylin@goodwinlaw.com,jkilleen@goodwinlaw.com

- **Michael Howard Rogers**
  mrogers@labaton.com,kgutierrez@labaton.com,smundo@labaton.com,jesmay@labaton.com,8956253420@filings.docketbird.com,electroniccasefiling@labaton.com,c

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

- **Casey Edwards Sadler**
  csadler@glancylaw.com,info@glancylaw.com,casey-sadler-7351@ecf.pacerpro.com

- **Joshua H Saltzman**
  jsaltzman@kaplanfox.com

- **David L. Schwarz**
  dschwarz@kellogghansen.com,ecf-291ad6066b9b@ecf.pacerpro.com,aoak@kellogghansen.com

- **Andrew Chun-Yang Shen**
  ashen@kellogghansen.com,ecf-bbda865ad8ce@ecf.pacerpro.com,fdijulio@kellogghansen.com,psheerin@kellogghansen.com

- **Peter Simshauser**
  peter.simshauser@skadden.com,tholden@skadden.com,mlcbos@skadden.com

- **Katherine Mccracken Sinderson**
  katiem@blbglaw.com

- **Jennifer Banner Sobers**
  jbsobers@pomlaw.com

- **Jennifer Lynn Spaziano**
  jen.spaziano@skadden.com

- **Edward M. Spiro**
  espiro@magislaw.com

- **Anna St. John**
  anna.stjohn@hlli.org,ted.frank@cei.org,melissa.holyoak@cei.org,shuyande24@gmail.com

- **Erica Lauren Stone**
  estone@rosenlegal.com

- **Richard Mark Strassberg**
  rstrassberg@goodwinprocter.com,EDavid@goodwinlaw.com,nymanagingclerk@goodwinprocter.com

- **Brenda F. Szydlo**
  bszydlo@pomlaw.com,abarbosa@pomlaw.com

- **William Thomas**
  wthomas@cgsh.com

- **Kenneth Yeatts Turnbull**
  kturnbull@kslaw.com,sbrescia@kslaw.com

- **Amy L. Van Gelder**
  amy.vangelder@skadden.com,chdocket@skadden.com

- **Elizabeth Vicens**
  evicens@cgsh.com,maofiling@cgsh.com

- **Howard L. Vickery , II**
  hvickery@bsfllp.com,rdesai@bsfllp.com,NYC_Managing_Clerk@bsfllp.com

- **Chet Barry Waldman**
  cwaldman@wolfpopper.com

- **Kenneth E. Warner**
  KWarner@WarnerPartnersLaw.com,KWarner@WarnerPC.com

- **Susan Jessica Weiswasser**
  sjweiswasser@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

AAAID Equity Portfolio
,

Aberdeen Canada  Socially Responsible Global Fund
,

Aberdeen Canada  Socially Responsible International Fund
,

Aberdeen Canada Funds  EAFE Plus Equity Fund and Aberdeen Canada Funds  Global Equity Fund, each a series of Aberdeen Canada Funds
,

Aberdeen EAFE Plus Ethical Fund, Aberdeen EAFE Plus Fund, Aberdeen EAFE Plus SRI Fund, Aberdeen Emerging Markets Equity Fund, and Aberdeen Global Equity Fur
,

Aberdeen Emerging Markets Fund, Aberdeen Global Equity Fund

,

Aberdeen Fully Hedged International Equities Fund

,

Aberdeen Global  Emerging Markets Equity Fund

,

Aberdeen Global  Ethical World Equity Fund; Aberdeen Global  Responsible World Equity Fund

,

Aberdeen Global  World Equity Dividend Fund; Aberdeen Global  World Equity Fund

,

Aberdeen Global  World Resources Equity Fund, Aberdeen Emerging Markets Equity Fund, Aberdeen Ethical World Equity Fund, Aberdeen Multi-Asset Fund, Aberdeer

,

Aberdeen Global Natural Resources Fund

,

Aberdeen Global ex Japan Pension Fund ppit

,

Aberdeen International Equity Fund

,

Aberdeen International Equity Fund, each a series of Aberdeen Funds; Aberdeen Canada  Emerging Markets Fund

,

Aberdeen Latin America Equity Fund, Inc.

