N.Y.S.D. Case #
14-cv-9662(JSR)

18-2270 (Con)
In re Petrobras Sec. Litig.



# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:

        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges,*
        JANE A. RESTANI
                *Judge.\**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sep 06 2019

**In Re: Petrobras Securities Litigation**

**Universities Superannuation Scheme Limited Employees Retirement System of the State of Hawaii, North Carolina Department of State Treasurer,**

*Plaintiffs-Appellees*,

**Aura Capital Ltd., Dimensional Emerging Markets Value Fund, DFA Investment Dimensions Group Inc., on behalf of its series Emerging Markets Core Equity Portfolio, Emerging Markets Social Core Equity Portfolio and T.A. World ex U.S. Core Equity Portfolio, DFA Investment Trust Company, on behalf of its series The Emerging Markets Series, DFA**

---

\* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

MANDATE

MANDATE ISSUED ON 09/06/2019

**Austria Limited, solely in its capacity as responsible entity for the Dimensional Emerging Markets Trust, DFA International Core Equity Fund, and DFA International Vector Equity Fund by Dimensional Fund Advisors Canada ULC solely in its capacity as Trustee, Dimensional Funds plc, on behalf of its sub-fund Emerging Markets Value Fund, Dimensional Funds ICVC, on behalf of its sub-fund Emerging Markets Core Equity Fund, SKAGEN AS, Danske Invest Management A/S, Danske Invest Management Company, New York City Employees' Retirement System, New York City Police Pension Fund, Board of Education Retirement System of the City of New York, Teachers' Retirement System of the City of New York, New York City Fire Department Pension Fund, New York City Deferred Compensation Plan, Forsta AP-fonden, Transamerica Income Shares, Inc., Transamerica Funds, Transamerica Series Trust, Transamerica Partners Portfolios, John Hancock Variable Insurance Trust, John Hancock Funds II, John Hancock Sovereign Bond Fund, John Hancock Bond Trust, John Hancock Strategic Series, John Hancock Investment Trust, JHF Income Securities Trust, JHF Investors Trust, JHF Hedged Equity & Income Fund, Aberdeen Emerging Markets Equity Fund, Aberdeen Global Equity & Income Fund, Aberdeen Global Natural Resources Fund, Aberdeen International Equity Fund, each a series of Aberdeen Funds; Aberdeen Canada Emerging Markets Fund, Aberdeen Canada Socially Responsible Global Fund, Aberdeen Canada Socially Responsible International Fund, Aberdeen Canada Funds EAFE Plus Equity Fund and Aberdeen Canada Funds Global Equity Fund, each a series of Aberdeen Canada Funds, Aberdeen EAFE Plus Ethical Fund, Aberdeen EAFE Plus Fund, Aberdeeen EAFF Plus SRI Fund, Aberdeeen Emerging Markets Equity Fund, and Aberdeen Global Equity Fund, each a series of Aberdeen Intitutional C, Aberdeen Fully Hedged International Equities Fund, Aberdeen**

2

**International Equity Fund, Aberdeen Global Ethical World Equity Fund, Aberdeen Global Responsible World Equity Fund, Aberdeen Global World Equity Dividend Fund, Aberdeen Global World Equity Fund, Aberdeen Global World Resources Equity Fund, Aberdeen Emerging Markets Equity Fund, Aberdeen Ethical World Equity Fund, Aberdeen Multi-Asset Fund, Aberdeen World Equity Fund, Aberdeen World Equity In, Aberdeen Latin America Equity Fund, Inc., Aberdeen Latin America Equity Fund, Inc., AAAID Equity Portfolio, Alberta Teachers Retirement Fund, Aon Hewitt Investment Consulting, Inc., Aurion International Daily Equity Fund, Bell Aliant Regional Communications Inc., BMO Global Equity Class, City of Albany Pension Plan, Desjardins Dividend Income Fund, Desjardins Emerging Markets Fund, Desjardins Emerging Markets Fund, Desjardins Global All Capital Equity Fund, Desjardins Overseas Equity Value Fund, Devon County Council Global Emerging Market Fund, Devon County Council Global Equity Fund, DGIA Emerging Markets Equity Fund L.P., Erie Insurance Exchange, First Trust / Aberdeen Emerging Opportunity Fund, GE UK Pension Common Investment Fund, Hampshire County Council Global Equity Portfolio, London Borough of Hounslow Supperannuation Fund, MacKenzie Universal Sustainable Opportunities Class, Marshfield Clinic, Mother Theresa Care and Mission Trust, MTR Corporation Limited Retirement Scheme, Myria Asset Managment Emergence, M, National Pension Service, and NPS Trust Active 14, Ohio Public Employees Retirement System, Washington State Investment Board, Aberdeen Latin American Income Fund Limited, Aberdeen Global ex Japan Pension Fund ppit, FS International Equity Mother Fund, NN Investment Partners B.V., acting in the capacity of management, NN Investment Partners B.V., acting in the capacity of management company of the mutual fund NN Global Equity Fund, NN Investment Partners B.V., acting in the capacity**

