UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :    14-cv-9662 (JSR)
In re: PETROBRAS SECURITIES          :
LITIGATION                           :    ORDER
                                     :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

    Petrobras investor Spencer Bueno submitted a claim on June 8, 2018 for compensation in the class action settlement, prior to the June 9, 2018 filing deadline. The Claims Administrator subsequently denied Mr. Bueno's claim. Mr. Bueno has now written to the Court (in a letter dated August 27, 2019 that will be docketed) asking the Court to review the Claims Administrator's decision to reject his claim.

    After full review, the Court declines to overturn the Claims Administrator's determination. Under the calculation method set forth in the Court's plan of allocation for the Petrobras settlement, Mr. Bueno did not lose money on his investment in Petrobras common American Depositary Shares (ADSs). Specifically, Mr. Bueno purchased and sold 154,100 common ADSs between December 14, 2010 and February 17, 2015. He sold 129,600 shares prior to October 16, 2014; under the Court's plan of allocation, the recognized loss on ADSs sold prior to October 16, 2014 is zero. Mr. Bueno then sold 24,500 ADSs between November 24, 2014 and February 17, 2015. After matching

1

each sale chronologically against each purchase, Mr. Bueno recognized an overall market gain of $16,110.60 on these transactions.

For these reasons, the Court accepts the Claims Administrator's recommendation and hereby rejects Mr. Bueno's claim.

SO ORDERED.

Dated:   New York, NY
         September 10, 2019

JED S. RAKOFF, U.S.D.J.

**Spencer Roland Bueno**
P.O. Box #546063
Miami Beach, FL 33154

Spencer.bueno@gmail.com
858.752.0876

**August 27, 2019**

The Honorable Jed S. Rakoff
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 14B
New York, New York 10007

RE: **In re Petrobras Securities Litigation**
Case No. 14-cv-9662 (JSR)

Dear Honorable Judge Jed S.Rakoff:

I attended the Petrobras Securities Final Settlement Hearing on June 4th, 2018 in Courtroom 14B as an objector to the $3 Billion Dollar Petrobras Securities Litigation Settlement in a packed courtroom accompanied by my girlfriend Christiane Scott. Unfortunately, it was not until the night before the Final Settlement Hearing that I learned my retained counsel, Attorney Joshua R Furman, would not be attending the hearing to my severe shock and disappointment-though he had filed a motion to appear. This was my first foray in the *physical* legal world of securities litigation. [1] Today, I humbly ask the court to review my timely filed settlement claims for they have been *denied* by the claims administrator though I have suffered financial harm to the tune of tens of thousands of dollars after taking the initiative to travel to the Final Settlement Hearing after retaining counsel and filing a timely objection.

I was not going to miss the hearing for any reason, except, possibly for lack of financial means. I immediately learned that one must be relatively rich to afford effective counsel-let alone the effective assistance of counsel in costs related to litigation such as filing fees, travel fees, hotel fees, flights, meals, and eventual appeal bonds. I mention my girlfriend, Christiane, as I am humbly grateful for her assistance as she has financed my litigation and living expenses while I have engaged in the pursuit to reclaim my losses as a retail investor due to the many financial frauds I have encountered while investing with unknowingly fraudulent Wall Street institutions- even against my own personal banking institution Wells Fargo whom opened sham accounts in my name. I have been completely wiped out financially due to the investment losses of this Petrobras Securities Fraud and in another securities case where I have been appointed as ***Lead Plaintiff*** in all securities claims, unopposed in an instant action on August 16th, 2018 by Honorable U.S. District Judge Manish Shah of the Northern District of Illinois (mentioned in footnote no.1 ) roughly 2 months after attending the Petrobras Final Settlement hearing.

---

[1] Prior to physically attending the Petrobras Settlement Hearing, I had previously filed a federal securities complaint with Law Firms Robbins, Geller, Rudman & Dowd together with Quinn, Emanuel, Sullivan & Urquhart in the Northern District of Illinois. ***Bueno v. Cboe Global Markets, Inc., et al., No. 18-cv-02435*** on April 5th, 2018. That action has since merged with the Southern District of New York cases into the U.S. Northern District of Illinois into an MDL ***IN RE: CHICAGO BOARD OPTIONS EXCHANGE VOLATILITY INDEX MANIPULATION ANTITRUST LITIGATION 1:18-cv-04171 MDL No. 2842***. Where I have been appointed as the named Lead Plaintiff in all PSLRA securities claims, unopposed, in the instant action by the Honorable Judge Manish Shah on August 16th, 2019.

