UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PETROBRAS SECURITIES LITIGATION<br><br>This Document Applies To:<br><br>*In re Petrobras Securities Litigation*, 14-cv-9662 (JSR) | No. 14-cv-9662 (JSR) |

**DECLARATION OF JASMINE JUTEAU
IN SUPPORT OF JOSE SERGIO GABRIELLI DE AZEVEDO'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

I, Jasmine Juteau, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am counsel to the law firm of Morvillo Abramowitz Grand Iason & Anello P.C., attorneys for Defendant Jose Sergio Gabrielli de Azevedo ("Dr. Gabrielli") in this securities class action. I am a member in good standing of the Bar of this Court and of the Bar of the State of New York. I submit this declaration in support of Dr. Gabrielli's motion for summary judgment.

2. As counsel for Dr. Gabrielli, I was present at his deposition in this case, which took place on April 20, 2016 (the "Deposition").

3. In support of Dr. Gabrielli's motion for summary judgment, I attach the following exhibits to this declaration, which are referenced in Dr. Gabrielli's Local Rule 56.1 Statement:

   a. Attached hereto as **Exhibit 1** is a true and correct copy of the Consolidated Fourth Amended Class Action Complaint (Dkt. 342) in the matter captioned *In re Petrobras Securities Litigation*, 14-cv-9662 (JSR).

   b. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of the April 20, 2016 deposition of Dr. Gabrielli.

   c. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of the Petróleo Brasileiro S.A. ("Petrobras") 2009 Form 20-F.

d. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of the Petrobras 2010 Form 20-F.

e. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of the Petrobras 2011 Form 20-F.

f. Attached hereto as **Exhibit 6** is a true and correct copy of an uncertified English translation, which the Plaintiffs used at the Deposition, of the Report of the Petrobras Commission of Internal Investigation, dated December 19, 2008; a copy of the Portuguese original was marked by Plaintiffs as Gabrielli Exhibit 6.[1]

g. Attached hereto as **Exhibit 7** is a true and correct copy of an uncertified English translation, which the Plaintiffs used at the Deposition, of a January 9, 2009 email from Guilherme de Oliveira Estrella to Dr. Gabrielli; a copy of the Portuguese original was marked by Plaintiffs as Gabrielli Exhibit 18.

h. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts of the April 11 and 12, 2016 deposition of Almir Guilherme Barbassa.

i. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts of the April 14, 2016 deposition of Nilton Antonio de Almeida Maia.

j. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts of the April 19, 2016 deposition of Marcos Panassol.

k. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts of the February 19, 2016 deposition of Gerson Luiz Goncalves.

---

[1] References herein to "Gabrielli Exhibit" are to Portuguese-language documents marked as exhibits during the Deposition. At the Deposition, Plaintiffs provided English-language translations of these exhibits, which, where indicated, are appended as exhibits to this declaration. Plaintiffs did not separately mark these uncertified translations as deposition exhibits.

2

l.  Attached hereto as **Exhibit 12** is a true and correct copy of excerpts of the May 3, 2016 deposition of Carlos Alberto Rechelo Neto.

m.  Attached hereto as **Exhibit 13** is a true and correct copy of excerpts of the June 17, 2016 deposition of Steven L. Henning.

n.  Attached hereto as **Exhibit 14** is a true and correct copy of a certified English translation of the May 27, 2016 Opinion of Professor Carlos Ari Sundfeld.

o.  Attached hereto as **Exhibit 15** is a true and correct copy of Class Representative Universities Superannuation Scheme Limited's Responses and Objections to the Petrobras Defendants' Corrected First Set of Requests for Admission, dated May 9, 2016.

