# EXHIBIT 31

# EXPERT REPORT

# OF

# STEVEN L. HENNING, Ph.D., CPA

# IN RE: PETROBRAS SECURITIES LITIGATION

# (CASE NO. 14-cv-9662 (JSR))

**May 6, 2016**

| Chief Services Officer | Board of Executive Officers | Renato de Souza Duque | January 2003 to February 2012 |
| --- | --- | --- | --- |
| Director of Exploration and Production | Board of Executive Officers | José Miranda Formigli Filho | February 2012 to February 2015 |
| Executive Manager, Services | | Peter Barusco Filho | 2003 to 2011 |

At a minimum, throughout the ten-year duration of the corruption scheme, three members of Petrobras' Board of Executive Officers – Messrs. Cervero, Duque, and Costa – as well as Mr. Barusco, had intimate, first-hand knowledge of the supplier cartel, including both the bribery schemes and the overpayments made by Petrobras on numerous capital improvement projects. In addition, as detailed in the examples below, Messrs. Gabrielli and Barbassa and Ms. Foster failed to maintain an adequate focus on internal controls to achieve consistent application of accounting policies and procedures and ensure reliable financial reporting.

Although the deficiencies in the control environment date back to 2004 when the cartel was initially established, it was not until 2014 that the Company disclosed the material weaknesses incapacitating its control environment:

> *Management Override of Controls*
> During 2014, our management identified **certain decisions taken during the period between 2004 and April 2012**, specifically relating to our large investment projects in the Exploration and Production, Refining, and Gas and Power business segments, **that did not comply with our existing internal controls over the process of contracting services in these segments**. The internal controls over contracting of services include procedures such as the Petrobras Contracting Manual (*Manual da Petrobras de Contratação – MPC*) and the Investment Projects Corporate Procedures *(Sistemática Corporativa de Projetos de Investimento)*.
>
> In some of our contracting processes, one or more senior managers, together with third parties (namely, some of the contractors and suppliers involved in the construction projects), colluded to eliminate, infringe upon, override or circumvent these controls, which resulted in the commission of wrongful acts contrary to our interests and policies. **Our management has identified the following internal control deficiencies related to the failure to detect these acts that together constitute a material weakness in our control environment:** (i) inadequate "tone at the top" regarding internal controls; (ii) failure to communicate the ethical values