USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :    14-cv-9662 (JSR)
In re: PETROBRAS SECURITIES          :
LITIGATION                           :    OPINION AND ORDER
                                     :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

Before the Court on remand from the Second Circuit is the

issue of what amount of attorneys' fees the Court should award

to counsel to Petrobras objector William Thomas Haynes. Summary

Order dated Sept. 5, 2019, ECF No. 979 ("Summary Order").

Because the issues as to which the remand was made were already

fully briefed, both in this Court and in the appeal, the Court

is in a position to promptly resolve the issues.

More generally, familiarity with the prior proceedings in

the overall Petrobras litigation is here assumed; but an

overview of a few pertinent facts may facilitate this

discussion.

On February 1, 2018, after more than three years of

extensive litigation in which Haynes and his counsel had no

involvement, counsel for the class representatives ("Class

Counsel") filed a notice of motion for preliminary approval of a

settlement in the underlying class action against Petrobras. ECF

No. 765. Haynes then objected and, in a brief dated May 10,

2018, raised several objections to the settlement. See Objection

1

of William Thomas Haynes, as Trustee for the Benefit of W. Thomas and Katherine Haynes Irrevocable Trust for the Benefit of Sara L. Haynes, to the Proposed Class Action Settlement and Attorneys' Fee Request, ECF No. 797 ("Objection"). Haynes's objections broadly fell into two categories: first, he objected to the certification of the settlement class, and second, he objected to Class Counsel's proposed fee award. Id.

The Court found the first set of objections to lack merit and, on June 22, 2018, the Court certified the settlement class and approved the proposed class action settlement. Opinion and Order dated June 22, 2018, ECF No. 834. The Court of Appeals subsequently affirmed these decisions. Summary Order at 8; see also Summary Order dated Aug. 30, 2019, ECF No. 952.

As to the second set of objections, however, while the Court awarded attorneys' fees to Class Counsel, it did so in an amount lower than requested. Id. Although most of the reduction had nothing to do with Haynes's objections, a part of the reduction resulted from the only one of Haynes' objections that had any merit. Specifically, Haynes noted that Class Counsel had inappropriately added roughly $28 million to its lodestar to account for the work of Brazilian contract attorneys, but, for technical reasons, it should have been billed instead as an at-cost expense. See Objection at 12-14. Since counsel's fees were multiplied by a 1.78 lodestar factor, whereas costs and expenses

2

were not, this led to a reduction in counsel fees of approximately $46 million, offset by an increase of costs of approximately $28 million, for a net savings to the class of about $18 million.

Haynes subsequently filed a motion to recover $199,400 of attorneys' fees — representing a lodestar amount of $117,316.50 with a multiplier of 1.7 — for his counsel, Anna St. John, Esq., ECF Nos. 839 & 840. Given the fact that only one of Haynes's objections had resulted in any benefit to the class, the Court granted Haynes' request for attorneys' fees only in the amount of $11,731.65. Opinion and Order dated August 14, 2018, ECF No. 866.

"[I]t is well settled that objectors . . . are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts," id. at 2 (quoting White v. Auerbach, 500 F.2d 822, 828 (2d Cir. 1974). Here, however, it was only Haynes's single objection about the Brazilian contract attorneys that ultimately contributed to the class's recovery, id. at 3, and only in the amount of approximately $18 million. None of Haynes's other objections contributed to the class's recovery; on the contrary, they occasioned added expenses to the class, since Class Counsel had to spend considerable time responding to them. And the objections were subsequently

3

overridden. As the Court noted in its August 14, 2018 ruling, Haynes's objections to the certification of the settlement class were entirely without merit, id. at 3-4, and Haynes's objections to the amount of Class Counsel's fee request were, with the sole exception of the objection to the Brazilian contract attorney fees, similar or identical to those already raised by other objectors and "did not assist the Court in reaching its decision to award Class Counsel lower fees than those sought," id. at 4; see also Opinion and Order dated June 22, 2018 at 31-37 (discussing and evaluating various objections to Class Counsel's fee award).

The Court therefore determined that Haynes's attorney should only recover fees attributable to her time and effort developing the successful objection about the Brazilian contract attorneys, and the Court further determined that $11,731.65, or 10% of Haynes' lodestar, was the amount appropriately attributable to Haynes's one successful objection. Opinion and Order dated August 14, 2018 at 7.

