MANDATE

18-3351
*In re: Petrobras Securities Litigation*

USDC - SDNY
1:14-cv-09662-JSR

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand nineteen.

**PRESENT:**

**DENNIS JACOBS,**
**ROBERT D. SACK**
**PETER W. HALL,**
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct. 22, 2019____

---

IN RE: PETROBRAS SECURITIES LITIGATION

---

UNIVERSITIES SUPERANNUATION SCHEME LIMITED, EMPLOYEES RETIREMENT SYSTEM OF THE STATE OF HAWAII, NORTH CAROLINA DEPARTMENT OF STATE TREASURER,

*Plaintiffs-Appellees,*

AURA CAPITAL LTD., DIMENSIONAL EMERGING MARKETS VALUE FUND, DFA INVESTMENT DIMENSIONS GROUP INC., ON BEHALF OF ITS SERIES EMERGING MARKETS CORE EQUITY PORTFOLIO, EMERGING MARKETS SOCIAL CORE EQUITY PORTFOLIO AND T.A. WORLD EX U.S. CORE EQUITY PORTFOLIO, DFA INVESTMENT TRUST COMPANY, ON BEHALF OF ITS SERIES THE EMERGING MARKETS

1

MANDATE ISSUED ON 10/22/2019

SERIES, DFA AUSTRIA LIMITED, SOLELY IN ITS
CAPACITY AS RESPONSIBLE ENTITY FOR THE
DIMENSIONAL EMERGING MARKETS TRUST, DFA
INTERNATIONAL CORE EQUITY FUND, AND DFA
INTERNATIONAL VECTOR EQUITY FUND BY
DIMENSIONAL FUND ADVISORS CANADA ULC
SOLELY IN ITS CAPACITY AS TRUSTEE, DIMENSIONAL
FUNDS PLC, ON BEHALF OF ITS SUB-FUND EMERGING
MARKETS VALUE FUND, DIMENSIONAL FUNDS ICVC,
ON BEHALF OF ITS SUB-FUND EMERGING MARKETS
CORE EQUITY FUND, SKAGEN AS, DANSKE INVEST
MANAGEMENT A/S, DANSKE INVEST MANAGEMENT
COMPANY, NEW YORK CITY EMPLOYEES' RETIREMENT
SYSTEM, NEW YORK CITY POLICE PENSION FUND,
BOARD OF EDUCATION RETIREMENT SYSTEM OF THE
CITY OF NEW YORK, TEACHERS' RETIREMENT SYSTEM
OF THE CITY OF NEW YORK, NEW YORK CITY FIRE
DEPARTMENT PENSION FUND, NEW YORK CITY
DEFERRED COMPENSATION PLAN, FORSTA AP-
FONDEN, TRANSAMERICA INCOME SHARES, INC.,
TRANSAMERICA FUNDS, TRANSAMERICA SERIES
TRUST, TRANSAMERICA PARTNERS PORTFOLIOS, JOHN
HANCOCK VARIABLE INSURANCE TRUST, JOHN
HANCOCK FUNDS II, JOHN HANCOCK SOVEREIGN
BOND FUND, JOHN HANCOCK BOND TRUST, JOHN
HANCOCK STRATEGIC SERIES, JOHN HANCOCK
INVESTMENT TRUST, JHF INCOME SECURITIES TRUST,
JHF INVESTORS TRUST, JHF HEDGED EQUITY &
INCOME FUND, ABERDEEN EMERGING MARKETS
EQUITY FUND, ABERDEEN GLOBAL EQUITY & INCOME
FUND, ABERDEEN GLOBAL NATURAL RESOURCES
FUND, ABERDEEN INTERNATIONAL EQUITY FUND,
EACH A SERIES OF ABERDEEN FUNDS; ABERDEEN
CANADA EMERGING MARKETS FUND, ABERDEEN
CANADA SOCIALLY RESPONSIBLE GLOBAL FUND,
ABERDEEN CANADA SOCIALLY RESPONSIBLE
INTERNATIONAL FUND, ABERDEEN CANADA FUNDS
EAFE PLUS EQUITY FUND AND ABERDEEN CANADA
FUNDS GLOBAL EQUITY FUND, EACH A SERIES OF
ABERDEEN CANADA FUNDS, ABERDEEN EAFE PLUS
ETHICAL FUND, ABERDEEN EAFE PLUS FUND,
ABERDEEEN EAFF PLUS SRI FUND, ABERDEEEN
EMERGING MARKETS EQUITY FUND, AND ABERDEEN
GLOBAL EQUITY FUND, EACH A SERIES OF ABERDEEN

