**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PETROBRAS SECURITIES LITIGATION | Case No. 14-cv-9662 (JSR) <br><br> **CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF CLASS REPRESENTATIVES'
MOTION FOR AUTHORIZATION TO ACCEPT AND PAY LATE
CLAIMS AND LATE DEFICIENCY CURES FROM THE NET SETTLEMENT FUND**

**POMERANTZ LLP**
Jeremy A. Lieberman
Emma Gilmore
Brenda Szydlo
Jennifer B. Sobers
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
egilmore@pomlaw.com
bszydlo@pomlaw.com
jbsobers@pomlaw.com

*Counsel for Class Representatives and the Settlement Class*

Class Representatives Universities Superannuation Scheme Limited, Employees Retirement System of the State of Hawaii and North Carolina Department of State Treasurer respectfully submit this memorandum in support of their motion for entry of the [Proposed] Order Granting Authorization to Accept and Pay Late Claims and Late Deficiency Cures (the "Proposed Order") in the above-captioned action (the "Action").[1] The current status of distributions of the Net Settlement Fund and information regarding the late claims and late deficiency cures are set forth herein and in the accompanying Declaration of the Claims Administrator in Support of Class Representatives' Motion to Accept and Pay Late Claims and Late Deficiency Cures, dated May 10, 2021 (the "Amin-Giwner Declaration" or "Amin-Giwner Decl."), which is submitted on behalf of the Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Claims Administrator").[2]

If entered by the Court, the Proposed Order will allow acceptance of the late claims received after January 31, 2019 and late deficiency cures received after September 11, 2019; and make payments to eligible claims consistent with this Court's September 24, 2019 Order Granting Authorization to Distribute the Net Settlement Fund (Dkt. No. 975) (the "Distribution Order").

---

[1] Unless otherwise indicated herein, all terms with initial capitalization shall have the meanings ascribed to them in the September 24, 2019 Order Granting Authorization to Distribute the Net Settlement Fund (Dkt. No. 975), the concurrently filed May 10, 2021 Declaration of the Claims Administrator in Support of Class Representatives' Motion to Accept and Pay Late Claims and Late Deficiency Cures, the Stipulation of Settlement and Release, dated February 1, 2018 (Dkt. No. 767-1) (the "Stipulation"), or the Amended Stipulation and Agreement of Settlement, dated February 1, 2018 (Dkt. No. 767-10) (the "Amended Stipulation").

[2] Garden City Group, LLC ("GCG"), the Court-appointed Claims Administrator in this Action, was acquired by Epiq on June 15, 2018 and is now continuing operations as part of Epiq.

## I. BACKGROUND

On July 2, 2018, the Court entered judgment (Dkt. No. 838), granting final approval to the settlements in the Action ("Settlements"). Pursuant to the terms of the Settlements, a total of $2.016 billion was paid into the escrow for the benefit of the Settlement Class in 2018, with the remaining $984 million paid into the escrow on January 15, 2019. Amin-Giwner Decl. ¶ 2.

## II. STATUS OF DISTRIBUTION OF NET SETTLEMENT FUND

As detailed in the accompanying Amin-Giwner Declaration, on October 28, 2019, Epiq commenced the Initial Distribution of 85% of the Net Settlement Fund and issued 60,433 payments for a total of $2,394,667,323.51. On February 25, 2020 (120 days after the Initial Distribution), Epiq conducted the Final Distribution to Authorized Claimants whose Distribution Amounts calculated to $500.00 or more. In the Final Distribution, Epiq issued 34,810 payments for a total of $432,530,651.66. Additionally, on February 28, 2020, Epiq also reissued all uncashed and undeliverable checks that were issued in the Initial Distribution. *Id.* ¶¶ 3-5.

Following both the Initial Distribution and the Final Distribution, Epiq undertook an extensive outreach campaign and made multiple attempts to locate the Authorized Claimants whose checks issued in the Initial and/or Final Distributions remained uncashed or were returned as undelivered by the postal service. Epiq confirms that every Authorized Claimant with an uncashed or undeliverable check has received personalized emails, letters, and/or telephone calls in attempts to get their distribution checks cashed. *Id.* ¶¶ 4-6.

As of April 21, 2021, $9,946,093.92 or 2.29% of the total distribution amount remains in the Net Settlement Fund due to uncashed or undeliverable checks. Due to the COVID-19 pandemic and resulting U.S. Postal service delays, Epiq will continue to honor or reissue requests until such time as it is determined it is no longer feasible to do so. *Id.* ¶ 7.

Additionally, $66,749,652.57 has been returned to the Net Settlement Fund as unwanted funds ("Returned Funds"). While Returned Funds are typically seen in cases where the beneficial account closes after the claim was submitted, the filer was unable to identify the rightful owner or the beneficial owner requests that the funds be returned, the filer, in most cases, does not provide a basis for the return of the funds. *Id.* ¶ 8.

## III. LATE CLAIMS AND LATE DEFICIENCY CURES

Pursuant to the Court's July 12, 2019 Order, the Court accepted and Epiq processed all claims received through January 31, 2019. All claims received thereafter were deemed null and void. In fact, since February 1, 2019, Epiq has received a total of 985 late claims. Of these, 276 calculate to a total recognized loss of approximately $23 million. The remaining claims are deficient and/or do not calculate to a recognized loss. *Id.* ¶ 9.

In order for Epiq to provide this Court with its final administrative determinations, Epiq did not accept any late deficiency cures after September 11, 2019 for claims that were received prior to January 31, 2019. Since that time, Epiq has received 9,270 late deficiency cures, of which 1,369 would be eligible for an additional recognized loss of $74 million. The remaining 7,901 late deficiency cures did not result in an increased recognized loss. *Id.* ¶ 10.

Class Representatives respectfully request that this Court allow acceptance of the late claims and late deficiency cures described above; and use of the Returned Funds described herein to pay these claims. *See In re Oxford Health Plans, Inc.*, 383 F. App'x 43, 45 (2d Cir. 2010) ("[A] district court overseeing [a] settlement distribution has inherent power to accept late claims despite [the] contrary terms of [an] agreement' among the parties"); *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 843 (E.D.N.Y. 1995) (allowing "late claimants in a class action settlement is essentially an equitable decision within the discretion of the court."); *see also In re Cendant Corp. Prides Litig.*, 311 F.3d 298, 302 (3d Cir. 2002) ("the justification for imposing

3

unyielding time limits on perfecting a cure is even less obvious than that for filing a proof of claim."). Using the same pro rata as used in the Initial Distribution, these claims would be entitled to total payments of approximately $32.3 million. The remaining Returned Funds would be included in any redistributions to all Authorized Claimants who cashed their Initial and Final Distribution payments. Amin-Giwner Decl. ¶ 11.

## IV. CONCLUSION

For the foregoing reasons, Class Representatives respectfully request that the Court enter the Proposed Order submitted herewith allowing: (i) acceptance of late claims received after January 31, 2019 and late deficiency cures received after September 11, 2019; and (ii) payments to those eligible claims consistent with the Distribution Order.

Dated: New York, New York
      May 11, 2021

Respectfully submitted,

**POMERANTZ LLP**

By: *Jeremy A. Lieberman*
Jeremy A. Lieberman
Emma Gilmore
Brenda Szydlo
Jennifer B. Sobers
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
egilmore@pomlaw.com
bszydlo@pomlaw.com
jbsobers@pomlaw.com

*Counsel for Class Representatives and the Settlement Class*

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 11, 2021, a copy of the foregoing was filed electronically on the Court's electronic filing system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

                                                */s/Ariana Barbosa*
                                                Ariana Barbosa