,

Aberdeen Latin American Income Fund Limited

,

Alberta Teachers Retirement Fund

,

Aon Hewitt Investment Consulting, Inc.

,

Aura Capital Limited

,

Aurion International Daily Equity Fund

,

Bell Aliant Regional Communications Inc.

,

Catherine O. Bishop
204 E. Oakview Place
San Antonio, TX 78209

Board of Education Retirement System of the City of New York

,

Board of Regents of the University of Texas System

,

City of Albany Pension Plan

,

DFA Australia Limited solely in its capacity as responsible entity for the Dimensional Emerging Markets Trust

,

DFA International Core Equity Fund and DFA International Vector Equity Fund by Dimensional Fund Advisors Canada ULC solely in its capacity as Trustee

,

DFA Investment Dimensions Group Inc. on behalf of its series Emerging Markets Core Equity Portfolio

,

DFA Investment Trust Company on behalf of its series The Emerging Markets Series

,

DGIA Emerging Markets Equity Fund L.P.

,

Danske Invest Management A/S

,

Danske Invest Management Company

,

Desjardins Dividend Income Fund

,

Desjardins Emerging Markets Fund

,

Desjardins Global All Capital Equity Fund

,

Desjardins Overseas Equity Value Fund

,

Devon County Council Global Emerging Market Fund

Devon County Council Global Equity Fund
,

Dimensional Emerging Markets Value Fund
,

Dimensional Funds ICVC on behalf of its sub-fund Emerging Markets Core Equity Fund
,

Dimensional Funds plc on behalf of its sub-fund Emerging Markets Value Fund
,

Emerging Markets Social Core Equity Portfolio and T.A. World ex U.S. Core Equity Portfolio
,

Erie Insurance Exchange
,

FS International Equity Mother Fund
,

First Trust / Aberdeen Emerging Opportunity Fund
,

Forsta AP-Fonden
,

GE UK Pension Common Investment Fund
,

Emelina Gielata
100 Westbury Drive
Coraopolis, PA 15108

Richard Gielata
100 Westbury Drive
Coraopolis, PA 15108

Michael            Goldberg
Glancy Binkow & Goldberg, LLP (CA)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

Hampshire County Council  Global Equity Portfolio
,

JHF Hedged Equity & Income Fund
,

JHF Income Securities Trust
,

JHF Investors Trust
,

John Hancock Bond Trust
,

John Hancock Funds II
,

John Hancock Investment Trust
,

John Hancock Sovereign Bond Fund
,

John Hancock Strategic Series
,

John Hancock Variable Insurance Trust
,

London Borough of Hounslow Superannuation Fund
,

MTR Corporation Limited Retirement Scheme
,

Mackenzie Universal Sustainable Opportunities Class
,

Marshfield Clinic; Mother Theresa Care and Mission Trust
,

Myria Asset Management  Emergence M
,

NN Investment Partners B.V., acting in the capacity of management
,

NN Investment Partners B.V., acting in the capacity of management company of the mutual fund NN Global Equity Fund
,

NN Investment Partners B.V., acting in the capacity of management company of the mutual fund NN Hoog Dividend Aandelen Fonds
,

NN Investment Partners B.V., acting in the capacity of management company of the mutual fund NN Institutioneel Dividend Aandelen Fonds
,

NN Investment Partners Luxembourg S.A., acting in the capacity of management company SICAV and its Sub-Funds, and NN (L) SICAV, for and on behalf of NN (L)
,

National Pension Service; and NPS Trust  Active 14
,

New York City Deferred Compensation Plan
,

New York City Employees' Retirement System
,

New York City Fire Department Pension Fund;
,

New York City Police Pension Fund
,

SKAGEN AS
,

Teachers' Retirement System of the City of New York
,

Transamerica Funds
,

Transamerica Income Shares, Inc.
,

Transamerica Series Trust
,

Trustees of the Estate of Bernice Pauahi Bishop d/b/a Kamehameha Schools
,

Washington State Investment Board
,