3

of management company of the muitual fund NN Hoog Dividend Aandelen Fonds, NN Investment Partners B.V., acting in the capacity of management copmany of the mutual fund NN Institutioneel Dividend Aandelen, NN Investment Partners Luxembourg S.A., acting in the capacity of management company SICAV and its Sub-Funds, and NN (L) SICA, for and on behalf of NN (L) Emerging Markets High Dividend, NN (L) First, Aura Capital Ltd., WGI Emerging Markets Fund, LLC, Bill and Melinda Gates Foundation Trust, Board of Regents of the University of Texas System, Trustees of the Estate of Bernice Pauahi Bishop, DBA Kamehameha Schools, Louis Kennedy, individually and on behalf of all others similarly situated, Ken Ngo, individually and on behalf of all other similarly situated, City of Providence, individually and on behalf of all other similarly situated, Handelsbanken Fonder AB, Public Employee Retirement System of Idaho, Peter Kaltman, individually and on behalf of all others similarly situated, Union Asset Management Holding AG, Jonathan Messing, individually and on behalf of all other similarly situated,

    *Plaintiffs*,

  v.

**Spencer Bueno, Mathis B. Bishop, Catherine O. Bishop, Joseph Gielata, Richard Gielata, Emelina Gielata,**

    *Objectors-Appellants*,

  v.

**Petroleo Brasileiro S.A. Petrobras, PricewaterhouseCoopers Auditores Independentes, BB Securities Ltd., Theodore Marshall Helms, Petrobras Global Finance B.V., Petrobras America Inc., Mitsubishi UFJ Securities (USA), Inc., HSBC Securities (USA)**

18-2120 (L),
18-2270 (Con),
18-2276 (Con),
18-2324 (XAP)

4

**Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Standard Chartered Bank, Bank of China (Hong Kong) Limited, Banco Bradesco BBI S.A., Banca IMI, S.p.A., Scotia Capital (USA) Inc., Citigroup Global Markets Inc., Itau BBA USA Securities, Inc., JP Morgan Securities LLC, Morgan Stanley & Co. LLC,**

*Defendants-Appellees*,

**Mariangela Mointeiro Tizatto, Josue Christiano Gome Da Silva, Daniel Lima De Oliveira, Santander Investment Securities Inc., Banco Votorantin Nassau Branch, Gustavo Tardin Barbosa, Jose Sergio Gabrielli, Silvio Sinedino Pinheiro, Paulo Roberto Costa, Jose Carlos Cosenza, Renato de Souza Duque, Guillherme de Oliveira Estrella, Jose Miranda Formigl Filho, Maria Das Gracas Silva Foster, Almir Guilherme Barbassa, Jose Raimundo Branda Pereira, Servio Tulio Da Rosa Tinoco, Paulo Jose Alves, Alexandre Quintao Fernandes, Marcos Antonio Zacarias, Cornelis Franciscus Joze Looman,**

*Defendants*.

---

| | |
|---|---|
| **FOR OBJECTORS-APPELLANTS:** | Joseph Gielata, pro se, La Jolla, CA; Richard Gielata, Emelina Gielata, pro se, Coraopolis, PA. |
| **FOR PLAINTIFFS-APPELLEES:** | Jeremy Lieberman, Emma Gilmore, Brenda F. Szydlo, Jennifer B. Sobers, Pomerantz LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Lewis J. Liman, Jared Gerber, Joon H. Kim, Cleary Gottlieb Steen & Hamilton, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

5

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This case concerns objections to a roughly three-billion-dollar settlement agreement in a securities class action against Petróleo Brasileiro S.A. ("Petrobras"). Two purchasers of Petrobras shares, Richard and Emelina Gielata, objected to the proposed settlement, arguing that the settlement class should have excluded claims based on foreign purchases of securities (which were likely meritless under U.S. securities law). The district court approved the proposed settlement and determined that the Gielatas's objections were without merit, reasoning that the defendants are permitted to settle meritless claims. *See In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 866–67 (S.D.N.Y. 2018). On appeal, the Gielatas assigned a portion of their claim to their son, Joseph Gielata, a retired attorney who had drafted his parents' original objection in the district court.[1] All three Gielatas, proceeding pro se under a single brief written by Joseph Gielata, now argue that there is a conflict between shareholder claims and claims based on purchases of debt securities ("noteholder claims") because the noteholder claims included the foreign-purchaser group, which were "weaker," and the district court should have created subclasses with independent representation for each group. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

---

[1] The appellees noted in their brief that they intended to move for sanctions against Joseph Gielata for unauthorized practice of law. They have not so moved.

[2] The consolidated appeals by objectors Catherine O. and Mathis B. Bishop, No. 18-2120, and Spencer Bueno, No. 18-2276, as well as the cross-appeal by class counsel Pomerantz LLP, No. 18-2324, have all been dismissed.