Honorable Judge Jed S. Rakoff
In re Petrobras Securities Litigation
August 27, 2019
Page 2 of 5

As a Petrobras Shareholder, I purchased over $5 million dollars over 4 years within the litigated class period. I held over 155,000 shares. My claims have been *denied* in total in an extremely frustrating claims process that I had mentioned in my statement of objections filing. The Garden City Claims "GCG" claims administrator's website failed 'aka crashed' multiple times over a series of days during my attempts in filing my claims. I eventually sent in 400 + pages of computer screenshots showing my numerous trades in certified mail sent from the City of Providence to the GCG claims administrator ( now known as Epiq after selling their company shortly after the Petrobras Final Settlement Hearing) where they have deemed my claims to be incomplete, invalid, and ***denied***. GCG stated that I had actually earned money to the tune of $16,110.60[2] which is certainly *not true* during the stated class period despite having submitted various forms of my claims including digital format, in bulk print, trade confirmations, and 1099 Profit & Loss brokerage statements showing my direct losses. I asked a claim consultant firm, Chicago Clearing Corporation (CCC), to review my claims since they declared they would take a look without costs or an expensive contractual engagement-as they claimed to be "friends" with Petrobras Litigation Plaintiffs Class Counsel Legal Firm Pomerantz Managing Partner Jeremy Lieberman. I was told under their "independent" review that my claim was denied, as they too, also claimed that I had actually made money even as a long side investor during the plunging price of Petrobras' stock during the class period-though I ***knew*** I lost tens of thousands of dollars by simply reviewing my own very easy to read brokerage statements. I could not afford to hire an independent claims investigator. Especially, with my living costs and ongoing pursuits of additional litigation.[3] I also had to sell my last remaining large asset which was a Chevy Suburban vehicle to finance my travel to attend the hearing and pay for litigation expenses. In a last ditch attempt to have my losses recognized I sent in my individual monthly brokerage statements to the GCG claims administrator and they completely *reversed* course in now admitting to my securities losses. Now called, Epiq, the claims administrator confirmed that I had indeed suffered a loss into the tens of thousands due to this securities fraud. It literally took months for them to get to that point of admission-though they had all the information they required prior to the claim submission deadline that I started even before attending the Final Settlement Hearing. My now verified claim of losses is designated as ***denied***, with the claims administrator stating it does not fall within the settlement agreement terms and structure.

I have been told by many law firms that essentially no one likes an objector's presence in a case and certainly not in the courtroom. I have even been placed on a Serial Objector website[4] although this is the only objection I have exercised as legal absent shareholder in the United States or anywhere else for that matter. These are opinions that I had no idea about when filing my objection. It was only when I told my counsel at Robbins Geller that I had retained counsel and submitted an objection to the Petrobras Settlement did they mention that even many seasoned lawyers fear objecting to a settlement; let alone having the courage in showing up to court to face scrutiny from a deeply respected Federal Judge such as yourself. Robbins Geller at the time expressed that they could not represent me stating that they represented large pension fund clients and other clients that were happy with the settlement. I am

---

[2] **Petrobras Securities Claim # 1649103** Claims Administrator (MN) In re Petrobras Securities Litigation
www.petrobrassecuritieslitigation.com info@petrobrassecuritieslitigation.com

[3] *Superior Court of California, County of San Diego Case No. 37-2018-00018256-CU-OR-CTL*
Judge Kenneth J Medel Represented by Hoffman & Forde San Diego

[4] www.serialobjector.com Maintained by Law Firm: Anderson + Wanca Ph: 847.368.1400

Honorable Judge Jed S. Rakoff
In re Petrobras Securities Litigation
August 27, 2019
Page 3 of 5

assuming their clients claims are deemed eligible and valid for payment of claims.

I have learned the disdain for objectors the hardest way. My inefficient counsel who I have never met has been sanctioned; I was also told that my counsel should have independently reviewed my claim and offered a consideration for an opt-out action: perhaps at the final settlement hearing in which he did not attend. The opt-out action was a term that I was not familiar with at the time and I did not know was possible since as per the settlement agreement I had read that the opt out deadline had passed. Regardless, surely my counsel could have asked the court on my behalf to pursue such relief at the settlement hearing or perhaps thru a filing. I was never advised of this and did not have the opportunity since he was absent at the Final Settlement Hearing though I had flown there from Florida with my girlfriend at the time; my retained attorney strictly advised me not to speak at the hearing- an action I still regret. I did identify myself on numerous occasions to the clerks of my presence on that hearing day and my intention to attend beforehand. I did not know the process of addressing a claim in court ( that is why I retained counsel) as I had much difficulty understanding the extremely complicated printed settlement agreement that I had asked to be mailed to me on several occasions.

Having formally retained legal counsel, I believed my attorney would represent my issues with my best interests as I actively engaged in the lengthy process into learning how to even comprehend the final settlement agreement and its fairness to absent shareholders. So I dove deeply into research on securities class action cases, their settlements, and read many articles on the nuances of such settlement agreements that generally result in class counsel plaintiffs firms reaping massive windfall fees (such as in this Petrobras case) while many harmed investors get pennies on the dollar or in my case nothing at all despite incurring large financial losses.[5] In fact instead of being respected as a legitimate claimant with losses, the pursuit of me simply exercising my rights as a shareholder through litigation has cost me thousands of dollars, hundreds of hours spent in my research, and my good name being slandered via my counsel's sanctioning. To quote my mother Elizabeth Lorentzen Bueno, a proud Norwegian known for demonstrating her country of Norway's dry humor bluntly stated, "you sure received the full service what of the Wall Street institutions and the legal system that was designed to protect those screwed over have to offer." I have since been told that it is not uncommon for objectors with claims to be denied by claims administrators from pressure by plaintiff's class counsel. I do not know if that is the case here, however, that would certainly add insult to my already serious injury in my attempts to stand up for my rights as an injured absent class member who went to great lengths to achieve justice for being the harmed party. I thought a plaintiff's counsel would work hard to help answer the questions of an absent class member not intimidate their counsel. Certainly, in a case where the number of objectors were so scant in a case so large- the largest in a decade and the largest settlement ever involving a foreign issuer. I believe I received some tough treatment from class counsel- aren't we all playing on the same field?

---

[5] 2019 *Global Settlements: Promise and Peril* John C. Coffee Jr. Columbia Law School, jcoffee@law.columbia.edu

Honorable Judge Jed S. Rakoff
In re Petrobras Securities Litigation
August 27, 2019
Page 4 of 5

As a Federally Appointed Lead Plaintiff in an active billion dollar MDL, I am certainly not some flash in the pan objector with some small claim trying to hold up the payment of claims as been stated by numerous prominent legal blogs, well circulated law journals, and media based legal reviews-absolute slander of my good name in my humble opinion. In fact, I have now conducted over thousands of hours in research as I am currently directing the nature of a securities law case that involves global interest and globally harmed investors.

Though I certainly was not privy to the many discussions between my attorney, Joshua R Furman, the other litigating firms, and the Court as I believe I should have rightfully been included, I also did not know that my attorney should have reviewed my claim prior to me flying to New York under financial duress to attend the final settlement hearing after discussing that I have the right to alternative remedies and the right to be heard in court as an objector. However, I was presented with the uneasy revelation and presence of *Cy Pres* awards in class action settlements.

One aspect of my objection I can say with conviction that I participated in to a degree was in regards to creating a stipulation with class counsel in changing the issue of Cy Pres awards for the Petrobras litigation.[6] I certainly do not believe that any awards should go to any unharmed third party and certainly not back down to Brazil where this graft originated. Especially as the Amazon rainforest jungle burns under a thick cloud of suspicion as Petrobras is to be nationalized by the end of Brazil's President Jair Bolsonaro's term.[7] If these unlegislated awards must exist then perhaps such awards should go to beneficial institutions helping harmed plaintiffs such as: the Innocence Project (innocenceproject.org), National Coalition to Abolish the Death Penalty (NCADP.org), and an organization I just recently discovered: Public Citizen (citizen.org)- who help people who are exactly in my position, a position of not being able to afford proper representation to defend their rights to recovery, from being financially and civilly harmed.

In an effort of support, I recently attended the Appeal of this $3 Billion Dollar Petrobras Litigation settlement hearing on Tuesday August 20th, 2019 at the Thurgood Marshall Courthouse in the 2nd Circuit of Appeals in front of the 3 Judge panel. I sat at the appellants table in support of Joseph Gielata who was representing his family. My presence at the Appeals hearing has been noted by the clerk and my name was mentioned on the record in Gielata's argument. Gielata's appeal, as was my appeal before it was dropped, was based on Amchem and Morrison class structural conflicts that include the unsupported location of bondholder purchasers that could result in the return of tens of millions of dollars in claims going back to actual verified U.S. based NYSE stock purchasers in a harmed class such as myself. I also had the issue of Cy Pres awards prior to my appeal being withdrawn under severe misdirection and ill

---

[6] **Stipulation and Agreement** Case 1:14-cv-09662-JSR Document 899 Filed 10/02/18 Page 3 of 4 WHEREFORE, IT IS HEREBY STIPULATED: WHEREAS, on September 4, 2018, the Court entered an Order on Stipulation of Class Counsel and Defendants providing that "[n]either Class Counsel nor Petrobras Defendants' Counsel nor Underwriter Defendants' Counsel shall argue that, by failing to take an appeal from the judgment of July 2, 2018 approving the Settlement, an objecting Settlement Class Member has waived a claim with respect to the designation of a cy pres recipient" (Doc. No. 889); 2. **Bueno** will not make further objections to any aspect of the Settlement, nor will he make any further appeals in this matter; except and without prejudice to his right to oppose, object to, and/or appeal any request by Class Plaintiffs to distribute any benefit to a *cy pres* recipient or order thereon;
[7] https://www.reuters.com/article/us-petrobras-privatization/brazils-bolsonaro-wants-to-privatize-petrobras-by-end-of-his-term-re port-idUSKCN1VB2CW
https://riotimesonline.com/brazil-news/brazil/the-new-york-times-reports-that-bolsonaro-has-slashed-amazon-protection/

Honorable Judge Jed S. Rakoff
In re Petrobras Securities Litigation
August 27, 2019
Page 5 of 5

advisement by my counsel. I had never met objector Joseph Gielata until I sat down at the appellant table just minutes before he presented his argument before the 2nd Circuit of Appeals Panel including Chief Judge Robert A Katzmann; though ironically Gielata lived a few streets away from me when I lived in La Jolla, California. At that moment I wished more than ever that I had active appeal while sitting at the table in front of the judicial panel during the short appeals hearing. However, the chilling effect due to the sanctioning on my counsel was visceral as I could not get any firm and/or attorney to represent me in my appeal since my attorney had been threatened with sanctions. Shortly after the introduction of sanctions were made, I made well over 100 phone calls and emails to obtain representation from legal firms in the U.S. to no avail. My attorney, Mr. Furman, even withdrew my objections *without* my consent or knowledge for what I can only assume now is the threat of sanctions at the time. Quite frankly, I had no idea what litigation sanctions even meant at the time but I have learned a lot about securities law procedure with the passage of time. Furthermore, adding irreparable harm, Mr Furman told me that he could be facing actually millions of dollars in sanctions if I did not drop my appeal. I could not afford my bond appeal, Mr Furman refused any assistance in helping post my bond appeal and he certainly did not offer any alternative to so I agreed against my better judgement but backed into a financial and lack representative corner to drop my appeal. Especially, since he told me of the harm to his young growing family and the damage of sanctions that could effectively end his lifelong passion and career. That was the most pressure and confusion I have ever felt in my life at the same time. Lastly, Mr Furman told me that if I dropped my appeal his sanctions would be lifted in the amount of $10,000 dollars and potentially millions of dollars in future since I thought a sanction was only of monetary nature.

Later, after speaking with a Mr. Andrew Grossman of Law Firm Baker Hostler[8] I was told that claims had already been withdrawn claims *without my approval* and could not be "resurrected from the dead" and brought forward on appeals. He therefore declined to represent me. I have since filed a formal complaint with the California State Bar against Joshua R Furman after I learned the action of acting without my consent in withdrawing my claims is a form of malpractice.[9]

With all of the factual matters I have presented in my letter. *I humbly ask the Court to note my request to review the validity of my claims in regards to the securities damage claims that I have suffered as a result of the Petrobras Litigation as I seek financial relief.* I sincerely thank you Honorable Judge Rakoff for taking the time to read my letter. I have total documentation of everything that I have mentioned in this letter and much more should require the Court anything. I am available thru postal mail, email, telephone, and physical presence should you desire.

Respectfully submitted,

Spencer-Roland Bueno

---

[8] Attorney Andrew Grossman authored the accepted Writ of Certiorari on the issue of class action Cy Pres awards to be heard in oral argument before the Supreme Court on October 31st, 2018 SUPREME COURT OF THE UNITED STATES *No. 17–961* THEODORE H. FRANK, ET AL., PETITIONERS v. PALOMA GAOS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL. https://www.supremecourt.gov/opinions/18pdf/17-961_j42k.pdf

[9] **California State Bar Complaint # Case # 19-O-11319** Investigators: Mark Harvey mark.harvey@calbar.ca.gov Amanda Garcia amanda.garcia@statebar.ca.gov