4.  In paragraph 11 of the Declaration of Dr. Gabrielli in support of his motion for summary judgment, he provides the gross compensation he received from Petrobras in Brazilian reals.  The table below converts those figures into U.S. dollars using the average annual U.S. dollar to Brazilian real exchange rate for each corresponding year, as listed on the website "Historical Exchange Rates," *available at* usd.lookly.com/Average-Analytics/BRL/ (last visited June 27, 2016).

| Year | Salary (BRL) | Salary (USD) |
|---|---|---|
| 2005 | R$600,861.18 | $246,760.24 |
| 2006 | R$734,689.18 | $337,013.39 |
| 2007 | R$1,158,037.21 | $593,256.77 |
| 2008 | R$960,673.39 | $522,389.01 |
| 2009 | R$898,575.72 | $447,497.87 |
| 2010 | R$1,122,662.44 | $635,349.43 |
| 2011 | R$1,760,016.61 | $1,050,756.19 |
| 2012 | R$376,473.79 | $192,471.26 |

5.  In paragraph 13 of the Declaration of Dr. Gabrielli in support of his motion for summary judgment, he lists the value of his purchases of Petrobras shares in Brazilian reals.  The

table below converts the total value of each transaction into U.S. dollars using the U.S. dollar to Brazilian real exchange rate on the date of each particular transaction, as listed on the website "XE Current and Historical Rate Tables," *available at* http://www.xe.com/currencytables/?from=BRL (last visited June 27, 2016).

|     | Date     | Number of Shares | Price per Share (BRL) | Value (BRL)   | Value (USD)  |
|-----|----------|------------------|-----------------------|---------------|--------------|
| 1.  | 3/30/12  | 10,900           | R$23.28               | R$253,752.00  | $139,197.38  |
| 2.  | 8/31/12  | 2,000            | R$18.68               | R$37,360.00   | $18,395.23   |
| 3.  | 12/28/12 | 1,000            | R$19.50               | R$19,500.00   | $9,533.17    |
| 4.  | 2/6/13   | 2,850            | R$17.57               | R$50,074.50   | $25,193.89   |
| 5.  | 7/25/13  | 2,000            | R$15.95               | R$31,900.00   | $14,149.53   |
| 6.  | 8/20/13  | 1,000            | R$17.71               | R$17,710.00   | $7,398.07    |
| 7.  | 8/30/13  | 1,000            | R$17.70               | R$17,700.00   | $7,438.69    |
| 8.  | 2/10/14  | 6,000            | R$13.80               | R$82,800.00   | $34,579.12   |
| 9.  | 9/29/14  | 2,000            | R$18.90               | R$37,800.00   | $15,450.27   |
| 10. | 10/27/14 | 5,000            | R$14.20               | R$71,000.00   | $27,973.26   |
|     |          | 33,750           |                       | R$619,596.50  | $299,308.63  |

6. At the Deposition, Dr. Gabrielli testified that he serves on the board of directors of Galp, a Portuguese company. The full name of the company is Galp Energia, SGPS, S.A. It is a publicly-traded Portuguese company.

7. In addition, in support of Dr. Gabrielli's motion for summary judgment, I provide the following facts and exhibits that are relevant to Dr. Gabrielli's motion, but which we do not concede would be admissible at trial:

    a. Attached hereto as **Exhibit 16** is an excerpt of an uncertified English translation, used by Plaintiffs at the Deposition, of a statement that Agosthilde Mônaco de Carvalho ("Mônaco") provided to the Brazilian Federal Public Prosecutor's Office of Paraná on November 11, 2015; a copy of the Portuguese original was marked by Plaintiffs as Gabrielli Exhibit 19. My review of the complete translation indicates that Mônaco's November 11, 2015 statement was not sworn. In addition, it does not state, in

4

substance, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

      b.      Attached hereto as **Exhibit 17** is an excerpt of an uncertified English translation of a transcript of testimony that Fernando de Castro Sá gave before a Brazilian Parliamentary Commission of Inquiry on April 28, 2015.

      c.      Attached hereto as **Exhibit 18** is an excerpt of an uncertified English translation, used by Plaintiffs at the Deposition, of an August 9, 2013 news article from the Brazilian weekly news magazine, *Época*; a copy of the Portuguese original was marked by Plaintiffs as Gabrielli Exhibit 12.

      d.      Attached hereto as **Exhibit 19** is an excerpt of an uncertified English translation of an informal transcript of testimony, used by Plaintiffs at the Deposition, that Nestor Cerveró gave before Judge Sergio Moro, a federal judge in Curitiba, Brazil, on April 18, 2016; a copy of the Portuguese original was marked by Plaintiffs as Gabrielli Exhibit 10.

      e.      Attached hereto as **Exhibit 20** is an excerpt of an uncertified English translation, used by Plaintiffs at the Deposition, of a statement that Fernando Antonio Falcão Soares ("Soares") provided to the Brazilian Federal Public Prosecutor's Office on September 9, 2015; a copy of the Portuguese original was marked by Plaintiffs as Gabrielli Exhibit 9.  My review of the complete translation indicates that Soares's September 9, 2015 statement was not sworn.  In addition, it does not state, in substance, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

f.      Attached hereto as **Exhibit 21** is a complete, uncertified English translation, used by Plaintiffs at the Deposition, of a statement that Eduardo Vaz Costa Musa ("Musa") provided to the Brazilian Federal Public Prosecutor's Office on December 9, 2015; a copy of the Portuguese original was marked by Plaintiffs as Gabrielli Exhibit 8. My review of the complete translation indicates that Musa's December 9, 2015 statement was not sworn. In addition, it does not state, in substance, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

g.      Attached hereto as **Exhibit 22** is a court-certified English translation of a statement that Alberto Youssef ("Youssef") provided to the Brazilian Federal Public Prosecutor's Office on October 3, 2014. My review of the complete translation indicates that Youssef's October 3, 2014 statement was not sworn. In addition, it does not state, in substance, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

h.      Attached hereto as **Exhibit 23** is an excerpt of an uncertified English translation of a statement that Paulo Roberto Costa ("Costa") provided to the Brazilian Federal Public Prosecutor's Office on September 1, 2014. My review of the complete translation indicates that Costa's September 1, 2014 statement was not sworn. In addition, it does not state, in substance, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

i.      Attached hereto as **Exhibit 24** is an excerpt of an uncertified English translation of a statement that Costa provided to the Brazilian Federal Public Prosecutor's

Office on September 3, 2014.  My review of the complete translation indicates that Costa's September 3, 2014 statement was not sworn.  In addition, it does not state, in substance, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

j. Attached hereto as **Exhibit 25** is an excerpt of an uncertified English translation of a statement that Costa provided to the Brazilian Federal Public Prosecutor's Office on September 5, 2014.  My review of the complete translation indicates that Costa's September 5, 2014 statement was not sworn.  In addition, it does not state, in substance, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

k. Attached hereto as **Exhibit 26** is an excerpt of an uncertified English translation of a statement that Costa provided to the Brazilian Federal Public Prosecutor's Office on September 8, 2014.  My review of the complete translation indicates that Costa's September 8, 2014 statement was not sworn.  In addition, it does not state, in substance, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

l. Attached hereto as **Exhibit 27** is a true and correct copy of excerpts of the April 29, 2016 deposition of Octavio Lavocat Cintra.

m. Attached hereto as **Exhibit 28** is a true and correct copy of excerpts of the February 16, 2016 deposition of Venina Velosa da Fonseca.

n. Attached hereto as **Exhibit 29** is a true and correct copy of an uncertified English translation, used by Plaintiffs at the Deposition, of an audit report of Petrobras by

Brazil's Federal Court of Accounts (the "TCU"), dated December 10, 2008; a copy of the Portuguese original was marked by Plaintiffs as Gabrielli Exhibit 14.

o.  Attached hereto as **Exhibit 30** is a true and correct copy of a certified English translation, used by Plaintiffs at the Deposition, of an audit report of Petrobras by the TCU, dated December 8, 2010; a copy of the Portuguese original was marked by Plaintiffs as Gabrielli Exhibit 15.  In addition, during the Deposition, Plaintiffs presented Dr. Gabrielli with other audit reports of the TCU that post-dated Dr. Gabrielli's tenure at Petrobras.

p.  Attached hereto as **Exhibit 31** is a true and correct copy of excerpts of the May 6, 2016 Expert Report of Steven L. Henning, Ph.D., CPA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2016 at New York, New York.

                                                    /s/ Jasmine Juteau
                                                      Jasmine Juteau