Haynes appealed the Court's limited attorney fee award, and the Court of Appeals affirmed in part and vacated and remanded in part. Notably, the Second Circuit did not ask the Court to reconsider either its conclusion that Haynes's objection about the Brazilian contract attorneys was the only objection that significantly contributed to the class's recovery, nor its

4

conclusion that $11,731.65 was the fee amount appropriately attributable to developing that objection. Rather, the Second Circuit asked the Court to reconsider the narrower questions of (1) whether Haynes's other objections to Class Counsel's award of attorneys' fees besides the successful one (the "additional fee objections") were so related to the Brazilian contract attorney objection that Haynes's counsel should also recover fees for the time spent developing these objections, and (2) whether Haynes's counsel should recover fees for various "all-inclusive" activities, such as satisfying the class notice requirements, preparing for the fairness hearing, and responding to discovery requests. Id. at 10.

The Court considers these two questions in turn and holds that (1) the additional fee objections were sufficiently distinct from the successful objection as to merit no additional award of attorneys' fees, but (2) a $22,010 increase in the fee award to account for the all-inclusive activities is appropriate.

As to the first question, in addition to his successful objection, Haynes raised (along with some vague and conclusory objections) two further objections to Class Counsel's fee award — that the hourly rates for U.S.-based project attorneys used in the lodestar calculation were excessive and that Class Counsel failed to provide sufficient billing summaries. The Court

5

ultimately found these and Haynes' other such objections unhelpful in its decision to reduce Class Counsel's fee award below the requested amount. Objection at 12-25. The Court denied Haynes's request for attorneys' fees for the time spent developing these unsuccessful objections, reasoning that while "objectors . . . are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts," White v. Auerbach, 500 F.2d 822, 828 (2d Cir. 1974), an objector is not entitled to recover attorneys' fees for actions that were not "a substantial cause of the benefit obtained," In re Holocaust Victim Assets Litig., 424 F.3d 150, 157 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Second Circuit now directs the Court to reconsider that conclusion in light of the language in Hensley v. Eckerhart, 461 U.S. 424, 435 (1983), that indicates that it may be appropriate to award attorneys' fees attributable to unsuccessful efforts where those "involve a common core of facts or [are] based on related legal theories" to the successful actions. While "[t]here is no precise rule or formula" for determining which claims are sufficiently related, id. at 436, district courts must determine fee awards with awareness that "[l]itigants in good faith may raise alternative legal grounds for a desired

6

outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee," id. at 435.

Nonetheless, even after full reconsideration in light of Hensley, the Court concludes that Haynes's counsel is entitled to no added award of fees for the time attributable to litigating the additional fee objections, because they were sufficiently unrelated to Haynes's successful objection. Haynes's objection regarding the proper charging of the Brazilian contract attorneys was the rather narrow and technical objection that an attorney must be at least capable of being admitted pro hac vice in the relevant court in order for her services to be added to the attorneys' fee lodestar, rather than billed as an at-cost expense. See Opinion and Order dated June 22, 2018 at 32 (citing Spanos v. Skouras, 364 F.2d 161, 168 (2d Cir. 1966) and In re One Infant Child, No. 12 Civ. 7797, 2014 WL 704037 at *5 (S.D.N.Y. Feb. 20, 2014), rev'd sub nom. on other grounds Souratgar v. Lee Jen Fair, 818 F.3d 72 (2d Cir. 2016); Objection at 12-14.

By contrast, the first of the additional fee objections was that Class Counsel should also account for the charges of U.S.- based project attorneys, who performed document review and translation work, at cost rather than adding these charges to the lodestar, or, in the alternative, that these charges should

7

be added to the lodestar at a lower hourly rate. Objection at 14-17. This objection relied on a series of cases, e.g., Lola v. Skadden, Arps, Slate, Meagher & Flom LLP, 620 Fed. Appx. 37, 39 (2d Cir. 2015), where the court held that a plaintiff had adequately pled that similar activities did not constitute the "practice of law." The second and only other additional fee objection raised in Haynes's brief with any particularity was that Class Counsel's billing summaries were insufficiently detailed to ascertain whether their lodestar figure may have been inflated in other ways. Objection at 17-18.

Neither of these additional fee objections "involve a common core of facts or . . . legal theories," Hensley, 461 U.S. at 435, with the Brazilian contract attorney objection. While, as the Second Circuit notes, these objections all (superficially) relate to overbilling, Summary Order at 9, they have little else in common. And indeed, virtually any conceivable objection to an attorneys' fee request by plaintiff's counsel in a class action would in some way allege that counsel was overbilling the class. The successful objection related only to Class Counsel's billing practices for foreign attorneys, and it relied on a distinct set of cases setting forth the narrow proposition that the work of foreign attorneys who were not capable of being admitted pro hac vice in the U.S. courts must be billed at cost. The additional fee objections, in

8

contrast, relied on entirely different factual and legal arguments.

Furthermore, these other objections were not "alternative legal grounds," Hensley, 461 U.S. at 435, to the successful objection for arriving at the same result. These were separate (and unpersuasive) objections to different aspects of Class Counsel's lodestar calculation, and they sought to justify a reduction of Class Counsel's fee award beyond the reduction associated with the successful objection.

For these reasons, the Court declines to increase the fee award to Haynes's counsel to account for her time litigating the additional fee objections.

Turning to the second question, the Second Circuit also directs the Court to reconsider whether Haynes's counsel is entitled to recover fees for the "all-inclusive" activities necessary to sustain Haynes's status as an objector, including "satisfying the class notice requirements, preparing for the fairness hearing, and responding to discovery requests." Summary Order at 10. The amount of Haynes's counsel's lodestar amount attributable to these activities appears to be $33,015, comprising 51 hours spent by Ms. St. John on "responding to class counsel's onslaught of abusive discovery requests" and 20 hours spent by Ms. St. John preparing for the fairness hearing,

all charged at the rate of $465 per hour.[1] Declaration of Anna St. John, July 11, 2018, ECF No. 841, at 3-4.

The Court believes it would be inappropriate to award this entire lodestar amount in additional attorneys' fees. As explained in the Court's original opinion and order on this motion for attorneys' fees, ECF No. 866 at 7, Haynes "was only involved in the case for a short period of time and faced no risks in his involvement." These factors counsel against an award of fees for the activities associated with maintaining the objection. Furthermore, the Court is also skeptical that all of the time spent responding to Class Counsel's discovery requests merits a recovery of attorneys' fees, as at least some of these discovery requests were likely prompted by Haynes's objections to the certification of the settlement class — which, in addition to being unsuccessful, resembled objections filed by the so-called "professional objectors" whom the Court had reason to believe might be acting in bad faith. See Opinion and Order

---

[1] St. John also indicated that attorney Theodore H. Frank spent a total of 27.6 hours working on Haynes's objection, with some unspecified number of those hours dedicated to responding to discovery requests. The description of his activities, as well as his status as the most senior attorney on the team, both indicate that his role was primarily to consult on the overall strategy of the objection, and not to perform the specific tasks necessary to sustain Haynes's status as an objector. Declaration of Anna St. John, July 11, 2018, ECF No. 841, at 4-5. The Court therefore declines to include Frank's time in the lodestar amount attributable to the all-inclusive activities.

10

dated September 19, 2018, ECF No. 896 (denying, but not without misgivings, Class Representatives' motion for sanctions against objectors Joseph, Richard, and Emelina Gielata); Memorandum Order dated March 5, 2019, ECF No. 916 (same).

Nevertheless, the Court is persuaded that some recovery of fees for the time spent on the all-inclusive activities is appropriate. As the Second Circuit noted, Summary Order at 10, at least one out-of-circuit court has awarded attorneys' fees for such costs under similar circumstances. In re Transpacific Passenger Air Transp. Antitrust Litig., No. C 07-5634 (CRB), 2015 WL 4776946 at *2 (N.D. Cal. Aug. 13, 2015). Although this decision is not binding on the Court, the Court finds its reasoning persuasive on the point that counsel who prepare a partially-successful objection may sometimes be entitled to recover costs for activities that do not relate directly to the ultimately-successful objection but without the performance of which it "would have been quite impossible" to raise any objection at all. Id.

Weighing all these factors, the Court's view is that the appropriate recovery for Haynes's counsel for her time spent on the all-inclusive activities is $22,010, or two-thirds of the above-calculated lodestar amount of $33,015, with no multiplier.

11

When added to the previous recovery of $11,731.65, this results in a new award totaling $33,741.65.

The award of attorneys' fees to counsel to objector William Haynes is accordingly increased from $11,731.65 to $33,741.65, to be funded from Class Counsel's fee award.

SO ORDERED.

Dated:     New York, NY
           September 27 2019          JED S. RAKOFF, U.S.D.J.

12