2

INSTITUTIONAL C, ABERDEEN FULLY HEDGED
INTERNATIONAL EQUITIES FUND, ABERDEEN
INTERNATIONAL EQUITY FUND, ABERDEEN GLOBAL
ETHICAL WORLD EQUITY FUND, ABERDEEN GLOBAL
RESPONSIBLE WORLD EQUITY FUND, ABERDEEN
GLOBAL WORLD EQUITY DIVIDEND FUND, ABERDEEN
GLOBAL WORLD EQUITY FUND, ABERDEEN GLOBAL
WORLD RESOURCES EQUITY FUND, ABERDEEN
EMERGING MARKETS EQUITY FUND, ABERDEEN
ETHICAL WORLD EQUITY FUND, ABERDEEN MULTI-
ASSET FUND, ABERDEEN WORLD EQUITY FUND,
ABERDEEN WORLD EQUITY IN, ABERDEEN LATIN
AMERICA EQUITY FUND, INC., AAAID EQUITY
PORTFOLIO, ALBERTA TEACHERS RETIREMENT FUND,
AON HEWITT INVESTMENT CONSULTING, INC.,
AURION INTERNATIONAL DAILY EQUITY FUND, BELL
ALIANT REGIONAL COMMUNICATIONS INC., BMO
GLOBAL EQUITY CLASS, CITY OF ALBANY PENSION
PLAN, DESJARDINS DIVIDEND INCOME FUND,
DESJARDINS EMERGING MARKETS FUND, DESJARDINS
GLOBAL ALL CAPITAL EQUITY FUND, DESJARDINS
OVERSEAS EQUITY VALUE FUND, DEVON COUNTY
COUNCIL GLOBAL EMERGING MARKET FUND, DEVON
COUNTY COUNCIL GLOBAL EQUITY FUND, DGIA
EMERGING MARKETS EQUITY FUND L.P., ERIE
INSURANCE EXCHANGE, FIRST TRUST / ABERDEEN
EMERGING OPPORTUNITY FUND, GE UK PENSION
COMMON INVESTMENT FUND, HAMPSHIRE COUNTY
COUNCIL GLOBAL EQUITY PORTFOLIO, LONDON
BOROUGH OF HOUNSLOW SUPERANNUATION FUND,
MACKENZIE UNIVERSAL SUSTAINABLE
OPPORTUNITIES CLASS, MARSHFIELD CLINIC,
MOTHER THERESA CARE AND MISSION TRUST, MTR
CORPORATION LIMITED RETIREMENT SCHEME, MYRIA
ASSET MANAGEMENT EMERGENCE, M, NATIONAL
PENSION SERVICE, AND NPS TRUST ACTIVE 14, OHIO
PUBLIC EMPLOYEES RETIREMENT SYSTEM,
WASHINGTON STATE INVESTMENT BOARD, ABERDEEN
LATIN AMERICAN INCOME FUND LIMITED, ABERDEEN
GLOBAL EX JAPAN PENSION FUND PPIT, FS
INTERNATIONAL EQUITY MOTHER FUND, NN
INVESTMENT PARTNERS B.V., ACTING IN THE
CAPACITY OF MANAGEMENT, NN INVESTMENT
PARTNERS B.V., ACTING IN THE CAPACITY OF

3

MANAGEMENT COMPANY OF THE MUTUAL FUND NN
GLOBAL EQUITY FUND, NN INVESTMENT PARTNERS
B.V., ACTING IN THE CAPACITY OF MANAGEMENT
COMPANY OF THE MUTUAL FUND NN HOOG
DIVIDEND AANDELEN FONDS, NN INVESTMENT
PARTNERS B.V., ACTING IN THE CAPACITY OF
MANAGEMENT COMPANY OF THE MUTUAL FUND NN
INSTITUTIONEEL DIVIDEND AANDELEN, NN
INVESTMENT PARTNERS LUXEMBOURG S.A., ACTING
IN THE CAPACITY OF MANAGEMENT COMPANY SICAV
AND ITS SUB-FUNDS, AND NN (L) SICA, FOR AND ON
BEHALF OF NN (L) EMERGING MARKETS HIGH
DIVIDEND, NN (L) FIRST, AURA CAPITAL LIMITED,
WGI EMERGING MARKETS FUND, LLC, BILL AND
MELINDA GATES FOUNDATION TRUST, BOARD OF
REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM,
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,
DBA KAMEHAMEHA SCHOOLS, LOUIS KENNEDY,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED, KEN NGO, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, CITY
OF PROVIDENCE, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED, HANDELSBANKEN
FONDER AB, PUBLIC EMPLOYEE RETIREMENT SYSTEM
OF IDAHO, PETER KALTMAN, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY SITUATED, UNION
ASSET MANAGEMENT HOLDING AG, JONATHAN
MESSING, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

*Plaintiffs*,

v.                                                           No. 18-3351

SPENCER BUENO,

*Objector-Appellant*,

JOSHUA R. FURMAN,

*Appellant*,

v.

4

MARIANGELA MOINTEIRO TIZATTO, JOSUE
CHRISTIANO GOME DA SILVA, DANIEL LIMA DE
OLIVEIRA, SANTANDER INVESTMENT SECURITIES INC.,
BANCO VOTORANTIN NASSAU BRANCH, PETROLEO
BRASILEIRO S.A. PETROBRAS, JOSE SERGIO GABRIELLI,
SILVIO          SINEDINO          PINHEIRO,
PRICEWATERHOUSECOOPERS          AUDITORES
INDEPENDENTES, BB SECURITIES LTD., THEODORE
MARSHALL HELMS, PETROBRAS GLOBAL FINANCE
B.V., PETROBRAS AMERICA INC., PAULO ROBERTO
COSTA, JOSE CARLOS COSENZA, RENATO DE SOUZA
DUQUE, GUILLHERME DE OLIVEIRA ESTRELLA, JOSE
MIRANDA FORMIGL FILHO, MARIA DAS GRACAS
SILVA FOSTER, ALMIR GUILHERME BARBASSA, JOSE
RAIMUNDO BRANDA PEREIRA, SERVIO TULIO DA
ROSA TINOCO, PAULO JOSE ALVES, GUSTAVO TARDIN
BARBOSA, ALEXANDRE QUINTAO FERNANDES,
MARCOS ANTONIO ZACARIAS, CORNELIS FRANCISCUS
JOZE LOOMAN, MITSUBISHI UFJ SECURITIES (USA),
INC., HSBC SECURITIES (USA) INC., MERRILL LYNCH,
PIERCE, FENNER & SMITH INCORPORATED, STANDARD
CHARTERED BANK, BANK OF CHINA (HONG KONG)
LIMITED, BANCO BRADESCO BBI S.A., BANCA IMI,
S.P.A., SCOTIA CAPITAL (USA) INC., CITIGROUP
GLOBAL MARKETS INC., ITAU BBA USA SECURITIES,
INC., JP MORGAN SECURITIES LLC, MORGAN
STANLEY & CO. LLC,

                    *Defendants*.[1]


Appearing for *Appellant*:              JOSHUA R. FURMAN, Joshua R. Furman Law
                                        Corp., Sherman Oaks, CA.

Appearing for *Plaintiffs-Appellees*:   EMMA GILMORE (Jeremy A. Lieberman, Brenda
                                        F. Szydlo, Jennifer Banner Sobers, *on the brief*),
                                        Pomerantz LLP, New York, NY; Louis Gottlieb,
                                        Labaton Sucharow LLP, New York, NY.

---

[1] The Clerk of Court is directed to amend the official caption to conform with the
caption above.

5

Appeal from an order of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on September 21, 2018, is **AFFIRMED**.

Appellant Joshua Furman, counsel for Objector Spencer Bueno,[2] appeals from an order of the district court imposing sanctions. Furman, on Bueno's behalf, objected to "at least a dozen aspects of the proposed settlement" in this case, including the district court's certification of the settlement class and certain aspects of class counsel's request for attorneys' fees. *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 871-72 (S.D.N.Y. 2018). The district court overruled most of Furman's objections and deferred ruling on Furman's objection concerning cy pres until when, and if, it was determined that a cy pres disbursement would be made. Plaintiffs-Appellees then moved for sanctions, which motion the district court granted in part, imposing sanctions of $10,000. *See generally In re Petrobras Sec. Litig.*, No. 14-cv-9662, 2018 WL 4521211 (S.D.N.Y. Sept. 21, 2018). This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[2] Bueno does not challenge on appeal the portion of the district court's order requiring him to post an appeal bond.

"We review the imposition of sanctions for abuse of discretion." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018). A district court "must outline its factual findings with 'a high degree of specificity,'" "[b]ut more often than not, 'the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted.'" *Id.* (quoting *Virginia Props., LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 113 (2d Cir. 2017)).

Upon such review, we find no merit to Furman's arguments, which are largely misdirected. Furman conflates evidence from which the district court inferred bad faith—evidence the use of which he insists he lacked notice—with the grounds for the district court's imposition of sanctions. At bottom, the district court sanctioned Furman for advancing frivolous objections in bad faith as a means to delay disbursement of the settlement funds in this case. And we conclude that the district court acted well within its discretion in so doing.[3]

---

[3] Even assuming Furman is correct that he was not given adequate notice that he might be sanctioned pursuant to the district court's inherent authority, we conclude that the sanctions imposed were appropriate under 28 U.S.C. § 1927.

We have considered Furman's remaining arguments and find them to be without

merit.  The order of the district court is **AFFIRMED**.[4]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[4] In affirming the district court's judgment, we do not reach, and therefore do not necessarily endorse, various characterizations by the district court of Furman or his behavior.  *See In re Petrobras Sec. Litig.*, No. 14-cv-9662, 2018 WL 4521211, at *7 (S.D.N.Y. Sept. 21, 2018).  On a related note, counsel for Plaintiffs-Appellees would be well served to refrain in the future from including unnecessary invective and ad hominem attacks, which have been present in disturbing quantity in their briefing for this and two prior objector appeals.