The parties dispute the appropriate standard of review in this case. The appellees urge the application of an abuse of discretion standard, *see In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011) ("*Literary Works*"), whereas the Gielatas insist that a de novo standard is more appropriate because the adequacy of class representation is a due process issue and less deference is given to the district court's decision when a class is certified simultaneously with the approval of a class settlement. However, even in cases where this Court addressed the adequacy of class representation, we have still applied an abuse of discretion standard. *See id.* Accordingly, we apply an abuse of discretion standard here.

The appellees insist that the Gielatas' subclass arguments are waived on appeal because the Gielatas failed to raise them in the district court. The Gielatas reply that they asserted a conflict between subgroups in the settlement class, albeit not this exact conflict, and that another objector raised the subclasses issue, which the district court then fully addressed. "Generally, 'a federal appellate court does not consider an issue not passed upon below.'" *Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, Inc.*, 54 F.3d 69, 73 (2d Cir. 1995) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). "This general rule may be overcome only when necessary to avoid manifest injustice, or where there is some extraordinary need . . . to consider [the] appellant['s] claim[.]" *Id.* (ellipsis in original) (internal quotation marks and citation omitted).

We agree with the appellees. The Gielatas did not assert their appellate arguments in the district court. Although their objection referenced the relevant caselaw related to subclasses in class action settlements, they asserted a conflict between shareholders and noteholders who could meet the domesticity requirement, on the one hand, and noteholders who could not meet the domesticity requirement, on the other; they did not make arguments about conflict between

7

shareholders and *all* noteholders, as they do on appeal. The thrust of their arguments was to exclude foreign claims from the settlement class and appoint independent counsel to assist the settlement administrator to sort and remove the foreign claims. They did not argue for the creation of subclasses based on shareholders and noteholders or for appointment of class representatives for those subclasses, nor did they adopt the objections filed by others. Barring manifest injustice or an extraordinary need, then, we will not consider those arguments because the Gielatas waived (or at least forfeited) the arguments they now raise on appeal. *Cf. Literary Works*, 654 F.3d at 255 n.8 (declining to consider objector's other argument concerning a fundamental conflict between subclasses because it was not raised before the district court).

The Gielatas make two primary arguments challenging this analysis. First, they assert that there is no surprise to the appellees because the district court addressed the subclass issue in its order approving the settlement and the appellees had an opportunity to respond in the district court. But this is meritless. Although the district court addressed the subclass issue, it did so because of objections raised by two other parties. One of those objectors did not appeal, and the other withdrew his appeal. The appellees therefore would be surprised that the Gielatas are raising the subclasses issue when they did not do so in the district court, and their argument that the issue has been waived suggests that they are in fact surprised.

Nor can the Gielatas argue that the appellees had an opportunity to respond to the new objection; the new objection is not identical to or an extension of the subclass issue asserted by the other objectors. The two other objectors argued for subclasses consisting of domestic purchasers and foreign purchasers and for class representatives of the two subclasses. The district court addressed only these potential subgroups. By contrast, the Gielatas argue for subclasses for

8

*shareholders* and *noteholders*, and independent class representatives and counsel for those two groups. The appellees have had no opportunity to litigate either issue.

Second, the Gielatas argue that the waiver rule is not applied rigidly and is especially relaxed in class actions, primarily relying on *Yee v. City of Escondido, Cal.*, 503 U.S. 519 (1992), in which the Supreme Court stated that "[o]nce a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Id.* at 534. But *Yee* does not permit a party to raise an entirely new claim on appeal. Rather, it permits appellate courts to "entertain additional support that a party provides for a proposition presented below." *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 221 (2d Cir. 2006) (citing *Yee*, 503 U.S. at 534); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 697 F.3d 154, 161 n.3 (2d Cir. 2012). As discussed above, the Gielatas are not merely citing additional support for the objections they argued in the district court. They raise an entirely different claim: that there is a conflict between the shareholders and noteholders subgroups, rather than the domestic and foreign purchasers. This is not an objection they (or any other objector) made in the district court. *See United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, and where that party has had ample opportunity to make the point in the trial court in a timely manner, waiver will bar raising the issue on appeal." (internal citations omitted)).

Further, the Gielatas cite no binding caselaw to support their contention that the waiver rule is relaxed in class actions, and we have previously applied the waiver rule against objectors who raise new arguments on appeal concerning potential internal class conflicts. *See Literary Works*, 654 F. 3d at 255 n.8 (argument concerning conflict between class member claims waived). We

9

have also applied the waiver rule against objectors in other contexts. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (argument challenging class counsel's fee waived); *In re Elec. Books Antitrust Litig.*, 639 F. App'x 724, 727 (2d Cir. 2016) (summary order) (argument challenging settlement as premature waived).

The Gielatas have waived their arguments on appeal by failing to raise them in the district court despite ample opportunity. They elected not to argue in the district court for any subclasses, and they identified the chief conflict as being between domestic purchasers, which included both shareholders *and* noteholders, and foreign purchasers. The Gielatas have thereby waived their challenge to the district court's class certification and approval of the settlement, and we see no manifest injustice or extraordinary need to exercise our discretion to nonetheless entertain the challenge.

We have reviewed the remainder of the Gielatas's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit